Matthew F. Batezel (State Bar No. 185147) *
mbatezel@plawp.com
Daniel T. Balmat (State Bar No. 230504)
dbalmat@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WILLIAM TONG; and MALINEE DIBBAYAWAN, | Case No.: 2:24-cv-02219-DSF-MAR |
|---|---|
| Plaintiffs, | **DISCOVERY MATTER** |
| vs. | Magistrate Judge Margo A. Rocconi |
| STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 to 10, | **MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S MOTION TO ENTER PROTECTIVE ORDER** |
| Defendants. | *Filed concurrently with:* <br> • *Notice of Motion* <br> • *Request for Judicial Notice* <br> • *Declaration of Daniel T. Balmat* <br> • *Declaration of Sandra E. Stone* <br> • *Declaration of John Carter* <br> • *Declaration of Christopher Thomas* <br> • *[Proposed] Order* <br><br> **--OPPOSED—** <br><br> Date: January 15, 2025 <br> Time: 11:00 a.m. <br> Courtroom: 790 <br><br> Complaint filed: March 19, 2024 |

1

Case No. 2:24-cv-02219-DSF-MAR    MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDAT'S MOTION TO ENTER PROTECTIVE ORDER

## I. INTRODUCTION

Defendant State Farm General Insurance Company ("State Farm") has produced numerous non-confidential, non-proprietary documents in response to several sets of requests by plaintiffs William Tong and Malinee Dibbayawan ("Plaintiffs"). State Farm has indicated it will produce responsive, relevant confidential and proprietary documents – including documents related to State Farm's internal procedures and guidelines for training claim personnel to evaluate water loss claims like the Plaintiffs' claim – once an appropriate protective order has been entered.

To this end, State Farm has proposed using the Court's model protective order with reasonable modifications. These modifications would prevent the parties and their counsel from providing confidential documents to non-parties absent a court order and would require the parties and their counsel to certify that they have complied with the requirements of the protective order, particularly regarding disposal of documents post-litigation. Plaintiffs have rejected State Farm's proposed revisions out of hand, without any meaningful explanation, contending simply that they are unnecessary or improper, and insist on using the unmodified model order.

The revisions State Farm has proposed are necessary to prevent other litigants from improperly obtaining confidential information subject to a protective order in exactly the manner Plaintiffs' counsel attempted in this litigation. In this case, Plaintiffs issued a subpoena to a lawyer representing the plaintiffs in a separate case against State Farm to obtain documents subject to a protective order in that other action, including documents inadvertently produced by State Farm. It was only after State Farm threatened and prepared an *ex parte application* to stop the production of those documents via subpoena that Plaintiffs' counsel agreed to withdraw the subpoena. State Farm has also encountered challenges from Plaintiffs' counsel in certifying compliance with protective orders in other matters,

2

1  and Plaintiffs' counsel has felt free to describe and share information learned from
2  confidential documents and deposition testimony in other cases and, by his own
3  admission, among the plaintiffs' bar more generally, with as many as 50 other
4  lawyers.
5      The protective order proposed by State Farm will not prevent the Plaintiffs
6  from pursuing their case in any way and will better protect State Farm's
7  confidential information than the unmodified model order.  State Farm requests the
8  Court enter the order proposed by State Farm to allow State Farm to produce the
9  documents it has said it will produce, allowing Plaintiffs to proceed with their case.

## II.   FACTS

### A.   Plaintiffs Seek Documents Containing State Farm's Confidential, Proprietary Trade Secret Information

In this action, Plaintiffs' Complaint sought insurance coverage for property damage caused by a water loss at the Plaintiffs' home in Santa Clarita, California, on March 3, 2024.  State Farm had denied the claim. [Doc. No. 1 (Complaint), ¶ 11.]. After the lawsuit was filed and depositions were completed by Plaintiffs of the person who handled Plaintiffs' claim and of that claim handler's manager, State Farm extended coverage on the claim.  State Farm also issued payments to Plaintiffs for the purported damage to the property.  Payment was based entirely on Plaintiffs' Initial Disclosure and Amended Disclosure of damages.  Consequently, it is believed that Plaintiffs have been fully provided all contract benefits owed under the policy for the loss.

Plaintiffs have served multiple requests for production that seek documents containing State Farm's confidential, proprietary business information.  Such documents include documents related to State Farm's procedures and guidelines for handling claims generally, and water loss claims in particular, which Plaintiffs refer to variously as "Water Initiative" or "Water Plan" or "Water Board" documents.  [Declaration of Daniel T. Balmat ("Balmat Decl."), ¶ 2, **Exh. A,** nos.

3

Case No.  2:24-cv-02219-DSF-MAR          MEMORANDUM OF POINTS AND AUTHORITIES
                                         SUPPORTING DEFENDAT'S MOTION TO ENTER PROTECTIVE ORDER

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

11, 19-21, 28, 29, 31, 33-38, 43-44; ¶ 3, **Exh. B**, *see especially* nos. 66-68; ¶ 4, **Exh. C**.

The documents sought by Plaintiffs contain sensitive and secret commercial information. The procedures, training and guidelines are confidential, intended for use only by State Farm claim personnel. [*See, e.g.,* Declaration of Christopher Leunen Thomas, ("Thomas Decl."), ¶¶ [PARAS.]. Declaration of John Carter, ("Carter Decl."), ¶¶ [PARAS.]] The documents at issue contain commercial information which was developed by State Farm and belongs to State Farm. [Thomas Decl.., ¶¶ [PARAS.]; Carter Decl.., ¶¶ [PARAS.].] The information in the documents is sensitive; dissemination of these documents would harm State Farm's competitiveness. [Thomas Decl.., ¶¶ [PARAS.]., Carter Decl., ¶¶ [PARAS.].]

State Farm already produced responsive relevant, non-confidential and/or non-trade secret documents, and has responded it will produce responsive protected documents pursuant to and following the entry of an appropriate protective order. [Balmat Decl., ¶¶ 2-4, **Exhs. A, B, C**.]

**B.     Plaintiffs Have Rejected State Farm's Proposed Revisions to the Court's Model Protective Order**

Plaintiffs have proposed using this Court's model protected order, unchanged except for the caption page. [Balmat Decl., ¶ 5, **Exh. D**.] However, the model order does not address the specific issues or concerns presented in this case. On September 17, 2024, State Farm first proposed revisions to the model protective order designed to address those issues. [Balmat Decl., ¶¶ 6,7, **Exhs. E, F**.] State Farm's revisions included an added paragraph 7.3, which requires counsel for a receiving party to certify it has complied with the provisions of the protective order upon request of a designating party, and a revised paragraph 10 which provides that confidential information can be used only for purposes of the instant action and cannot be disseminated absent a court order.

4

Case No.  2:24-cv-02219-DSF-MAR     MEMORANDUM OF POINTS AND AUTHORITIES
                                    SUPPORTING DEFENDAT'S MOTION TO ENTER PROTECTIVE ORDER

1  Plaintiffs' counsel's immediate response was to reject these revisions out of
2  hand as "unnecessary, ambiguous, and contrary to the form required by the Court."
3  [Balmat Decl., ¶ 6, **Exh. E**.]  After additional meet and confer efforts, State Farm
4  provided another modified version of the model order.  [Balmat Decl., ¶ 7, **Exh.
5  G**].]  However, Plaintiffs once again rejected these modifications out of hand,
6  maintaining State Farm's revisions were improper – without specifying how – and
7  because the Court ostensibly "prefers" the model order.  [*Id.*.].  A red-line version
8  of the proposed Stipulated Protective Order showing State Farm's modifications is
9  attached to the Declaration of Daniel T. Balmat as **Exhibit H**.

      C.    **State Farm's Proposed Revisions to the Model Order are Necessary to Prevent Plaintiffs from Improperly Retaining Confidential Documents or Providing them in Other Cases**

While meet and confer efforts were continuing, Plaintiffs issued a subpoena to a third party, attorney Sander Dawson, who represents the plaintiffs in a separate action against State Farm pending in the Southern District, *Jennifer Mojica, et al. v. State Farm General Insurance Company*, case number 3:22-cv-10997-L (the "*Mojica* action") (the "Subpoena").  Like the document requests served in this case and to which State Farm has responded it will produce documents, the Subpoena sought purported "Water Loss Initiative" documents and documents related to how State Farm handles water loss claims. [Balmat Decl. ¶ 10, **Exh. I**.]  These documents include confidential documents State Farm produced to Attorney Dawson pursuant to a protective order in the *Mojica* action, including non-responsive confidential documents State Farm inadvertently produced to Attorney Dawson.

State Farm objected to the Subpoena in this action on the ground that it did not seek Attorney Dawson's records but instead sought confidential documents State Farm produced to Attorney Dawson pursuant to the protective order in the *Mojica* action. [Balmat Decl., ¶ 11, **Exh. J**.]  State Farm also emphasized that its

5

Case No.  2:24-cv-02219-DSF-MAR           MEMORANDUM OF POINTS AND AUTHORITIES
                                          SUPPORTING DEFENDAT'S MOTION TO ENTER PROTECTIVE ORDER

revisions to the model order were necessary to ensure compliance, based on its understanding that Plaintiffs' counsel had failed to comply with protective orders in other cases. [Balmat Decl., ¶ 12, **Exh.** K.] In response, Plaintiffs' counsel claimed ignorance as to what violations State Farm's counsel referred. [*Id.*] However, on September 20, 2024, Plaintiffs' counsel e-mailed State Farm's counsel in two other actions, *Wise & Marks v. State Farm*, N.D. Cal. Case No. 4:23-cv-00163-HSG, and *Monego*, purporting to certify that all confidential documents produced in those actions had been disposed of pursuant to the requirements of the protective order in that action. [Balmat Decl., ¶ 13, **Exh. L**.] That certification came months after Plaintiffs' counsel was obligated to provide it under the terms of the protective order in the *Wise* and *Monego* cases, and after extensive meet and confer efforts by State Farm's counsel. [Declaration of Sandra E. Stone ("Stone Decl."), *see especially* ¶ 34.]

Ultimately, Plaintiffs withdrew the Subpoena after State Farm indicated it intended to move *ex parte* to quash it. [Balmat Decl., ¶ 14, **Exh. M**.]

### III. THE COURT SHOULD ENTER THE PROTECTIVE ORDER PROPOSED BY STATE FARM

The Court "has the right and responsibility to control the broad outline of discovery." *Clark v. Metropolitan Life Ins. Co.* (C.D. Cal. 2017) 2017 WL 10589997, at *3. Under Federal Rule of Civil Procedure 26(c), State Farm can seek, and the Court can issue a protective order. Fed. Rule Civ. Proc. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."); *see Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.* (C.D. Cal. 2007) 242 F.R.D. 552, 555, fn. 4.

To obtain a protective order, the party seeking limitations on discovery must

6

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDAT'S MOTION TO ENTER PROTECTIVE ORDER

1  make a clear showing for a particular and specific need for the order.  *Blankenship v. Hearst Corp.* (9th Cir. 1975) 519 F.2d 418, 429.  The party seeking the order can make the necessary showing of a specific injury

The documents sought by Plaintiffs contain sensitive and secret commercial information.  [Thomas Decl.., ¶¶ 4-8; Carter Decl.., ¶¶ 5-7.]  The documents at issue contain commercial information which was developed by State Farm and belongs to State Farm.  [Thomas Decl.., ¶¶ 4, 10-11; Carter Decl.., ¶¶ 8-9.]  The information in the documents is sensitive; dissemination of these documents would harm State Farm's competitiveness.  [Thomas Decl.., ¶¶ 9-11.; Carter Decl.., ¶¶ 10-12.]  This is precisely the kind of situation for which F.R.C.P. 26 provides.

Although the Court's model protective order generally protects documents, it is not tailored to this case and does not protect documents to the extent or in the manner State Farm believes is necessary.  This includes preventing in future cases exactly what the Plaintiffs tried to accomplish with the Subpoena, *i.e.*, improperly obtaining documents subject to a protective order simply by issuing a subpoena to a friendly fellow plaintiffs' attorney.  Relatedly, the revisions to the model order also are necessary to ensure Plaintiffs' compliance with the protective order after the case has been resolved.

An appropriate protective order would prevent the party to whom the confidential documents are produced from using the documents in other litigation or volunteering them to any third party absent a court ordering the production over State Farm's objections.  An appropriate protective order is necessary so plaintiffs in other actions cannot obtain materials to which they may not otherwise be entitled and cannot obtain confidential documents without them being subject to a protective order, and to avoid perpetuating the same improper discovery tactics from the plaintiffs' bar.  For these reasons, State Farm has proposed reasonable revisions to the court's model protective order to ensure that confidential documents are used for purposes of this litigation, not volunteered to other counsel

7

Case No.  2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDAT'S MOTION TO ENTER PROTECTIVE ORDER

in other cases involving other issues, and that documents are destroyed upon the conclusion of this litigation.

Plaintiffs have simply rejected the revisions State Farm has proposed out of hand, without saying more than they believe that the provisions are unnecessary and confusing, and contesting State Farm's position that the model protective order is exactly that, a model which the parties may tailor to an individual case as necessary. To the extent the Plaintiffs believe State Farm's revisions are simply superfluous to the language in the model order, there is no reason not to agree to them. To the extent Plaintiffs believe the provisions are confusing as drafted, the Plaintiffs have not asked State Farm to clarify them or proffered different language they believe is clearer. To the extent the Plaintiffs believe the proposed revisions will unduly burden or otherwise prejudice them, they have not attempted to explain how.

In sum, the protective order proposed by State Farm will protect State Farm's legitimate interests while giving Plaintiffs the information they have requested to pursue their case.

## IV.   CONCLUSION

State Farm has produced non-confidential responsive documents and has repeatedly stated it will produce confidential responsive documents pursuant to an appropriate protective order. To this end, State Farm proposed a modified version the Court's model order that simply requires that documents produced pursuant to it can only be used in this action absent a court order, imposes certain requirements for disposal of documents after litigation has concluded, and requires the parties' counsel to certify that those requirements have been met. State Farm's other experiences with Plaintiffs' counsel and the Subpoena issued in this action show the revisions proposed by State Farm are necessary, and Plaintiffs' reflexive rejection of them speaks volumes.

Based on the good cause shown and consistent with the law, State Farm

8

Case No.  2:24-cv-02219-DSF-MAR    MEMORANDUM OF POINTS AND AUTHORITIES
SUPPORTING DEFENDAT'S MOTION TO ENTER PROTECTIVE ORDER

1  requests the Court enter the protective order proposed by State Farm, attached as
2  **Exhibit N** to the Declaration of Daniel T. Balmat, to control the use, dissemination
3  and disposal of certain categories of State Farm's documents that contain
4  confidential commercially sensitive information that is a trade secret, so that State
5  Farm can complete its production of responsive, relevant and confidential material
6  to Plaintiffs.

8  DATED: November 26, 2024        PACIFIC LAW PARTNERS, LLP

11              By: /s/MATTHEW F. BATEZEL
                    MATTHEW F. BATEZEL
                    DANIEL T. BALMAT
                    Attorneys for Defendant
                    STATE FARM GENERAL
                    INSURANCE COMPANY

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

9

Case No. 2:24-cv-02219-DSF-MAR    MEMORANDUM OF POINTS AND AUTHORITIES
                                  SUPPORTING DEFENDAT'S MOTION TO ENTER PROTECTIVE ORDER