Matthew F. Batezel (State Bar No. 185147)*
mbatezel@plawp.com
Daniel T. Balmat (State Bar No. 230504)
dbalmat@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA  92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TONG; and MALINEE DIBBAYAWAN,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 to 10,<br><br>Defendants. | Case No.: 2:24-cv-02219-DSF-MAR<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF SANDRA E. STONE IN SUPPORT OF DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Date:  January 15, 2025<br>Time: 11:00 a.m.<br>Courtroom:  790<br><br>Discovery Cutoff: 5/12/25<br>Pre-Trial Conference: 9/8/25<br>Trial: 10/7/25<br><br>Complaint filed:  March 19, 2024 |

**DECLARATION OF SANDRA E. STONE**

I, Sandra E. Stone, declare the following:

1

1. I am an attorney licensed to practice before all the courts of the State of California, and a partner at the law firm of Pacific Law Partners, LLP, attorneys of record for Defendant State Farm General Insurance Company (hereinafter "State Farm") in the action titled *Wise et. al. v. State Farm General Insurance Company*, which was pending in the Northern District of California as Case No. 4:23-cv-00163-HSG,. I have personal knowledge of the facts hereinafter set forth and, if called to testify, I could and would competently testify thereto.

2. The *Wise* matter involved a dispute between insureds E. Verrick Wise and Noel Russell ("Plaintiffs") and their insurer State Farm. Because Plaintiffs served institutional discovery on a variety of topics including State Farm's training and guidelines, the parties agreed to stipulate to a protective order.

3. Plaintiffs' counsel, Kerley Schaffer LLP, drafted the Protective Order and after meeting and conferring, the parties signed and filed the proposed Stipulation and Protective Order ("Protective Order").

4. The *Wise* court signed and entered the Protective Order on November 14, 2023.

5. Consistent with the terms of the Protective Order, State Farm produced to Plaintiffs' counsel a variety of confidential documents ("Protected Material"). State Farm clearly marked all confidential documents as such, indicating on each page the case name and that they were "Confidential Produced Pursuant to Protective Order." In addition, the documents were bates stamped "WISEV000000#PROD".

6. At no time during the litigation did Plaintiffs' counsel challenge the designation of any of the Protected Material as confidential.

7. The Parties resolved the *Wise* matter and a Notice of Settlement was filed on January 18, 2024. A Joint Stipulation of Dismissal with Prejudice was

1  filed on February 2, 2024.

2      8.    Consistent with the Protective Order, within sixty (60) days of final disposition, Plaintiffs' counsel was obligated to either return all Protected Material or destroy such material.  In addition, they were required to "submit a written certification to the Producing Party by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material."  Counsel was permitted to retain an archival copy of all pleadings and deposition exhibits, even if such materials contain Protected Material.  However, all archival copies containing Protected Material remained subject to the Protective Order.

    9.    On February 6, 2024, I sent Plaintiffs' counsel Dylan Schaffer and Chris Carling an email reminding them of their obligations under the Protective Order and asking that they comply no later than April 2, 2024—60 days after the stipulation of dismissal.

    10.    In mid-March, I became aware that a list of State Farm's confidential training material and claims guidelines identical to a list compiled by Plaintiffs' counsel in the *Wise* matter had recently appeared as a blog post on the website of another plaintiffs' firm who also frequently handled cases against State Farm. State Farm produced several of the items on this list as confidential Protected Material under the Protective Order in the *Wise* matter.  In addition, several of the items on this list were identified in documents that State Farm produced as confidential Protected Material under the Protective Order in the *Wise* matter.

    11.    As of April 2nd, I had not received any response to my February 6th email, nor had I received the required certification from Plaintiffs' counsel. Therefore, on April 4, 2024, I wrote to Plaintiffs' counsel citing to the Protective Order and asking that they comply with their obligations.  My letter specifically

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

3

1  mentioned State Farm's concerns about disclosure of confidential documents in
2  light of the recent blog post.
3      12.  The same day, Plaintiffs' counsel Dylan Schaffer emailed me stating
4  that they had complied with the order but did not include any details how they
5  had done so.  Nor did his email provide the required certification.
6      13.  Given counsel's failure to provide any information on how they had
7  complied, or the required certification, on April 5, 2024, I again wrote to counsel
8  specifically asking that they fulfill their obligations under the Protective Order.
9      14.  On the same day, I received an email from Plaintiff's counsel
10 Christopher Carling which identified various confidential documents produced by
11 State Farm and confirmed their destruction or retention consistent with the
12 Protective Order.  The email addressed all of the Protected Material with bates
13 numbers up to WISEV0000003869PROD.
14     15.  Upon reviewing the email and State Farm's production, I determined
15 that State Farm's batch of documents, produced on December 22, 2023, was not
16 included in the scope of documents enumerated in Mr. Carling's April 5th email.
17 That batch was bates numbered WISEV0000003870PROD-
18 WISEV0000003943PROD.  Of this batch, WISEV0000003912PROD-
19 WISEV0000003943PROD were marked as confidential pursuant to the
20 Protective Order.  ("12/22/23 Production").  Thinking this was merely an
21 oversight, I emailed Mr. Carling and asked that he amend his certification to
22 address that group of documents.
23     16.  In the meantime, I learned that Dylan Schaffer, one of the attorneys
24 for Plaintiffs, had submitted a declaration in another case involving State Farm in
25 which he provided specific detailed information describing the confidential
26 materials produced by State Farm in the *Wise* matter and two additional cases
27 against State Farm.  That declaration and its exhibits were filed in the *Savas v.*
28 *State Farm* case (Los Angeles Superior Court Case #21STCV03286) but were

4

1  not filed under seal and thus were available to the public.

2      17.    After receiving no response to my April 15th email, I again wrote to
3  counsel on May 2, 2024, explaining the need for them to address the 12/22/23
4  Production.

5      18.    On May 2, 2024, Mr. Schaffer emailed me advising that Mr. Carling
6  had left the Kerley Schaffer firm, and telling me that it was his impression a "full
7  statement of compliance" had been provided and asking for a detailed description
8  of the deficiencies.

9      19.    In response to his request for a detailed description of the
10  deficiencies, on May 3, 2024, I forwarded Mr. Schaffer copies of My April 5th
11  email and letter, Mr. Carling's April 5th email, my April 15th email and my May
12  2nd letter. This provided Mr. Schaffer with what had been certified under the
13  Protective Order and what still needed to be—clearly identifying the missing
14  documents by production date and bates number.

15      20.    Mr. Schaffer responded by email on the same day asking for me to
16  articulate what I wanted or believed was owing to State Farm.

17      21.    Despite having identified the issue and missing documents, I
18  responded the same day explaining the problem as simply as possible. I
19  explained that Mr. Carling's compliance email of April 5th left off a group of
20  documents produced by State Farm on 12/22/23 bates numbered
21  WISEV00003870-3943 and that we were asking that counsel fix that oversight
22  and provide certification that included those documents.

23      22.    Mr. Schaffer responded later on May 3rd, by sending another email
24  asking what sort of compliance we wanted.

25      23.    Responding by email on May 3rd, I referred Mr. Schaffer to the terms
26  of the Protective Order assuring him that as long as what he provided was
27  compliant with the protective order that would be satisfactory.
28

5

Case No. 2:24-cv-02219-DSF-MAR   DECLARATION OF SANDRA STONE IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER

24. Mr. Schaffer immediately responded by stating that his copy of the Protective Order was in storage.

25. I immediately sent Mr. Schaffer a copy of the Protective Order and reminded him it was also available on PACER.

26. Mr. Schaffer responded by complaining why I couldn't "just make my life easy…?" and suggesting that State Farm's request to ensure its confidential documents were handled consistent with the Protective Order was because there was something State Farm was attempting to hide.

27. After receiving nothing further, I again wrote to Mr. Schaffer on May 30, 2024, detailing exactly what had occurred (Carling's email left off documents), identifying the documents (by production date and bates number) and asking once again that he cure the deficiency (pointing to Mr. Carling's email as an example of how simple it was to do so). Given how straightforward the process was, I made clear I found counsel's continued unwillingness to cooperate inexplicable.

28. Despite this, Mr. Schaffer responded the same day by claiming that he did not know what I wanted and asking me once again to explain.

29. Although I had clearly stated the issue and the solution on several occasions, I once again explained what was needed and suggested that he simply supplement Chris' earlier certification to include the documents that were left off. I offered that could be done by email or letter—and just needed to be in writing and clearly identify the documents by bates number.

30. Just minutes later, Mr. Schaffer unaccountably professed that he had "no clue" what I was talking about. He then asked for 30 days to look into the matter because he was ill, about to go on vacation, prepping for multiple depos, and had a trial coming up.

31. Taking Mr. Schaffer at his word, I waited over 30 days but received nothing from him or the Kerley Schaffer firm. On August 21, 2024, I sent one

last email to Mr. Schaffer asking for him to address the missing documents consistent with ¶13 of the Protective Order. I requested he do this no later than August 31, 2024.

32. On September 20, 2024, apparently prompted by compliance issues arising in other State Farm matters, Mr. Schaffer sent me an email in the *Wise* case. Despite my many previous communications with Mr. Schaffer on this issue, he claimed that he did not see any issues, but that it was possible with Mr. Carling's departure not everything was addressed. Despite the specificity of what remained to be addressed, he provided a general assurance that was his "understanding" that all other Confidential documents had been discarded. Beyond the equivocation about whether the confidential documents had actually been destroyed as required, nowhere in his email did Mr. Schaffer identify the protected documents at issue (WISEV0000003912PROD-WISEV0000003943PROD) nor did he confirm that no copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material had been retained as required by the Protective Order.

33. Because this email failed to address the issues I had raised, I sent a detailed reply to Mr. Schaffer on September 25, 2024. My response recounted the history of our communications, identified precisely the documents at issue and reiterated the requirements of the Protective Order. It made clear State Farm's position that there has not been compliance with the Protective Order in this case—despite five and a half months of requests.

34. Finally, over five and half months later, on September 25, 2024, Mr. Schaffer responded and specifically certified compliance with the protective order regarding the 12/22/23 Production. We never received any explanation for the reference to these confidential documents on other another counsel's website or Mr. Schaffer's reference to the same documents in another State Farm matter.

1  I declare under penalty of perjury under the laws of the State of California
2  that the foregoing is true and correct, and that this declaration was executed on
3  November 25, 2024, at Emeryville, California.

/s/ SANDRA STONE
SANDRA E. STONE