Matthew F. Batezel (State Bar No. 185147)*
mbatezel@plawp.com
Daniel T. Balmat (State Bar No. 230504)
dbalmat@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WILLIAM TONG; and MALINEE DIBBAYAWAN, | Case No.: 2:24-cv-02219-DSF-MAR |
|---|---|
| Plaintiffs, | **DISCOVERY MATTER** |
| | Magistrate Judge Margo A. Rocconi |
| vs. | **DECLARATION OF JOHN CARTER IN SUPPORT OF DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S MOTION TO ENTER PROTECTIVE ORDER** |
| STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 to 10, | |
| Defendants. | Date: January 15, 2025 |
| | Time: 11:00 a.m. |
| | Courtroom: 790 |
| | Complaint filed: March 19, 2024 |

**DECLARATION OF JOHN CARTER**

I, JOHN CARTER, declare the following:

1. I am over the age of 21 and could testify competently to the information set forth herein.

2. I am aware of the lawsuit entitled *William Tong et al. v. State Farm General Insurance Company et al.*, Case Number 2:24-cv-02219-DSF and submit this Declaration in support of State Farm's Motion for Protective Order.

3. I am presently employed by State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") as a Claims Section Manager in Op Excellence-POST. The processes referred to herein include those employed by State Farm General Insurance Company. All references to "State Farm" shall include State Farm Mutual Automobile Insurance Company and State Farm General Insurance Company (hereinafter collectively "State Farm").

4. I have been employed by State Farm Mutual Automobile Insurance Company since 2010. I have been in my current position since April 2021. In my various positions, I have acquired knowledge, information, and belief relating to the policies and procedures that State Farm provides its claims personnel, which guide them in the adjustment of insurance claims.

5. A business unit of State Farm called Enterprise Process Ownership has developed certain claim-related processes for State Farm claim personnel engaged in handling claims involving the insurance policy contract. Those processes have been compiled into written documents called the Standard Claim Process ("SCPs"). Enterprise Process Ownership is responsible for supporting, updating, and managing the SCPs. Enterprise Process Ownership is also responsible for the development of certain Jurisdictional References ("JRs") for State Farm claim personnel engaged in handling claims involving the insurance policy contract.

6. I understand that plaintiff is making discovery requests of documents which contain the confidential and proprietary information of State Farm, including certain SCPs and JRs. In my capacity as a Claims Section Manager, I am familiar with the SCPs and JRs, which are claimed as proprietary and confidential by State Farm.

2

7. State Farm prepares these materials for the exclusive use of its claim's personnel.

8. These materials were prepared by highly experienced claims and legal personnel who work for State Farm. State Farm has incurred substantial monetary and time investments in developing the claims handling materials contained in the SCPs and JRs. State Farm's SCPs and JRs are among State Farm's most valuable assets. State Farm derives an independent economic value by maintaining the confidentiality of its SCPs and JRs such that they are not generally known to or readily ascertainable by proper means by other persons, such as competitors, who can obtain economic value from the materials' disclosure or use.

9. State Farm is an innovator in the insurance industry. On information and belief, unlike other insurance companies, State Farm develops its own industry policies rather than using standard Insurance Service Office forms. Although I do not have first-hand knowledge of competitors' procedures, on information and belief, the claims handling procedures, techniques, processes, methods, systems, and policies embodied in State Farm's SCPs and JRs are unique to State Farm.

10. If State Farm's competitors were to have access to copies of the SCPs and JRs without investing similar resources of time, money, and personnel to develop comparable materials, it would give State Farm's competitors insight into how State Farm manages its claims operations, thereby causing irreparable harm to State Farm and the loss of a business advantage.

11 State Farm's claims handling processes and procedures contained in the SCPs and JRs have been developed at great expense, are not made available to the public, and are maintained as confidential documents under State Farm's security. Disclosure of such information to a competitor would give the competitor information that otherwise could not be obtained. A competitor could use the claims handling manuals and training information to copy or adapt State Farm's

3

claims handling processes and policies. Just as significantly, the competitor's development time and cost for the concept, method, or process would be greatly reduce if it had access to the claims handling manual and other training and instructional materials contained in State Farm's SCPs and JRs. The competitor would realize substantial cost savings and thereby gain an unfair advantage. The competitor could do so without compensating State Farm for its expenses incurred in developing these ideas. This triple threat of a competitor's unearned savings, State Farm's uncompensated expense, and the competitor's market gain would result in an unfair competitive disadvantage to State Farm. As State Farm is an industry leader, dissemination of its materials and resources would provide competitors with proprietary knowledge of how to improve management of their claims operations.

12. State Farm's competitors in the property insurance claims handling industry do not disclose information about their claims handling procedures and policies. State Farm does not have access to its competitors' claims handling materials. It would be injurious to State Farm's competitive position in the marketplace if its claims handling materials contained in its SCPs and JRs became public.

13. It is the policy and procedure of State Farm to treat the SCPs and JRs as proprietary and confidential. State Farm maintains confidentiality through several methods.

14. First, State Farm's employees are required to sign a Code of Conduct on an annual basis, which, among other things, expressly states that State Farm employees must keep confidential State Farm inside (non-public) information. Furthermore, by the Code of Conduct, employees are advised that proprietary and confidential documents, manuals, and other materials developed for internal use are proprietary to State Farm and must be safeguarded from unauthorized disclosure or use. Additionally, all employees are advised by the Code of Conduct

4

Case No. 2:24-cv-02219-DSF    DECLARATION OF JOHN CARTER IN SUPPORT OF STATE FARM'S MOTION FOR PROTECTIVE ORDER

that the obligation to protect and not reveal proprietary material continues after employees leave State Farm or other individuals subject to a confidentiality agreement no longer provide services to State Farm. The Code of Conduct contains the following language:

### I. CONFIDENTIAL AND PROPRIETARY MATTER:

> Information is an asset, and we must protect it from unauthorized or improper use. Types of information include trade secret, confidential, internal use only and privileged, and each type needs to be protected on various levels. Intellectual property can include patents, copyrights, trade secrets, customer lists, business models and marketing plans, as well as claim information, contractual obligations and information developed for internal use. Any intellectual property developed while performing work for, or on behalf of the Company resources, equipment, time or information belongs to the Company. As employees, we must safeguard Company information from unauthorized disclosure or use, and must not use Company information for our benefit or that of others. When we leave the Company, we must return any information, and the obligation not to disclose or use such information continues after we leave.

15. The above-mentioned Code of Conduct would prohibit State Farm employees from disclosing claims policies, guidelines, requirements, procedures, and manuals governing the handling of claims to outside sources.

16. Second, State Farm limits and controls access to the SCPs and JRs by requiring SCPs and JRs to be produced in litigation subject to a confidentiality agreement or protective order so as to prevent the SCPs and JRs from being used in any manner not specifically related to the particular litigation at issue. These protective orders and confidentiality agreements normally expressly prohibit the opposing party/parties from disseminating these proprietary and confidential

documents and materials to any person or entity unless they are working on the case at issue. Further, they normally provide that these documents cannot be used for any other purpose and must be returned to State Farm at the conclusion of the litigation. On information and belief, State Farm has consistently maintained the SCPs and JRs as confidential by producing each of these documents with a "confidential" or similar notation affixed upon it.

17. The procedures, policies, and processes discussed in this Declaration are indicative, but not necessarily exhaustive, of the measures taken by and/or on behalf of State Farm to ensure the confidentiality of documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of November 2024, at Bloomington, Illinois.

*John Carter*
JOHN CARTER

---

Case No. 2:24-cv-02219-DSF    DECLARATION OF JOHN CARTER IN SUPPORT OF STATE FARM'S MOTION FOR PROTECTIVE ORDER