* Matthew F. Batezel (State Bar No. 185147)
mbatezel@plawp.com (*lead counsel)
Daniel T. Balmat (State Bar No. 230504)
dbalmat@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TONG; and MALINEE DIBBAYAWAN,<br><br>    Plaintiffs,<br><br>  vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 to 10,<br><br>    Defendants. | Case No.: 2:24-cv-02219-DSF<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Complaint filed: March 19, 2024 |

PROPOUNDING PARTY:    Plaintiffs, WILLIAN TONG and MALINEE DIBBAYAWAN

RESPONDING PARTY:    Defendant, STATE FARM GENERAL INSURANCE COMPANY

SET NUMBER:    One (1)

1

## PRELIMINARY STATEMENT

Insofar as they are relevant and do not call for duplicative or privileged information, and subject to the stated objections, State Farm provides these responses to these Special Interrogatories to the best of its ability.  Discovery in this matter has not yet been completed.  The responses are based upon information that is currently in the possession of State Farm.  The responses are offered without prejudice to State Farm's right to offer additional information that is subsequently discovered.

## OBJECTIONS TO INSTRUCTIONS

**If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must affirm in your response that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand. This statement shall also specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody or control, in which case the name and address of any person or entity known or believed by you to have possession, custody or control of that document or category of documents should be identified. (F.R.C.P. 34(b).**

State Farm restates and incorporates its objection to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS," below, and applies the same to Plaintiffs' Instruction regarding "item[s]" or "category[ies]" that have "never existed", been "destroyed", "lost", "misplaced", "stolen", or which have "never been" or "[are] no longer" in State Farm's possession, custody or control.

In addition, State Farm objects to Plaintiffs' Instruction  insofar as it seeks details regarding "item[s]" or "category[ies]" that have "never existed", been "destroyed", "lost", "misplaced", "stolen", or which have "never been" or "[are] no longer" in State Farm's possession, custody or control on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations greater than

2

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the discovery propounded by Plaintiffs to the extent it purports to call for forensic investigation into computing devices or systems to determine or locate information indicating or evidencing ESI that was deleted or that is no longer accessible as active data on that device or system as not reasonably tailored to elicit discovery relevant to the claims and defenses of any party, unduly burdensome, and beyond the scope of permissible discovery.  State Farm further objects that ESI and/or documents that were deleted or no longer exist are not reasonably accessible and discovery about the same would require extraordinary efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P. 26(b)(2).

Furthermore, State Farm objects on the grounds that Plaintiffs' Instruction is not limited in time or scope and State Farm had no duty to preserve relevant information prior to the time this litigation was reasonably anticipated.

**If your response to a particular demand is an objection, you must set forth in your response the extent of, and the specific ground for, the objection. In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection and state the particular privilege or protection being invoked. (F.R.C.P. 34(b).) To identify with particularity documents withheld from production, you should provide, for each document withheld, the following information if known or available to you:**

**1.      Title or subject matter of document;**
**2.      The date composed or date appearing on the document;**
**3.      Author and Addressee;**
**4.      Number of Pages;**
**5.      Identify of all persons or entities who saw or received a copy of such document, including the job titles of each such person;**
**6.      The present location of the item;**

Case No.  2:24-cv-02219-DSF          DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                     FOR PRODUCTION, SET ONE, BY PLAINTIFFS

**Exhibit A**

7. **The identity of the person or persons who have custody, control, or possession thereof.**

8. **The nature of the privilege claimed; and**

9. **Each fact upon which you base your claim of privilege.**

State Farm objects to Plaintiffs' Instruction insofar as it directs State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5). State Farm will withhold privileged and/or protected material or information and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law.

**This request requires the production of documents as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.**

State Farm objects to Plaintiffs' Instruction regarding production of "boxes, file folders, bindings or other containers" in which documents are found on the grounds that such terminology is vague and ambiguous, particularly with respect to ESI, and the information sought is not relevant to the resolution of the claims and defenses in this case. There are multiple ways that ESI may be held, stored, or used together, such as on a personal or shared hard drive, in a container file, or in a database, and State Farm cannot reasonably catalogue and describe the information regarding any myriad of ways ESI may be held, stored, or used together without undue burden. Fed. R. Civ. P. 26(b)(2).

State Farm further objects to Plaintiffs' Instruction to the extent it implies State Farm has an obligation to produce documents or information in more than one form or in a manner that is different than the reasonably usable forms in which State Farm agrees to produce. State Farm objects to the extent that

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Plaintiffs seek production of ESI from sources that are not reasonably accessible, such discovery would require undue burden or expense.  FRCP 26(b)(2)(B).

**Electronic media should be produced in its native format (e.g., Word documents and Excel spreadsheets produced with .doc and .xls extensions and email produced in .pst files if Outlook is the email client).**

State Farm restates and incorporates its objection to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" below and applies the same to Plaintiffs' Instruction to produce "Electronic media" in its "native format".
In addition, State Farm objects to Plaintiffs' Instruction regarding production of "Electronic media" in its "native format" to the extent it purports to seek production of ESI in "native format" both because it contradicts Plaintiffs' definition of the term "DOCUMENT" or "DOCUMENTS" below and because it exceeds the parameters of the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)I(ii), State Farm may produce discoverable ESI in reasonably usable formats.  Production of ESI in "native format" would be disproportionate to the needs of this case considering the value of the case and the importance of the discovery at issue and would be unduly burdensome to the extent such format is not reasonably accessible to State Farm in the ordinary course of its business.  Fed. R. Civ. P. 26(b)(2).  In addition, State Farm frequently creates ESI in one format and, in the ordinary course of its business, stores it in another format in its system of record.  State Farm further objects that it does not need to produce ESI in more than one form, and that the production of "Electronic media" in "native format" would be cumulative and duplicative of the alternative reasonably usable formats proffered.  Fed. R. Civ. P. 34(b)(2)(E)(iii); 26(b)(2).

To the extent any responsive documents or ESI are produced, State Farm will produce reasonably accessible, relevant, non-privileged information in

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 · Facsimile (949) 242-2446

5

1  reasonably usable formats.  Documents that contain redactions will be produced in

2  static image format.

3
4          **These requests for production include the original media and all**
          **copies that differ from the original in any respect, such as notations**
5          **made on the copy. These requests are also intended to include all**
          **media of any nature that are now or have at any time been within**
6          **your care, custody or control. If a document or media is no longer**
7          **in your care, custody or control, identify its disposition.**

8
9  State Farm objects to Plaintiffs' Instruction to produce "copies" on the

10  grounds that copies are not universally relevant to the claims and defenses of a

11  case and are likely to be cumulative or duplicative. Fed. R. Civ. P. 26.  To the

12  extent that "copies" are not business records stored in a central repository in State

13  Farm's ordinary course of business, the collection and production of "copies"

14  would not be proportional to the needs of the case.  Fed. R. Civ. P. 26.

15  In addition, State Farm objects to Plaintiffs' Instruction  insofar as it seeks details

16  regarding "document[s] or media" that "is no longer in [State Farm's] care,

17  custody or control" on the grounds that it is overly broad, unduly burdensome, and

18  purports to impose obligations greater than those set forth in Fed. R. Civ. P.

19  26(b)(1) and 34.  State Farm objects to the discovery propounded by Plaintiffs to

20  the extent it purports to call for forensic investigation into computing devices or

21  systems to determine or locate information indicating or evidencing ESI that was

22  deleted or that is no longer accessible as active data on that device or system as

23  not reasonably tailored to elicit discovery relevant to the claims and defenses of

24  any party, unduly burdensome, and beyond the scope of permissible

25  discovery.  State Farm further objects that ESI and/or documents that were deleted

26  or no longer exist are not reasonably accessible and discovery about the same

27  would require extraordinary efforts that are not proportional to the scope of the

28  matter.  Fed. R. Civ. P. 26(b)(2).

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

6

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                   FOR PRODUCTION, SET ONE, BY PLAINTIFFS

**Exhibit A**

Furthermore, State Farm objects on the grounds that Plaintiffs' Instruction is not limited in time or scope and State Farm had no duty to preserve relevant information prior to the time this litigation was reasonably anticipated.

## OBJECTIONS TO DEFINITIONS

**A.    "YOU" or "YOUR" means the defendant in this lawsuit and any related entity that has possession and/or control of the DOCUMENTS described requested or items which are sought to be inspected.**

State Farm objects to the terms "YOU" or "YOUR" because as defined, the terms are overbroad and over-inclusive, such that they render any category or request that includes the terms vague, ambiguous, overbroad, and potentially in violation of the attorney-client privilege and/or attorney work product doctrine. State Farm shall construe the terms "YOU" or "YOUR" to mean State Farm in and of itself as an entity only.

**B.    "DOCUMENT" or "DOCUMENTS" means the same as "writing" as defined in Section 250 of the California Evidence code. "DOCUMENT" and "DOCUMENTS" include the following which are in the possession, custody, or control of YOU or any third-party vendors YOU contract with: electronic communications of any kind, including chats, instant messages, texts, and voicemails; word processing documents, spreadsheets, and databases (including draft versions); database entries, Internet usage files, Internet browser-created files including cookies and caches, activity logs, calendars, telephone logs, contact manager information, network access information.**

**"DOCUMENT" and "DOCUMENTS" include those to be found on, archived in, or deleted from the following: any on-site or off-site electronic data storage systems or data structures, including but not limited to databases, networks, computer systems, legacy systems (hardware and software), servers, mainframes, network servers, cloud-based servers and backup servers or systems, archives,**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**backup or disaster recovery systems or facilities, tapes, discs, DVDs, CDROMs, drives, portable or removable drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, smart phones, tablet computers, paging devices, and audio systems (including voicemail).**

State Farm objects to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the grounds that it is overly broad and disproportionate to the needs of the case. State Farm further object to the definition to the extent it implies State Farm has an obligation to provide discovery from sources that are not reasonably accessible. Electronically stored information ("ESI") is frequently duplicated and disbursed in the ordinary course of business and discovery regarding all identical copies of ESI would be cumulative and duplicative without any benefit to the adjudication of this action. Fed. R. Civ. P. 26(b)(2). State Farm also object to the extent this definition seeks discovery regarding ESI that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as preservation of, and discovery about, such things is not proportional to the needs of the case. State Farm objects to Plaintiffs' definition as overly broad, disproportionate to the needs of the case, and beyond the scope of permissible discovery to the extent Plaintiffs purport to include system information not created by State Farm's users, such as caches, cookies, or logs, or otherwise seek to require State Farm to record and/or provide discovery regarding records and information that are not ordinarily captured and/or are overwritten in the ordinary course of operating State Farm's computing systems. Fed. R. Civ. P. 26(b)(1).

State Farm objects to the inclusion of "DOCUMENTS" which are in the "possession, custody, or control" of "any third-party vendors" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" insofar as it purports to impose obligations that exceed those set forth in Fed. R. Civ. P. 34(a). State Farm is only

8

1  obligated to produce discoverable "DOCUMENTS" within its possession,

2  custody, or control.

3      State Farm also objects to Plaintiffs' definition to the extent it may include

4  "DOCUMENTS" within the possession, custody, or control of State Farm's

5  attorneys as production of "DOCUMENTS" within the possession, custody, or

6  control of State Farm's attorneys would require the production or disclosure of

7  information protected from discovery by the attorney-client privilege, work

8  product doctrine, or other privileges recognized by law.

9      State Farm objects to the inclusion of "draft[s]" in Plaintiffs' definition of

10 "DOCUMENT" or "DOCUMENTS" on the grounds that drafts are not

11 universally relevant to the claims and defenses of a case and are likely to be

12 cumulative or duplicative.  To the extent that a draft is not a business record stored

13 in a central repository in State Farm's ordinary course of business, discovery

14 regarding "draft[s]" would not be proportional to the needs of the case.  Fed. R.

15 Civ. P. 26(b)(1).

16     State Farm objects to the inclusion of "chats", "instant messages", and

17 "texts" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the

18 grounds that it would be disproportionate to the needs of the case to provide

19 discovery regarding instant messages and/or text/SMS messages that are not

20 captured by State Farm in its ordinary course of business.  Fed. R. Civ. P.

21 26(b)(2).

22     State Farm objects to the inclusion of "databases (including draft

23 versions)", "database entries", "Internet usage files", "Internet browser-created

24 files including cookies and caches", "activity logs", and "network access

25 information" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" to

26 the extent that Plaintiffs purport to seek information regarding State Farm

27 technical systems and processes that are not relevant to the claims and defenses in

28 this matter. State Farm further objects that production of a database would require

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

9

Case No.  2:24-cv-02219-DSF       DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET ONE, BY PLAINTIFFS

**Exhibit A**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    production of vast amounts of irrelevant information regarding other claims,

2    would likely result in improper alteration of relevant data, and would require

3    production of privileged information that could not be redacted. In addition, State

4    Farm objects that the resources that would be required to produce databases are

5    significant and would not be proportional under Fed. R. Civ. P. 26.  State Farm

6    also objects on the grounds that databases may be proprietary to State Farm's

7    business operations and/or may be confidential and trade secret information that

8    need not be disclosed in order to obtain the fair adjudication of this case.

9        State Farm objects to Plaintiffs' definition insofar as it seeks details

10   regarding "DOCUMENTS" that have been "deleted" on the grounds that it is

11   overly broad, unduly burdensome, and purports to impose obligations greater than

12   those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the

13   discovery propounded by Plaintiffs to the extent it purports to call for forensic

14   investigation into computing devices or systems to determine or locate

15   information indicating or evidencing ESI that was deleted or that is no longer

16   accessible as active data on that device or system as not reasonably tailored to

17   elicit discovery relevant to the claims and defenses of any party, unduly

18   burdensome, and beyond the scope of permissible discovery.  State Farm further

19   objects that ESI and/or documents that were deleted or no longer exist are not

20   reasonably accessible and discovery about the same would require extraordinary

21   efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P.

22   26(b)(2).

23       Furthermore, State Farm objects on the grounds that Plaintiffs' definition is

24   not limited in time or scope and State Farm had no duty to preserve relevant

25   information prior to the time this litigation was reasonably anticipated.

26   State Farm objects to the inclusion of "DOCUMENTS. . . found on, archived in,

27   or deleted from. . .on-site or off-site electronic data storage", "systems or data

28   structures", "legacy systems (hardware and software)", "servers", "mainframes",

10

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                   FOR PRODUCTION, SET ONE, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  "network servers", "cloud-based servers", "backup servers or systems",

2  "archives", or "backup or disaster recovery systems or facilities" in Plaintiffs'

3  definition to the extent that Plaintiffs seek discovery regarding ESI from sources

4  that are not reasonably accessible, as it would require unreasonable efforts that are

5  not proportional in light of the claims at issue, the value of the case, or the

6  importance of the discovery at issue.  Fed. R. Civ. P. 26(b)(1).

7       State Farm also objects to the inclusion of information located on such

8  systems in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the

9  grounds that data on backup media is likely to be duplicative and/or can be

10  discovered from other sources that are more convenient, less burdensome, and less

11  expensive.  Fed. R. Civ. P. 26(b)(2) There is no "routine right of direct access to a

12  party's electronic information system[s]" and there has been no showing in this

13  case sufficient to overcome this presumption. Fed. R. Civ. P. 34 (Advisory

14  Committee Notes).

15       In addition, State Farm objects to the inclusion of "tapes", "discs",

16  "DVDs", "CDROMs", "drives", "portable or removable drives", "cartridges", and

17  "other storage media", "laptops", "personal computers", "internet data", "personal

18  digital assistants", "handheld wireless devices", "mobile telephones", "smart

19  phones", "tablet computers", "paging devices", and "audio systems (including

20  voicemail)" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS"

21  because such things are not "DOCUMENTS" but rather media on which

22  "DOCUMENTS" and ESI are stored.  State Farm further objects to the extent this

23  definition purports to seek direct access to State Farm's electronic storage

24  media.  There is no "routine right of direct access to a party's electronic

25  information system[s]" and there has been no showing in this case sufficient to

26  overcome this presumption. Fed. R. Civ. P. 34 (Advisory Committee Notes).

27  Finally, State Farm objects to the definition of "DOCUMENT" or

28  "DOCUMENTS" to the extent it would require the disclosure of information

11

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, BY PLAINTIFFS

Exhibit A

1   protected from discovery by the attorney-client privilege, work product doctrine,

2   or other privileges recognized by law.

3        Notwithstanding these objections, to the extent any responsive documents

4   or ESI are produced, State Farm will produce reasonably accessible, relevant, non-

5   privileged information in reasonably usable formats.  Documents that contain

6   redactions will be produced in static image format.

7

8   **I.    "TRAINING TRANSCRIPT" means any DOCUMENT**

9   **maintained by YOU consisting of a record or list of training**
    **exercises, continuing education courses, assessments, and/or**

10  **knowledge checks completed by anyone employed by YOU**
    **on a permanent and/or temporary basis.**

11

12  State Farm restates and incorporates in full by reference its objection to

13  Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" and applies the same

    to Plaintiffs' definition of "TRAINING TRANSCRIPT".

14

15  **J.    "MY BLOCK" means the record of monthly or other**
    **periodic written assessments and/or evaluations of work**

16  **performed by each individual employed by YOU who is either**

17  **responsible    for    the    INVESTIGATION    and/or**
    **ADJUSTMENT of first party property claims or responsible**

18  **for    supervising    others    that    are    responsible    for    the**

19  **INVESTIGATION and/or ADJUSTMENT of first party**
    **property claims.**

20

21

22  State Farm objects to the term "MY BLOCK" as vague, ambiguous,

23  overbroad and disproportionate to the needs of the case.  Further, the definition is

24  not limited to the type of claim or issues involved in this matter.  State Farm

25  further objects to the definition to the extent it implies State Farm has an

26  obligation to provide discovery from sources that are not reasonably

27  accessible.  Electronically stored information ("ESI") is frequently duplicated and

28  disbursed in the ordinary course of business and discovery regarding all identical

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

12

copies of ESI would be cumulative, duplicative, and impose unnecessary burdens without any benefit to the adjudication of this action.  Fed. R. Civ. P. 26(b)(2).  Finally, State Farm objects to the definition of "MY BLOCK" to the extent it would require the disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, or other privileges recognized by law.

> **M.    If you claim that any document otherwise required to be produced by this request for production of documents is privileged, for each such document provide the following information.**
>
> > **a.    The document's title and general subject matter;**
> >
> > **b.    The date of the document;**
> >
> > **c.    The author of the document;**
> >
> > **d.    The person for whom the document was prepared or to whom it was sent, including all persons who received copies of the document;**
> >
> > **e.    The nature of the privilege claimed; and**
> >
> > **f.    Each fact upon which you base your claim of privilege.**

State Farm objects to Plaintiffs' definition insofar as it directs State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5).  State Farm will withhold privileged and/or protected material or information and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

13

**REQUEST FOR PRODUCTION NO. 1:**

The complete underwriting file relating to policies of insurance YOU issued to PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

State Farm objects to producing insurance policies beyond the specific policy/policies at issue in this litigation on the grounds that it is overly broad in scope and time. State Farm objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. There is no dispute that the applicable policy was in effect on the date of loss. State Farm further objects to this request to the extent it assumes a physical underwriting file folder exists, and because this request is vague and ambiguous as to what is meant by a "complete underwriting file". State Farm does not maintain a physical file folder with respect to most insurance policies issued. Rather, underwriting information is stored electronically in multiple locations. Consequently, this request has the potential to be unduly burdensome. State Farm further objects to the extent this request seeks information that may be protected by the attorney-client privilege and work product doctrine. The policy contract in this case speaks for itself.

**REQUEST FOR PRODUCTION NO. 2:**

All inspection reports for the PROPERTY, whether from before or after the LOSS or CLAIM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

State Farm objects to this request on the grounds that it is overly broad due to the use of the term "All" with respect to the broad categories of documents

14

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**Exhibit A**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  potentially encompassed in this request. Further, this request is overly broad in

2  scope (not limited to materials pertinent to the specific insurance claims and/or

3  coverages at issue in this litigation) and time (completely unrestricted in time; not

4  limited to any reasonable period of time by seeking information "whether from

5  before or after the LOSS or CLAIM"). This request is not reasonably tailored to

6  include only matters relevant to the issues involved in this lawsuit and is

7  potentially unduly burdensome; it seeks information that is neither relevant to the

8  claims or defense of any party nor proportional to the issues in this case.  State

9  Farm expressly objects to this request to the extent it seeks information and/or

10  documentation pertaining to other, unrelated claims; each claim is handled on its

11  individual merits.

12       Subject to and without waiving said objections, see relevant, non-privileged

13  information contained within the Claim File at bates numbers Tong CF 001-244.

14  **REQUEST FOR PRODUCTION NO. 3:**

15       Any communications between YOU and any sales agent or broker

16  concerning the PLAINTIFFS, PROPERTY, CLAIM, or LOSS.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

18       State Farm objects to this request on the grounds that it is overly broad due

19  to the use of the term "any" with respect to the broad categories of documents

20  potentially encompassed in this request. Further, this request is overly broad in

21  scope (not limited to materials pertinent to the specific insurance claims and/or

22  coverages at issue in this litigation) and time (completely unrestricted in time; not

23  limited to any reasonable period of time). This request is not reasonably tailored to

24  include only matters relevant to the issues involved in this lawsuit and is

25  potentially unduly burdensome; it seeks information that is neither relevant nor

26  proportional to the issues in this case.  State Farm expressly objects to this request

27  to the extent it seeks information and/or documentation pertaining to other,

28  unrelated claims; each claim is handled on its individual merits.

15

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                   FOR PRODUCTION, SET ONE, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    Subject to and without waiving said objections, see non-privileged information

2    contained within the Claim File at bates numbers Tong CF 001-244.

3    **REQUEST FOR PRODUCTION NO. 4:**

4        A copy of the POLICY, including any applicable endorsements to the

5    POLICY, YOU issued to the PLAINTIFFS that was in effect at the time of the

6    LOSS.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8        State Farm has produced a copy of the policy with its initial disclosures,

9    bates numbers Tong POLICY 1-64.

10   **REQUEST FOR PRODUCTION NO. 5:**

11       YOUR complete claim file for the LOSS.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13       State Farm does not maintain a physical file folder with respect to most

14   claims.  Information regarding the claim at issue in this litigation is created, stored,

15   managed and accessed primarily in and through the Enterprise Claims System

16   ("ECS"), a proprietary web-based system used by State Farm claims

17   associates.  "Claim File" has a distinct meaning to State Farm based upon the

18   portion of its Operation Guide that provides instructions on what to retrieve from

19   ECS to generate a Claim File for production outside the ECS environment.  State

20   Farm has produced its Claim File for the subject claim (Bates numbers Tong CF

21   001-244) as it does in the usual course of business pursuant to its Operation Guide

22   825-100.  State Farm expressly objects to this request to the extent it seeks

23   information protected by the attorney client privilege and/or attorney work product

24   doctrine, and it is withholding portions of its Claim File that contain information

25   protected by the attorney client privilege and/or is work product.

26   **REQUEST FOR PRODUCTION NO. 6:**

27       All DOCUMENTS reflecting or containing communications, electronic or

28   otherwise, between or among YOU, and anyone concerning the PLAINTIFFS,

16

1  LOSS, PROPERTY, or CLAIM, from March 1, 2024, to the date of production.

2  This should include, but not be limited to, records of Microsoft Teams

3  communications that occurred during YOUR INVESTIGATION and

4  ADJUSTMENT of the CLAIM.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

6      State Farm objects to this request on the grounds that it is overly broad due

7  to the use of the terms "All" and "anyone" with respect to the broad categories of

8  documents potentially encompassed in this request. Further, this request is overly

9  broad in scope (not limited to materials pertinent to the specific insurance claims

10 and/or coverages at issue in this litigation) and time (completely unrestricted in

11 time; not limited to any reasonable period of time). This request is not reasonably

12 tailored to include only matters relevant to the issues involved in this lawsuit and is

13 potentially unduly burdensome; it seeks information that is neither relevant nor

14 proportional to the issues in this case.  State Farm expressly objects to this request

15 to the extent it seeks information and/or documentation pertaining to other,

16 unrelated claims; each claim is handled on its individual merits.

17      Subject to and without waiving said objections, see non-privileged

18 information contained within the Claim File at bates numbers Tong CF 001-244.

19 State Farm will produce any additional responsive documents, including records of

20 Microsoft Teams communications, located after a reasonable search.

21 **REQUEST FOR PRODUCTION NO. 7:**

22      Each photograph of the PROPERTY before or after the LOSS.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24      State Farm objects that this Request is vague, ambiguous, and overbroad.

25 State Farm objects that this Request calls for information not relevant to any claim

26 or defense and not reasonably calculated to lead to the discovery of admissible

27 evidence.  State Farm objects that this Request calls for information not in State

28 Farm's possession, custody or control.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

17

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   Subject to and without waiving any objection, State Farm responds:

2   Photographs of the property are included in the Claim File, bates numbers

3   Tong CF 001-244.

4   **REQUEST FOR PRODUCTION NO. 8:**

5   Each video related to or concerning the PLAINTIFFS, CLAIM, LOSS, or

6   PROPERTY.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

8   State Farm objects that this Request is vague, ambiguous, and overbroad.

9   State Farm objects that this Request calls for information not relevant to any claim

10  or defense and not reasonably calculated to lead to the discovery of admissible

11  evidence.  State Farm objects that this Request calls for information not in State

12  Farm's possession, custody or control.

13  Subject to and without waiving any objection, State Farm responds:

14  State Farm has produced copies of videos with its Rule 26 initial disclosures.

15  **REQUEST FOR PRODUCTION NO. 9:**

16  Each copy, transcription, or notes of any recording, including any recorded

17  telephone calls, YOU possess relating to the PLAINTIFFS, PROPERTY, LOSS, or

18  CLAIM.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

20  State Farm objects to this request as overly broad and potentially unduly

21  burdensome.  This request is not reasonably tailored to include only matters

22  relevant to the issues involved in this lawsuit and is potentially unduly

23  burdensome; it seeks information that is neither relevant to the claims or defenses

24  of any party nor proportional to the needs of the case, as any transcribed

25  statement(s) secured in connection with the subject loss may be found within the

26  records produced from the Enterprise Claim System.  Further, due to the overly

27  broad nature of this request, the question is also a potential invasion of the

28  attorney-client privilege and the work product doctrine.

18

1    Subject to and without waiving said objections, see non-privileged

2    information contained within the Claim File at bates numbers Tong CF 001-244.

3    **REQUEST FOR PRODUCTION NO. 10:**

4    All DOCUMENTS relating to the CLAIM maintained by YOU as required

5    by 10 CCR section 2695.3.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7    State Farm does not maintain a physical file folder with respect to most

8    claims.  Information regarding the claim at issue in this litigation is created, stored,

9    managed and accessed primarily in and through the Enterprise Claims System

10   ("ECS"), a proprietary web-based system used by State Farm claims

11   associates.  "Claim File" has a distinct meaning to State Farm based upon the

12   portion of its Operation Guide that provides instructions on what to retrieve from

13   ECS to generate a Claim File for production outside the ECS environment.  State

14   Farm has produced its Claim File for the subject claim (Bates numbers Tong CF

15   001-244) as it does in the usual course of business pursuant to its Operation Guide

16   825-100.  State Farm will produce any additional responsive documents, including

17   records of Microsoft Teams communications, located after a reasonable search.

18   State Farm expressly objects to this request to the extent it seeks information

19   protected by the attorney client privilege and/or attorney work product doctrine,

20   and it is withholding portions of its Claim File that contain information protected

21   by the attorney client privilege and/or is work product.

22   To the extent that this request seeks production of information other than the

23   "Claim File" as described above, State Farm objects to this request as overbroad,

24   vague, ambiguous, unduly burdensome, and as seeking information that is neither

25   relevant to the claims or defense of any party nor proportional to the issues in this

26   case.  Further, the documents sought may also violate the attorney-client privilege

27   and work product doctrine.

28   **REQUEST FOR PRODUCTION NO. 11:**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

19

1    DOCUMENTS reflecting the California Fair Claims Settlement Practices

2    Regulations YOU provided to YOUR employees or agents who INVESTIGATED

3    and/or ADJUSTED the CLAIM.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5    State Farm objects to this request on the grounds that it is overly broad in

6    scope (types of claims and insurance coverage), time (not limited by the period of

7    time when this claim was handled), and geographic area (not limited to California).

8    This request is not reasonably tailored to include only matters relevant to the issues

9    involved in this lawsuit and is potentially unduly burdensome; it seeks information

10   that is neither relevant to the claims or defense of any party nor proportional to the

11   issues in this case.  State Farm's procedures are intended to provide guidance, but

12   each claim is handled on its own merits.  State Farm objects to the extent this

13   request purports to seek information subject to the attorney-client privilege or work

14   product doctrine.  Finally, State Farm objects to this request to the extent it seeks

15   confidential, proprietary business information and/or trade secrets.  Plaintiffs have

16   not established that such information is necessary to a fair adjudication of this case.

17   Subject to and without waiving the aforementioned objections, State Farm

18   will produce the relevant non-confidential and/or non-trade secret sections of the

19   Operation Guide applicable and in effect during the relevant timeframe along with

20   the Standard Claim Processes and Jurisdictional References applicable and in

21   effect on the date of loss and additional materials representative of resources

22   available during the relevant timeframe.  State Farm will produce the relevant

23   confidential and/or trade secret sections upon execution of the protective order.

24   For information reflecting the application of claims procedures to Plaintiffs'

25   claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a

26   distinct meaning to State Farm based upon the portion of its Operation Guide that

27   provides instructions on what to retrieve from ECS to generate a Claim File for

28   production outside the ECS environment.  State Farm [will produce] [has

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

20

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET ONE, BY PLAINTIFFS

**Exhibit A**

1   produced] its Claim File for the subject claim (Bates numbers Tong CF 001-244)

2   in reasonably usable format as it does in the ordinary course of business pursuant

3   to its Operation Guide.  State Farm is withholding information protected by the

4   attorney client privilege and/or that is work product.  State Farm is producing the

5   non-privileged documents described above and withholding other potentially

6   responsive documents based on the stated objections.

7   **REQUEST FOR PRODUCTION NO. 12:**

8       All DOCUMENTS identified in YOUR initial disclosures pursuant to

9   Federal Rules of Civil Procedure 26(a).

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

11      State Farm has already produced all documents identified in its Initial

12  Disclosures.

13  **REQUEST FOR PRODUCTION NO. 13:**

14      All DOCUMENTS YOU intend to rely on or offer at trial in this case in

15  support of any defense asserted by YOU.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

17      Objection.  The request calls for information protected by the attorney client

18  privilege and/or the attorney work-produce doctrine.  The request also seeks

19  premature disclosure of documentation to be used at trial.  State Farm objects that

20  discovery is ongoing; State Farm reserves the right to amend or supplement its

21  response or its production of documents as warranted.

22  **REQUEST FOR PRODUCTION NO. 14:**

23      DOCUMENTS sufficient to demonstrate YOUR financial condition and

24  annual net profits for the years of 2022, 2023 and 2024.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

26      State Farm objects to this request as it is vague, and ambiguous, specifically

27  with respect to the use of the term "financial condition".  State Farm objects to this

28  request as it seeks information that is neither relevant to the claims or defenses of

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

21

1   any party nor proportional to the needs of this case. State Farm objects to

2   identifying documents in its possession that establish its financial condition to the

3   extent that literal compliance would require State Farm to produce multiple

4   documents reflecting the same information.

5   **REQUEST FOR PRODUCTION NO. 15:**

6       Each TRAINING TRANSCRIPT for Gerald Acosta.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

8       State Farm objects to this request as vague, ambiguous, and overly broad

9   with respect to the use of the terms "Each TRAINING TRANSCRIPT". State

10  Farm further objects to this request on the grounds that it is overly broad in scope

11  (not limited to materials applicable to the specific insurance claims and/or

12  coverages at issue in this litigation; not limited to materials pertinent to the claims

13  personnel who adjusted the subject claim), time (not limited to a reasonable period

14  of time), and geographic area (not limited to materials applicable to California).

15  This request is not reasonably tailored to include only matters relevant to the issues

16  involved in this lawsuit and is potentially unduly burdensome; it seeks information

17  that is neither relevant to the claims or defense of any party nor proportional to the

18  issues in this case. State Farm's procedures are intended to provide guidance, but

19  each claim is handled on its own merits. Moreover, materials on which individuals

20  were trained prior to the date of loss, and which were obsolete on the date of loss,

21  which pertain only to other losses, and/or which pertain only to other areas of the

22  country, are neither material nor relevant to the matters at issue in this case.

23  Finally, State Farm objects to this request to the extent it seeks confidential,

24  proprietary business information and/or trade secrets. Plaintiffs have not

25  established that such information is necessary to a fair adjudication of this

26  case. Subject to and without waiving said objections, and subject to a protective

27  order, State Farm will produce the training transcript for Mr. Acosta for the dates

28  of March 3, 2022 to March 19, 2024.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

22

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**REQUEST FOR PRODUCTION NO. 16:**

Each MY BLOCK report for Gerald Acosta from January 1, 2023, through the date of production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

State Farm objects to this request on the grounds that it is overbroad in scope (not limited in terms of scope of employment or assignment; not limited to materials pertinent to the specific insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. This type of inquiry goes beyond what is needed to address the claims and defenses at issue; it is not likely to assist in the resolution of this this case, and therefore any burden to State Farm would be disproportionate to the scope of the matter. State Farm further objects to this request because it unduly invades the privacy of its employees and is broad enough to potentially implicate information that is confidential, proprietary business information. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS used in any formal training of Gerald Acosta at any time to INVESTIGATE and ADJUST water losses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS used in any formal training". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

23

period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving same, and pursuant to a protective order, State Farm will produce materials reflected on Mr. Acosta's training transcript for the period of March 3, 2022 to March 19, 2024.

**REQUEST FOR PRODUCTION NO. 18:**

All guidelines available to Gerald Acosta at the time of the LOSS to assist him to INVESTIGATE and ADJUST water losses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. State Farm objects to the extent this

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

24

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  request purports to seek information subject to the attorney-client privilege or work

2  product doctrine.  Finally, State Farm objects to this request to the extent it seeks

3  confidential, proprietary business information and/or trade secrets.  Plaintiffs have

4  not established that such information is necessary to a fair adjudication of this case.

5      Subject to and without waiving the aforementioned objections, State Farm

6  will produce the relevant non-confidential and/or non-trade secret sections of the

7  Operation Guide applicable and in effect during the relevant timeframe along with

8  the Standard Claim Processes and Jurisdictional References applicable and in

9  effect on the date of loss and additional materials representative of resources

10  available during the relevant timeframe.  State Farm will produce the relevant

11  confidential and/or trade secret sections upon execution of the protective order.

12      For information reflecting the application of claims procedures to Plaintiffs'

13  claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a

14  distinct meaning to State Farm based upon the portion of its Operation Guide that

15  provides instructions on what to retrieve from ECS to generate a Claim File for

16  production outside the ECS environment.  State Farm has produced its Claim File

17  for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

18  format as it does in the ordinary course of business pursuant to its Operation

19  Guide.  State Farm is withholding information protected by the attorney client

20  privilege and/or that is work product.  State Farm is producing the non-privileged

21  documents described above and withholding other potentially responsive

22  documents based on the stated objections.

23  **REQUEST FOR PRODUCTION NO. 19:**

24      All DOCUMENTS used in any formal training of Gerald Acosta to apply

25  the exclusion in the POLICY which provides: "(8) water or sewage below the

26  surface of the ground, including water or sewage that exerts pressure on, or seeps

27  or leaks through a ***building structure***, sidewalk, driveway, swimming pool, or

28  other structure …."

25

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET ONE, BY PLAINTIFFS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS used in any formal training". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce training related to water losses that appear on the training transcript for Gerald Acosta for the period of March 3, 2022 to March 19, 2024.

**REQUEST FOR PRODUCTION NO. 20:**

All guidelines available to Gerald Acosta at the time of the LOSS to assist him to apply the exclusion in the POLICY which provides: "(8) water or sewage below the surface of the ground, including water or sewage that exerts pressure on,

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

26

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  or seeps or leaks through a ***building structure***, sidewalk, driveway, swimming

2  pool, or other structure ….”

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4      State Farm objects to this request on the grounds that it is overly broad in

5  scope (types of claims and insurance coverage), time (not limited by the period of

6  time when this claim was handled), and geographic area (not limited to California).

7  This request is not reasonably tailored to include only matters relevant to the issues

8  involved in this lawsuit and is potentially unduly burdensome; it seeks information

9  that is neither relevant to the claims or defense of any party nor proportional to the

10  issues in this case.  State Farm’s procedures are intended to provide guidance, but

11  each claim is handled on its own merits.  State Farm objects to the extent this

12  request purports to seek information subject to the attorney-client privilege or work

13  product doctrine.  Finally, State Farm objects to this request to the extent it seeks

14  confidential, proprietary business information and/or trade secrets.  Plaintiffs have

15  not established that such information is necessary to a fair adjudication of this case.

16      Subject to and without waiving the aforementioned objections, State Farm

17  will produce the relevant non-confidential and/or non-trade secret sections of the

18  Operation Guide applicable and in effect during the relevant timeframe along with

19  the Standard Claim Processes and Jurisdictional References applicable and in

20  effect on the date of loss and additional materials representative of resources

21  available during the relevant timeframe.  State Farm will produce the relevant

22  confidential and/or trade secret sections upon execution of the protective order.

23      For information reflecting the application of claims procedures to Plaintiffs’

24  claim, see the Claim File for the claim at issue in this litigation.  “Claim File” has a

25  distinct meaning to State Farm based upon the portion of its Operation Guide that

26  provides instructions on what to retrieve from ECS to generate a Claim File for

27  production outside the ECS environment.  State Farm has produced its Claim File

28  for the subject claim (Bates numbers CF Tong 001-244) in reasonably usable

Case No.  2:24-cv-02219-DSF       DEFENDANT STATE FARM’S RESPONSE TO REQUEST
                                  FOR PRODUCTION, SET ONE, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  format as it does in the ordinary course of business pursuant to its Operation

2  Guide.  State Farm is withholding information protected by the attorney client

3  privilege and/or that is work product.  State Farm is producing the non-privileged

4  documents described above and withholding other potentially responsive

5  documents based on the stated objections.

6  **REQUEST FOR PRODUCTION NO. 21:**

7        All DOCUMENTS used in any formal training of Gerald Acosta to apply

8  the exclusion in the POLICY which provides: "(9) seepage or leakage of water,

9  steam, or sewage that occurs or develops over a period of time: (a) and is: (i)

10  continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling;

11  and (b) from a: (i) heating, air conditioning, or automatic fire protective sprinkler

12  system; (ii) household appliance; or plumbing system, including from, within or

13  around any shower stall, shower bath, tub installation, or other plumbing fixture,

14  including their walls, ceilings, or floors."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16        State Farm objects to this request as vague, ambiguous, and overly broad

17  with respect to the use of the terms "All DOCUMENTS used in any formal

18  training".  State Farm further objects to this request on the grounds that it is overly

19  broad in scope (not limited to materials applicable to the specific insurance claims

20  and/or coverages at issue in this litigation; not limited to materials pertinent to the

21  claims personnel who adjusted the subject claim), time (not limited to a reasonable

22  period of time), and geographic area (not limited to materials applicable to

23  California). This request is not reasonably tailored to include only matters relevant

24  to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

25  information that is neither relevant to the claims or defense of any party nor

26  proportional to the issues in this case.  State Farm's procedures are intended to

27  provide guidance, but each claim is handled on its own merits. Moreover, materials

28  on which individuals were trained prior to the date of loss, and which were

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                   FOR PRODUCTION, SET ONE, BY PLAINTIFFS

1    obsolete on the date of loss, which pertain only to other losses, and/or which

2    pertain only to other areas of the country, are neither material nor relevant to the

3    matters at issue in this case. Finally, State Farm objects to this request to the extent

4    it seeks confidential, proprietary business information and/or trade secrets.

5    Plaintiffs have not established that such information is necessary to a fair

6    adjudication of this case.  Subject to and without waiving said objections, and

7    pursuant to a protective order, State Farm will produce training related to water

8    losses that appear on the training transcript for Gerald Acosta for the period of

9    March 3, 2022 to March 19, 2024.

10   **REQUEST FOR PRODUCTION NO. 22:**

11        All guidelines available to Gerald Acosta at the time of the LOSS to assist

12   him to apply the exclusion in the POLICY which provides: ""(9) seepage or

13   leakage of water, steam, or sewage that occurs or develops over a period of time:

14   (a) and is: (i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or

15   (vi) trickling; and (b) from a: (i) heating, air conditioning, or automatic fire

16   protective sprinkler system; (ii) household appliance; or (iii) plumbing system,

17   including from, within or around any shower stall, shower bath, tub installation, or

18   other plumbing fixture, including their walls, ceilings, or floors."

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

20        State Farm objects to this request on the grounds that it is overly broad in

21   scope (types of claims and insurance coverage), time (not limited by the period of

22   time when this claim was handled), and geographic area (not limited to California).

23   This request is not reasonably tailored to include only matters relevant to the issues

24   involved in this lawsuit and is potentially unduly burdensome; it seeks information

25   that is neither relevant to the claims or defense of any party nor proportional to the

26   issues in this case.  State Farm's procedures are intended to provide guidance, but

27   each claim is handled on its own merits.  State Farm objects to the extent this

28   request purports to seek information subject to the attorney-client privilege or work

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

29

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  product doctrine.  Finally, State Farm objects to this request to the extent it seeks

2  confidential, proprietary business information and/or trade secrets.  Plaintiffs have

3  not established that such information is necessary to a fair adjudication of this case.

4      Subject to and without waiving the aforementioned objections, State Farm

5  will produce the relevant non-confidential and/or non-trade secret sections of the

6  Operation Guide applicable and in effect during the relevant timeframe along with

7  the Standard Claim Processes and Jurisdictional References applicable and in

8  effect on the date of loss and additional materials representative of resources

9  available during the relevant timeframe.  State Farm will produce the relevant

10  confidential and/or trade secret sections upon execution of the protective order.

11      For information reflecting the application of claims procedures to Plaintiffs'

12  claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a

13  distinct meaning to State Farm based upon the portion of its Operation Guide that

14  provides instructions on what to retrieve from ECS to generate a Claim File for

15  production outside the ECS environment.  State Farm has produced its Claim File

16  for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

17  format as it does in the ordinary course of business pursuant to its Operation

18  Guide.  State Farm is withholding information protected by the attorney client

19  privilege and/or that is work product.  State Farm is producing the non-privileged

20  documents described above and withholding other potentially responsive

21  documents based on the stated objections.

22  **REQUEST FOR PRODUCTION NO. 23:**

23      All DOCUMENTS used in any formal training of Gerald Acosta at any time

24  to INVESTIGATE and ADJUST loss of use and/or additional living expense

25  claims.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

27      State Farm objects to this request as vague, ambiguous, and overly broad

28  with respect to the use of the terms "All DOCUMENTS used in any formal

30

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
    FOR PRODUCTION, SET ONE, BY PLAINTIFFS

training". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce training related to ALE that appear on the training transcript for Gerald Acosta for the period of March 3, 2022 to March 19, 2024.

**REQUEST FOR PRODUCTION NO. 24:**

All guidelines available to Gerald Acosta at the time of the LOSS to assist him to INVESTIGATE and ADJUST loss of use and/or additional living expense claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California).

31

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. State Farm objects to the extent this request purports to seek information subject to the attorney-client privilege or work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm will produce the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe. State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.

For information reflecting the application of claims procedures to Plaintiffs' claim, see the Claim File for the claim at issue in this litigation. "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment. State Farm has produced its Claim File for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide. State Farm is withholding information protected by the attorney client privilege and/or that is work product. State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

**REQUEST FOR PRODUCTION NO. 25:**

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, BY PLAINTIFFS

**Exhibit A**

1    YOUR PERFORMANCE REVIEW of Gerald Acosta including but not

2  limited to any internal disciplinary actions or threatened internal disciplinary

3  actions, from January 1, 2023, to the date of production.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

5    State Farm objects to this request on the grounds that it is overbroad in scope

6  (not limited in terms of scope of employment or assignment; not limited to

7  materials pertinent to the specific insurance claims and/or coverages at issue in this

8  litigation) and time (not limited to a reasonable period of time). This request is not

9  reasonably tailored to include only matters relevant to the issues involved in this

10  lawsuit; it seeks information that is neither relevant to the claims or defense of any

11  party nor proportional to the issues in this case.  This type of inquiry goes beyond

12  what is needed to address the claims and defenses at issue; it is not likely to assist

13  in the resolution of this this case, and therefore any burden to State Farm would be

14  disproportionate to the scope of the matter.  State Farm further objects to this

15  request because it unduly invades the privacy of its employees and is broad enough

16  to potentially implicate information that is confidential, proprietary business

17  information. Plaintiffs have not established that such information is necessary to a

18  fair adjudication of this case.

19  **REQUEST FOR PRODUCTION NO. 26:**

20    DOCUMENTS describing YOUR metrics used to assess or measure job

21  performance of Gerald Acosta from January 1, 2023, to the date of production.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

23    State Farm objects to this request as vague and ambiguous as stated,

24  specifically with respect to the use of the terms "DOCUMENTS describing" and

25  "metrics used to assess or measure job performance" Further, this request is also

26  overbroad in scope (not limited to the employees who actually handled the subject

27  claim) and time (not limited to a reasonable period of time).  This request is not

28  reasonably tailored to include only matters relevant to the issues involved in this

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, BY PLAINTIFFS

**Exhibit A**

1  lawsuit and is potentially unduly burdensome; it seeks information that is neither

2  relevant to the claims or defense of any party nor proportional to the issues in this

3  case.  State Farm further objects to this request to the extent it calls for

4  confidential, proprietary business information.  Plaintiffs have not established that

5  such information is necessary to a fair adjudication of this case.

6  **REQUEST FOR PRODUCTION NO. 27:**

7      DOCUMENTS describing goals set for the job performance for first-party

8  homeowners' property claims adjusters such as Gerald Acosta from January 1,

9  2020, to the date of production.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

11      State Farm objects to this request as vague and ambiguous as stated,

12  specifically with respect to the use of the terms "DOCUMENTS describing goals",

13  "job performance", and "first-party homeowners' property claims adjusters"

14  Further, this request is also overbroad in scope (not limited to the employees who

15  actually handled the subject claim) and time (not limited to a reasonable period of

16  time).  This request is not reasonably tailored to include only matters relevant to

17  the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

18  information that is neither relevant to the claims or defense of any party nor

19  proportional to the issues in this case.  State Farm further objects to this request to

20  the extent it calls for confidential, proprietary business information.  Plaintiffs have

21  not established that such information is necessary to a fair adjudication of this case.

22  **REQUEST FOR PRODUCTION NO. 28:**

23      DOCUMENTS describing specific goals set for Gerald Acosta from January

24  1, 2023, to the date of production.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

26      State Farm objects to this request as vague and ambiguous as stated,

27  specifically with respect to the use of the terms "DOCUMENTS describing

28  specific goals" Further, this request is also overbroad in scope (not limited to the

34

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    employees who actually handled the subject claim) and time (not limited to a

2    reasonable period of time).  This request is not reasonably tailored to include only

3    matters relevant to the issues involved in this lawsuit and is potentially unduly

4    burdensome; it seeks information that is neither relevant to the claims or defense of

5    any party nor proportional to the issues in this case.  State Farm further objects to

6    this request to the extent it calls for confidential, proprietary business

7    information.  Plaintiffs have not established that such information is necessary to a

8    fair adjudication of this case.

9    **REQUEST FOR PRODUCTION NO. 29:**

10        Each TRAINING TRANSCRIPT for Jim Moratto.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

12        State Farm objects to this request as vague, ambiguous, and overly broad

13    with respect to the use of the terms "Each TRAINING TRANSCRIPT".  State

14    Farm further objects to this request on the grounds that it is overly broad in scope

15    (not limited to materials applicable to the specific insurance claims and/or

16    coverages at issue in this litigation; not limited to materials pertinent to the claims

17    personnel who adjusted the subject claim), time (not limited to a reasonable period

18    of time), and geographic area (not limited to materials applicable to California).

19    This request is not reasonably tailored to include only matters relevant to the issues

20    involved in this lawsuit and is potentially unduly burdensome; it seeks information

21    that is neither relevant to the claims or defense of any party nor proportional to the

22    issues in this case.  State Farm's procedures are intended to provide guidance, but

23    each claim is handled on its own merits. Moreover, materials on which individuals

24    were trained prior to the date of loss, and which were obsolete on the date of loss,

25    which pertain only to other losses, and/or which pertain only to other areas of the

26    country, are neither material nor relevant to the matters at issue in this case.

27    Finally, State Farm objects to this request to the extent it seeks confidential,

28    proprietary business information and/or trade secrets. Plaintiffs have not

Case No.  2:24-cv-02219-DSF     DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET ONE, BY PLAINTIFFS

1  established that such information is necessary to a fair adjudication of this case.

2  Subject to and without waiving said objections, and pursuant to a protective order,

3  State Farm will produce the training transcript for Jim Moratto for the period of

4  March 3, 2022 to March 19, 2024.

5  **REQUEST FOR PRODUCTION NO. 30:**

6      Each MY BLOCK report for Jim Moratto from January 1, 2023, through the

7  date of production.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

9      State Farm objects to this request on the grounds that it is overbroad in scope

10  (not limited in terms of scope of employment or assignment; not limited to

11  materials pertinent to the specific insurance claims and/or coverages at issue in this

12  litigation) and time (not limited to a reasonable period of time). This request is not

13  reasonably tailored to include only matters relevant to the issues involved in this

14  lawsuit; it seeks information that is neither relevant to the claims or defense of any

15  party nor proportional to the issues in this case.  This type of inquiry goes beyond

16  what is needed to address the claims and defenses at issue; it is not likely to assist

17  in the resolution of this this case, and therefore any burden to State Farm would be

18  disproportionate to the scope of the matter.  State Farm further objects to this

19  request because it unduly invades the privacy of its employees and is broad enough

20  to potentially implicate information that is confidential, proprietary business

21  information. Plaintiffs have not established that such information is necessary to a

22  fair adjudication of this case.

23  **REQUEST FOR PRODUCTION NO. 31:**

24      All DOCUMENTS used in any formal training of Jim Moratto at any time

25  to INVESTIGATE and ADJUST water losses.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

27      State Farm objects to this request as vague, ambiguous, and overly broad

28  with respect to the use of the terms "All DOCUMENTS used in any formal

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

36

1  training".  State Farm further objects to this request on the grounds that it is overly

2  broad in scope (not limited to materials applicable to the specific insurance claims

3  and/or coverages at issue in this litigation; not limited to materials pertinent to the

4  claims personnel who adjusted the subject claim), time (not limited to a reasonable

5  period of time), and geographic area (not limited to materials applicable to

6  California). This request is not reasonably tailored to include only matters relevant

7  to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

8  information that is neither relevant to the claims or defense of any party nor

9  proportional to the issues in this case.  State Farm's procedures are intended to

10 provide guidance, but each claim is handled on its own merits. Moreover, materials

11 on which individuals were trained prior to the date of loss, and which were

12 obsolete on the date of loss, which pertain only to other losses, and/or which

13 pertain only to other areas of the country, are neither material nor relevant to the

14 matters at issue in this case. Finally, State Farm objects to this request to the extent

15 it seeks confidential, proprietary business information and/or trade secrets.

16 Plaintiffs have not established that such information is necessary to a fair

17 adjudication of this case. Subject to and without waiving said objections, and

18 pursuant to a protective order, State Farm will produce training related to water

19 losses that appear on the training transcript for Jim Moratto for the period of March

20 3, 2022 to March 19, 2024.

21 **REQUEST FOR PRODUCTION NO. 32:**

22      All guidelines available to Jim Moratto at the time of the LOSS to assist him

23 to INVESTIGATE and ADJUST water losses.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

25      State Farm objects to this request on the grounds that it is overly broad in

26 scope (types of claims and insurance coverage), time (not limited by the period of

27 time when this claim was handled), and geographic area (not limited to California).

28 This request is not reasonably tailored to include only matters relevant to the issues

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

37

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    involved in this lawsuit and is potentially unduly burdensome; it seeks information

2    that is neither relevant to the claims or defense of any party nor proportional to the

3    issues in this case.  State Farm's procedures are intended to provide guidance, but

4    each claim is handled on its own merits.  State Farm objects to the extent this

5    request purports to seek information subject to the attorney-client privilege or work

6    product doctrine.  Finally, State Farm objects to this request to the extent it seeks

7    confidential, proprietary business information and/or trade secrets.  Plaintiffs have

8    not established that such information is necessary to a fair adjudication of this case.

9        Subject to and without waiving the aforementioned objections, State Farm

10   will produce the relevant non-confidential and/or non-trade secret sections of the

11   Operation Guide applicable and in effect during the relevant timeframe along with

12   the Standard Claim Processes and Jurisdictional References applicable and in

13   effect on the date of loss and additional materials representative of resources

14   available during the relevant timeframe.  State Farm will produce the relevant

15   confidential and/or trade secret sections upon execution of the protective order.

16       For information reflecting the application of claims procedures to Plaintiffs'

17   claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a

18   distinct meaning to State Farm based upon the portion of its Operation Guide that

19   provides instructions on what to retrieve from ECS to generate a Claim File for

20   production outside the ECS environment.  State Farm has produced its Claim File

21   for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

22   format as it does in the ordinary course of business pursuant to its Operation

23   Guide.  State Farm is withholding information protected by the attorney client

24   privilege and/or that is work product.  State Farm is producing the non-privileged

25   documents described above and withholding other potentially responsive

26   documents based on the stated objections.

27   **REQUEST FOR PRODUCTION NO. 33:**

28

38

1    All DOCUMENTS used in any formal training of Jim Moratto to apply the

2    exclusion in the POLICY which provides: "(8) water or sewage below the surface

3    of the ground, including water or sewage that exerts pressure on, or seeps or leaks

4    through a **building structure**, sidewalk, driveway, swimming pool, or other

5    structure …."

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

7    State Farm objects to this request as vague, ambiguous, and overly broad

8    with respect to the use of the terms "All DOCUMENTS used in any formal

9    training". State Farm further objects to this request on the grounds that it is overly

10   broad in scope (not limited to materials applicable to the specific insurance claims

11   and/or coverages at issue in this litigation; not limited to materials pertinent to the

12   claims personnel who adjusted the subject claim), time (not limited to a reasonable

13   period of time), and geographic area (not limited to materials applicable to

14   California). This request is not reasonably tailored to include only matters relevant

15   to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

16   information that is neither relevant to the claims or defense of any party nor

17   proportional to the issues in this case. State Farm's procedures are intended to

18   provide guidance, but each claim is handled on its own merits. Moreover, materials

19   on which individuals were trained prior to the date of loss, and which were

20   obsolete on the date of loss, which pertain only to other losses, and/or which

21   pertain only to other areas of the country, are neither material nor relevant to the

22   matters at issue in this case. Finally, State Farm objects to this request to the extent

23   it seeks confidential, proprietary business information and/or trade secrets.

24   Plaintiffs have not established that such information is necessary to a fair

25   adjudication of this case. Subject to and without waiving said objections, and

26   pursuant to a protective order, State Farm will produce training related to water

27   losses that appear on the training transcript for Jim Moratto for the period of March

28   3, 2022 to March 19, 2024.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

39

1

**REQUEST FOR PRODUCTION NO. 34:**

2   All guidelines available to Jim Moratto at the time of the LOSS to assist him

3   to apply the exclusion in the POLICY which provides: "(8) water or sewage below

4   the surface of the ground, including water or sewage that exerts pressure on, or

5   seeps or leaks through a ***building structure***, sidewalk, driveway, swimming pool,

6   or other structure …."

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

8   State Farm objects to this request on the grounds that it is overly broad in

9   scope (types of claims and insurance coverage), time (not limited by the period of

10   time when this claim was handled), and geographic area (not limited to California).

11   This request is not reasonably tailored to include only matters relevant to the issues

12   involved in this lawsuit and is potentially unduly burdensome; it seeks information

13   that is neither relevant to the claims or defense of any party nor proportional to the

14   issues in this case.  State Farm's procedures are intended to provide guidance, but

15   each claim is handled on its own merits.  State Farm objects to the extent this

16   request purports to seek information subject to the attorney-client privilege or work

17   product doctrine.  Finally, State Farm objects to this request to the extent it seeks

18   confidential, proprietary business information and/or trade secrets.  Plaintiffs have

19   not established that such information is necessary to a fair adjudication of this case.

20   Subject to and without waiving the aforementioned objections, State Farm

21   will produce the relevant non-confidential and/or non-trade secret sections of the

22   Operation Guide applicable and in effect during the relevant timeframe along with

23   the Standard Claim Processes and Jurisdictional References applicable and in

24   effect on the date of loss and additional materials representative of resources

25   available during the relevant timeframe.  State Farm will produce the relevant

26   confidential and/or trade secret sections upon execution of the protective order.

27

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

40

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                   FOR PRODUCTION, SET ONE, BY PLAINTIFFS

**Exhibit A**

1   For information reflecting the application of claims procedures to Plaintiffs'

2   claim, see the Claim File for the claim at issue in this litigation. "Claim File" has a

3   distinct meaning to State Farm based upon the portion of its Operation Guide that

4   provides instructions on what to retrieve from ECS to generate a Claim File for

5   production outside the ECS environment. State Farm has produced its Claim File

6   for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

7   format as it does in the ordinary course of business pursuant to its Operation

8   Guide. State Farm is withholding information protected by the attorney client

9   privilege and/or that is work product. State Farm is producing the non-privileged

10  documents described above and withholding other potentially responsive

11  documents based on the stated objections.

12  **REQUEST FOR PRODUCTION NO. 35:**

13  All DOCUMENTS used in any formal training of Jim Moratto to apply the

14  exclusion in the POLICY which provides: "(9) seepage or leakage of water, steam,

15  or sewage that occurs or develops over a period of time: (a) and is: (i) continuous;

16  (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b)

17  from a: (i) heating, air conditioning, or automatic fire protective sprinkler system;

18  (ii) household appliance; or plumbing system, including from, within or around

19  any shower stall, shower bath, tub installation, or other plumbing fixture, including

20  their walls, ceilings, or floors."

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

22  State Farm objects to this request as vague, ambiguous, and overly broad

23  with respect to the use of the terms "All DOCUMENTS used in any formal

24  training". State Farm further objects to this request on the grounds that it is overly

25  broad in scope (not limited to materials applicable to the specific insurance claims

26  and/or coverages at issue in this litigation; not limited to materials pertinent to the

27  claims personnel who adjusted the subject claim), time (not limited to a reasonable

28  period of time), and geographic area (not limited to materials applicable to

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

41

California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce training related to water losses that appear on the training transcript for Jim Moratto for the period of March 3, 2022 to March 19, 2024.

**REQUEST FOR PRODUCTION NO. 36:**

All guidelines available to Jim Moratto at the time of the LOSS to assist him to apply the exclusion in the POLICY which provides: ""(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time: (a) and is: (i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a: (i) heating, air conditioning, or automatic fire protective sprinkler system; (ii) household appliance; or (iii) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California).

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

42

1  This request is not reasonably tailored to include only matters relevant to the issues

2  involved in this lawsuit and is potentially unduly burdensome; it seeks information

3  that is neither relevant to the claims or defense of any party nor proportional to the

4  issues in this case.  State Farm's procedures are intended to provide guidance, but

5  each claim is handled on its own merits.  State Farm objects to the extent this

6  request purports to seek information subject to the attorney-client privilege or work

7  product doctrine.  Finally, State Farm objects to this request to the extent it seeks

8  confidential, proprietary business information and/or trade secrets.  Plaintiffs have

9  not established that such information is necessary to a fair adjudication of this case.

10       Subject to and without waiving the aforementioned objections, State Farm

11  will produce the relevant non-confidential and/or non-trade secret sections of the

12  Operation Guide applicable and in effect during the relevant timeframe along with

13  the Standard Claim Processes and Jurisdictional References applicable and in

14  effect on the date of loss and additional materials representative of resources

15  available during the relevant timeframe.  State Farm will produce the relevant

16  confidential and/or trade secret sections upon execution of the protective order.

17       For information reflecting the application of claims procedures to Plaintiffs'

18  claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a

19  distinct meaning to State Farm based upon the portion of its Operation Guide that

20  provides instructions on what to retrieve from ECS to generate a Claim File for

21  production outside the ECS environment.  State Farm has produced its Claim File

22  for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

23  format as it does in the ordinary course of business pursuant to its Operation

24  Guide.  State Farm is withholding information protected by the attorney client

25  privilege and/or that is work product.  State Farm is producing the non-privileged

26  documents described above and withholding other potentially responsive

27  documents based on the stated objections.

28  **REQUEST FOR PRODUCTION NO. 37:**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

43

1      All DOCUMENTS used in any formal training of Jim Moratto at any time to

2  INVESTIGATE and ADJUST loss of use and/or additional living expense claims.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

4      State Farm objects to this request as vague, ambiguous, and overly broad

5  with respect to the use of the terms "All DOCUMENTS used in any formal

6  training". State Farm further objects to this request on the grounds that it is overly

7  broad in scope (not limited to materials applicable to the specific insurance claims

8  and/or coverages at issue in this litigation; not limited to materials pertinent to the

9  claims personnel who adjusted the subject claim), time (not limited to a reasonable

10 period of time), and geographic area (not limited to materials applicable to

11 California). This request is not reasonably tailored to include only matters relevant

12 to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

13 information that is neither relevant to the claims or defense of any party nor

14 proportional to the issues in this case. State Farm's procedures are intended to

15 provide guidance, but each claim is handled on its own merits. Moreover, materials

16 on which individuals were trained prior to the date of loss, and which were

17 obsolete on the date of loss, which pertain only to other losses, and/or which

18 pertain only to other areas of the country, are neither material nor relevant to the

19 matters at issue in this case. Finally, State Farm objects to this request to the extent

20 it seeks confidential, proprietary business information and/or trade secrets.

21 Plaintiffs have not established that such information is necessary to a fair

22 adjudication of this case. Subject to and without waiving said objections, and

23 pursuant to a protective order, State Farm will produce training related to ALE that

24 appear on the training transcript for Jim Moratto for the period of March 3, 2022 to

25 March 19, 2024.

26 **REQUEST FOR PRODUCTION NO. 38:**

27

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

44

All guidelines available to Jim Moratto at the time of the LOSS to assist him to INVESTIGATE and ADJUST loss of use and/or additional living expense claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. State Farm objects to the extent this request purports to seek information subject to the attorney-client privilege or work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm will produce the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe. State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.

For information reflecting the application of claims procedures to Plaintiffs' claim, see the Claim File for the claim at issue in this litigation. "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment. State Farm has produced its Claim File

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

45

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

2  format as it does in the ordinary course of business pursuant to its Operation

3  Guide.  State Farm is withholding information protected by the attorney client

4  privilege and/or that is work product.  State Farm is producing the non-privileged

5  documents described above and withholding other potentially responsive

6  documents based on the stated objections.

7  **REQUEST FOR PRODUCTION NO. 39:**

8      YOUR PERFORMANCE REVIEW of Jim Moratto including but not

9  limited to any internal disciplinary actions or threatened internal disciplinary

10  actions, from January 1, 2023, to the date of production.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

12      State Farm objects to this request on the grounds that it is overbroad in scope

13  (not limited in terms of scope of employment or assignment; not limited to

14  materials pertinent to the specific insurance claims and/or coverages at issue in this

15  litigation) and time (not limited to a reasonable period of time). This request is not

16  reasonably tailored to include only matters relevant to the issues involved in this

17  lawsuit; it seeks information that is neither relevant to the claims or defense of any

18  party nor proportional to the issues in this case.  This type of inquiry goes beyond

19  what is needed to address the claims and defenses at issue; it is not likely to assist

20  in the resolution of this this case, and therefore any burden to State Farm would be

21  disproportionate to the scope of the matter.  State Farm further objects to this

22  request because it unduly invades the privacy of its employees and is broad enough

23  to potentially implicate information that is confidential, proprietary business

24  information. Plaintiffs have not established that such information is necessary to a

25  fair adjudication of this case.

26  **REQUEST FOR PRODUCTION NO. 40:**

27      DOCUMENTS describing YOUR metrics used to assess or measure job

28  performance of Jim Moratto from January 1, 2023, to the date of production.

46

DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET ONE, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

State Farm objects to this request as vague and ambiguous as stated, specifically with respect to the use of the terms "DOCUMENTS describing" and "metrics used to assess or measure job performance" Further, this request is also overbroad in scope (not limited to the employees who actually handled the subject claim) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm further objects to this request to the extent it calls for confidential, proprietary business information. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 41:**

DOCUMENTS describing goals set for the job performance for first-party homeowners' property claims supervisors or managers such as Jim Moratto from January 1, 2020, to the date of production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

State Farm objects to this request as vague and ambiguous as stated, specifically with respect to the use of the terms " DOCUMENTS describing goals", "job performance", and "first-party homeowners' property claims supervisors or managers" Further, this request is also overbroad in scope (not limited to the employees who actually handled the subject claim) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm further objects to this request to the extent it calls for confidential, proprietary business information. Plaintiffs have not established that such

47

1    information is necessary to a fair adjudication of this case.

2    **REQUEST FOR PRODUCTION NO. 42:**

3    　　　DOCUMENTS describing specific goals set for Jim Moratto from January 1,

4    2023, to the date of production.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

6    　　　State Farm objects to this request as vague and ambiguous as stated,

7    specifically with respect to the use of the terms "DOCUMENTS describing

8    specific goals" Further, this request is also overbroad in scope (not limited to the

9    employees who actually handled the subject claim) and time (not limited to a

10   reasonable period of time).  This request is not reasonably tailored to include only

11   matters relevant to the issues involved in this lawsuit and is potentially unduly

12   burdensome; it seeks information that is neither relevant to the claims or defense of

13   any party nor proportional to the issues in this case.  State Farm further objects to

14   this request to the extent it calls for confidential, proprietary business

15   information.  Plaintiffs have not established that such information is necessary to a

16   fair adjudication of this case.

17   **REQUEST FOR PRODUCTION NO. 43:**

18   　　　DOCUMENTS YOU created following the decision in *Varela v. State Farm*

19   *General Insurance Company*, 555 F.Supp.3d 983 (E.D. Cal. 2021) to provide

20   training or guidelines to YOUR claims staff in California regarding how to apply

21   the exclusion in the POLICY which provides: "(8) water or sewage below the

22   surface of the ground, including water or sewage that exerts pressure on, or seeps

23   or leaks through a ***building structure***, sidewalk, driveway, swimming pool, or

24   other structure …," or how to apply any exclusion relating to water below the

25   surface of the ground in any California property policy issued by YOU.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

27   　　　State Farm objects to this request on the grounds that it is overly broad in

28   scope (types of claims and insurance coverage), time (not limited by the period of

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

48

1    time when this claim was handled), and geographic area (not limited to California).

2    This request is not reasonably tailored to include only matters relevant to the issues

3    involved in this lawsuit and is potentially unduly burdensome; it seeks information

4    that is neither relevant to the claims or defense of any party nor proportional to the

5    issues in this case.  State Farm's procedures are intended to provide guidance, but

6    each claim is handled on its own merits.  State Farm objects to the extent this

7    request purports to seek information subject to the attorney-client privilege or work

8    product doctrine.  Finally, State Farm objects to this request to the extent it seeks

9    confidential, proprietary business information and/or trade secrets.  Plaintiffs have

10   not established that such information is necessary to a fair adjudication of this case.

11         Subject to and without waiving the aforementioned objections, State Farm

12   will produce the relevant non-confidential and/or non-trade secret sections of the

13   Operation Guide applicable and in effect during the relevant timeframe along with

14   the Standard Claim Processes and Jurisdictional References applicable and in

15   effect on the date of loss and additional materials representative of resources

16   available during the relevant timeframe.  State Farm will produce the relevant

17   confidential and/or trade secret sections upon execution of the protective order.

18         For information reflecting the application of claims procedures to Plaintiffs'

19   claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a

20   distinct meaning to State Farm based upon the portion of its Operation Guide that

21   provides instructions on what to retrieve from ECS to generate a Claim File for

22   production outside the ECS environment.  State Farm has produced its Claim File

23   for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

24   format as it does in the ordinary course of business pursuant to its Operation

25   Guide.  State Farm is withholding information protected by the attorney client

26   privilege and/or that is work product.  State Farm is producing the non-privileged

27   documents described above and withholding other potentially responsive

28   documents based on the stated objections.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

49

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTS containing any template of form, whether stored in hard digital form, for use by property claim adjusters or supervisors to use in drafting water loss claim denials on the basis of any policy exclusion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. State Farm objects to the extent this request purports to seek information subject to the attorney-client privilege or work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm will produce the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe. State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.

For information reflecting the application of claims procedures to Plaintiffs' claim, see the Claim File for the claim at issue in this litigation. "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for

50

1  production outside the ECS environment.  State Farm has produced its Claim File

2  for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

3  format as it does in the ordinary course of business pursuant to its Operation

4  Guide.  State Farm is withholding information protected by the attorney client

5  privilege and/or that is work product.  State Farm is producing the non-privileged

6  documents described above and withholding other potentially responsive

7  documents based on the stated objections.

8

9  DATED:  August 30, 2024              PACIFIC LAW PARTNERS, LLP

10

11                                      By:___/s/MATTHEW F. BATEZEL_____

12                                           MATTHEW F. BATEZEL
                                             DANIEL T. BALMAT
13                                           Attorneys for Defendant
                                             STATE FARM GENERAL INSURANCE
14                                           COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

*Tong, et al. v. State Farm*
USDC Case No. 2:24-cv-02219-DSF-MAR

## PROOF OF SERVICE

STATE OF CALIFORNIA            )
                              ) ss.
COUNTY OF ORANGE              )

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  15615 Alton Parkway, Suite 240, Irvine, California  92618.

    On August 30, 2024,  I served a true copy of the foregoing document described as **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid addressed as follows:

| | |
|---|---|
| J. Edward Kerley, Esq.<br>Dylan L. Schaffer, Esq.<br>Nicholas J. Peterson, Esq.<br>Kerley Schaffer LLP<br>1939 Harrison Street, #900<br>Oakland, California 94612<br>Telephone: (510) 379-5801<br>edward@kslaw.us<br>dylan@kslaw.us<br>nick@kslaw.us<br>noah@kslaw.us<br>service@kslaw.us | Attorneys for Plaintiffs<br>WILLIAM TONG and<br>MALINEE DIBBAYAWAN |

**[XX] BY MAIL:**  By sealing the envelope and placing it for collection and mailing with postage fully prepared in accordance with ordinary business practices.

**[XX] BY ELECTRONIC SERVICE:**  I caused the above-entitled document to be sent to the listed individual(s) above via electronic mail.

Executed on August 30, 2024, at Irvine, California.

**XX**    I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

               /s/LINDA AVALOS
               LINDA AVALOS

52

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446