1  \* Matthew F. Batezel (State Bar No. 185147)
2  mbatezel@plawp.com (\*lead counsel)
   Daniel T. Balmat (State Bar No. 230504)
3  dbalmat@plawp.com
   PACIFIC LAW PARTNERS, LLP
4  15615 Alton Parkway, Suite 240
5  Irvine, CA  92618
   (949)242-2441
6  Fax (949)242-2446

7  Attorneys for Defendant
8  STATE FARM GENERAL INSURANCE COMPANY

9

10                  UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12

13  WILLIAM TONG; and MALINEE          )  Case No.: 2:24-cv-02219-DSF
14  DIBBAYAWAN,                        )
                                       )
15              Plaintiffs,            )
                                       )  **DEFENDANT STATE FARM**
16                                     )  **GENERAL INSURANCE**
        vs.                            )  **COMPANY'S RESPONSE TO**
17                                     )  **PLAINTIFFS' REQUEST FOR**
                                       )  **PRODUCTION OF DOCUMENTS,**
18  STATE FARM GENERAL                 )  **SET TWO**
19  INSURANCE COMPANY; and DOES        )
    1 to 10,                           )
20                                     )
21              Defendants.            )
                                       )  Complaint filed:  March 19, 2024
22                                     )

23

24  PROPOUNDING PARTY:     Plaintiffs, WILLIAN TONG and MALINEE
25                         DIBBAYAWAN
26  RESPONDING PARTY:      Defendant, STATE FARM GENERAL
27                         INSURANCE COMPANY
28  SET NUMBER:            Two (2)

                                    1

**56**                              **Exhibit B**

**PRELIMINARY STATEMENT**

Insofar as they are relevant and do not call for duplicative or privileged information, and subject to the stated objections, State Farm provides these responses to these Special Interrogatories to the best of its ability. Discovery in this matter has not yet been completed. The responses are based upon information that is currently in the possession of State Farm. The responses are offered without prejudice to State Farm's right to offer additional information that is subsequently discovered.

**OBJECTIONS TO INSTRUCTIONS**

**If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must affirm in your response that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand. This statement shall also specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody or control, in which case the name and address of any person or entity known or believed by you to have possession, custody or control of that document or category of documents should be identified. (F.R.C.P. 34(b).**

State Farm restates and incorporates its objection to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS," below, and applies the same to Plaintiffs' Instruction regarding "item[s]" or "category[ies]" that have "never existed", been "destroyed", "lost", "misplaced", "stolen", or which have "never been" or "[are] no longer" in State Farm's possession, custody or control.

In addition, State Farm objects to Plaintiffs' Instruction insofar as it seeks details regarding "item[s]" or "category[ies]" that have "never existed", been "destroyed", "lost", "misplaced", "stolen", or which have "never been" or "[are] no longer" in State Farm's possession, custody or control on the grounds that it is

2

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

overly broad, unduly burdensome, and purports to impose obligations greater than those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the discovery propounded by Plaintiffs to the extent it purports to call for forensic investigation into computing devices or systems to determine or locate information indicating or evidencing ESI that was deleted or that is no longer accessible as active data on that device or system as not reasonably tailored to elicit discovery relevant to the claims and defenses of any party, unduly burdensome, and beyond the scope of permissible discovery.  State Farm further objects that ESI and/or documents that were deleted or no longer exist are not reasonably accessible and discovery about the same would require extraordinary efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P. 26(b)(2).

Furthermore, State Farm objects on the grounds that Plaintiffs' Instruction is not limited in time or scope and State Farm had no duty to preserve relevant information prior to the time this litigation was reasonably anticipated.

**If your response to a particular demand is an objection, you must set forth in your response the extent of, and the specific ground for, the objection. In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection and state the particular privilege or protection being invoked. (F.R.C.P. 34(b).) To identify with particularity documents withheld from production, you should provide, for each document withheld, the following information if known or available to you:**

**1.    Title or subject matter of document;**
**2.    The date composed or date appearing on the document;**
**3.    Author and Addressee;**
**4.    Number of Pages;**
**5.    Identify of all persons or entities who saw or received a copy of such document, including the job titles of each such person;**

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

6.    **The present location of the item;**
7.    **The identity of the person or persons who have custody, control, or possession thereof.**
8.    **The nature of the privilege claimed; and**
9.    **Each fact upon which you base your claim of privilege.**

State Farm objects to Plaintiffs' Instruction insofar as it directs State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5). State Farm will withhold privileged and/or protected material or information and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law.

**This request requires the production of documents as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.**

State Farm objects to Plaintiffs' Instruction regarding production of "boxes, file folders, bindings or other containers" in which documents are found on the grounds that such terminology is vague and ambiguous, particularly with respect to ESI, and the information sought is not relevant to the resolution of the claims and defenses in this case. There are multiple ways that ESI may be held, stored, or used together, such as on a personal or shared hard drive, in a container file, or in a database, and State Farm cannot reasonably catalogue and describe the information regarding any myriad of ways ESI may be held, stored, or used together without undue burden. Fed. R. Civ. P. 26(b)(2).

State Farm further objects to Plaintiffs' Instruction to the extent it implies State Farm has an obligation to produce documents or information in more than one form or in a manner that is different than the reasonably usable forms in which State Farm agrees to produce. State Farm objects to the extent that

4

Case No.  2:24-cv-02219-DSF     DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

1  Plaintiffs seek production of ESI from sources that are not reasonably accessible,

2  such discovery would require undue burden or expense.  FRCP 26(b)(2)(B).

3

4  **Electronic media should be produced in its native format (e.g.,**
   **Word documents and Excel spreadsheets produced with .doc**

5  **and .xls extensions and email produced in .pst files if Outlook is the**
   **email client).**

6

7

8  State Farm restates and incorporates its objection to Plaintiffs' definition of

9  "DOCUMENT" or "DOCUMENTS" below and applies the same to Plaintiffs'

10  Instruction to produce "Electronic media" in its "native format".

In addition, State Farm objects to Plaintiffs' Instruction regarding production of

11  "Electronic media" in its "native format" to the extent it purports to seek

12  production of ESI in "native format" both because it contradicts Plaintiffs'

13  definition of the term "DOCUMENT" or "DOCUMENTS" below and because it

14  exceeds the parameters of the Federal Rules of Civil Procedure.  Pursuant to Fed.

15  R. Civ. P. 34(b)(2)I(ii), State Farm may produce discoverable ESI in reasonably

16  usable formats.  Production of ESI in "native format" would be disproportionate

17  to the needs of this case considering the value of the case and the importance of

18  the discovery at issue and would be unduly burdensome to the extent such format

19  is not reasonably accessible to State Farm in the ordinary course of its

20  business.  Fed. R. Civ. P. 26(b)(2).  In addition, State Farm frequently creates ESI

21  in one format and, in the ordinary course of its business, stores it in another format

22  in its system of record.  State Farm further objects that it does not need to produce

23  ESI in more than one form, and that the production of "Electronic media" in

24  "native format" would be cumulative and duplicative of the alternative reasonably

25  usable formats proffered.  Fed. R. Civ. P. 34(b)(2)(E)(iii); 26(b)(2).

26  To the extent any responsive documents or ESI are produced, State Farm

27  will produce reasonably accessible, relevant, non-privileged information in

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

5

reasonably usable formats.  Documents that contain redactions will be produced in static image format.

**These requests for production include the original media and all copies that differ from the original in any respect, such as notations made on the copy. These requests are also intended to include all media of any nature that are now or have at any time been within your care, custody or control. If a document or media is no longer in your care, custody or control, identify its disposition.**

State Farm objects to Plaintiffs' Instruction to produce "copies" on the grounds that copies are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative. Fed. R. Civ. P. 26.  To the extent that "copies" are not business records stored in a central repository in State Farm's ordinary course of business, the collection and production of "copies" would not be proportional to the needs of the case.  Fed. R. Civ. P. 26. In addition, State Farm objects to Plaintiffs' Instruction  insofar as it seeks details regarding "document[s] or media" that "is no longer in [State Farm's] care, custody or control" on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations greater than those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the discovery propounded by Plaintiffs to the extent it purports to call for forensic investigation into computing devices or systems to determine or locate information indicating or evidencing ESI that was deleted or that is no longer accessible as active data on that device or system as not reasonably tailored to elicit discovery relevant to the claims and defenses of any party, unduly burdensome, and beyond the scope of permissible discovery.  State Farm further objects that ESI and/or documents that were deleted or no longer exist are not reasonably accessible and discovery about the same would require extraordinary efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P. 26(b)(2).

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

6

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Furthermore, State Farm objects on the grounds that Plaintiffs' Instruction is not limited in time or scope and State Farm had no duty to preserve relevant information prior to the time this litigation was reasonably anticipated.

## OBJECTIONS TO DEFINITIONS

**A.    "YOU" or "YOUR" means the defendant in this lawsuit and any related entity that has possession and/or control of the DOCUMENTS described requested or items which are sought to be inspected.**

State Farm objects to the terms "YOU" or "YOUR" because as defined, the terms are overbroad and over-inclusive, such that they render any category or request that includes the terms vague, ambiguous, overbroad, and potentially in violation of the attorney-client privilege and/or attorney work product doctrine. State Farm shall construe the terms "YOU" or "YOUR" to mean State Farm in and of itself as an entity only.

**B.    "DOCUMENT" or "DOCUMENTS" means the same as "writing" as defined in Section 250 of the California Evidence code. "DOCUMENT" and "DOCUMENTS" include the following which are in the possession, custody, or control of YOU or any third-party vendors YOU contract with: electronic communications of any kind, including chats, instant messages, texts, and voicemails; word processing documents, spreadsheets, and databases (including draft versions); database entries, Internet usage files, Internet browser-created files including cookies and caches, activity logs, calendars, telephone logs, contact manager information, network access information.**

**"DOCUMENT" and "DOCUMENTS" include those to be found on, archived in, or deleted from the following: any on-site or off-site electronic data storage systems or data structures, including but not limited to databases, networks, computer systems, legacy systems (hardware and software), servers, mainframes, network servers, cloud-based servers and backup servers or systems, archives,**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**Exhibit B**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**backup or disaster recovery systems or facilities, tapes, discs, DVDs, CDROMs, drives, portable or removable drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, smart phones, tablet computers, paging devices, and audio systems (including voicemail).**

State Farm objects to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the grounds that it is overly broad and disproportionate to the needs of the case. State Farm further object to the definition to the extent it implies State Farm has an obligation to provide discovery from sources that are not reasonably accessible. Electronically stored information ("ESI") is frequently duplicated and disbursed in the ordinary course of business and discovery regarding all identical copies of ESI would be cumulative and duplicative without any benefit to the adjudication of this action. Fed. R. Civ. P. 26(b)(2). State Farm also object to the extent this definition seeks discovery regarding ESI that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as preservation of, and discovery about, such things is not proportional to the needs of the case. State Farm objects to Plaintiffs' definition as overly broad, disproportionate to the needs of the case, and beyond the scope of permissible discovery to the extent Plaintiffs purport to include system information not created by State Farm's users, such as caches, cookies, or logs, or otherwise seek to require State Farm to record and/or provide discovery regarding records and information that are not ordinarily captured and/or are overwritten in the ordinary course of operating State Farm's computing systems. Fed. R. Civ. P. 26(b)(1).

State Farm objects to the inclusion of "DOCUMENTS" which are in the "possession, custody, or control" of "any third-party vendors" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" insofar as it purports to impose obligations that exceed those set forth in Fed. R. Civ. P. 34(a). State Farm is only

8

1  obligated to produce discoverable "DOCUMENTS" within its possession,

2  custody, or control.

3      State Farm also objects to Plaintiffs' definition to the extent it may include

4  "DOCUMENTS" within the possession, custody, or control of State Farm's

5  attorneys as production of "DOCUMENTS" within the possession, custody, or

6  control of State Farm's attorneys would require the production or disclosure of

7  information protected from discovery by the attorney-client privilege, work

8  product doctrine, or other privileges recognized by law.

9      State Farm objects to the inclusion of "draft[s]" in Plaintiffs' definition of

10 "DOCUMENT" or "DOCUMENTS" on the grounds that drafts are not

11 universally relevant to the claims and defenses of a case and are likely to be

12 cumulative or duplicative.  To the extent that a draft is not a business record stored

13 in a central repository in State Farm's ordinary course of business, discovery

14 regarding "draft[s]" would not be proportional to the needs of the case.  Fed. R.

15 Civ. P. 26(b)(1).

16     State Farm objects to the inclusion of "chats", "instant messages", and

17 "texts" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the

18 grounds that it would be disproportionate to the needs of the case to provide

19 discovery regarding instant messages and/or text/SMS messages that are not

20 captured by State Farm in its ordinary course of business.  Fed. R. Civ. P.

21 26(b)(2).

22     State Farm objects to the inclusion of "databases (including draft

23 versions)", "database entries", "Internet usage files", "Internet browser-created

24 files including cookies and caches", "activity logs", and "network access

25 information" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" to

26 the extent that Plaintiffs purport to seek information regarding State Farm

27 technical systems and processes that are not relevant to the claims and defenses in

28 this matter. State Farm further objects that production of a database would require

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

9

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  production of vast amounts of irrelevant information regarding other claims,

2  would likely result in improper alteration of relevant data, and would require

3  production of privileged information that could not be redacted. In addition, State

4  Farm objects that the resources that would be required to produce databases are

5  significant and would not be proportional under Fed. R. Civ. P. 26.  State Farm

6  also objects on the grounds that databases may be proprietary to State Farm's

7  business operations and/or may be confidential and trade secret information that

8  need not be disclosed in order to obtain the fair adjudication of this case.

9      State Farm objects to Plaintiffs' definition insofar as it seeks details

10 regarding "DOCUMENTS" that have been "deleted" on the grounds that it is

11 overly broad, unduly burdensome, and purports to impose obligations greater than

12 those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the

13 discovery propounded by Plaintiffs to the extent it purports to call for forensic

14 investigation into computing devices or systems to determine or locate

15 information indicating or evidencing ESI that was deleted or that is no longer

16 accessible as active data on that device or system as not reasonably tailored to

17 elicit discovery relevant to the claims and defenses of any party, unduly

18 burdensome, and beyond the scope of permissible discovery.  State Farm further

19 objects that ESI and/or documents that were deleted or no longer exist are not

20 reasonably accessible and discovery about the same would require extraordinary

21 efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P.

22 26(b)(2).

23     Furthermore, State Farm objects on the grounds that Plaintiffs' definition is

24 not limited in time or scope and State Farm had no duty to preserve relevant

25 information prior to the time this litigation was reasonably anticipated.

26 State Farm objects to the inclusion of "DOCUMENTS. . . found on, archived in,

27 or deleted from. . .on-site or off-site electronic data storage", "systems or data

28 structures", "legacy systems (hardware and software)", "servers", "mainframes",

10

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   "network servers", "cloud-based servers", "backup servers or systems",

2   "archives", or "backup or disaster recovery systems or facilities" in Plaintiffs'

3   definition to the extent that Plaintiffs seek discovery regarding ESI from sources

4   that are not reasonably accessible, as it would require unreasonable efforts that are

5   not proportional in light of the claims at issue, the value of the case, or the

6   importance of the discovery at issue.  Fed. R. Civ. P. 26(b)(1).

7       State Farm also objects to the inclusion of information located on such

8   systems in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the

9   grounds that data on backup media is likely to be duplicative and/or can be

10  discovered from other sources that are more convenient, less burdensome, and less

11  expensive.  Fed. R. Civ. P. 26(b)(2) There is no "routine right of direct access to a

12  party's electronic information system[s]" and there has been no showing in this

13  case sufficient to overcome this presumption. Fed. R. Civ. P. 34 (Advisory

14  Committee Notes).

15      In addition, State Farm objects to the inclusion of "tapes", "discs",

16  "DVDs", "CDROMs", "drives", "portable or removable drives", "cartridges", and

17  "other storage media", "laptops", "personal computers", "internet data", "personal

18  digital assistants", "handheld wireless devices", "mobile telephones", "smart

19  phones", "tablet computers", "paging devices", and "audio systems (including

20  voicemail)" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS"

21  because such things are not "DOCUMENTS" but rather media on which

22  "DOCUMENTS" and ESI are stored.  State Farm further objects to the extent this

23  definition purports to seek direct access to State Farm's electronic storage

24  media.  There is no "routine right of direct access to a party's electronic

25  information system[s]" and there has been no showing in this case sufficient to

26  overcome this presumption. Fed. R. Civ. P. 34 (Advisory Committee Notes).

27  Finally, State Farm objects to the definition of "DOCUMENT" or

28  "DOCUMENTS" to the extent it would require the disclosure of information

11

Case No.  2:24-cv-02219-DSF       DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                  FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  protected from discovery by the attorney-client privilege, work product doctrine,

2  or other privileges recognized by law.

3      Notwithstanding these objections, to the extent any responsive documents

4  or ESI are produced, State Farm will produce reasonably accessible, relevant, non-

5  privileged information in reasonably usable formats.  Documents that contain

6  redactions will be produced in static image format.

7

8  **"INDEX" means any list, catalogue, index, table of contents, or other means of determining the contents of any group or category of DOCUMENTS.**

9

10     State Farm objects that Plaintiffs' definition of "INDEX" on the grounds that

11 it is overly broad and unduly burdensome.  State Farm objects that this definition

12 seeks information that is not relevant to the claims or defenses in this case and that

13 wide ranging inquiry into State Farm's organization, indexing, and methods of

14 search bear no relation to the merits of this litigation.

15

16  **J.   If you claim that any document otherwise required to be produced by this request for production of documents is privileged, for each such document provide the following information.**

17

18

19      **a.   The document's title and general subject matter;**

20      **b.   The date of the document;**

21      **c.   The author of the document;**

22      **d.   The person for whom the document was prepared or**

23          **to whom it was sent, including all persons who**

24          **received copies of the document;**

25      **e.   The nature of the privilege claimed; and**

26      **f.   Each fact upon which you base your claim of**

27          **privilege.**

28

12

1    State Farm objects to Plaintiffs' definition insofar as it directs State Farm to

2  undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5). State

3  Farm will withhold privileged and/or protected material or information and

4  describe the same in accordance with the Federal Rules of Civil Procedure and

5  substantive law.

6

7    **RESPONSES TO REQUESTS FOR PRODUCTION**

8    **OF DOCUMENTS, SET TWO**

9  **REQUEST FOR PRODUCTION NO. 45:**

10    DOCUMENTS containing any INDEX to guidelines and/or training offered

11  by State Farm University, including any and all catalogues or course listing.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

13    State Farm objects to this request as it seeks information that is neither

14  relevant nor proportional to the issues in this case. State Farm objects to the

15  request as vague and ambiguous, specifically with respect to the use of the terms

16  "DOCUMENTS containing any INDEX" and "offered by State Farm

17  University". State Farm further objects to this request, as it is overly broad in

18  scope (not limited to the type of insurance coverage involved in this lawsuit, not

19  limited to a reasonable period of time, etc.) and is potentially unduly

20  burdensome. State Farm objects to this request to the extent it seeks confidential,

21  proprietary business information and/or trade secrets. Further, State Farm objects

22  to this request because its scope is broad enough to potentially implicate

23  information that is protected by the attorney/client or work product privileges.

24    State Farm further objects that this request constitutes impermissible

25  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

26  Farm's efforts to search for information responsive to Plaintiffs' discovery

27  requests. Absent a colorable showing that it has improperly withheld documents, a

28  court will not allow discovery into a party's retention and discovery efforts. State

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

2  such an inquiry.  State Farm further objects on the grounds that this request

3  improperly implies that Plaintiffs are in a position to assess and determine the

4  manner in which State Farm conducts discovery.  This assertion is contrary to best

5  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

6  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

7  the procedures, methodologies, and techniques appropriate for preserving and

8  producing their own electronically stored information." The Sedona Principles,

9  Third Edition: Best Practices, Recommendations and Principles for Addressing

10  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

11  have not established that such information is necessary to a fair adjudication of this

12  case.  As such, State Farm also objects to this request on the basis that it constitutes

13  an improper fishing expedition.

14  　　　　State Farm further states that it will be producing in response to other

15  discovery in this matter the relevant non-confidential and/or non-trade secret

16  sections of the Operation Guide applicable and in effect during the relevant

17  timeframe for handling of the underlying claim along with the Standard Claim

18  Processes and Jurisdictional References applicable and in effect on the date of loss

19  and additional materials representative of resources available during the relevant

20  timeframe.  State Farm will produce the relevant confidential and/or trade secret

21  sections upon execution of the protective order.  In addition, pursuant to a

22  protective order, State Farm will produce training related to water losses that

23  appear on the training transcript for Gerald Acosta and Jim Moratto for the period

24  of March 3, 2022 to March 19, 2024.

25  **REQUEST FOR PRODUCTION NO. 46:**

26  　　　　DOCUMENTS containing any INDEX to guidelines and/or training referred

27  to as "Job Aides".

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

1    State Farm objects to this request as it seeks information that is neither

2  relevant nor proportional to the issues in this case.  State Farm objects to the

3  request as vague and ambiguous, specifically with respect to the use of the terms

4  "DOCUMENTS containing any INDEX" and "referred to as 'Job Aides'".  State

5  Farm further objects to this request, as it is overly broad in scope (not limited to the

6  type of insurance coverage involved in this lawsuit, not limited to a reasonable

7  period of time, etc.) and is potentially unduly burdensome.  State Farm objects to

8  this request to the extent it seeks confidential, proprietary business information

9  and/or trade secrets. Further, State Farm objects to this request because its scope is

10  broad enough to potentially implicate information that is protected by the

11  attorney/client or work product privileges.

12    State Farm further objects that this request constitutes impermissible

13  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

14  Farm's efforts to search for information responsive to Plaintiffs' discovery

15  requests.  Absent a colorable showing that it has improperly withheld documents, a

16  court will not allow discovery into a party's retention and discovery efforts.  State

17  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

18  such an inquiry.  State Farm further objects on the grounds that this request

19  improperly implies that Plaintiffs are in a position to assess and determine the

20  manner in which State Farm conducts discovery.  This assertion is contrary to best

21  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

22  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

23  the procedures, methodologies, and techniques appropriate for preserving and

24  producing their own electronically stored information." The Sedona Principles,

25  Third Edition: Best Practices, Recommendations and Principles for Addressing

26  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

27  have not established that such information is necessary to a fair adjudication of this

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

15

Case No.  2:24-cv-02219-DSF          DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**Exhibit B**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    case.  As such, State Farm also objects to this request on the basis that it constitutes

2    an improper fishing expedition.

3    State Farm further states that it will be producing in response to other

4    discovery in this matter the relevant non-confidential and/or non-trade secret

5    sections of the Operation Guide applicable and in effect during the relevant

6    timeframe along with the Standard Claim Processes and Jurisdictional References

7    applicable and in effect on the date of loss and additional materials representative

8    of resources available during the relevant timeframe.  State Farm will produce the

9    relevant confidential and/or trade secret sections upon execution of the protective

10    order.  In addition, pursuant to a protective order, State Farm will produce training

11    related to water losses that appear on the training transcript for Gerald Acosta and

12    Jim Moratto for the period of March 3, 2022 to March 19, 2024.

13    **REQUEST FOR PRODUCTION NO. 47:**

14    DOCUMENTS containing any INDEX to guidelines and/or training referred

15    to as "Video on Demand" or "VOD".

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

17    State Farm objects to this request as it seeks information that is neither

18    relevant nor proportional to the issues in this case.  State Farm objects to the

19    request as vague and ambiguous, specifically with respect to the use of the terms

20    "DOCUMENTS containing any INDEX" and "referred to as 'Video on Demand'

21    or 'VOD'"".  State Farm further objects to this request, as it is overly broad in

22    scope (not limited to the type of insurance coverage involved in this lawsuit, not

23    limited to a reasonable period of time, etc.) and is potentially unduly

24    burdensome.  State Farm objects to this request to the extent it seeks confidential,

25    proprietary business information and/or trade secrets. Further, State Farm objects

26    to this request because its scope is broad enough to potentially implicate

27    information that is protected by the attorney/client or work product privileges.

28

16

**Exhibit B**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    State Farm further objects that this request constitutes impermissible

2    discovery-about-discovery insofar as Plaintiffs seeks information regarding State

3    Farm's efforts to search for information responsive to Plaintiffs' discovery

4    requests.  Absent a colorable showing that it has improperly withheld documents, a

5    court will not allow discovery into a party's retention and discovery efforts.  State

6    Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

7    such an inquiry.  State Farm further objects on the grounds that this request

8    improperly implies that Plaintiffs are in a position to assess and determine the

9    manner in which State Farm conducts discovery.  This assertion is contrary to best

10   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

11   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

12   the procedures, methodologies, and techniques appropriate for preserving and

13   producing their own electronically stored information." The Sedona Principles,

14   Third Edition: Best Practices, Recommendations and Principles for Addressing

15   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

16   have not established that such information is necessary to a fair adjudication of this

17   case.  As such, State Farm also objects to this request on the basis that it constitutes

18   an improper fishing expedition.

19   State Farm further states that it will be producing in response to other

20   discovery in this matter the relevant non-confidential and/or non-trade secret

21   sections of the Operation Guide applicable and in effect during the relevant

22   timeframe along with the Standard Claim Processes and Jurisdictional References

23   applicable and in effect on the date of loss and additional materials representative

24   of resources available during the relevant timeframe. State Farm will produce the

25   relevant confidential and/or trade secret sections upon execution of the protective

26   order.  In addition, pursuant to a protective order, State Farm will produce training

27   related to water losses that appear on the training transcript for Gerald Acosta and

28   Jim Moratto for the period of March 3, 2022 to March 19, 2024.

17

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**REQUEST FOR PRODUCTION NO. 48:**

DOCUMENTS containing any INDEX to guidelines and/or training referred to as "Operational Guides".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

State Farm objects to this request as it seeks information that is neither relevant nor proportional to the issues in this case. State Farm objects to the request as vague and ambiguous, specifically with respect to the use of the terms "DOCUMENTS containing any INDEX" and "referred to as 'Operational Guides'". State Farm further objects to this request, as it is overly broad in scope (not limited to the type of insurance coverage involved in this lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly burdensome. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests. Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts. State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry. State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery. This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure. Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles,

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

18

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  Third Edition: Best Practices, Recommendations and Principles for Addressing

2  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

3  have not established that such information is necessary to a fair adjudication of this

4  case.  As such, State Farm also objects to this request on the basis that it constitutes

5  an improper fishing expedition.

6         State Farm further states that it will be producing in response to other

7  discovery in this matter the relevant non-confidential and/or non-trade secret

8  sections of the Operation Guide applicable and in effect during the relevant

9  timeframe along with the Standard Claim Processes and Jurisdictional References

10  applicable and in effect on the date of loss and additional materials representative

11  of resources available during the relevant timeframe.  State Farm will produce the

12  relevant confidential and/or trade secret sections upon execution of the protective

13  order.  In addition, pursuant to a protective order, State Farm will produce training

14  related to water losses that appear on the training transcript for Gerald Acosta and

15  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

16  **REQUEST FOR PRODUCTION NO. 49:**

17         DOCUMENTS containing any INDEX to guidelines and/or training referred

18  to as "Standard Claim Practices" or "SCP".

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

20  S      tate Farm objects to this request as it seeks information that is neither

21  relevant nor proportional to the issues in this case.  State Farm objects to the

22  request as vague and ambiguous, specifically with respect to the use of the terms

23  "DOCUMENTS containing any INDEX" and "referred to as 'Standard Claim

24  Practices' or 'SCP'".  State Farm further objects to this request, as it is overly

25  broad in scope (not limited to the type of insurance coverage involved in this

26  lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly

27  burdensome.  State Farm objects to this request to the extent it seeks confidential,

28  proprietary business information and/or trade secrets. Further, State Farm objects

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                               FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    to this request because its scope is broad enough to potentially implicate

2    information that is protected by the attorney/client or work product privileges.

3        State Farm further objects that this request constitutes impermissible

4    discovery-about-discovery insofar as Plaintiffs seeks information regarding State

5    Farm's efforts to search for information responsive to Plaintiffs' discovery

6    requests.  Absent a colorable showing that it has improperly withheld documents, a

7    court will not allow discovery into a party's retention and discovery efforts.  State

8    Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

9    such an inquiry.  State Farm further objects on the grounds that this request

10   improperly implies that Plaintiffs are in a position to assess and determine the

11   manner in which State Farm conducts discovery.  This assertion is contrary to best

12   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

13   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

14   the procedures, methodologies, and techniques appropriate for preserving and

15   producing their own electronically stored information." The Sedona Principles,

16   Third Edition: Best Practices, Recommendations and Principles for Addressing

17   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

18   have not established that such information is necessary to a fair adjudication of this

19   case.  As such, State Farm also objects to this request on the basis that it constitutes

20   an improper fishing expedition.

21       State Farm further states that it will be producing in response to other

22   discovery in this matter the relevant non-confidential and/or non-trade secret

23   sections of the Operation Guide applicable and in effect during the relevant

24   timeframe along with the Standard Claim Processes and Jurisdictional References

25   applicable and in effect on the date of loss and additional materials representative

26   of resources available during the relevant timeframe.  State Farm will produce the

27   relevant confidential and/or trade secret sections upon execution of the protective

28   order.  In addition, pursuant to a protective order, State Farm will produce training

20

1  related to water losses that appear on the training transcript for Gerald Acosta and

2  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

3  **REQUEST FOR PRODUCTION NO. 50:**

4       DOCUMENTS containing any INDEX to guidelines and/or training referred

5  to as "Refresher(s)".

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

7       State Farm objects to this request as it seeks information that is neither

8  relevant nor proportional to the issues in this case.  State Farm objects to the

9  request as vague and ambiguous, specifically with respect to the use of the terms

10  "DOCUMENTS containing any INDEX" and "referred to as 'Refreshers'".  State

11  Farm further objects to this request, as it is overly broad in scope (not limited to the

12  type of insurance coverage involved in this lawsuit, not limited to a reasonable

13  period of time, etc.) and is potentially unduly burdensome.  State Farm objects to

14  this request to the extent it seeks confidential, proprietary business information

15  and/or trade secrets. Further, State Farm objects to this request because its scope is

16  broad enough to potentially implicate information that is protected by the

17  attorney/client or work product privileges.

18       State Farm further objects that this request constitutes impermissible

19  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

20  Farm's efforts to search for information responsive to Plaintiffs' discovery

21  requests.  Absent a colorable showing that it has improperly withheld documents, a

22  court will not allow discovery into a party's retention and discovery efforts.  State

23  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

24  such an inquiry.  State Farm further objects on the grounds that this request

25  improperly implies that Plaintiffs are in a position to assess and determine the

26  manner in which State Farm conducts discovery.  This assertion is contrary to best

27  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

28  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

21

1  the procedures, methodologies, and techniques appropriate for preserving and
2  producing their own electronically stored information." The Sedona Principles,
3  Third Edition: Best Practices, Recommendations and Principles for Addressing
4  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs
5  have not established that such information is necessary to a fair adjudication of this
6  case.  As such, State Farm also objects to this request on the basis that it constitutes
7  an improper fishing expedition.

8      State Farm further states that it will be producing in response to other
9  discovery in this matter the relevant non-confidential and/or non-trade secret
10 sections of the Operation Guide applicable and in effect during the relevant
11 timeframe along with the Standard Claim Processes and Jurisdictional References
12 applicable and in effect on the date of loss and additional materials representative
13 of resources available during the relevant timeframe.  State Farm will produce the
14 relevant confidential and/or trade secret sections upon execution of the protective
15 order.  In addition, pursuant to a protective order, State Farm will produce training
16 related to water losses that appear on the training transcript for Gerald Acosta and
17 Jim Moratto for the period of March 3, 2022 to March 19, 2024.

18 **REQUEST FOR PRODUCTION NO. 51:**

19     DOCUMENTS containing any INDEX to guidelines and/or training referred
20 to as "Scenario(s)", including but not limited to "Water Scenario(s)", "Claim
21 Scenario(s)", or "Coverage Scenario(s)".

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

23     State Farm objects to this request as it seeks information that is neither
24 relevant nor proportional to the issues in this case.  State Farm objects to the
25 request as vague and ambiguous, specifically with respect to the use of the terms
26 "DOCUMENTS containing any INDEX" and "referred to as 'Scenario(s)",
27 including but not limited to "Water Scenario(s)", "Claim Scenario(s)", or
28 "Coverage Scenario(s)".  State Farm further objects to this request, as it is overly

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

22

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  broad in scope (not limited to the type of insurance coverage involved in this
2  lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly
3  burdensome.  State Farm objects to this request to the extent it seeks confidential,
4  proprietary business information and/or trade secrets. Further, State Farm objects
5  to this request because its scope is broad enough to potentially implicate
6  information that is protected by the attorney/client or work product privileges.

7         State Farm further objects that this request constitutes impermissible
8  discovery-about-discovery insofar as Plaintiffs seeks information regarding State
9  Farm's efforts to search for information responsive to Plaintiffs' discovery
10  requests.  Absent a colorable showing that it has improperly withheld documents, a
11  court will not allow discovery into a party's retention and discovery efforts.  State
12  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for
13  such an inquiry.  State Farm further objects on the grounds that this request
14  improperly implies that Plaintiffs are in a position to assess and determine the
15  manner in which State Farm conducts discovery.  This assertion is contrary to best
16  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the
17  Sedona Principles provide that "[r]esponding parties are best situated to evaluate
18  the procedures, methodologies, and techniques appropriate for preserving and
19  producing their own electronically stored information." The Sedona Principles,
20  Third Edition: Best Practices, Recommendations and Principles for Addressing
21  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs
22  have not established that such information is necessary to a fair adjudication of this
23  case.  As such, State Farm also objects to this request on the basis that it constitutes
24  an improper fishing expedition.

25         State Farm further states that it will be producing in response to other
26  discovery in this matter the relevant non-confidential and/or non-trade secret
27  sections of the Operation Guide applicable and in effect during the relevant
28  timeframe along with the Standard Claim Processes and Jurisdictional References

23

Case No.  2:24-cv-02219-DSF         DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                     FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Exhibit B

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  applicable and in effect on the date of loss and additional materials representative

2  of resources available during the relevant timeframe.  State Farm will produce the

3  relevant confidential and/or trade secret sections upon execution of the protective

4  order.  In addition, pursuant to a protective order, State Farm will produce training

5  related to water losses that appear on the training transcript for Gerald Acosta and

6  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

7  **REQUEST FOR PRODUCTION NO. 52:**

8  DOCUMENTS containing any INDEX to guidelines and/or training referred

9  to as "Workflow".

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

11  State Farm objects to this request as it seeks information that is neither

12  relevant nor proportional to the issues in this case.  State Farm objects to the

13  request as vague and ambiguous, specifically with respect to the use of the terms

14  "DOCUMENTS containing any INDEX" and "referred to as 'Workflow'".  State

15  Farm further objects to this request, as it is overly broad in scope (not limited to the

16  type of insurance coverage involved in this lawsuit, not limited to a reasonable

17  period of time, etc.) and is potentially unduly burdensome.  State Farm objects to

18  this request to the extent it seeks confidential, proprietary business information

19  and/or trade secrets. Further, State Farm objects to this request because its scope is

20  broad enough to potentially implicate information that is protected by the

21  attorney/client or work product privileges.

22  State Farm further objects that this request constitutes impermissible

23  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

24  Farm's efforts to search for information responsive to Plaintiffs' discovery

25  requests.  Absent a colorable showing that it has improperly withheld documents, a

26  court will not allow discovery into a party's retention and discovery efforts.  State

27  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

28  such an inquiry.  State Farm further objects on the grounds that this request

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  improperly implies that Plaintiffs are in a position to assess and determine the

2  manner in which State Farm conducts discovery.  This assertion is contrary to best

3  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

4  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

5  the procedures, methodologies, and techniques appropriate for preserving and

6  producing their own electronically stored information." The Sedona Principles,

7  Third Edition: Best Practices, Recommendations and Principles for Addressing

8  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

9  have not established that such information is necessary to a fair adjudication of this

10  case.  As such, State Farm also objects to this request on the basis that it constitutes

11  an improper fishing expedition.

12  State Farm further states that it will be producing in response to other

13  discovery in this matter the relevant non-confidential and/or non-trade secret

14  sections of the Operation Guide applicable and in effect during the relevant

15  timeframe along with the Standard Claim Processes and Jurisdictional References

16  applicable and in effect on the date of loss and additional materials representative

17  of resources available during the relevant timeframe.  State Farm will produce the

18  relevant confidential and/or trade secret sections upon execution of the protective

19  order.  In addition, pursuant to a protective order, State Farm will produce training

20  related to water losses that appear on the training transcript for Gerald Acosta and

21  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

22  **REQUEST FOR PRODUCTION NO. 53:**

23  DOCUMENTS containing any INDEX to guidelines and/or training referred

24  to as "Workday".

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

26  State Farm objects to this request as it seeks information that is neither

27  relevant nor proportional to the issues in this case.  State Farm objects to the

28  request as vague and ambiguous, specifically with respect to the use of the terms

1    "DOCUMENTS containing any INDEX" and "referred to as 'Workday'".  State

2    Farm further objects to this request, as it is overly broad in scope (not limited to the

3    type of insurance coverage involved in this lawsuit, not limited to a reasonable

4    period of time, etc.) and is potentially unduly burdensome.  State Farm objects to

5    this request to the extent it seeks confidential, proprietary business information

6    and/or trade secrets. Further, State Farm objects to this request because its scope is

7    broad enough to potentially implicate information that is protected by the

8    attorney/client or work product privileges.

9        State Farm further objects that this request constitutes impermissible

10   discovery-about-discovery insofar as Plaintiffs seeks information regarding State

11   Farm's efforts to search for information responsive to Plaintiffs' discovery

12   requests.  Absent a colorable showing that it has improperly withheld documents, a

13   court will not allow discovery into a party's retention and discovery efforts.  State

14   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

15   such an inquiry.  State Farm further objects on the grounds that this request

16   improperly implies that Plaintiffs are in a position to assess and determine the

17   manner in which State Farm conducts discovery.  This assertion is contrary to best

18   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

19   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

20   the procedures, methodologies, and techniques appropriate for preserving and

21   producing their own electronically stored information." The Sedona Principles,

22   Third Edition: Best Practices, Recommendations and Principles for Addressing

23   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

24   have not established that such information is necessary to a fair adjudication of this

25   case.  As such, State Farm also objects to this request on the basis that it constitutes

26   an improper fishing expedition.

27       State Farm further states that it will be producing in response to other

28   discovery in this matter the relevant non-confidential and/or non-trade secret

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

26

1  sections of the Operation Guide applicable and in effect during the relevant

2  timeframe along with the Standard Claim Processes and Jurisdictional References

3  applicable and in effect on the date of loss and additional materials representative

4  of resources available during the relevant timeframe.  State Farm will produce the

5  relevant confidential and/or trade secret sections upon execution of the protective

6  order.  In addition, pursuant to a protective order, State Farm will produce training

7  related to water losses that appear on the training transcript for Gerald Acosta and

8  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

9  **REQUEST FOR PRODUCTION NO. 54:**

10       DOCUMENTS containing any INDEX to guidelines and/or training referred

11  to as "Dashboard".

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

13       State Farm objects to this request as it seeks information that is neither

14  relevant nor proportional to the issues in this case.  State Farm objects to the

15  request as vague and ambiguous, specifically with respect to the use of the terms

16  "DOCUMENTS containing any INDEX" and "referred to as 'Dashboard'".  State

17  Farm further objects to this request, as it is overly broad in scope (not limited to the

18  type of insurance coverage involved in this lawsuit, not limited to a reasonable

19  period of time, etc.) and is potentially unduly burdensome.  State Farm objects to

20  this request to the extent it seeks confidential, proprietary business information

21  and/or trade secrets. Further, State Farm objects to this request because its scope is

22  broad enough to potentially implicate information that is protected by the

23  attorney/client or work product privileges.

24       State Farm further objects that this request constitutes impermissible

25  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

26  Farm's efforts to search for information responsive to Plaintiffs' discovery

27  requests.  Absent a colorable showing that it has improperly withheld documents, a

28  court will not allow discovery into a party's retention and discovery efforts.  State

27

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

2   such an inquiry.  State Farm further objects on the grounds that this request

3   improperly implies that Plaintiffs are in a position to assess and determine the

4   manner in which State Farm conducts discovery.  This assertion is contrary to best

5   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

6   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

7   the procedures, methodologies, and techniques appropriate for preserving and

8   producing their own electronically stored information." The Sedona Principles,

9   Third Edition: Best Practices, Recommendations and Principles for Addressing

10  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

11  have not established that such information is necessary to a fair adjudication of this

12  case.  As such, State Farm also objects to this request on the basis that it constitutes

13  an improper fishing expedition.

14      State Farm further states that it will be producing in response to other

15  discovery in this matter the relevant non-confidential and/or non-trade secret

16  sections of the Operation Guide applicable and in effect during the relevant

17  timeframe along with the Standard Claim Processes and Jurisdictional References

18  applicable and in effect on the date of loss and additional materials representative

19  of resources available during the relevant timeframe.  State Farm will produce the

20  relevant confidential and/or trade secret sections upon execution of the protective

21  order.  In addition, pursuant to a protective order, State Farm will produce training

22  related to water losses that appear on the training transcript for Gerald Acosta and

23  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

24  **REQUEST FOR PRODUCTION NO. 55:**

25      DOCUMENTS containing any INDEX to guidelines and/or training referred

26  to as "Quality Claim Handing Expectations".

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    State Farm objects to this request as it seeks information that is neither

2 relevant nor proportional to the issues in this case.  State Farm objects to the

3 request as vague and ambiguous, specifically with respect to the use of the terms

4 "DOCUMENTS containing any INDEX" and "referred to as 'Quality Claim

5 Handling Expectations".  State Farm further objects to this request, as it is overly

6 broad in scope (not limited to the type of insurance coverage involved in this

7 lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly

8 burdensome.  State Farm objects to this request to the extent it seeks confidential,

9 proprietary business information and/or trade secrets. Further, State Farm objects

10 to this request because its scope is broad enough to potentially implicate

11 information that is protected by the attorney/client or work product privileges.

12    State Farm further objects that this request constitutes impermissible

13 discovery-about-discovery insofar as Plaintiffs seeks information regarding State

14 Farm's efforts to search for information responsive to Plaintiffs' discovery

15 requests.  Absent a colorable showing that it has improperly withheld documents, a

16 court will not allow discovery into a party's retention and discovery efforts.  State

17 Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

18 such an inquiry.  State Farm further objects on the grounds that this request

19 improperly implies that Plaintiffs are in a position to assess and determine the

20 manner in which State Farm conducts discovery.  This assertion is contrary to best

21 practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

22 Sedona Principles provide that "[r]esponding parties are best situated to evaluate

23 the procedures, methodologies, and techniques appropriate for preserving and

24 producing their own electronically stored information." The Sedona Principles,

25 Third Edition: Best Practices, Recommendations and Principles for Addressing

26 Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

27 have not established that such information is necessary to a fair adjudication of this

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

29

Case No.  2:24-cv-02219-DSF          DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                      FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**84**                                                              **Exhibit B**

1  case. As such, State Farm also objects to this request on the basis that it constitutes

2  an improper fishing expedition.

3  State Farm further states that it will be producing in response to other

4  discovery in this matter the relevant non-confidential and/or non-trade secret

5  sections of the Operation Guide applicable and in effect during the relevant

6  timeframe along with the Standard Claim Processes and Jurisdictional References

7  applicable and in effect on the date of loss and additional materials representative

8  of resources available during the relevant timeframe. State Farm will produce the

9  relevant confidential and/or trade secret sections upon execution of the protective

10 order. In addition, pursuant to a protective order, State Farm will produce training

11 related to water losses that appear on the training transcript for Gerald Acosta and

12 Jim Moratto for the period of March 3, 2022 to March 19, 2024.

13 **REQUEST FOR PRODUCTION NO. 56:**

14 DOCUMENTS containing any INDEX to guidelines and/or training referred

15 to as "Coverage Model".

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

17 State Farm objects to this request as it seeks information that is neither

18 relevant nor proportional to the issues in this case. State Farm objects to the

19 request as vague and ambiguous, specifically with respect to the use of the terms

20 "DOCUMENTS containing any INDEX" and "referred to as 'Coverage

21 Model'". State Farm further objects to this request, as it is overly broad in scope

22 (not limited to the type of insurance coverage involved in this lawsuit, not limited

23 to a reasonable period of time, etc.) and is potentially unduly burdensome. State

24 Farm objects to this request to the extent it seeks confidential, proprietary business

25 information and/or trade secrets. Further, State Farm objects to this request because

26 its scope is broad enough to potentially implicate information that is protected by

27 the attorney/client or work product privileges.

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

30

Case No. 2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**Exhibit B**

1    State Farm further objects that this request constitutes impermissible

2    discovery-about-discovery insofar as Plaintiffs seeks information regarding State

3    Farm's efforts to search for information responsive to Plaintiffs' discovery

4    requests.  Absent a colorable showing that it has improperly withheld documents, a

5    court will not allow discovery into a party's retention and discovery efforts.  State

6    Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

7    such an inquiry.  State Farm further objects on the grounds that this request

8    improperly implies that Plaintiffs are in a position to assess and determine the

9    manner in which State Farm conducts discovery.  This assertion is contrary to best

10   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

11   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

12   the procedures, methodologies, and techniques appropriate for preserving and

13   producing their own electronically stored information." The Sedona Principles,

14   Third Edition: Best Practices, Recommendations and Principles for Addressing

15   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

16   have not established that such information is necessary to a fair adjudication of this

17   case.  As such, State Farm also objects to this request on the basis that it constitutes

18   an improper fishing expedition.

19   State Farm further states that it will be producing in response to other

20   discovery in this matter the relevant non-confidential and/or non-trade secret

21   sections of the Operation Guide applicable and in effect during the relevant

22   timeframe along with the Standard Claim Processes and Jurisdictional References

23   applicable and in effect on the date of loss and additional materials representative

24   of resources available during the relevant timeframe.  State Farm will produce the

25   relevant confidential and/or trade secret sections upon execution of the protective

26   order.  In addition, pursuant to a protective order, State Farm will produce training

27   related to water losses that appear on the training transcript for Gerald Acosta and

28   Jim Moratto for the period of March 3, 2022 to March 19, 2024.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

31

**REQUEST FOR PRODUCTION NO. 57:**

DOCUMENTS containing any INDEX to guidelines and/or training referred to as "Resources".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

State Farm objects to this request as it seeks information that is neither relevant nor proportional to the issues in this case. State Farm objects to the request as vague and ambiguous, specifically with respect to the use of the terms "DOCUMENTS containing any INDEX" and "referred to as 'Resources'". State Farm further objects to this request, as it is overly broad in scope (not limited to the type of insurance coverage involved in this lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly burdensome. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests. Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts. State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry. State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery. This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure. Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles,

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**Exhibit B**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   Third Edition: Best Practices, Recommendations and Principles for Addressing

2   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

3   have not established that such information is necessary to a fair adjudication of this

4   case.  As such, State Farm also objects to this request on the basis that it constitutes

5   an improper fishing expedition.

6        State Farm further states that it will be producing in response to other

7   discovery in this matter the relevant non-confidential and/or non-trade secret

8   sections of the Operation Guide applicable and in effect during the relevant

9   timeframe along with the Standard Claim Processes and Jurisdictional References

10  applicable and in effect on the date of loss and additional materials representative

11  of resources available during the relevant timeframe.  State Farm will produce the

12  relevant confidential and/or trade secret sections upon execution of the protective

13  order.  In addition, pursuant to a protective order, State Farm will produce training

14  related to water losses that appear on the training transcript for Gerald Acosta and

15  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

16  **REQUEST FOR PRODUCTION NO. 58:**

17       DOCUMENTS containing any INDEX to guidelines and/or training referred

18  to as "Discussion Resources" including but not limited to "Fire Claims Discussion

19  Resources."

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

21       State Farm objects to this request as it seeks information that is neither

22  relevant nor proportional to the issues in this case.  State Farm objects to the

23  request as vague and ambiguous, specifically with respect to the use of the terms

24  "DOCUMENTS containing any INDEX" and "referred to as 'Discussion

25  Resources'".  State Farm further objects to this request, as it is overly broad in

26  scope (not limited to the type of insurance coverage involved in this lawsuit, not

27  limited to a reasonable period of time, etc.) and is potentially unduly

28  burdensome.  State Farm objects to this request to the extent it seeks confidential,

1  proprietary business information and/or trade secrets. Further, State Farm objects

2  to this request because its scope is broad enough to potentially implicate

3  information that is protected by the attorney/client or work product privileges.

4       State Farm further objects that this request constitutes impermissible

5  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

6  Farm's efforts to search for information responsive to Plaintiffs' discovery

7  requests.  Absent a colorable showing that it has improperly withheld documents, a

8  court will not allow discovery into a party's retention and discovery efforts.  State

9  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

10 such an inquiry.  State Farm further objects on the grounds that this request

11 improperly implies that Plaintiffs are in a position to assess and determine the

12 manner in which State Farm conducts discovery.  This assertion is contrary to best

13 practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

14 Sedona Principles provide that "[r]esponding parties are best situated to evaluate

15 the procedures, methodologies, and techniques appropriate for preserving and

16 producing their own electronically stored information." The Sedona Principles,

17 Third Edition: Best Practices, Recommendations and Principles for Addressing

18 Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

19 have not established that such information is necessary to a fair adjudication of this

20 case.  As such, State Farm also objects to this request on the basis that it constitutes

21 an improper fishing expedition.

22       State Farm further states that it will be producing in response to other

23 discovery in this matter the relevant non-confidential and/or non-trade secret

24 sections of the Operation Guide applicable and in effect during the relevant

25 timeframe along with the Standard Claim Processes and Jurisdictional References

26 applicable and in effect on the date of loss and additional materials representative

27 of resources available during the relevant timeframe.  State Farm will produce the

28 relevant confidential and/or trade secret sections upon execution of the protective

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

34

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    order.  In addition, pursuant to a protective order, State Farm will produce training

2    related to water losses that appear on the training transcript for Gerald Acosta and

3    Jim Moratto for the period of March 3, 2022 to March 19, 2024.

4    **REQUEST FOR PRODUCTION NO. 59:**

5         DOCUMENTS containing any INDEX to guidelines and/or training referred

6    to as "Core Property Claims".

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

8         State Farm objects to this request as it seeks information that is neither

9    relevant nor proportional to the issues in this case.  State Farm objects to the

10   request as vague and ambiguous, specifically with respect to the use of the terms

11   "DOCUMENTS containing any INDEX" and "referred to as 'Core Property

12   Claims'".  State Farm further objects to this request, as it is overly broad in scope

13   (not limited to the type of insurance coverage involved in this lawsuit, not limited

14   to a reasonable period of time, etc.) and is potentially unduly burdensome.  State

15   Farm objects to this request to the extent it seeks confidential, proprietary business

16   information and/or trade secrets. Further, State Farm objects to this request because

17   its scope is broad enough to potentially implicate information that is protected by

18   the attorney/client or work product privileges.

19        State Farm further objects that this request constitutes impermissible

20   discovery-about-discovery insofar as Plaintiffs seeks information regarding State

21   Farm's efforts to search for information responsive to Plaintiffs' discovery

22   requests.  Absent a colorable showing that it has improperly withheld documents, a

23   court will not allow discovery into a party's retention and discovery efforts.  State

24   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

25   such an inquiry.  State Farm further objects on the grounds that this request

26   improperly implies that Plaintiffs are in a position to assess and determine the

27   manner in which State Farm conducts discovery.  This assertion is contrary to best

28   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

35

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

2  the procedures, methodologies, and techniques appropriate for preserving and

3  producing their own electronically stored information." The Sedona Principles,

4  Third Edition: Best Practices, Recommendations and Principles for Addressing

5  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

6  have not established that such information is necessary to a fair adjudication of this

7  case.  As such, State Farm also objects to this request on the basis that it constitutes

8  an improper fishing expedition.

9       State Farm further states that it will be producing in response to other

10  discovery in this matter the relevant non-confidential and/or non-trade secret

11  sections of the Operation Guide applicable and in effect during the relevant

12  timeframe along with the Standard Claim Processes and Jurisdictional References

13  applicable and in effect on the date of loss and additional materials representative

14  of resources available during the relevant timeframe.  State Farm will produce the

15  relevant confidential and/or trade secret sections upon execution of the protective

16  order.  In addition, pursuant to a protective order, State Farm will produce training

17  related to water losses that appear on the training transcript for Gerald Acosta and

18  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

19  **REQUEST FOR PRODUCTION NO. 60:**

20       DOCUMENTS containing any INDEX to guidelines and/or training referred

21  to as "Dollar One".

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

23       State Farm objects to this request as it seeks information that is neither

24  relevant nor proportional to the issues in this case.  State Farm objects to the

25  request as vague and ambiguous, specifically with respect to the use of the terms

26  "DOCUMENTS containing any INDEX" and "referred to as 'Dollar One'".  State

27  Farm further objects to this request, as it is overly broad in scope (not limited to the

28  type of insurance coverage involved in this lawsuit, not limited to a reasonable

36

period of time, etc.) and is potentially unduly burdensome.  State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests.  Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts.  State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry.  State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery.  This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles, Third Edition: Best Practices, Recommendations and Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs have not established that such information is necessary to a fair adjudication of this case.  As such, State Farm also objects to this request on the basis that it constitutes an improper fishing expedition.

State Farm further states that it will be producing in response to other discovery in this matter the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

37

1    of resources available during the relevant timeframe.  State Farm will produce the

2    relevant confidential and/or trade secret sections upon execution of the protective

3    order.  In addition, pursuant to a protective order, State Farm will produce training

4    related to water losses that appear on the training transcript for Gerald Acosta and

5    Jim Moratto for the period of March 3, 2022 to March 19, 2024.

6    **REQUEST FOR PRODUCTION NO. 61:**

7         DOCUMENTS containing any INDEX to guidelines and/or training referred

8    to as "ECHP".

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

10        State Farm objects to this request as it seeks information that is neither

11   relevant nor proportional to the issues in this case.  State Farm objects to the

12   request as vague and ambiguous, specifically with respect to the use of the terms

13   "DOCUMENTS containing any INDEX" and "referred to as 'ECHP'".  State Farm

14   further objects to this request, as it is overly broad in scope (not limited to the type

15   of insurance coverage involved in this lawsuit, not limited to a reasonable period of

16   time, etc.) and is potentially unduly burdensome.  State Farm objects to this request

17   to the extent it seeks confidential, proprietary business information and/or trade

18   secrets. Further, State Farm objects to this request because its scope is broad

19   enough to potentially implicate information that is protected by the attorney/client

20   or work product privileges.

21        State Farm further objects that this request constitutes impermissible

22   discovery-about-discovery insofar as Plaintiffs seeks information regarding State

23   Farm's efforts to search for information responsive to Plaintiffs' discovery

24   requests.  Absent a colorable showing that it has improperly withheld documents, a

25   court will not allow discovery into a party's retention and discovery efforts.  State

26   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

27   such an inquiry.  State Farm further objects on the grounds that this request

28   improperly implies that Plaintiffs are in a position to assess and determine the

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

38

manner in which State Farm conducts discovery.  This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles, Third Edition: Best Practices, Recommendations and Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs have not established that such information is necessary to a fair adjudication of this case.  As such, State Farm also objects to this request on the basis that it constitutes an improper fishing expedition.

State Farm further states that it will be producing in response to other discovery in this matter the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe.  State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.  In addition, pursuant to a protective order, State Farm will produce training related to water losses that appear on the training transcript for Gerald Acosta and Jim Moratto for the period of March 3, 2022 to March 19, 2024.

**REQUEST FOR PRODUCTION NO. 62:**

DOCUMENTS containing any INDEX to guidelines and/or training referred to as "Basics" or "Claim Basics."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

State Farm objects to this request as it seeks information that is neither relevant nor proportional to the issues in this case.  State Farm objects to the request as vague and ambiguous, specifically with respect to the use of the terms "DOCUMENTS containing any INDEX" and "referred to as 'Basics' or 'Claim

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**Exhibit B**

Basics'". State Farm further objects to this request, as it is overly broad in scope (not limited to the type of insurance coverage involved in this lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly burdensome. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests. Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts. State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry. State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery. This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure. Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles, Third Edition: Best Practices, Recommendations and Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018). Plaintiffs have not established that such information is necessary to a fair adjudication of this case. As such, State Farm also objects to this request on the basis that it constitutes an improper fishing expedition.

State Farm further states that it will be producing in response to other discovery in this matter the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

40

1  timeframe along with the Standard Claim Processes and Jurisdictional References

2  applicable and in effect on the date of loss and additional materials representative

3  of resources available during the relevant timeframe. State Farm will produce the

4  relevant confidential and/or trade secret sections upon execution of the protective

5  order. In addition, pursuant to a protective order, State Farm will produce training

6  related to water losses that appear on the training transcript for Gerald Acosta and

7  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

8  **REQUEST FOR PRODUCTION NO. 63:**

9      DOCUMENTS containing any INDEX to guidelines and/or training referred

10  to as "Coverage Analysis."

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

12      State Farm objects to this request as it seeks information that is neither

13  relevant nor proportional to the issues in this case. State Farm objects to the

14  request as vague and ambiguous, specifically with respect to the use of the terms

15  "DOCUMENTS containing any INDEX" and "referred to as 'Coverage

16  Analysis'". State Farm further objects to this request, as it is overly broad in scope

17  (not limited to the type of insurance coverage involved in this lawsuit, not limited

18  to a reasonable period of time, etc.) and is potentially unduly burdensome. State

19  Farm objects to this request to the extent it seeks confidential, proprietary business

20  information and/or trade secrets. Further, State Farm objects to this request because

21  its scope is broad enough to potentially implicate information that is protected by

22  the attorney/client or work product privileges.

23      State Farm further objects that this request constitutes impermissible

24  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

25  Farm's efforts to search for information responsive to Plaintiffs' discovery

26  requests. Absent a colorable showing that it has improperly withheld documents, a

27  court will not allow discovery into a party's retention and discovery efforts. State

28  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

41

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   such an inquiry.  State Farm further objects on the grounds that this request

2   improperly implies that Plaintiffs are in a position to assess and determine the

3   manner in which State Farm conducts discovery.  This assertion is contrary to best

4   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

5   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

6   the procedures, methodologies, and techniques appropriate for preserving and

7   producing their own electronically stored information." The Sedona Principles,

8   Third Edition: Best Practices, Recommendations and Principles for Addressing

9   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

10  have not established that such information is necessary to a fair adjudication of this

11  case.  As such, State Farm also objects to this request on the basis that it constitutes

12  an improper fishing expedition.

13      State Farm further states that it will be producing in response to other

14  discovery in this matter the relevant non-confidential and/or non-trade secret

15  sections of the Operation Guide applicable and in effect during the relevant

16  timeframe along with the Standard Claim Processes and Jurisdictional References

17  applicable and in effect on the date of loss and additional materials representative

18  of resources available during the relevant timeframe.  State Farm will produce the

19  relevant confidential and/or trade secret sections upon execution of the protective

20  order.  In addition, pursuant to a protective order, State Farm will produce training

21  related to water losses that appear on the training transcript for Gerald Acosta and

22  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

23  **REQUEST FOR PRODUCTION NO. 64:**

24      DOCUMENTS containing any INDEX to guidelines and/or training referred

25  to as "Fire Focus."

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

27      State Farm objects to this request as it seeks information that is neither

28  relevant nor proportional to the issues in this case.  State Farm objects to the

42

1  request as vague and ambiguous, specifically with respect to the use of the terms

2  "DOCUMENTS containing any INDEX" and "referred to as 'Fire Focus'".  State

3  Farm further objects to this request, as it is overly broad in scope (not limited to the

4  type of insurance coverage involved in this lawsuit, not limited to a reasonable

5  period of time, etc.) and is potentially unduly burdensome.  State Farm objects to

6  this request to the extent it seeks confidential, proprietary business information

7  and/or trade secrets. Further, State Farm objects to this request because its scope is

8  broad enough to potentially implicate information that is protected by the

9  attorney/client or work product privileges.

10        State Farm further objects that this request constitutes impermissible

11  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

12  Farm's efforts to search for information responsive to Plaintiffs' discovery

13  requests.  Absent a colorable showing that it has improperly withheld documents, a

14  court will not allow discovery into a party's retention and discovery efforts.  State

15  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

16  such an inquiry.  State Farm further objects on the grounds that this request

17  improperly implies that Plaintiffs are in a position to assess and determine the

18  manner in which State Farm conducts discovery.  This assertion is contrary to best

19  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

20  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

21  the procedures, methodologies, and techniques appropriate for preserving and

22  producing their own electronically stored information." The Sedona Principles,

23  Third Edition: Best Practices, Recommendations and Principles for Addressing

24  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

25  have not established that such information is necessary to a fair adjudication of this

26  case.  As such, State Farm also objects to this request on the basis that it constitutes

27  an improper fishing expedition.

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    State Farm further states that it will be producing in response to other

2  discovery in this matter the relevant non-confidential and/or non-trade secret

3  sections of the Operation Guide applicable and in effect during the relevant

4  timeframe along with the Standard Claim Processes and Jurisdictional References

5  applicable and in effect on the date of loss and additional materials representative

6  of resources available during the relevant timeframe.  State Farm will produce the

7  relevant confidential and/or trade secret sections upon execution of the protective

8  order.  In addition, pursuant to a protective order, State Farm will produce training

9  related to water losses that appear on the training transcript for Gerald Acosta and

10  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

11  **REQUEST FOR PRODUCTION NO. 65:**

12    DOCUMENTS containing any INDEX to guidelines and/or training referred

13  to as "Fire Claims Information Channel."

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

15    State Farm objects to this request as it seeks information that is neither

16  relevant nor proportional to the issues in this case.  State Farm objects to the

17  request as vague and ambiguous, specifically with respect to the use of the terms

18  "DOCUMENTS containing any INDEX" and "referred to as 'Fire Claims

19  Information Channel'".  State Farm further objects to this request, as it is overly

20  broad in scope (not limited to the type of insurance coverage involved in this

21  lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly

22  burdensome.  State Farm objects to this request to the extent it seeks confidential,

23  proprietary business information and/or trade secrets. Further, State Farm objects

24  to this request because its scope is broad enough to potentially implicate

25  information that is protected by the attorney/client or work product privileges.

26    State Farm further objects that this request constitutes impermissible

27  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

28  Farm's efforts to search for information responsive to Plaintiffs' discovery

44

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   requests.  Absent a colorable showing that it has improperly withheld documents, a

2   court will not allow discovery into a party's retention and discovery efforts.  State

3   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

4   such an inquiry.  State Farm further objects on the grounds that this request

5   improperly implies that Plaintiffs are in a position to assess and determine the

6   manner in which State Farm conducts discovery.  This assertion is contrary to best

7   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

8   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

9   the procedures, methodologies, and techniques appropriate for preserving and

10  producing their own electronically stored information." The Sedona Principles,

11  Third Edition: Best Practices, Recommendations and Principles for Addressing

12  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

13  have not established that such information is necessary to a fair adjudication of this

14  case.  As such, State Farm also objects to this request on the basis that it constitutes

15  an improper fishing expedition.

16      State Farm further states that it will be producing in response to other

17  discovery in this matter the relevant non-confidential and/or non-trade secret

18  sections of the Operation Guide applicable and in effect during the relevant

19  timeframe along with the Standard Claim Processes and Jurisdictional References

20  applicable and in effect on the date of loss and additional materials representative

21  of resources available during the relevant timeframe.  State Farm will produce the

22  relevant confidential and/or trade secret sections upon execution of the protective

23  order.  In addition, pursuant to a protective order, State Farm will produce training

24  related to water losses that appear on the training transcript for Gerald Acosta and

25  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

26  **REQUEST FOR PRODUCTION NO. 66:**

27      DOCUMENTS containing any INDEX to guidelines and/or training referred

28  to as "Water Plan."

45

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

State Farm objects to this request as it seeks information that is neither relevant nor proportional to the issues in this case. State Farm objects to the request as vague and ambiguous, specifically with respect to the use of the terms "DOCUMENTS containing any INDEX" and "referred to as 'Water Plan'". State Farm further objects to this request, as it is overly broad in scope (not limited to the type of insurance coverage involved in this lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly burdensome. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests. Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts. State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry. State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery. This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure. Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles, Third Edition: Best Practices, Recommendations and Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018). Plaintiffs have not established that such information is necessary to a fair adjudication of this

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

46

1   case.  As such, State Farm also objects to this request on the basis that it constitutes

2   an improper fishing expedition.

3        State Farm further states that it will be producing in response to other

4   discovery in this matter the relevant non-confidential and/or non-trade secret

5   sections of the Operation Guide applicable and in effect during the relevant

6   timeframe along with the Standard Claim Processes and Jurisdictional References

7   applicable and in effect on the date of loss and additional materials representative

8   of resources available during the relevant timeframe.  State Farm will produce the

9   relevant confidential and/or trade secret sections upon execution of the protective

10  order.  In addition, pursuant to a protective order, State Farm will produce training

11  related to water losses that appear on the training transcript for Gerald Acosta and

12  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

13  **REQUEST FOR PRODUCTION NO. 67:**

14       DOCUMENTS containing any INDEX to guidelines and/or training referred

15  to as "Water Forum."

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

17       State Farm objects to this request as it seeks information that is neither

18  relevant nor proportional to the issues in this case.  State Farm objects to the

19  request as vague and ambiguous, specifically with respect to the use of the terms

20  "DOCUMENTS containing any INDEX" and "referred to as 'Water

21  Forum'".  State Farm further objects to this request, as it is overly broad in scope

22  (not limited to the type of insurance coverage involved in this lawsuit, not limited

23  to a reasonable period of time, etc.) and is potentially unduly burdensome.  State

24  Farm objects to this request to the extent it seeks confidential, proprietary business

25  information and/or trade secrets. Further, State Farm objects to this request because

26  its scope is broad enough to potentially implicate information that is protected by

27  the attorney/client or work product privileges.

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

47

1    State Farm further objects that this request constitutes impermissible

2    discovery-about-discovery insofar as Plaintiffs seeks information regarding State

3    Farm's efforts to search for information responsive to Plaintiffs' discovery

4    requests.  Absent a colorable showing that it has improperly withheld documents, a

5    court will not allow discovery into a party's retention and discovery efforts.  State

6    Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

7    such an inquiry.  State Farm further objects on the grounds that this request

8    improperly implies that Plaintiffs are in a position to assess and determine the

9    manner in which State Farm conducts discovery.  This assertion is contrary to best

10   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

11   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

12   the procedures, methodologies, and techniques appropriate for preserving and

13   producing their own electronically stored information." The Sedona Principles,

14   Third Edition: Best Practices, Recommendations and Principles for Addressing

15   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

16   have not established that such information is necessary to a fair adjudication of this

17   case.  As such, State Farm also objects to this request on the basis that it constitutes

18   an improper fishing expedition.

19   State Farm further states that it will be producing in response to other

20   discovery in this matter the relevant non-confidential and/or non-trade secret

21   sections of the Operation Guide applicable and in effect during the relevant

22   timeframe along with the Standard Claim Processes and Jurisdictional References

23   applicable and in effect on the date of loss and additional materials representative

24   of resources available during the relevant timeframe.  State Farm will produce the

25   relevant confidential and/or trade secret sections upon execution of the protective

26   order.  In addition, pursuant to a protective order, State Farm will produce training

27   related to water losses that appear on the training transcript for Gerald Acosta and

28   Jim Moratto for the period of March 3, 2022 to March 19, 2024.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

48

**REQUEST FOR PRODUCTION NO. 68:**

DOCUMENTS containing any INDEX to guidelines and/or training referred to as "Water Initiative."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

State Farm objects to this request as it seeks information that is neither relevant nor proportional to the issues in this case. State Farm objects to the request as vague and ambiguous, specifically with respect to the use of the terms "DOCUMENTS containing any INDEX" and "referred to as 'Water Initiative'". State Farm further objects to this request, as it is overly broad in scope (not limited to the type of insurance coverage involved in this lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly burdensome. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests. Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts. State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry. State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery. This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure. Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles,

49

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  Third Edition: Best Practices, Recommendations and Principles for Addressing

2  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

3  have not established that such information is necessary to a fair adjudication of this

4  case.  As such, State Farm also objects to this request on the basis that it constitutes

5  an improper fishing expedition.

6  State Farm further states that it will be producing in response to other

7  discovery in this matter the relevant non-confidential and/or non-trade secret

8  sections of the Operation Guide applicable and in effect during the relevant

9  timeframe along with the Standard Claim Processes and Jurisdictional References

10  applicable and in effect on the date of loss and additional materials representative

11  of resources available during the relevant timeframe.  State Farm will produce the

12  relevant confidential and/or trade secret sections upon execution of the protective

13  order.  In addition, pursuant to a protective order, State Farm will produce training

14  related to water losses that appear on the training transcript for Gerald Acosta and

15  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

16  **REQUEST FOR PRODUCTION NO. 69:**

17  DOCUMENTS containing any INDEX to guidelines and/or training referred

18  to as "Huddle", including but not limited to any "Team Manager Huddle" or

19  "Team Manager Huddle Messages".

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

21  State Farm objects to this request as it seeks information that is neither

22  relevant nor proportional to the issues in this case.  State Farm objects to the

23  request as vague and ambiguous, specifically with respect to the use of the terms

24  "DOCUMENTS containing any INDEX" and "referred to as 'Huddle", including

25  but not limited to any "Team Manager Huddle" or "Team Manager Huddle

26  Messages".  State Farm further objects to this request, as it is overly broad in scope

27  (not limited to the type of insurance coverage involved in this lawsuit, not limited

28  to a reasonable period of time, etc.) and is potentially unduly burdensome.  State

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

50

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    Farm objects to this request to the extent it seeks confidential, proprietary business

2    information and/or trade secrets. Further, State Farm objects to this request because

3    its scope is broad enough to potentially implicate information that is protected by

4    the attorney/client or work product privileges.

5        State Farm further objects that this request constitutes impermissible

6    discovery-about-discovery insofar as Plaintiffs seeks information regarding State

7    Farm's efforts to search for information responsive to Plaintiffs' discovery

8    requests.  Absent a colorable showing that it has improperly withheld documents, a

9    court will not allow discovery into a party's retention and discovery efforts.  State

10   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

11   such an inquiry.  State Farm further objects on the grounds that this request

12   improperly implies that Plaintiffs are in a position to assess and determine the

13   manner in which State Farm conducts discovery.  This assertion is contrary to best

14   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

15   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

16   the procedures, methodologies, and techniques appropriate for preserving and

17   producing their own electronically stored information." The Sedona Principles,

18   Third Edition: Best Practices, Recommendations and Principles for Addressing

19   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

20   have not established that such information is necessary to a fair adjudication of this

21   case.  As such, State Farm also objects to this request on the basis that it constitutes

22   an improper fishing expedition.

23       State Farm further states that it will be producing in response to other

24   discovery in this matter the relevant non-confidential and/or non-trade secret

25   sections of the Operation Guide applicable and in effect during the relevant

26   timeframe along with the Standard Claim Processes and Jurisdictional References

27   applicable and in effect on the date of loss and additional materials representative

28   of resources available during the relevant timeframe.  State Farm will produce the

51

1    relevant confidential and/or trade secret sections upon execution of the protective

2    order.  In addition, pursuant to a protective order, State Farm will produce training

3    related to water losses that appear on the training transcript for Gerald Acosta and

4    Jim Moratto for the period of March 3, 2022 to March 19, 2024.

5    **REQUEST FOR PRODUCTION NO. 70:**

6         DOCUMENTS containing any INDEX to guidelines and/or training referred

7    to as "Estimatics".

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

9    State Farm objects to this request as it seeks information that is neither relevant nor

10   proportional to the issues in this case.  State Farm objects to the request as vague

11   and ambiguous, specifically with respect to the use of the terms "DOCUMENTS

12   containing any INDEX" and "referred to as 'Estimatics'".  State Farm further

13   objects to this request, as it is overly broad in scope (not limited to the type of

14   insurance coverage involved in this lawsuit, not limited to a reasonable period of

15   time, etc.) and is potentially unduly burdensome.  State Farm objects to this request

16   to the extent it seeks confidential, proprietary business information and/or trade

17   secrets. Further, State Farm objects to this request because its scope is broad

18   enough to potentially implicate information that is protected by the attorney/client

19   or work product privileges.

20        State Farm further objects that this request constitutes impermissible

21   discovery-about-discovery insofar as Plaintiffs seeks information regarding State

22   Farm's efforts to search for information responsive to Plaintiffs' discovery

23   requests.  Absent a colorable showing that it has improperly withheld documents, a

24   court will not allow discovery into a party's retention and discovery efforts.  State

25   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

26   such an inquiry.  State Farm further objects on the grounds that this request

27   improperly implies that Plaintiffs are in a position to assess and determine the

28   manner in which State Farm conducts discovery.  This assertion is contrary to best

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

52

1  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

2  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

3  the procedures, methodologies, and techniques appropriate for preserving and

4  producing their own electronically stored information." The Sedona Principles,

5  Third Edition: Best Practices, Recommendations and Principles for Addressing

6  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

7  have not established that such information is necessary to a fair adjudication of this

8  case.  As such, State Farm also objects to this request on the basis that it constitutes

9  an improper fishing expedition.

10         State Farm further states that it will be producing in response to other

11  discovery in this matter the relevant non-confidential and/or non-trade secret

12  sections of the Operation Guide applicable and in effect during the relevant

13  timeframe along with the Standard Claim Processes and Jurisdictional References

14  applicable and in effect on the date of loss and additional materials representative

15  of resources available during the relevant timeframe.  State Farm will produce the

16  relevant confidential and/or trade secret sections upon execution of the protective

17  order.  In addition, pursuant to a protective order, State Farm will produce training

18  related to water losses that appear on the training transcript for Gerald Acosta and

19  Jim Moratto for the period of March 3, 2022 to March 19, 2024

20  **REQUEST FOR PRODUCTION NO. 71:**

21         DOCUMENTS containing any INDEX to guidelines and/or training

22  referred to as "Mini Session" including but not limited to any "Coverage Mini

23  Session(s)".

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

25         State Farm objects to this request as it seeks information that is neither

26  relevant nor proportional to the issues in this case.  State Farm objects to the

27  request as vague and ambiguous, specifically with respect to the use of the terms

28  "DOCUMENTS containing any INDEX" and "referred to as 'Coverage Mini

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

53

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**Exhibit B**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    Sessions'".  State Farm further objects to this request, as it is overly broad in scope

2    (not limited to the type of insurance coverage involved in this lawsuit, not limited

3    to a reasonable period of time, etc.) and is potentially unduly burdensome.  State

4    Farm objects to this request to the extent it seeks confidential, proprietary business

5    information and/or trade secrets. Further, State Farm objects to this request because

6    its scope is broad enough to potentially implicate information that is protected by

7    the attorney/client or work product privileges.

8        State Farm further objects that this request constitutes impermissible

9    discovery-about-discovery insofar as Plaintiffs seeks information regarding State

10   Farm's efforts to search for information responsive to Plaintiffs' discovery

11   requests.  Absent a colorable showing that it has improperly withheld documents, a

12   court will not allow discovery into a party's retention and discovery efforts.  State

13   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

14   such an inquiry.  State Farm further objects on the grounds that this request

15   improperly implies that Plaintiffs are in a position to assess and determine the

16   manner in which State Farm conducts discovery.  This assertion is contrary to best

17   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

18   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

19   the procedures, methodologies, and techniques appropriate for preserving and

20   producing their own electronically stored information." The Sedona Principles,

21   Third Edition: Best Practices, Recommendations and Principles for Addressing

22   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

23   have not established that such information is necessary to a fair adjudication of this

24   case.  As such, State Farm also objects to this request on the basis that it constitutes

25   an improper fishing expedition.

26   State Farm further states that it will be producing in response to other discovery in

27   this matter the relevant non-confidential and/or non-trade secret sections of the

28   Operation Guide applicable and in effect during the relevant timeframe along with

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

1    the Standard Claim Processes and Jurisdictional References applicable and in

2    effect on the date of loss and additional materials representative of resources

3    available during the relevant timeframe.  State Farm will produce the relevant

4    confidential and/or trade secret sections upon execution of the protective order.  In

5    addition, pursuant to a protective order, State Farm will produce training related to

6    water losses that appear on the training transcript for Gerald Acosta and Jim

7    Moratto for the period of March 3, 2022 to March 19, 2024

8    **REQUEST FOR PRODUCTION NO. 72:**

9        DOCUMENTS containing any INDEX to guidelines and/or training referred

10   to as "Support Guide".

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

12        State Farm objects to this request as it seeks information that is neither

13   relevant nor proportional to the issues in this case.  State Farm objects to the

14   request as vague and ambiguous, specifically with respect to the use of the terms

15   "DOCUMENTS containing any INDEX" and "referred to as 'Support

16   Guide'".  State Farm further objects to this request, as it is overly broad in scope

17   (not limited to the type of insurance coverage involved in this lawsuit, not limited

18   to a reasonable period of time, etc.) and is potentially unduly burdensome.  State

19   Farm objects to this request to the extent it seeks confidential, proprietary business

20   information and/or trade secrets. Further, State Farm objects to this request because

21   its scope is broad enough to potentially implicate information that is protected by

22   the attorney/client or work product privileges.

23        State Farm further objects that this request constitutes impermissible

24   discovery-about-discovery insofar as Plaintiffs seeks information regarding State

25   Farm's efforts to search for information responsive to Plaintiffs' discovery

26   requests.  Absent a colorable showing that it has improperly withheld documents, a

27   court will not allow discovery into a party's retention and discovery efforts.  State

28   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

55

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   such an inquiry.  State Farm further objects on the grounds that this request

2   improperly implies that Plaintiffs are in a position to assess and determine the

3   manner in which State Farm conducts discovery.  This assertion is contrary to best

4   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

5   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

6   the procedures, methodologies, and techniques appropriate for preserving and

7   producing their own electronically stored information." The Sedona Principles,

8   Third Edition: Best Practices, Recommendations and Principles for Addressing

9   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

10  have not established that such information is necessary to a fair adjudication of this

11  case.  As such, State Farm also objects to this request on the basis that it constitutes

12  an improper fishing expedition.

13      State Farm further states that it will be producing in response to other

14  discovery in this matter the relevant non-confidential and/or non-trade secret

15  sections of the Operation Guide applicable and in effect during the relevant

16  timeframe along with the Standard Claim Processes and Jurisdictional References

17  applicable and in effect on the date of loss and additional materials representative

18  of resources available during the relevant timeframe.  State Farm will produce the

19  relevant confidential and/or trade secret sections upon execution of the protective

20  order.  In addition, pursuant to a protective order, State Farm will produce training

21  related to water losses that appear on the training transcript for Gerald Acosta and

22  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

23  **REQUEST FOR PRODUCTION NO. 73:**

24      DOCUMENTS containing any INDEX to guidelines and/or training referred

25  to as "Xperience".

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

27      State Farm objects to this request as it seeks information that is neither

28  relevant nor proportional to the issues in this case.  State Farm objects to the

Case No.  2:24-cv-02219-DSF      DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET TWO, BY PLAINTIFFS

request as vague and ambiguous, specifically with respect to the use of the terms "DOCUMENTS containing any INDEX" and "referred to as 'Xperience'". State Farm further objects to this request, as it is overly broad in scope (not limited to the type of insurance coverage involved in this lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly burdensome. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests. Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts. State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry. State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery. This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure. Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles, Third Edition: Best Practices, Recommendations and Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018). Plaintiffs have not established that such information is necessary to a fair adjudication of this case. As such, State Farm also objects to this request on the basis that it constitutes an improper fishing expedition.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Case No. 2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**Exhibit B**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    State Farm further states that it will be producing in response to other

2  discovery in this matter the relevant non-confidential and/or non-trade secret

3  sections of the Operation Guide applicable and in effect during the relevant

4  timeframe along with the Standard Claim Processes and Jurisdictional References

5  applicable and in effect on the date of loss and additional materials representative

6  of resources available during the relevant timeframe.  State Farm will produce the

7  relevant confidential and/or trade secret sections upon execution of the protective

8  order.  In addition, pursuant to a protective order, State Farm will produce training

9  related to water losses that appear on the training transcript for Gerald Acosta and

10 Jim Moratto for the period of March 3, 2022 to March 19, 2024

11 **REQUEST FOR PRODUCTION NO. 74:**

12   DOCUMENTS containing any INDEX to guidelines and/or training referred

13 to as "Reference Guide".

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

15   State Farm objects to this request as it seeks information that is neither

16 relevant nor proportional to the issues in this case.  State Farm objects to the

17 request as vague and ambiguous, specifically with respect to the use of the terms

18 "DOCUMENTS containing any INDEX" and "referred to as 'Reference

19 Guide'".  State Farm further objects to this request, as it is overly broad in scope

20 (not limited to the type of insurance coverage involved in this lawsuit, not limited

21 to a reasonable period of time, etc.) and is potentially unduly burdensome.  State

22 Farm objects to this request to the extent it seeks confidential, proprietary business

23 information and/or trade secrets. Further, State Farm objects to this request because

24 its scope is broad enough to potentially implicate information that is protected by

25 the attorney/client or work product privileges.

26   State Farm further objects that this request constitutes impermissible

27 discovery-about-discovery insofar as Plaintiffs seeks information regarding State

28 Farm's efforts to search for information responsive to Plaintiffs' discovery

58

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  requests.  Absent a colorable showing that it has improperly withheld documents, a

2  court will not allow discovery into a party's retention and discovery efforts.  State

3  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

4  such an inquiry.  State Farm further objects on the grounds that this request

5  improperly implies that Plaintiffs are in a position to assess and determine the

6  manner in which State Farm conducts discovery.  This assertion is contrary to best

7  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

8  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

9  the procedures, methodologies, and techniques appropriate for preserving and

10  producing their own electronically stored information." The Sedona Principles,

11  Third Edition: Best Practices, Recommendations and Principles for Addressing

12  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

13  have not established that such information is necessary to a fair adjudication of this

14  case.  As such, State Farm also objects to this request on the basis that it constitutes

15  an improper fishing expedition.

16  State Farm further states that it will be producing in response to other

17  discovery in this matter the relevant non-confidential and/or non-trade secret

18  sections of the Operation Guide applicable and in effect during the relevant

19  timeframe along with the Standard Claim Processes and Jurisdictional References

20  applicable and in effect on the date of loss and additional materials representative

21  of resources available during the relevant timeframe.  State Farm will produce the

22  relevant confidential and/or trade secret sections upon execution of the protective

23  order.  In addition, pursuant to a protective order, State Farm will produce training

24  related to water losses that appear on the training transcript for Gerald Acosta and

25  Jim Moratto for the period of March 3, 2022 to March 19, 2024

26  **REQUEST FOR PRODUCTION NO. 75**:

27  DOCUMENTS containing any INDEX to guidelines and/or training referred

28  to as "Jurisdictional Resource".

59

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

State Farm objects to this request as it seeks information that is neither relevant nor proportional to the issues in this case. State Farm objects to the request as vague and ambiguous, specifically with respect to the use of the terms "DOCUMENTS containing any INDEX" and "referred to as 'Jurisdictional Resource'". State Farm further objects to this request, as it is overly broad in scope (not limited to the type of insurance coverage involved in this lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly burdensome. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests. Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts. State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry. State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery. This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure. Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles, Third Edition: Best Practices, Recommendations and Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018). Plaintiffs have not established that such information is necessary to a fair adjudication of this

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                   FOR PRODUCTION, SET TWO, BY PLAINTIFFS

1    case.  As such, State Farm also objects to this request on the basis that it constitutes

2    an improper fishing expedition.

3        State Farm further states that it will be producing in response to other

4    discovery in this matter the relevant non-confidential and/or non-trade secret

5    sections of the Operation Guide applicable and in effect during the relevant

6    timeframe along with the Standard Claim Processes and Jurisdictional References

7    applicable and in effect on the date of loss and additional materials representative

8    of resources available during the relevant timeframe.  State Farm will produce the

9    relevant confidential and/or trade secret sections upon execution of the protective

10   order.  In addition, pursuant to a protective order, State Farm will produce training

11   related to water losses that appear on the training transcript for Gerald Acosta and

12   Jim Moratto for the period of March 3, 2022 to March 19, 2024

13   **REQUEST FOR PRODUCTION NO. 76:**

14       DOCUMENTS containing YOUR "Auto/Fire Claims Training Catalogue."

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

16       State Farm objects to this request as it seeks information that is neither

17   relevant nor proportional to the issues in this case.  State Farm objects to the

18   request as vague and ambiguous, specifically with respect to the use of the terms

19   "DOCUMENTS containing YOUR 'Auto/Fire Claims Training Catalogue'".  State

20   Farm further objects to this request, as it is overly broad in scope (not limited to the

21   type of insurance coverage involved in this lawsuit, not limited to a reasonable

22   period of time, etc.) and is potentially unduly burdensome.  State Farm objects to

23   this request to the extent it seeks confidential, proprietary business information

24   and/or trade secrets. Further, State Farm objects to this request because its scope is

25   broad enough to potentially implicate information that is protected by the

26   attorney/client or work product privileges.

27       State Farm further objects that this request constitutes impermissible

28   discovery-about-discovery insofar as Plaintiffs seeks information regarding State

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

61

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  Farm's efforts to search for information responsive to Plaintiffs' discovery

2  requests.  Absent a colorable showing that it has improperly withheld documents, a

3  court will not allow discovery into a party's retention and discovery efforts.  State

4  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

5  such an inquiry.  State Farm further objects on the grounds that this request

6  improperly implies that Plaintiffs are in a position to assess and determine the

7  manner in which State Farm conducts discovery.  This assertion is contrary to best

8  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

9  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

10  the procedures, methodologies, and techniques appropriate for preserving and

11  producing their own electronically stored information." The Sedona Principles,

12  Third Edition: Best Practices, Recommendations and Principles for Addressing

13  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

14  have not established that such information is necessary to a fair adjudication of this

15  case.  As such, State Farm also objects to this request on the basis that it constitutes

16  an improper fishing expedition.

17       State Farm further states that it will be producing in response to other

18  discovery in this matter the relevant non-confidential and/or non-trade secret

19  sections of the Operation Guide applicable and in effect during the relevant

20  timeframe along with the Standard Claim Processes and Jurisdictional References

21  applicable and in effect on the date of loss and additional materials representative

22  of resources available during the relevant timeframe.  State Farm will produce the

23  relevant confidential and/or trade secret sections upon execution of the protective

24  order.  In addition, pursuant to a protective order, State Farm will produce training

25  related to water losses that appear on the training transcript for Gerald Acosta and

26  Jim Moratto for the period of March 3, 2022 to March 19, 2024

27  **<u>REQUEST FOR PRODUCTION NO. 77</u>:**

28       DOCUMENTS containing YOUR "Homeowners HW-2100 Resources."

Case No.  2:24-cv-02219-DSF          DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                     FOR PRODUCTION, SET TWO, BY PLAINTIFFS

**Exhibit B**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

State Farm objects to this request as it seeks information that is neither relevant nor proportional to the issues in this case. State Farm objects to the request as vague and ambiguous, specifically with respect to the use of the terms "DOCUMENTS containing" and "YOUR 'Homeowners HW-2100 Resources'". State Farm further objects to this request, as it is overly broad in scope (not limited to the type of insurance coverage involved in this lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly burdensome. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, State Farm objects to this request because its scope is broad enough to potentially implicate information that is protected by the attorney/client or work product privileges.

State Farm further objects that this request constitutes impermissible discovery-about-discovery insofar as Plaintiffs seeks information regarding State Farm's efforts to search for information responsive to Plaintiffs' discovery requests. Absent a colorable showing that it has improperly withheld documents, a court will not allow discovery into a party's retention and discovery efforts. State Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for such an inquiry. State Farm further objects on the grounds that this request improperly implies that Plaintiffs are in a position to assess and determine the manner in which State Farm conducts discovery. This assertion is contrary to best practices and the requirements of the Federal Rules of Civil Procedure. Indeed, the Sedona Principles provide that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and techniques appropriate for preserving and producing their own electronically stored information." The Sedona Principles, Third Edition: Best Practices, Recommendations and Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018). Plaintiffs have not established that such information is necessary to a fair adjudication of this

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

63

1  case.  As such, State Farm also objects to this request on the basis that it constitutes

2  an improper fishing expedition.

3      State Farm further states that it will be producing in response to other

4  discovery in this matter the relevant non-confidential and/or non-trade secret

5  sections of the Operation Guide applicable and in effect during the relevant

6  timeframe along with the Standard Claim Processes and Jurisdictional References

7  applicable and in effect on the date of loss and additional materials representative

8  of resources available during the relevant timeframe.  State Farm will produce the

9  relevant confidential and/or trade secret sections upon execution of the protective

10  order.  In addition, pursuant to a protective order, State Farm will produce training

11  related to water losses that appear on the training transcript for Gerald Acosta and

12  Jim Moratto for the period of March 3, 2022 to March 19, 2024

13  **REQUEST FOR PRODUCTION NO. 78:**

14      DOCUMENTS containing any INDEX to guidelines and/or training within

15  State Farm's intranet platform of "SFNET".

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

17      State Farm objects to this request as it seeks information that is neither

18  relevant nor proportional to the issues in this case.  State Farm objects to the

19  request as vague and ambiguous, specifically with respect to the use of the terms

20  "DOCUMENTS containing any INDEX" and "within State Farm's intranet

21  platform or 'SFNET'".  State Farm further objects to this request, as it is overly

22  broad in scope (not limited to the type of insurance coverage involved in this

23  lawsuit, not limited to a reasonable period of time, etc.) and is potentially unduly

24  burdensome.  State Farm objects to this request to the extent it seeks confidential,

25  proprietary business information and/or trade secrets. Further, State Farm objects

26  to this request because its scope is broad enough to potentially implicate

27  information that is protected by the attorney/client or work product privileges.

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    State Farm further objects that this request constitutes impermissible

2  discovery-about-discovery insofar as Plaintiffs seeks information regarding State

3  Farm's efforts to search for information responsive to Plaintiffs' discovery

4  requests.  Absent a colorable showing that it has improperly withheld documents, a

5  court will not allow discovery into a party's retention and discovery efforts.  State

6  Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

7  such an inquiry.  State Farm further objects on the grounds that this request

8  improperly implies that Plaintiffs are in a position to assess and determine the

9  manner in which State Farm conducts discovery.  This assertion is contrary to best

10  practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

11  Sedona Principles provide that "[r]esponding parties are best situated to evaluate

12  the procedures, methodologies, and techniques appropriate for preserving and

13  producing their own electronically stored information." The Sedona Principles,

14  Third Edition: Best Practices, Recommendations and Principles for Addressing

15  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

16  have not established that such information is necessary to a fair adjudication of this

17  case.  As such, State Farm also objects to this request on the basis that it constitutes

18  an improper fishing expedition.

19    State Farm further states that it will be producing in response to other

20  discovery in this matter the relevant non-confidential and/or non-trade secret

21  sections of the Operation Guide applicable and in effect during the relevant

22  timeframe along with the Standard Claim Processes and Jurisdictional References

23  applicable and in effect on the date of loss and additional materials representative

24  of resources available during the relevant timeframe.  State Farm will produce the

25  relevant confidential and/or trade secret sections upon execution of the protective

26  order.  In addition, pursuant to a protective order, State Farm will produce training

27  related to water losses that appear on the training transcript for Gerald Acosta and

28  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

65

1    **REQUEST FOR PRODUCTION NO. 79:**

2        DOCUMENTS containing any INDEX to guidelines and/or training within

3    State Farm's Electronic Claim System or "ECS".

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

5        State Farm objects to this request as it seeks information that is neither

6    relevant nor proportional to the issues in this case.  State Farm objects to the

7    request as vague and ambiguous, specifically with respect to the use of the terms

8    "DOCUMENTS containing any INDEX" and "within State Farm's intranet

9    platform or 'ECS'".  State Farm further objects to this request, as it is overly broad

10   in scope (not limited to the type of insurance coverage involved in this lawsuit, not

11   limited to a reasonable period of time, etc.) and is potentially unduly

12   burdensome.  State Farm objects to this request to the extent it seeks confidential,

13   proprietary business information and/or trade secrets. Further, State Farm objects

14   to this request because its scope is broad enough to potentially implicate

15   information that is protected by the attorney/client or work product privileges.

16       State Farm further objects that this request constitutes impermissible

17   discovery-about-discovery insofar as Plaintiffs seeks information regarding State

18   Farm's efforts to search for information responsive to Plaintiffs' discovery

19   requests.  Absent a colorable showing that it has improperly withheld documents, a

20   court will not allow discovery into a party's retention and discovery efforts.  State

21   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

22   such an inquiry.  State Farm further objects on the grounds that this request

23   improperly implies that Plaintiffs are in a position to assess and determine the

24   manner in which State Farm conducts discovery.  This assertion is contrary to best

25   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

26   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

27   the procedures, methodologies, and techniques appropriate for preserving and

28   producing their own electronically stored information." The Sedona Principles,

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

66

1  Third Edition: Best Practices, Recommendations and Principles for Addressing

2  Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

3  have not established that such information is necessary to a fair adjudication of this

4  case.  As such, State Farm also objects to this request on the basis that it constitutes

5  an improper fishing expedition.

6         State Farm further states that it will be producing in response to other

7  discovery in this matter the relevant non-confidential and/or non-trade secret

8  sections of the Operation Guide applicable and in effect during the relevant

9  timeframe along with the Standard Claim Processes and Jurisdictional References

10  applicable and in effect on the date of loss and additional materials representative

11  of resources available during the relevant timeframe.  State Farm will produce the

12  relevant confidential and/or trade secret sections upon execution of the protective

13  order.  In addition, pursuant to a protective order, State Farm will produce training

14  related to water losses that appear on the training transcript for Gerald Acosta and

15  Jim Moratto for the period of March 3, 2022 to March 19, 2024.

16  **REQUEST FOR PRODUCTION NO. 80:**

17         Inspection of State Farm's intranet or SFNET for the purpose of discovering

18  its structure and all training and guidelines resources available to the claims

19  adjusters and managers involved in INVESTIGATING or ADJUSTING

20  PLAINTIFFS' CLAIM.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

22         State Farm objects to this request as it seeks information that is neither

23  relevant nor proportional to the issues in this case.  State Farm objects to the

24  request as vague and ambiguous, specifically with respect to the use of the terms

25  "Inspection", "discovering its structure", and "involved".  State Farm further

26  objects to this request, as it is overly broad in scope (not limited to the type of

27  insurance coverage involved in this lawsuit, not limited to a reasonable period of

28  time, etc.) and is potentially unduly burdensome.  State Farm objects to this request

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

67

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    to the extent it seeks confidential, proprietary business information and/or trade

2    secrets. State Farm further objects on the ground that this request seeks direct

3    access to State Farm's electronic storage media.  There is no "routine right of direct

4    access to a party's electronic information system[s]" and there has been no showing

5    in this case sufficient to overcome this presumption. Fed. R. Civ. P. 34 (Advisory

6    Committee Notes).  Further, State Farm objects to this request because its scope is

7    broad enough to potentially implicate information that is protected by the

8    attorney/client or work product privileges.

9         State Farm further objects that this request constitutes impermissible

10   discovery-about-discovery insofar as Plaintiffs seeks information regarding State

11   Farm's efforts to search for information responsive to Plaintiffs' discovery

12   requests.  Absent a colorable showing that it has improperly withheld documents, a

13   court will not allow discovery into a party's retention and discovery efforts.  State

14   Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

15   such an inquiry.  State Farm further objects on the grounds that this request

16   improperly implies that Plaintiffs are in a position to assess and determine the

17   manner in which State Farm conducts discovery.  This assertion is contrary to best

18   practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

19   Sedona Principles provide that "[r]esponding parties are best situated to evaluate

20   the procedures, methodologies, and techniques appropriate for preserving and

21   producing their own electronically stored information." The Sedona Principles,

22   Third Edition: Best Practices, Recommendations and Principles for Addressing

23   Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

24   have not established that such information is necessary to a fair adjudication of this

25   case.  As such, State Farm also objects to this request on the basis that it constitutes

26   an improper fishing expedition.

27        State Farm further states that it will be producing in response to other

28   discovery in this matter the relevant non-confidential and/or non-trade secret

68

1    sections of the Operation Guide applicable and in effect during the relevant

2    timeframe along with the Standard Claim Processes and Jurisdictional References

3    applicable and in effect on the date of loss and additional materials representative

4    of resources available during the relevant timeframe.  State Farm will produce the

5    relevant confidential and/or trade secret sections upon execution of the protective

6    order.  In addition, pursuant to a protective order, State Farm will produce training

7    related to water losses that appear on the training transcript for Gerald Acosta and

8    Jim Moratto for the period of March 3, 2022 to March 19, 2024.

9    **REQUEST FOR PRODUCTION NO. 81:**

10        Inspection of State Farm's Electronic Claim System or ECS for the purpose

11   of discovering its structure and all training and guidelines resources available to

12   the claims adjusters and managers involved in INVESTIGATING or ADJUSTING

13   PLAINTIFFS' CLAIM.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

15        State Farm objects to this request as it seeks information that is neither

16   relevant nor proportional to the issues in this case.  State Farm objects to the

17   request as vague and ambiguous, specifically with respect to the use of the terms

18   "Inspection", "discovering its structure", and "involved".  State Farm further

19   objects to this request, as it is overly broad in scope (not limited to the type of

20   insurance coverage involved in this lawsuit, not limited to a reasonable period of

21   time, etc.) and is potentially unduly burdensome.  State Farm objects to this request

22   to the extent it seeks confidential, proprietary business information and/or trade

23   secrets. State Farm further objects on the ground that this request seeks direct

24   access to State Farm's electronic storage media.  There is no "routine right of direct

25   access to a party's electronic information system[s]" and there has been no showing

26   in this case sufficient to overcome this presumption. Fed. R. Civ. P. 34 (Advisory

27   Committee Notes).  Further, State Farm objects to this request because its scope is

28   broad enough to potentially implicate information that is protected by the

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

69

1 attorney/client or work product privileges.

2 State Farm further objects that this request constitutes impermissible

3 discovery-about-discovery insofar as Plaintiffs seeks information regarding State

4 Farm's efforts to search for information responsive to Plaintiffs' discovery

5 requests.  Absent a colorable showing that it has improperly withheld documents, a

6 court will not allow discovery into a party's retention and discovery efforts.  State

7 Farm's objections to the scope of Plaintiffs' discovery do not provide a basis for

8 such an inquiry.  State Farm further objects on the grounds that this request

9 improperly implies that Plaintiffs are in a position to assess and determine the

10 manner in which State Farm conducts discovery.  This assertion is contrary to best

11 practices and the requirements of the Federal Rules of Civil Procedure.  Indeed, the

12 Sedona Principles provide that "[r]esponding parties are best situated to evaluate

13 the procedures, methodologies, and techniques appropriate for preserving and

14 producing their own electronically stored information." The Sedona Principles,

15 Third Edition: Best Practices, Recommendations and Principles for Addressing

16 Electronic Document Production, 19 Sedona Conf. J. 1, 118 (2018).  Plaintiffs

17 have not established that such information is necessary to a fair adjudication of this

18 case.  As such, State Farm also objects to this request on the basis that it constitutes

19 an improper fishing expedition.

20 State Farm further states that information regarding the claim at issue in this

21 litigation is created, stored, managed and accessed primarily in and through the

22 Enterprise Claims System ("ECS"), a proprietary web-based system used by State

23 Farm claims associates.  "Claim File" has a distinct meaning to State Farm based

24 upon the portion of its Operation Guide that provides instructions on what to

25 retrieve from ECS to generate a Claim File for production outside the ECS

26 environment.  In response to other discovery in this matter, State Farm will

27 produce/has produced its Claim File for the subject claim (Bates numbers Tong CF

28 001-244) as it does in the usual course of business pursuant to its Operation Guide

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

70

825-100.  State Farm expressly objects to this request to the extent it seeks information protected by the attorney client privilege and/or attorney work product doctrine, and it is withholding portions of its Claim File that contain information protected by the attorney client privilege and/or is work product.

State Farm further states that it will be producing in response to other discovery in this matter the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe.  State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.  In addition, pursuant to a protective order, State Farm will produce training related to water losses that appear on the training transcript for Gerald Acosta and Jim Moratto for the period of March 3, 2022 to March 19, 2024.

DATED:  August 30, 2024        PACIFIC LAW PARTNERS, LLP


By:   /s/MATTHEW F. BATEZEL_____
        MATTHEW F. BATEZEL
        DANIEL T. BALMAT
        Attorneys for Defendant
        STATE FARM GENERAL INSURANCE
        COMPANY

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

71

*Tong, et al. v. State Farm*
USDC Case No. 2:24-cv-02219-DSF-MAR

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15615 Alton Parkway, Suite 240, Irvine, California 92618.

     On August 30, 2024, I served a true copy of the foregoing document described as **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid addressed as follows:

| | |
|---|---|
| J. Edward Kerley, Esq. | Attorneys for Plaintiffs |
| Dylan L. Schaffer, Esq. | WILLIAM TONG and |
| Nicholas J. Peterson, Esq. | MALINEE DIBBAYAWAN |
| Kerley Schaffer LLP | |
| 1939 Harrison Street, #900 | |
| Oakland, California 94612 | |
| Telephone: (510) 379-5801 | |
| edward@kslaw.us | |
| dylan@kslaw.us | |
| nick@kslaw.us | |
| noah@kslaw.us | |
| service@kslaw.us | |

**[XX] BY MAIL:** By sealing the envelope and placing it for collection and mailing with postage fully prepared in accordance with ordinary business practices.

**[XX] BY ELECTRONIC SERVICE:** I caused the above-entitled document to be sent to the listed individual(s) above via electronic mail.

     Executed on August 30, 2024, at Irvine, California.

**XX**   I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

              /s/LINDA AVALOS_____
              LINDA AVALOS

Case No. 2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET TWO, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**127**            **Exhibit B**