1  * Matthew F. Batezel (State Bar No. 185147)
   mbatezel@plawp.com (*lead counsel)
2  Daniel T. Balmat (State Bar No. 230504)
   dbalmat@plawp.com
3  PACIFIC LAW PARTNERS, LLP
   15615 Alton Parkway, Suite 240
4  Irvine, CA  92618
   (949)242-2441
5  Fax (949)242-2446
6
7  Attorneys for Defendant
8  STATE FARM GENERAL INSURANCE COMPANY

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  WILLIAM TONG; and MALINEE      )  Case No.: 2:24-cv-02219-DSF
14  DIBBAYAWAN,                    )
                                   )
15          Plaintiffs,            )
                                   )  **DEFENDANT STATE FARM
16                                 )  GENERAL INSURANCE
        vs.                        )  COMPANY'S RESPONSE TO
17                                 )  PLAINTIFFS' REQUEST FOR
                                   )  PRODUCTION OF DOCUMENTS,
18                                 )  SET THREE**
19  STATE FARM GENERAL            )
    INSURANCE COMPANY; and DOES   )
20  1 to 10,                       )
                                   )
21                                 )
        Defendants.                )
22                                 )  Complaint filed:  March 19, 2024
                                   )
23

24  PROPOUNDING PARTY:     Plaintiffs, WILLIAN TONG and MALINEE
25                         DIBBAYAWAN
26  RESPONDING PARTY:      Defendant, STATE FARM GENERAL
27                         INSURANCE COMPANY
28  SET NUMBER:            Three (3)

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1

**128**                              **Exhibit C**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

## PRELIMINARY STATEMENT

Insofar as they are relevant and do not call for duplicative or privileged information, and subject to the stated objections, State Farm provides these responses to these Special Interrogatories to the best of its ability.  Discovery in this matter has not yet been completed.  The responses are based upon information that is currently in the possession of State Farm.  The responses are offered without prejudice to State Farm's right to offer additional information that is subsequently discovered.

## OBJECTIONS TO INSTRUCTIONS

**If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must affirm in your response that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand. This statement shall also specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody or control, in which case the name and address of any person or entity known or believed by you to have possession, custody or control of that document or category of documents should be identified. (F.R.C.P. 34(b).**

State Farm restates and incorporates its objection to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS," below, and applies the same to Plaintiffs' Instruction regarding "item[s]" or "category[ies]" that have "never existed", been "destroyed", "lost", "misplaced", "stolen", or which have "never been" or "[are] no longer" in State Farm's possession, custody or control.

In addition, State Farm objects to Plaintiffs' Instruction  insofar as it seeks details regarding "item[s]" or "category[ies]" that have "never existed", been "destroyed", "lost", "misplaced", "stolen", or which have "never been" or "[are] no longer" in State Farm's possession, custody or control on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations greater than

2

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the discovery propounded by Plaintiffs to the extent it purports to call for forensic investigation into computing devices or systems to determine or locate information indicating or evidencing ESI that was deleted or that is no longer accessible as active data on that device or system as not reasonably tailored to elicit discovery relevant to the claims and defenses of any party, unduly burdensome, and beyond the scope of permissible discovery.  State Farm further objects that ESI and/or documents that were deleted or no longer exist are not reasonably accessible and discovery about the same would require extraordinary efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P. 26(b)(2).

Furthermore, State Farm objects on the grounds that Plaintiffs' Instruction is not limited in time or scope and State Farm had no duty to preserve relevant information prior to the time this litigation was reasonably anticipated.

**If your response to a particular demand is an objection, you must set forth in your response the extent of, and the specific ground for, the objection. In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection and state the particular privilege or protection being invoked. (F.R.C.P. 34(b).) To identify with particularity documents withheld from production, you should provide, for each document withheld, the following information if known or available to you:**

**1.    Title or subject matter of document;**
**2.    The date composed or date appearing on the document;**
**3.    Author and Addressee;**
**4.    Number of Pages;**
**5.    Identify of all persons or entities who saw or received a copy of such document, including the job titles of each such person;**
**6.    The present location of the item;**

3

7.    **The identity of the person or persons who have custody, control, or possession thereof.**
8.    **The nature of the privilege claimed; and**
9.    **Each fact upon which you base your claim of privilege.**

State Farm objects to Plaintiffs' Instruction insofar as it directs State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5). State Farm will withhold privileged and/or protected material or information and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law.

**This request requires the production of documents as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.**

State Farm objects to Plaintiffs' Instruction regarding production of "boxes, file folders, bindings or other containers" in which documents are found on the grounds that such terminology is vague and ambiguous, particularly with respect to ESI, and the information sought is not relevant to the resolution of the claims and defenses in this case. There are multiple ways that ESI may be held, stored, or used together, such as on a personal or shared hard drive, in a container file, or in a database, and State Farm cannot reasonably catalogue and describe the information regarding any myriad of ways ESI may be held, stored, or used together without undue burden. Fed. R. Civ. P. 26(b)(2).

State Farm further objects to Plaintiffs' Instruction to the extent it implies State Farm has an obligation to produce documents or information in more than one form or in a manner that is different than the reasonably usable forms in which State Farm agrees to produce. State Farm objects to the extent that

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

4

Plaintiffs seek production of ESI from sources that are not reasonably accessible,

such discovery would require undue burden or expense.  FRCP 26(b)(2)(B).

> **Electronic media should be produced in its native format (e.g., Word documents and Excel spreadsheets produced with .doc and .xls extensions and email produced in .pst files if Outlook is the email client).**

State Farm restates and incorporates its objection to Plaintiffs' definition of

"DOCUMENT" or "DOCUMENTS" below and applies the same to Plaintiffs'

Instruction to produce "Electronic media" in its "native format".

In addition, State Farm objects to Plaintiffs' Instruction regarding production of

"Electronic media" in its "native format" to the extent it purports to seek

production of ESI in "native format" both because it contradicts Plaintiffs'

definition of the term "DOCUMENT" or "DOCUMENTS" below and because it

exceeds the parameters of the Federal Rules of Civil Procedure.  Pursuant to Fed.

R. Civ. P. 34(b)(2)I(ii), State Farm may produce discoverable ESI in reasonably

usable formats.  Production of ESI in "native format" would be disproportionate

to the needs of this case considering the value of the case and the importance of

the discovery at issue and would be unduly burdensome to the extent such format

is not reasonably accessible to State Farm in the ordinary course of its

business.  Fed. R. Civ. P. 26(b)(2).  In addition, State Farm frequently creates ESI

in one format and, in the ordinary course of its business, stores it in another format

in its system of record.  State Farm further objects that it does not need to produce

ESI in more than one form, and that the production of "Electronic media" in

"native format" would be cumulative and duplicative of the alternative reasonably

usable formats proffered.  Fed. R. Civ. P. 34(b)(2)(E)(iii); 26(b)(2).

To the extent any responsive documents or ESI are produced, State Farm

will produce reasonably accessible, relevant, non-privileged information in

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

5

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

reasonably usable formats.  Documents that contain redactions will be produced in static image format.

> **These requests for production include the original media and all copies that differ from the original in any respect, such as notations made on the copy. These requests are also intended to include all media of any nature that are now or have at any time been within your care, custody or control. If a document or media is no longer in your care, custody or control, identify its disposition.**

State Farm objects to Plaintiffs' Instruction to produce "copies" on the grounds that copies are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative. Fed. R. Civ. P. 26.  To the extent that "copies" are not business records stored in a central repository in State Farm's ordinary course of business, the collection and production of "copies" would not be proportional to the needs of the case.  Fed. R. Civ. P. 26. In addition, State Farm objects to Plaintiffs' Instruction  insofar as it seeks details regarding "document[s] or media" that "is no longer in [State Farm's] care, custody or control" on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations greater than those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the discovery propounded by Plaintiffs to the extent it purports to call for forensic investigation into computing devices or systems to determine or locate information indicating or evidencing ESI that was deleted or that is no longer accessible as active data on that device or system as not reasonably tailored to elicit discovery relevant to the claims and defenses of any party, unduly burdensome, and beyond the scope of permissible discovery.  State Farm further objects that ESI and/or documents that were deleted or no longer exist are not reasonably accessible and discovery about the same would require extraordinary efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P. 26(b)(2).

6

Furthermore, State Farm objects on the grounds that Plaintiffs' Instruction is not limited in time or scope and State Farm had no duty to preserve relevant information prior to the time this litigation was reasonably anticipated.

## OBJECTIONS TO DEFINITIONS

**A.    "YOU" or "YOUR" means the defendant in this lawsuit and any related entity that has possession and/or control of the DOCUMENTS described requested or items which are sought to be inspected.**

State Farm objects to the terms "YOU" or "YOUR" because as defined, the terms are overbroad and over-inclusive, such that they render any category or request that includes the terms vague, ambiguous, overbroad, and potentially in violation of the attorney-client privilege and/or attorney work product doctrine. State Farm shall construe the terms "YOU" or "YOUR" to mean State Farm in and of itself as an entity only.

**B.    "DOCUMENT" or "DOCUMENTS" means the same as "writing" as defined in Section 250 of the California Evidence code. "DOCUMENT" and "DOCUMENTS" include the following which are in the possession, custody, or control of YOU or any third-party vendors YOU contract with: electronic communications of any kind, including chats, instant messages, texts, and voicemails; word processing documents, spreadsheets, and databases (including draft versions); database entries, Internet usage files, Internet browser-created files including cookies and caches, activity logs, calendars, telephone logs, contact manager information, network access information.**

**"DOCUMENT" and "DOCUMENTS" include those to be found on, archived in, or deleted from the following: any on-site or off-site electronic data storage systems or data structures, including but not limited to databases, networks, computer systems, legacy systems (hardware and software), servers, mainframes, network servers, cloud-based servers and backup servers or systems, archives,**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**backup or disaster recovery systems or facilities, tapes, discs, DVDs, CDROMs, drives, portable or removable drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, smart phones, tablet computers, paging devices, and audio systems (including voicemail).**

State Farm objects to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the grounds that it is overly broad and disproportionate to the needs of the case. State Farm further object to the definition to the extent it implies State Farm has an obligation to provide discovery from sources that are not reasonably accessible. Electronically stored information ("ESI") is frequently duplicated and disbursed in the ordinary course of business and discovery regarding all identical copies of ESI would be cumulative and duplicative without any benefit to the adjudication of this action. Fed. R. Civ. P. 26(b)(2). State Farm also object to the extent this definition seeks discovery regarding ESI that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as preservation of, and discovery about, such things is not proportional to the needs of the case. State Farm objects to Plaintiffs' definition as overly broad, disproportionate to the needs of the case, and beyond the scope of permissible discovery to the extent Plaintiffs purport to include system information not created by State Farm's users, such as caches, cookies, or logs, or otherwise seek to require State Farm to record and/or provide discovery regarding records and information that are not ordinarily captured and/or are overwritten in the ordinary course of operating State Farm's computing systems. Fed. R. Civ. P. 26(b)(1).

State Farm objects to the inclusion of "DOCUMENTS" which are in the "possession, custody, or control" of "any third-party vendors" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" insofar as it purports to impose obligations that exceed those set forth in Fed. R. Civ. P. 34(a). State Farm is only

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

8

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  obligated to produce discoverable "DOCUMENTS" within its possession,

2  custody, or control.

3      State Farm also objects to Plaintiffs' definition to the extent it may include

4  "DOCUMENTS" within the possession, custody, or control of State Farm's

5  attorneys as production of "DOCUMENTS" within the possession, custody, or

6  control of State Farm's attorneys would require the production or disclosure of

7  information protected from discovery by the attorney-client privilege, work

8  product doctrine, or other privileges recognized by law.

9      State Farm objects to the inclusion of "draft[s]" in Plaintiffs' definition of

10  "DOCUMENT" or "DOCUMENTS" on the grounds that drafts are not

11  universally relevant to the claims and defenses of a case and are likely to be

12  cumulative or duplicative.  To the extent that a draft is not a business record stored

13  in a central repository in State Farm's ordinary course of business, discovery

14  regarding "draft[s]" would not be proportional to the needs of the case.  Fed. R.

15  Civ. P. 26(b)(1).

16     State Farm objects to the inclusion of "chats", "instant messages", and

17  "texts" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the

18  grounds that it would be disproportionate to the needs of the case to provide

19  discovery regarding instant messages and/or text/SMS messages that are not

20  captured by State Farm in its ordinary course of business.  Fed. R. Civ. P.

21  26(b)(2).

22     State Farm objects to the inclusion of "databases (including draft

23  versions)", "database entries", "Internet usage files", "Internet browser-created

24  files including cookies and caches", "activity logs", and "network access

25  information" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" to

26  the extent that Plaintiffs purport to seek information regarding State Farm

27  technical systems and processes that are not relevant to the claims and defenses in

28  this matter. State Farm further objects that production of a database would require

9

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST
FOR PRODUCTION, SET THREE, BY PLAINTIFFS

Exhibit C

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  production of vast amounts of irrelevant information regarding other claims,

2  would likely result in improper alteration of relevant data, and would require

3  production of privileged information that could not be redacted. In addition, State

4  Farm objects that the resources that would be required to produce databases are

5  significant and would not be proportional under Fed. R. Civ. P. 26.  State Farm

6  also objects on the grounds that databases may be proprietary to State Farm's

7  business operations and/or may be confidential and trade secret information that

8  need not be disclosed in order to obtain the fair adjudication of this case.

9      State Farm objects to Plaintiffs' definition insofar as it seeks details

10  regarding "DOCUMENTS" that have been "deleted" on the grounds that it is

11  overly broad, unduly burdensome, and purports to impose obligations greater than

12  those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the

13  discovery propounded by Plaintiffs to the extent it purports to call for forensic

14  investigation into computing devices or systems to determine or locate

15  information indicating or evidencing ESI that was deleted or that is no longer

16  accessible as active data on that device or system as not reasonably tailored to

17  elicit discovery relevant to the claims and defenses of any party, unduly

18  burdensome, and beyond the scope of permissible discovery.  State Farm further

19  objects that ESI and/or documents that were deleted or no longer exist are not

20  reasonably accessible and discovery about the same would require extraordinary

21  efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P.

22  26(b)(2).

23      Furthermore, State Farm objects on the grounds that Plaintiffs' definition is

24  not limited in time or scope and State Farm had no duty to preserve relevant

25  information prior to the time this litigation was reasonably anticipated.

26  State Farm objects to the inclusion of "DOCUMENTS. . . found on, archived in,

27  or deleted from. . .on-site or off-site electronic data storage", "systems or data

28  structures", "legacy systems (hardware and software)", "servers", "mainframes",

10

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   "network servers", "cloud-based servers", "backup servers or systems",

2   "archives", or "backup or disaster recovery systems or facilities" in Plaintiffs'

3   definition to the extent that Plaintiffs seek discovery regarding ESI from sources

4   that are not reasonably accessible, as it would require unreasonable efforts that are

5   not proportional in light of the claims at issue, the value of the case, or the

6   importance of the discovery at issue.  Fed. R. Civ. P. 26(b)(1).

7       State Farm also objects to the inclusion of information located on such

8   systems in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the

9   grounds that data on backup media is likely to be duplicative and/or can be

10  discovered from other sources that are more convenient, less burdensome, and less

11  expensive.  Fed. R. Civ. P. 26(b)(2) There is no "routine right of direct access to a

12  party's electronic information system[s]" and there has been no showing in this

13  case sufficient to overcome this presumption. Fed. R. Civ. P. 34 (Advisory

14  Committee Notes).

15      In addition, State Farm objects to the inclusion of "tapes", "discs",

16  "DVDs", "CDROMs", "drives", "portable or removable drives", "cartridges", and

17  "other storage media", "laptops", "personal computers", "internet data", "personal

18  digital assistants", "handheld wireless devices", "mobile telephones", "smart

19  phones", "tablet computers", "paging devices", and "audio systems (including

20  voicemail)" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS"

21  because such things are not "DOCUMENTS" but rather media on which

22  "DOCUMENTS" and ESI are stored.  State Farm further objects to the extent this

23  definition purports to seek direct access to State Farm's electronic storage

24  media.  There is no "routine right of direct access to a party's electronic

25  information system[s]" and there has been no showing in this case sufficient to

26  overcome this presumption. Fed. R. Civ. P. 34 (Advisory Committee Notes).

27  Finally, State Farm objects to the definition of "DOCUMENT" or

28  "DOCUMENTS" to the extent it would require the disclosure of information

11

Case No.  2:24-cv-02219-DSF       DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                  FOR PRODUCTION, SET THREE, BY PLAINTIFFS

1  protected from discovery by the attorney-client privilege, work product doctrine,

2  or other privileges recognized by law.

3      Notwithstanding these objections, to the extent any responsive documents

4  or ESI are produced, State Farm will produce reasonably accessible, relevant, non-

5  privileged information in reasonably usable formats.  Documents that contain

6  redactions will be produced in static image format.

7      E.    "CLAIM LOG" mean the chronological notes, diary, log, or calendar

8  YOU keep as mandated by California law to record events in every claim under a

9  California property insurance policy issue by YOU.

10  **Suggested Objections/Preliminary Response:**  State Farm restates and

11  incorporates its objections to Plaintiffs' definition of "DOCUMENT" or

12  "DOCUMENTS" and applies the same to Plaintiffs' definition of "CLAIM LOG".

13      In addition, State Farm objects to Plaintiffs' definition on the grounds that

14  the term "CLAIM LOG" is vague and ambiguous.  State Farm uses a distinct

15  meaning of "claim file" in its ordinary course of business, which is based on its

16  Operation Guide that provides instructions on what to retrieve from Enterprise

17  Claims System (ECS).  State Farm's ECS is a relational database used to store

18  information created, sent, or received in the ordinary course of claims

19  handling.  State Farm has developed a standard report to generate a "claim file" for

20  production of discoverable information in a reasonably usable format outside the

21  ECS environment.

22      To the extent any responsive documents or ESI are produced relating to the

23  Claim at issue int his case, State Farm will produce reasonably accessible, relevant,

24  non-privileged information in reasonably usable formats.  Documents that contain

25  redactions will be produced in static image format.

26

27      F.    **"HOMEOWNERS POLICIES" means any policy of insurance to cover damage to a building of four or fewer residences located in California.**

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

12

State Farm objects that this definition is vague, ambiguous, and overbroad.

**G.    If you claim that any document otherwise required to be produced by this request for production of documents is privileged, for each such document provide the following information.**

    **a.    The document's title and general subject matter;**

    **b.    The date of the document;**

    **c.    The author of the document;**

    **d.    The person for whom the document was prepared or to whom it was sent, including all persons who received copies of the document;**

    **e.    The nature of the privilege claimed; and**

    **f.    Each fact upon which you base your claim of privilege.**

State Farm objects to Plaintiffs' definition insofar as it directs State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5). State Farm will withhold privileged and/or protected material or information and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law.

<u>**RESPONSES TO REQUESTS FOR PRODUCTION**</u>
<u>**OF DOCUMENTS, SET THREE**</u>

<u>**REQUEST FOR PRODUCTION NO. 82:**</u>

The complete CLAIM LOG for each water loss claim YOU INVESTIGATED and/or ADJUSTED from January 1, 2020, to the date of production, under any HOMEOWNERS POLICY, that YOU denied in whole or in part of the exclusion that provides "(8) water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a ***building structure***, sidewalk, driveway, swimming pool, or other structure …" and in which Gerald Acosta signed the denial letter. (This request

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

13

1  does not seek to identify the insured or claimant and any identifying information

2  should be redacted.)

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

4      State Farm objects to this request on the grounds that the terms "complete

5  CLAIM LOG", "water loss claim", and "denied in whole or in part of the

6  exclusion" are vague and ambiguous. State Farm further objects to this request on

7  the grounds that it is overly broad in scope (types of claims and insurance

8  coverage), time (not limited by the period of time when this claim was handled),

9  and geographic area (not limited to California). This request is not reasonably

10  tailored to include only matters relevant to the issues involved in this lawsuit and is

11  potentially unduly burdensome; it seeks information that is neither relevant to the

12  claims or defense of any party nor proportional to the issues in this case. The

13  existence of other claims, and/or what may or may not have occurred with respect

14  to another claim, will neither prove nor disprove any claims and/or defenses at

15  issue in this litigation; each claim is handled on its own individual merits. Any

16  such matters outside of state of California, and/or unrelated to the event that is the

17  subject of this lawsuit, have no nexus to the harm claimed to have been sustained

18  by the Plaintiffs herein with regard to their claim under the subject policy and are

19  irrelevant, such that this request is not reasonably calculated to lead to relevant

20  facts. *See*: *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).*

21  Finally, State Farm objects to this request to the extent it seeks confidential

22  business information and invades the privacy rights of policyholders who are not

23  parties to this lawsuit; the information sought may also be protected by the

24  attorney-client privilege and work product doctrine. Plaintiffs have not established

25  that such information is necessary to a fair adjudication of this case.

26  **REQUEST FOR PRODUCTION NO. 83:**

27      Each denial letter for each water loss claim YOU INVESTIGATED and/or

28  ADJUSTED from January 1, 2020, to the date of production, under any

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

14

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  HOMEOWNERS POLICY, that YOU denied in whole or in part of the exclusion

2  that provides "(8) water or sewage below the surface of the ground, including

3  water or sewage that exerts pressure on, or seeps or leaks through a ***building***

4  ***structure***, sidewalk, driveway, swimming pool, or other structure …" and in which

5  Gerald Acosta signed the denial letter. (This request does not seek to identify the

6  insured or claimant and any identifying information should be redacted.)

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

8       State Farm objects to this request on the grounds that the terms "denial

9  letter", "water loss claim", and "denied in whole or in part of the exclusion" are

10  vague and ambiguous. State Farm further objects to this request on the grounds

11  that it is overly broad in scope (types of claims and insurance coverage), time (not

12  limited by the period of time when this claim was handled), and geographic area

13  (not limited to California). This request is not reasonably tailored to include only

14  matters relevant to the issues involved in this lawsuit and is potentially unduly

15  burdensome; it seeks information that is neither relevant to the claims or defense of

16  any party nor proportional to the issues in this case. The existence of other claims,

17  and/or what may or may not have occurred with respect to another claim, will

18  neither prove nor disprove any claims and/or defenses at issue in this litigation;

19  each claim is handled on its own individual merits. Any such matters outside of

20  state of California, and/or unrelated to the event that is the subject of this lawsuit,

21  have no nexus to the harm claimed to have been sustained by the Plaintiffs herein

22  with regard to their claim under the subject policy and are irrelevant, such that this

23  request is not reasonably calculated to lead to relevant facts.  *See*:  *State Farm*

24  *Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).* Finally, State Farm

25  objects to this request to the extent it seeks confidential business information and

26  invades the privacy rights of policyholders who are not parties to this lawsuit; the

27  information sought may also be protected by the attorney-client privilege and work

28

15

1  product doctrine. Plaintiffs have not established that such information is necessary

2  to a fair adjudication of this case.

3  **REQUEST FOR PRODUCTION NO. 84:**

4      The complete CLAIM LOG for each water loss claim YOU

5  INVESTIGATED and/or ADJUSTED from January 1, 2020, to the date of

6  production, under any HOMEOWNERS POLICY, that YOU denied in whole or in

7  part of the exclusion that provides "(9) seepage or leakage of water, steam, or

8  sewage that occurs or develops over a period of time: (a) and is: (i) continuous; (ii)

9  repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a:

10  (i) heating, air conditioning, or automatic fire protective sprinkler system; (ii)

11  household appliance; or plumbing system, including from, within or around any

12  shower stall, shower bath, tub installation, or other plumbing fixture, including

13  their walls, ceilings, or floors", and in which Gerald Acosta signed the denial letter.

14  (This request does not seek to identify the insured or claimant and any identifying

15  information should be redacted.)

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

17      State Farm objects to this request on the grounds that the terms "complete

18  CLAIM LOG", "water loss claim", and "denied in whole or in part of the

19  exclusion" are vague and ambiguous. State Farm further objects to this request on

20  the grounds that it is overly broad in scope (types of claims and insurance

21  coverage), time (not limited by the period of time when this claim was handled),

22  and geographic area (not limited to California). This request is not reasonably

23  tailored to include only matters relevant to the issues involved in this lawsuit and is

24  potentially unduly burdensome; it seeks information that is neither relevant to the

25  claims or defense of any party nor proportional to the issues in this case. The

26  existence of other claims, and/or what may or may not have occurred with respect

27  to another claim, will neither prove nor disprove any claims and/or defenses at

28  issue in this litigation; each claim is handled on its own individual merits. Any

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

16

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

such matters outside of state of California, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the Plaintiffs herein with regard to their claim under the subject policy and are irrelevant, such that this request is not reasonably calculated to lead to relevant facts. *See*: *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).* Finally, State Farm objects to this request to the extent it seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit; the information sought may also be protected by the attorney-client privilege and work product doctrine. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 85:**

Each denial letter for each water loss claim YOU INVESTIGATED and/or ADJUSTED from January 1, 2020, to the date of production, under any HOMEOWNERS POLICY, that YOU denied in whole or in part of the exclusion that provides "(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time: (a) and is: (i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a: (i) heating, air conditioning, or automatic fire protective sprinkler system; (ii) household appliance; or plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors", and in which Gerald Acosta signed the denial letter. (This request does not seek to identify the insured or claimant and any identifying information should be redacted.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

State Farm objects to this request on the grounds that the terms "denial letter", "water loss claim", and "denied in whole or in part of the exclusion" are vague and ambiguous. State Farm further objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not

17

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. The existence of other claims, and/or what may or may not have occurred with respect to another claim, will neither prove nor disprove any claims and/or defenses at issue in this litigation; each claim is handled on its own individual merits. Any such matters outside of state of California, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the Plaintiffs herein with regard to their claim under the subject policy and are irrelevant, such that this request is not reasonably calculated to lead to relevant facts. *See*: *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).* Finally, State Farm objects to this request to the extent it seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit; the information sought may also be protected by the attorney-client privilege and work product doctrine. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 86:**

The complete CLAIM LOG for each water loss claim YOU INVESTIGATED and/or ADJUSTED from January 1, 2020, to the date of production, under any HOMEOWNERS POLICY, that YOU denied in whole or in part of the exclusion that provides "(8) water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a ***building structure***, sidewalk, driveway, swimming pool, or other structure …" and in which Jim Moratto INVESTIGATED, ADJUSTED or supervised the claim. (This request does not seek to identify the insured or claimant and any identifying information should be redacted.)

18

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

State Farm objects to this request on the grounds that the terms "complete CLAIM LOG", "water loss claim", "denied in whole or in part of the exclusion", and "supervised" are vague and ambiguous. State Farm further objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. The existence of other claims, and/or what may or may not have occurred with respect to another claim, will neither prove nor disprove any claims and/or defenses at issue in this litigation; each claim is handled on its own individual merits. Any such matters outside of state of California, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the Plaintiffs herein with regard to their claim under the subject policy and are irrelevant, such that this request is not reasonably calculated to lead to relevant facts. *See*: *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).* Finally, State Farm objects to this request to the extent it seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit; the information sought may also be protected by the attorney-client privilege and work product doctrine. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 87:**

Each denial letter for each water loss claim YOU INVESTIGATED and/or ADJUSTED from January 1, 2020, to the date of production, under any HOMEOWNERS POLICY, that YOU denied in whole or in part of the exclusion that provides "(8) water or sewage below the surface of the ground, including

19

DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET THREE, BY PLAINTIFFS

**Exhibit C**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    water or sewage that exerts pressure on, or seeps or leaks through a ***building***

2    ***structure***, sidewalk, driveway, swimming pool, or other structure …" and in which

3    Jim Moratto INVESTIGATED, ADJUSTED or supervised the claim. (This request

4    does not seek to identify the insured or claimant and any identifying information

5    should be redacted.)

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

7         State Farm objects to this request on the grounds that the terms "complete

8    CLAIM LOG", "water loss claim", "denied in whole or in part of the exclusion",

9    and "supervised" are vague and ambiguous. State Farm further objects to this

10   request on the grounds that it is overly broad in scope (types of claims and

11   insurance coverage), time (not limited by the period of time when this claim was

12   handled), and geographic area (not limited to California). This request is not

13   reasonably tailored to include only matters relevant to the issues involved in this

14   lawsuit and is potentially unduly burdensome; it seeks information that is neither

15   relevant to the claims or defense of any party nor proportional to the issues in this

16   case. The existence of other claims, and/or what may or may not have occurred

17   with respect to another claim, will neither prove nor disprove any claims and/or

18   defenses at issue in this litigation; each claim is handled on its own individual

19   merits. Any such matters outside of state of California, and/or unrelated to the

20   event that is the subject of this lawsuit, have no nexus to the harm claimed to have

21   been sustained by the Plaintiffs herein with regard to their claim under the subject

22   policy and are irrelevant, such that this request is not reasonably calculated to lead

23   to relevant facts. *See*:  *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S.*

24   *408 (2003).* Finally, State Farm objects to this request to the extent it seeks

25   confidential business information and invades the privacy rights of policyholders

26   who are not parties to this lawsuit; the information sought may also be protected by

27   the attorney-client privilege and work product doctrine. Plaintiffs have not

28   established that such information is necessary to a fair adjudication of this case.

20

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**REQUEST FOR PRODUCTION NO. 88:**

The complete CLAIM LOG for each water loss claim YOU INVESTIGATED and/or ADJUSTED from January 1, 2020, to the date of production, under any HOMEOWNERS POLICY, that YOU denied in whole or in part of the exclusion that provides "(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time: (a) and is: (i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a: (i) heating, air conditioning, or automatic fire protective sprinkler system; (ii) household appliance; or plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors", and in which Jim Moratto INVESTIGATED, ADJUSTED or supervised the claim. (This request does not seek to identify the insured or claimant and any identifying information should be redacted.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

State Farm objects to this request on the grounds that the terms "complete CLAIM LOG", "water loss claim", "denied in whole or in part of the exclusion", and "supervised" are vague and ambiguous. State Farm further objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. The existence of other claims, and/or what may or may not have occurred with respect to another claim, will neither prove nor disprove any claims and/or defenses at issue in this litigation; each claim is handled on its own individual merits. Any such matters outside of state of California, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have

21

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

been sustained by the Plaintiffs herein with regard to their claim under the subject policy and are irrelevant, such that this request is not reasonably calculated to lead to relevant facts. *See*: *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).* Finally, State Farm objects to this request to the extent it seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit; the information sought may also be protected by the attorney-client privilege and work product doctrine. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 89:**

Each denial letter for each water loss claim YOU INVESTIGATED and/or ADJUSTED from January 1, 2020, to the date of production, under any HOMEOWNERS POLICY, that YOU denied in whole or in part of the exclusion that provides "(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time: (a) and is: (i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a: (i) heating, air conditioning, or automatic fire protective sprinkler system; (ii) household appliance; or plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors", and in which Jim Moratto INVESTIGATED, ADJUSTED or supervised the claim. (This request does not seek to identify the insured or claimant and any identifying information should be redacted.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

State Farm objects to this request on the grounds that the terms "denial letter", "water loss claim", "denied in whole or in part of the exclusion", and "supervised" are vague and ambiguous. State Farm further objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably

22

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  tailored to include only matters relevant to the issues involved in this lawsuit and is

2  potentially unduly burdensome; it seeks information that is neither relevant to the

3  claims or defense of any party nor proportional to the issues in this case. The

4  existence of other claims, and/or what may or may not have occurred with respect

5  to another claim, will neither prove nor disprove any claims and/or defenses at

6  issue in this litigation; each claim is handled on its own individual merits. Any

7  such matters outside of state of California, and/or unrelated to the event that is the

8  subject of this lawsuit, have no nexus to the harm claimed to have been sustained

9  by the Plaintiffs herein with regard to their claim under the subject policy and are

10  irrelevant, such that this request is not reasonably calculated to lead to relevant

11  facts. *See*: *State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).*

12  Finally, State Farm objects to this request to the extent it seeks confidential

13  business information and invades the privacy rights of policyholders who are not

14  parties to this lawsuit; the information sought may also be protected by the

15  attorney-client privilege and work product doctrine. Plaintiffs have not established

16  that such information is necessary to a fair adjudication of this case.

17  **REQUEST FOR PRODUCTION NO. 90:**

18       DOCUMENTS sufficient to show the number of HOMEOWNERS

19  CLAIMS  for water losses YOU denied in whole or in part from January 1, 2015,

20  to the date of production, in whole or in part in reliance on the exclusion which

21  provides "(8) water or sewage below the surface of the ground, including water or

22  sewage that exerts pressure on, or seeps or leaks through a ***building structure***,

23  sidewalk, driveway, swimming pool, or other structure …" or in reliance on any

24  exclusion relating to water below the surface of the ground, no matter how started.

25  (This request does not seek to identify the insured or claimant and any identifying

26  information should be redacted.)

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

28

23

Case No.  2:24-cv-02219-DSF       DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                  FOR PRODUCTION, SET THREE, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    State Farm objects to this request on the grounds that the terms
2    "DOCUMENTS sufficient to show", "denied in whole or in part", "in whole or in
3    part in reliance on the exclusion", "in reliance on any exclusion", and "relating to"
4    are vague and ambiguous. State Farm further objects to this request on the grounds
5    that it is overly broad in scope (types of claims and insurance coverage), time (not
6    limited by the period of time when this claim was handled), and geographic area
7    (not limited to California). This request is not reasonably tailored to include only
8    matters relevant to the issues involved in this lawsuit and is potentially unduly
9    burdensome; it seeks information that is neither relevant to the claims or defense of
10   any party nor proportional to the issues in this case. The existence of other claims,
11   and/or what may or may not have occurred with respect to another claim, will
12   neither prove nor disprove any claims and/or defenses at issue in this litigation;
13   each claim is handled on its own individual merits. Any such matters outside of
14   state of California, and/or unrelated to the event that is the subject of this lawsuit,
15   have no nexus to the harm claimed to have been sustained by the Plaintiffs herein
16   with regard to their claim under the subject policy and are irrelevant, such that this
17   request is not reasonably calculated to lead to relevant facts. *See*: *State Farm*
18   *Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003).* Finally, State Farm
19   objects to this request to the extent it seeks confidential business information and
20   invades the privacy rights of policyholders who are not parties to this lawsuit; the
21   information sought may also be protected by the attorney-client privilege and work
22   product doctrine. Plaintiffs have not established that such information is necessary
23   to a fair adjudication of this case.

24   **REQUEST FOR PRODUCTION NO. 91:**

25   DOCUMENTS sufficient to show the number of HOMEOWNERS
26   CLAIMS  for water losses YOU denied in whole or in part from January 1, 2015,
27   to the date of production, in whole or in part in reliance on the exclusion which
28   provides "(9) seepage or leakage of water, steam, or sewage that occurs or

24

1    develops over a period of time: (a) and is: (i) continuous; (ii) repeating; (iii)

2    gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a: (i) heating, air

3    conditioning, or automatic fire protective sprinkler system; (ii) household

4    appliance; or plumbing system, including from, within or around any shower stall,

5    shower bath, tub installation, or other plumbing fixture, including their walls,

6    ceilings, or floors", or in reliance on any exclusion relating to long-term water

7    losses no matter how started. (This request does not seek to identify the insured or

8    claimant and any identifying information should be redacted.)

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

10        State Farm objects to this request on the grounds that the terms

11    "DOCUMENTS sufficient to show", "water losses", "denied in whole or in part",

12    "in whole or in part in reliance on the exclusion", "in reliance on any exclusion",

13    "relating to", and "long-term water losses" are vague and ambiguous.  State Farm

14    further objects to this request on the grounds that it is overly broad in scope (types

15    of claims and insurance coverage), time (not limited by the period of time when

16    this claim was handled), and geographic area (not limited to California). This

17    request is not reasonably tailored to include only matters relevant to the issues

18    involved in this lawsuit and is potentially unduly burdensome; it seeks information

19    that is neither relevant to the claims or defense of any party nor proportional to the

20    issues in this case. The existence of other claims, and/or what may or may not have

21    occurred with respect to another claim, will neither prove nor disprove any claims

22    and/or defenses at issue in this litigation; each claim is handled on its own

23    individual merits. Any such matters outside of state of California, and/or unrelated

24    to the event that is the subject of this lawsuit, have no nexus to the harm claimed to

25    have been sustained by the Plaintiffs herein with regard to their claim under the

26    subject policy and are irrelevant, such that this request is not reasonably calculated

27    to lead to relevant facts.  *See*:  *State Farm Mutual Auto. Ins. Co. v. Campbell, 538*

28    *U.S. 408 (2003).* Finally, State Farm objects to this request to the extent it seeks

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

25

1   confidential business information and invades the privacy rights of policyholders

2   who are not parties to this lawsuit; the information sought may also be protected by

3   the attorney-client privilege and work product doctrine. Plaintiffs have not

4   established that such information is necessary to a fair adjudication of this case.

5

6

7

8   DATED:  August 30, 2024        PACIFIC LAW PARTNERS, LLP

9

10                              By:/s/MATTHEW F. BATEZEL_____

11                                  MATTHEW F. BATEZEL
                                    DANIEL T. BALMAT
12                                  Attorneys for Defendant
                                    STATE FARM GENERAL INSURANCE
13                                  COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  2:24-cv-02219-DSF        DEFENDANT STATE FARM'S RESPONSE TO REQUEST
                                   FOR PRODUCTION, SET THREE, BY PLAINTIFFS

**Exhibit C**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

*Tong, et al. v. State Farm*
USDC Case No. 2:24-cv-02219-DSF-MAR

### PROOF OF SERVICE

STATE OF CALIFORNIA     )
                             ) ss.

COUNTY OF ORANGE      )

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  15615 Alton Parkway, Suite 240, Irvine, California  92618.

     On August 30, 2024,  I served a true copy of the foregoing document described as **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE** on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid addressed as follows:

| | |
|---|---|
| J. Edward Kerley, Esq.<br>Dylan L. Schaffer, Esq.<br>Nicholas J. Peterson, Esq.<br>Kerley Schaffer LLP<br>1939 Harrison Street, #900<br>Oakland, California 94612<br>Telephone: (510) 379-5801<br>edward@kslaw.us<br>dylan@kslaw.us<br>nick@kslaw.us<br>noah@kslaw.us<br>service@kslaw.us | Attorneys for Plaintiffs<br>WILLIAM TONG and<br>MALINEE DIBBAYAWAN |

**[XX] BY MAIL:**  By sealing the envelope and placing it for collection and mailing with postage fully prepared in accordance with ordinary business practices.

**[XX] BY ELECTRONIC SERVICE:**  I caused the above-entitled document to be sent to the listed individual(s) above via electronic mail.

     Executed on August 30, 2024, at Irvine, California.

**XX**   I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

                        /s/LINDA AVALOS
                        LINDA AVALOS

Case No.  2:24-cv-02219-DSF    DEFENDANT STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION, SET THREE, BY PLAINTIFFS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446