```
 1
 2  J. Edward Kerley (175695)
    Dylan L. Schaffer (153612)
 3  Nicholas J. Peterson (287902)
    Kerley Schaffer LLP
 4  1939 Harrison Street, Ste 900
    Oakland, California 94612
 5  Telephone: (510) 379-5801
 6  Attorneys for Plaintiffs
 7
 8  Matthew F. Batezel (185147)
    Daniel T. Balmat (230504)
 9  PACIFIC LAW PARTNERS, LLP
    15615 Alton Parkway, Ste 240
10  Irvine, CA 92618
    (949)242-2441
11  Fax (949)242-2446
12  Attorneys for Defendant
13
14              UNITED STATES DISTRICT COURT
15           FOR THE CENTRAL DISTRICT OF CALIFORNIA
16
17  WILLIAM TONG, an individual, and    Case No. 2:24−cv−02219−DSF−MAR
    MALINEE DIBBAYAWAN, an individual,
18                                      STIPULATED PROTECTIVE ORDER
                  Plaintiffs,
19
         v.
20
    STATE FARM GENERAL INSURANCE
21  COMPANY, an Illinois corporation, and
    DOES 1 through 10,
22
                  Defendants.
23
24
25
26
27
28                       1
```

Stipulated Protective Order

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

Disclosure and discovery activity in this insurance and bad faith action is ~~are~~ likely to involve ~~trade secrets, customer and pricing lists and other valuable  research, development, commercial, financial, technical and/or~~ production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than ~~prosecution of~~ prosecuting this ~~action is~~ litigation may be warranted. ~~Such confidential and proprietary materials and information consist of~~ For example, Plaintiffs' discovery here seeks, among other things, ~~confidential business or financial~~ information regarding State Farm's internal guidelines and procedures, materials which State Farm contends contain proprietary intellectual property that was developed by State Farm for exclusive use by State Farm's claims personnel.  State Farm contends that these materials are unique to State Farm, and are the product of internal analyses, and may contain commercial information, ~~information regarding~~ developed by State Farm and belonging to State Farm.  State Farm contends that it maintains

2

~~Stipulated~~ Protective Order

certain of the responsive documents in confidence; they are not distributed outside of State Farm and are considered by State Farm to be confidential, trade secret protected and proprietary, and the dissemination of these materials could cause competitive harm.  Other categories of confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or  common law.documents may be sought in this litigation.  Accordingly, to expedite the flow  of information, to  facilitate the prompt  resolution of disputes over confidentiality  of discovery materials, to adequately protect information the parties are entitled the Parties hereby stipulate to and petition the court to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in enter the conduct of trial, to address their  handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

following Stipulated Protective Order. 2.     **DEFINITIONS**

    2.1     <u>Action</u>: [this pending federal law suit]. [*Option: consolidated or related actions.]

    2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3     <u>"CONFIDENTIAL" Information or Items:</u> information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4     <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or Items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1    2.14    Protected Material: any Disclosure or Discovery Material that is designated as
2    "CONFIDENTIAL." or "Confidential Information and/or Trade Secret Information."
3    2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a
4    Producing Party.

6    3.    SCOPE
7    The protections conferred by this Stipulation and Order cover not only Protected Material
8    (as defined above), but also (1) any information copied or extracted from Protected Material;
9    (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
10   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.
11   Any use of Protected Material at trial shall be governed by the orders of the trial judge.
12   This Order does not govern the use of Protected Material at trial.
13   trial judge.  This Order does not govern the use of Protected Material at trial.
14   4.    DURATION
15   [ONE POSSIBLE PARAGRAPH] Once a case proceeds to trial, all of the information
16   that was designated as confidential or maintained pursuant to this protective order becomes
17   public and will be presumptively available to all members of the public, including the press,
18   unless compelling reasons supported by specific factual findings to proceed otherwise are made
19   to the trial judge in advance of the trial.  See Kamakana v. City and County of Honolulu, 447
20   F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents
21   produced in discovery from "compelling reasons" standard when merits-related documents are
22   part of court record).  Accordingly, the terms of this protective order do not extend beyond the
23   commencement of the trial.
24
25   [ALTERNATIVE POSSIBLE PARAGRAPH] Even after final disposition of this
26   litigation, the confidentiality obligations imposed by this Order shall remain in effect until a
27   Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition

5

Stipulated Protective Order

shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

All materials provided by the Parties pursuant to this Protective Order that are designated "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information." will be used solely and exclusively for the preparation for and conduct of this litigation, and will not, unless directed by an appropriate Court in an enforceable order, be made available, disclosed, or disseminated in any manner for any business or other purpose whatsoever. Individuals authorized to review "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information" pursuant to this Protective Order will hold Confidential Information and/or Trade Secret Information in confidence and will not divulge the "CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information", either verbally or in writing, to any person or entity not otherwise directed to do so by an enforceable Court order. For purposes of this provision, an enforceable Court order does not include a subpoena issued by a private attorney and challenged by any Party or third party.

**Formatted:** Indent: First line: 0"

5. **DESIGNATING PROTECTED MATERIAL**

   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
2  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
3  unnecessarily encumber the case development process or to impose unnecessary expenses and
4  burdens on other parties) may expose the Designating Party to sanctions. If it comes to a
5  Designating Party's attention that information or items that it designated for protection do not
6  qualify for protection, that Designating Party must promptly notify all other Parties that it is
7  withdrawing the inapplicable designation.
8      5.2    Manner and Timing of Designations. Except as otherwise provided in this Order
9  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
10 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
11 designated before the material is disclosed or produced.
12     Designation in conformity with this Order requires:
13     (a)    for information in documentary form (e.g., paper or electronic documents, but
14 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
15 Party ~~affixat~~affix at minimum, the legend "~~"~~"CONFIDENTIAL" or "Confidential Information
16 and/or Trade Secret Information."~~"~~ (hereinafter "CONFIDENTIAL legend"), to each page that
17 contains protected material. If only a portion or portions of the material on a page qualifies for
18 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
19 making appropriate markings in the margins).
20     A Party or Non-Party that makes original documents available for inspection need not
21 designate them for protection until after the inspecting Party has indicated which documents it
22 would like copied and produced. During the inspection and before the designation, all of the
23 material made available for inspection shall be deemed "~~"~~"CONFIDENTIAL~~."~~" or "Confidential
24 Information and/or Trade Secret Information."~~."~~ After the inspecting Party has identified the
25 documents it wants copied and produced, the Producing Party must determine which documents,
26 or portions thereof, qualify for protection under this Order. Then, before producing the specified
27 documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that
28

1  contains Protected Material. If only a portion or portions of the material on a page qualifies for
2  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
3  making appropriate markings in the margins).
4      (b)  for testimony given in depositions that the Designating Party identify the Disclosure
5  or Discovery Material on the record, before the close of the deposition all protected testimony.
6      (c)  for information produced in some form other than documentary and for any other
7  tangible items, that the Producing Party affix in a prominent place on the exterior of the
8  container or containers in which the information is stored the legend "“"CONFIDENTIAL.""" or
9  "Confidential Information and/or Trade Secret Information."."  If only a portion or portions of
10 the information warrants protection, the Producing Party, to the extent practicable, shall identify
11 the protected portion(s).
12     5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
13 designate qualified information or items does not, standing alone, waive the Designating Party's
14 right to secure protection under this Order for such material. Upon timely correction of a
15 designation, the Receiving Party must make reasonable efforts to assure that the material is
16 treated in accordance with the provisions of this Order.
17
18 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS
19     6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of
20 confidentiality at any time that is consistent with the Court's Scheduling Order.
21     6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution
22 process under Local Rule 37.1 et seq.
23     6.3     The burden of persuasion in any such challenge proceeding shall be on the
24 Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass
25 or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party
26 to sanctions. Unless the Designating Party has waived or withdraw the confidentiality
27 designation, all parties shall continue to afford the material in question the level of protection to
28

which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated """CONFIDENTIAL" or "Confidential Information and/or Trade Secret Information""" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Concerns Regarding Confidentiality of Information:  If, notwithstanding the commitments made by counsel in the within Stipulated Protective Order, a party has concerns regarding whether the Counsel for the Receiving Party has honored their obligations with regard to information produced pursuant to the Stipulated Protective Order, including but not limited to sharing information among other counsel not party to this litigation, describing the contents of Confidential Information produced or discussed during the course of depositions, or otherwise using Confidential Information in a manner that is not commensurate with the stated intentions or spirit of this Protective Order, Counsel for the Designating Party may demand, and Counsel for the Receiving Party must execute a certification under penalty of perjury to explain information including but not limited to (1) that the Receiving Party has taken appropriate steps to follow provisions of the Stipulated Protective Order and (2) that the Receiving Party has undertaken to ensure that all signatories of Exhibit A to the Protective Order are in full

10

~~Stipulated~~ Protective Order

1 compliance with the obligations hereunder.  If Counsel for the Receiving Party is unable or
2 unwilling to make such certification, counsel for the Designating Party can seek appropriate
3 relief from the Court including but not limited to the right to withhold additional Confidential
4 Information or Protected Material from production and any other relief as this Court shall deem
5 to be appropriate.

6 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
7 IN OTHER LITIGATION

8       If a Party is served with a subpoena ~~or a court order~~ issued in other litigation that compels
9 disclosure of any information or items designated in this Action as "CONFIDENTIAL," that
10 Party must:

11       (a)     promptly notify in writing the Designating Party. Such notification shall include a
12 copy of the subpoena ~~or court order~~;

13       (b)  promptly notify in writing the party who caused the subpoena ~~or order~~ to issue in the
14 other litigation that some or all of the material covered by the subpoena ~~or order~~ is subject to this
15 Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

16       (c)     cooperate with respect to all reasonable procedures sought to be pursued by the
17 Designating Party whose Protected Material may be affected.

18       ~~If the Designating Party timely seeks a protective order, the~~The Party served with the
19 subpoena ~~or court order~~ shall not produce any information designated in this action as
20 "CONFIDENTIAL" before a determination by the court from which the subpoena or order
21 issued~~, unless the Party has obtained the Designating Party's permission.~~. The Designating Party
22 shall bear the burden and expense of seeking protection ~~in that court~~ of its confidential material
23 and nothing in these provisions should be construed as authorizing or encouraging a Receiving
24 Party in this Action to disobey a lawful directive from another court.
25
26 9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
27 LITIGATION
28

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." " or "Confidential Information and/or Trade Secret Information."." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.  Counsel for each Party and each person

1  receiving confidential information must take reasonable precautions to prevent the unauthorized
2  or inadvertent disclosure of such information.  If a Receiving Party learns that, by inadvertence
3  or otherwise, it has disclosed Protected Material to any person or in any circumstance not
4  authorized under this Stipulated Protective Order, the Receiving Party must immediately (a)
5  notify in writing the Designating Party of the unauthorized disclosures, (b) use its best
6  effortsmake every effort to retrieve all unauthorized copies of the Protected Material and to
7  prevent further disclosure by the Party and the person(s) receiving the unauthorized disclosure,
8  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
9  this Order, and (d) request such person or persons to execute the "Acknowledgment and
10 Agreement to Be Bound" that is attached hereto as Exhibit A.

12 11.    INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE
13 PROTECTED MATERIAL
14     When a Producing Party gives notice to Receiving Parties that certain inadvertently
15 produced material is subject to a claim of privilege or other protection, the obligations of the
16 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
17 provision is not intended to modify whatever procedure may be established in an e-discovery
18 order that provides for production without prior privilege review. Pursuant to Federal Rule of
19 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a
20 communication or information covered by the attorney-client privilege or work product
21 protection, the parties may incorporate their agreement in the stipulated protective order
22 submitted to the court.

24 12.    MISCELLANEOUS
25     12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to
26 seek its modification by the Court in the future.

1  12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective
2  Order no Party waives any right it otherwise would have to object to disclosing or producing any
3  information or item on any ground not addressed in this Stipulated Protective Order. Similarly,
4  no Party waives any right to object on any ground to use in evidence of any of the material
5  covered by this Protective Order.
6  12.3 Filing Protected Material. A Party that seeks to file under seal any Protected
7  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under
8  seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If
9  a Party's request to file Protected Material under seal is denied by the court, then the Receiving
10 Party may file the information in the public record unless otherwise instructed by the court.
11
12 13. FINAL DISPOSITION
13   (A) After the final disposition of this Action, as defined in paragraph 4, within ~~60~~30 days
14 of a written request by the Designating Party, each Receiving Party must ~~return~~or destroy all
15 Protected Material ~~to the Producing Party or destroy such material~~. As used in this subdivision,
16 "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other
17 format reproducing or capturing any of the Protected Material. ~~Whether the Protected Material is~~
18 ~~returned or destroyed, the~~The Receiving Party must submit a written certification to the
19 Producing Party (and, if not the same person or entity, to the Designating Party) by the ~~60~~30 day
20 deadline that (1) identifies (by category, where appropriate) all the Protected Material that
21 was ~~returned or~~ destroyed ~~and~~, (2) affirms that the Receiving Party has not retained any
22 copies, abstracts, compilations, summaries or any other format reproducing or capturing any of
23 the Protected Material~~.~~, and (3) affirms that the Receiving Party has obtained a certification,
24 which can be produced on demand from the Designating Party, from each of the parties that
25 signed Exhibit A to this Protective Order signifying that each Exhibit A signatory has identified
26 (by category, where appropriate) all the Protected Material that was shared and has been
27 destroyed and affirms that each Exhibit A signatory has not retained any copies, abstracts,
28

1  compilations, summaries or any other format reproducing or capturing any of the Protected
2  Material . Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
3  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
4  correspondence, deposition and trial exhibits, expert reports, attorney work product, and
5  consultant and expert work product, even if such materials contain Protected Material.  Any such
6  archival copies that contain or constitute Protected Material remain subject to this Protective
7  Order as set forth in Section 4 (DURATION).
8       (B)    Nothing in this Protective Order disallows State Farm from: (a) complying with
9  any state or federal law or regulation, including reporting of information to a regulator or
10 government entity as permitted and/or required by applicable state and federal law; (b) adding
11 information discovered that is relevant to a claim to the relevant electronic record in its
12 electronic claim system; (c) disclosing evidence of a crime or fraud; (d) retaining information
13 necessary to meet mandated retention requirement; or (e) retaining copies of Confidential
14 Materials that may exist on back-up media or other computer or archive storage not regularly
15 accessed by business users in the ordinary course, provided that, should a copy of the
16 Confidential Materials be accessed, it will be used for a purpose consistent with this Order.

17 14.  Any violation of this Order may be punished by any and all appropriate measures
18 including, without limitation, contempt proceedings and/or monetary sanctions, including but
19 not limited to counsel's failure to comply with their obligations thereunder – both during the
20 pendency of this matter and after the resolution of this matter.

21
22 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
23
24
25 _____   _____
    Date                                                           Attorneys for Plaintiffs
26
27

_____        _____
Date                                              Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

_____        _____
Date                                              [Name of Judge]
                                                  United States District/Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court].** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____

16
~~Stipulated~~ Protective Order

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____