AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| William Tong and Malinee Dibbayawan | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:24-cv-02219 |
| State Farm General Insurance Company | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Sander Dawson, Esq.; Dawson & Rosenthal, P.C.; 402 W. Broadway, Suite 2200, San Diego, CA 92101; (619) 354-1652

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment 1 for materials to be produced

| Place: Kerley Schaffer LLP<br>1939 Harrison Street, Ste 900<br>Oakland, CA 94612 | Date and Time:<br>10/15/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/12/2024

| *CLERK OF COURT* | OR | /s/ Dylan L. Schaffer |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** William Tong and Malinee Dibbayawan, who issues or requests this subpoena, are:
Dylan L. Schaffer, dylan@kslaw.us, 510.379.5801 ext.204

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-02219

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Tong, et al, v. State Farm General Insurance Company, et al.

DEFINITIONS FOR DOCUMENT REQUESTS:

A) "ADJUST","ADJUSTMENT","ADJUSTING" or "ADJUSTED" shall be construed to mean the processing, reviewing and/or decision making process regarding the LOSS and/or the CLAIM, including the handling, analysis, investigation, management, administration, and valuation of the LOSS and the CLAIM, as well as the coverage and claim determinations and/or decisions.

B) "COMMUNICATIONS" means any and all transmission of information from one person or entity to another, including (without limitation) by personal meeting, conference, conversation, telephone, radio, telegraph, electronic mail, teleconference, or any other method of communication or by any medium.

C) "DOCUMENT" or "DOCUMENTS" means and refers to any writing as defined by Evidence Code § 250 and any other tangible thing in the custody, possession or control or known to the responding party, whether printed, recorded, reproduced by any process, or written or produced by hand, including but not limited to letters, reports. Agreements, communications including intra-departmental communications, e-mails, correspondence, computer printouts, computer program and data files, ESI (as defined below), telegrams, maps, memoranda, summaries or records of personal conversations, diaries, minutes or records of meetings, conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, report and/or summaries of investigations, opinions or reports of consultants, brochures, pamphlets, drafts of any DOCUMENTS, revisions or drafts of any DOCUMENTS, invoices, receipts, and original or preliminary notes, financial statements, profit and loss statements, balance sheets, tax returns, general ledgers, and other accounting records regularly maintained by the responding party.

D) "ESI" shall be construed in the broadest sense possible given the definition under California Code of Civil Procedure §2016.020(d) and (e), and shall include, but not be limited to:
   a. All electronic mail and information about electronic mail sent or received by YOU;
   b. All databases containing any reference and/or information;
   c. All activity logs on any computer system which may have been used to process or store electronic data containing information;
   d. All word processing files and file fragments, including metadata, containing information;
   e. All electronic data files and file fragments created by application programs that process financial, accounting and billing information;
   f. All electronic data files and file fragments from electronic calendars and scheduling programs that contain information about the above-listed subjects;
   g. All electronic data files and file fragments from electronic calendars and scheduling programs that contain information about the above-listed subjects; and
   h. All electronic or automated insurance systems or software.

E) "INVESTIGATION", "INVESTIGATE" or "INVESTIGATED" shall mean and be defined as it is in 10 Cal. C. Regs § 2695.2: "all activities of an insurer or its claims agent related to the determination of coverage, liabilities or nature and extent of loss or damage for which benefits are afforded by an insurance policy ... and other obligations or duties arising from an insurance policy ..."

F) "POLICIES AND PROCEDURES" shall refer to and mean to include, without limitation, any and all policies, procedures, manuals, guides, guidelines, bulletins, operation manuals, and other written materials.

G) "TRAINING MATERIALS" shall mean any written or digital means by which State Farm General Insurance Company, or any entity affiliated, retained, and/or designated by State Farm General Insurance

Case 2:24-cv-02219-DSF-MAR   Document 41-14   Filed 11/26/24   Page 5 of 9   Page ID #:1087

Tong, et al, v. State Farm General Insurance Company, et al.

Company, provide information to State Farm General Insurance Company employees, agents, or representatives regarding how to INVESTIGATE and/or ADJUST first party water loss claims in California.

H) "TRAINING MATERIALS" includes, but is not limited to, materials in the following formats or resource types: Operation Guides, Video on Demand, Job Aids, Refreshers, Workday, Quality First Contact Guide, Estimating Topics, FAQs, Skills Review, Skills Testing, SF Net, Xactimate, ITEL,

I) "WATER LOSS INITIATIVE" shall mean and refer to what State Farm General Insurance Company has described as "one or more efforts in California beginning in or around 2023 to help ensure consistency in the handling of water claims in California. Claims handling personnel were provided training that focused on reinforcing existing principles relating to proper investigation and documentation of water loss claims. Topics included the quality first contact, gathering the facts of loss, plumbing issues, additional investigation, determining coverage, estimatics, and damage evaluation. In 2020, the settlement authority of claims handlers on water loss claims was temporarily reduced. During that period, team managers reviewed claims specialists' water loss claims for conformance with quality claim handling expectations."

J) "YOUR" shall mean and refer to Sander Dawson, Esq. of Dawson & Rosenthal, P.C., including any and all agents, employees, officers, directors, independent contractors, and/or others acting on YOUR behalf.

DOCUMENT REQUESTS:

1) All State Farm General Insurance Company WATER LOSS INITIATIVE DOCUMENTS in YOUR possession, custody or control, including but not limited to the following:
• Water Damage Coverage Analysis (HW-2100 Series) Workday
• Water Damage Coverage Analysis (HW-2100 Series) course in Workday
• Fire Property Water Mitigation Training Support Guide-JA
• Introduction to Water Loss VOD
• Water Coverage – Plumbing
• TIPP
• Water Loss Scenarios course in Workday
• Water Loss Skills Review/In Role Water Loss Skills Review
• Water Classes and Categories Job Aid
• Quality First Contact Guide – Fire
• Water Category and Class
• Water Category and Class Job Aid
• "Water Initiative" PowerPoint(s) or other presentation materials
• California Fire Claims Discussion Resources
• Claim Folder Claim Level-Claim Details-all topics
• Quality Claim Handling Expectations – all topics
• Homeowners Policy, Section I Property, Coverage Model
• California Fire Claims Discussion Agenda
• Water Forum Coverage Mini Session
• Water Forum PowerPoint(s) or other presentation materials
• Jurisdictional resources

2) State Farm General Insurance Company TRAINING MATERIALS that are in YOUR possession, custody or control, relating to the INVESTIGATION and/or ADJUSTING of water damage claims in California, from January 1, 2023 to the present, including but not limited to the following:

Case 2:24-cv-02219-DSF-MAR   Document 41-14   Filed 11/26/24   Page 6 of 9   Page ID #:1088

Tong, et al, v. State Farm General Insurance Company, et al.

• Jurisdictional resources
• Quality First Contact Guide – Fire
• Water Damage Coverage Analysis (HW-21 00 Series) Workday
• Water Category and Class Job Aid
• Water Coverage Introduction and QFC VOD
• Water Coverage Investigation VOD
• Water Coverage- Plumbing
• Water Loss Scenarios course in Workday
• Water Loss Skills Review/In Role Water Loss Skills Review
• Water Category and Class

3) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, from January 2023 to the present, reflecting or pertaining to State Farm General Insurance Company POLICIES AND PROCEDURES concerning residential water loss claim handling.

4) All State Farm General Insurance Company TRAINING MATERIALS in YOUR possession, custody or control, from January 2023 to the present, reflecting or pertaining to State Farm General Insurance Company POLICIES AND PROCEDURES concerning residential water loss claim handling, including but not limited to training related to State Farm General Insurance Company's WATER LOSS INITIATIVE and Water Loss Forum.

5) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, from January 2023 to the present, pertaining or relating to State Farm General Insurance Company's Water Loss Forum.

6) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to how first-party residential water loss claims in California were to be INVESTIGATED, from January 2023 to the present, pursuant to State Farm General Insurance Company's WATER LOSS INITIATIVE.

7) All State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to how first-party residential water loss claims in California were to be INVESTIGATED, from January 2023 to the present, pursuant to State Farm General Insurance Company's WATER LOSS INITIATIVE.

8) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to how first-party residential water loss claims in California were to be ADJUSTED, from January 2023 to the present, pursuant to State Farm General Insurance Company's WATER LOSS INITIATIVE.

9) All State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, reflecting or pertaining to how first-party residential water loss claims in California were to be ADJUSTED, from January 2023 to the present, pursuant to State Farm General Insurance Company's WATER LOSS INITIATIVE.

10) All State Farm General Insurance Company POLICIES AND PROCEDURES in YOUR possession, custody or control, from January 2023 to the present, pertaining or relating to State Farm General Insurance Company's WATER LOSS INITIATIVE.

Tong, et al, v. State Farm General Insurance Company, et al.

11) All State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, from January 2023 to the present, pertaining or relating to State Farm General Insurance Company's WATER LOSS INITIATIVE.

12) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, from January 2023 to the present, pertaining or relating to indemnity obligations for first-party residential water loss claims, pending, paid, or otherwise reported, including any and all attachments to said COMMUNICATIONS.

13) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, from January 2023 to the present, pertaining or relating to indemnity obligations for first-party residential water loss claims, pending, paid, or otherwise reported, including but not limited to reports, graphs and charts.

14) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company's 2023 Western Market Proximity Fire Claims Quality Plan.

15) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company's 2023 Western Market Proximity Fire Claims Quality Plan.

16) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company's handling of first-party residential water loss claims in California from January 2023 to the present.

17) All State Farm General Insurance Company internal COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company's handling of first-party residential water loss claims in California from January 2023 to the present.

18) All State Farm General Insurance Company POLICIES AND PROCEDURES in YOUR possession, custody or control pertaining or relating to State Farm General Insurance Company's handling of first-party residential water loss claims in California from January 2023 to the present.

19) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company's Side by Side & Ride Along Coaching Template.

20) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control pertaining or relating to State Farm General Insurance Company's Side by Side & Ride Along Coaching Template.

21) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to reinspections, reinspection surveys, reinspection results of first-party residential water loss claims in California from January 2023 to the present.

22) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to reinspections, reinspection surveys, reinspection results of first-party residential water loss claims in California from January 2023 to the present, including any and all attachments to said COMMUNCIATIONS.

Case 2:24-cv-02219-DSF-MAR   Document 41-14   Filed 11/26/24   Page 8 of 9   Page ID #:1090

Tong, et al, v. State Farm General Insurance Company, et al.

23) All State Farm General Insurance Company POLICIES & PROCEDURES in YOUR possession, custody or control, pertaining or relating to reinspections, reinspection surveys, reinspection results of first-party residential water loss claims in California from January 2023 to the present.

24) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to internal State Farm General Insurance Company audits of first-party residential water loss claims in California, from January 1, 2023 to the present.

25) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to internal State Farm General Insurance Company audits of first-party residential water loss claims in California, from January 1, 2023 to the present, including any and all attachments to said COMMUNICATIONS.

26) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company authority determination reviews of first-party residential water loss claims in California, from January 1, 2023 to the present.

27) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company authority determination reviews of frrst-party residential water loss claims in California, from January 1, 2023 to the present, including any and all attachments to said COMMUNICATIONS.

28) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to pin-hole leaks, from January 1, 2023 to the present, including but not limited to State Farm General Insurance Company POLICIES & PROCEDURES.

29) All internal State Farm General Insurance Company COMMUNCIATIONS in YOUR possession, custody or control, pertaining or relating to pin-hole leaks, from January 1, 2023 to the present, including but not limited to COMMUNICATIONS about news stories involving pin-hole leaks.

30) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to potential endorsement(s) to policies for involving leakage and seepage claims, from January 1, 2023 to the present.

31) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to potential endorsement(s) to policies for involving leakage and seepage claims, from January 1, 2023 to the present.

32) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to claim handling overviews of first-party residential water loss claims in California, from January 1, 2023 to the present.

33) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to claim handling overviews of first-party residential water loss claims in California, from January 1, 2023 to the present.

Case 2:24-cv-02219-DSF-MAR   Document 41-14   Filed 11/26/24   Page 9 of 9   Page ID #:1091

Tong, et al, v. State Farm General Insurance Company, et al.

34) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company inspection templates for first-party residential water loss claims in California, from January 1, 2023 to the present.

35) All internal State Farm General Insurance Company COMMUNICAITONS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company inspection templates for first-party residential water loss claims in California, from January 1, 2023 to the present, including but not limited to COMMUNICATIONS relating to possible revisions to said inspections templates, and any and all attachments to said COMMUNICATIONS.

36) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company authority levels for claims representatives handling first-party residential water loss claims in California from January 1, 2023 to the present.

37) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to State Farm General Insurance Company authority levels for claims representatives handling first-party residential water loss claims in California from January 1, 2023 to the present, including any and all attachments to said COMMUNICATIONS.

38) All State Farm General Insurance Company DOCUMENTS in YOUR possession, custody or control, pertaining or relating to the effect of chemicals used to treat water on copper piping used in plumbing, from January 1, 2023 to the present.

39) All internal State Farm General Insurance Company COMMUNICATIONS in YOUR possession, custody or control, pertaining or relating to the effect of chemicals used to treat water on copper piping used in plumbing, from January 1, 2023 to the present, including any and all attachments to said COMMUNICATIONS.