

**PACIFIC LAW PARTNERS LLP**

2000 Powell St., Suite 950
Emeryville, CA 94608
Tel: (510) 841-7777
Fax: (510) 841-7776

15615 Alton Parkway, Suite 240
Irvine, CA 92618
Tel: (949) 242-2441
Fax: (949) 242-2446

*Via E-mail Only*

September 18, 2024

Dylan L. Schaffer
Kerley Schaffer LLP
1939 Harrison Street, #900
Oakland, California 94612
dylan@kslaw.us

        Re:    *Tong, et al. v. State Farm General Insurance Company*
              Our File No.:    3247-440

Dear Mr. Schaffer:

This regards the records subpoena issued by your office to Sander Dawson of Dawson & Rosenthal, P.C. that seeks production of documents belonging to State Farm (the "subpoena"). The subpoena does not seek Mr. Dawson's records but instead appears to seek confidential and proprietary documents State Farm produced pursuant to a protective order in the action *Jennifer Mojica, et al. vs. State Farm General Insurance Company,* United States District Court, Southern District of California, Case No.: 32-CV-01997-L-DDL (the "*Mojica* action*"*) and for use exclusively in the *Mojica* action.

As you know, there is currently no protective order in place in this lawsuit. We recently sent revisions to the protective order you drafted, but you have rejected all of them. As you also know, there is a protective order in the *Mojica* action and in many other State Farm cases. These orders require confidential information produced pursuant to their terms to be used *only* in the action in which the documents are produced and may not be used, produced, or disseminated for any other purpose. In particular, the protective order in the *Mojica* action provides:

> 7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

<u>Tong v. State Farm</u>
September 18, 2024
Page 2

***

> 14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure

Further, in Paragraphs 8-9, the protective order provides that confidential or trade secret information was to be disclosed only to specified individuals. Experts are required to sign Exhibit 1 to the order. Other specified individuals, *i.e.*, executives, technical personnel and clerical employees, must agree in writing to be bound by the terms of the protective order.

The subpoena in this case appears to encompass State Farm's confidential, proprietary business information relating to water loss claim handling resources and training materials produced in the *Mojica* action, including non-responsive confidential documents inadvertently produced in the *Mojica* action. The subpoena thus appears to seek production in violation of the protective order.

Given the terms of the protective order in the *Mojica* action, the continued attempt to obtain confidential materials produced subject to it would constitute a misuse of the discovery process pursuant to Federal Rule of Civil Procedure Rule 45, which requires a court to quash or modify a subpoena that requires disclosure of privileged or other protected matter. F.R.C.P. Rule 45(d)(3)(A)(iii) & (B)(i). Persisting with the subpoena would subject your office to sanctions.

In addition, the subpoena is procedurally defective, in that it purports to require compliance at your offices in Oakland, which is more than 100 miles from Mr. Dawson's office located in San Diego. F.R.C.P. Rule 45 (c)(2)(A).

*Tong v. State Farm*
September 18, 2024
Page 3

Please indicate by Friday September 20, 2024, whether you will withdraw the subpoena. We look forward to hearing from you.

        Very truly yours,

        PACIFIC LAW PARTNERS, LLP

        MATTHEW F. BATEZEL
        DANIEL T. BALMAT

Cc:   Edward Kerley, Esq. (edward@kslaw.us)
       Nicholas Peterson, Esq. (nick@kslaw.us)