| | |
|---|---|
| **From:** | Dylan Schaffer |
| **To:** | Daniel Balmat |
| **Cc:** | Edward Kerley; Nicholas Peterson; Matt Batezel |
| **Subject:** | RE: Tong v. State Farm |
| **Date:** | Friday, September 20, 2024 7:21:47 AM |

Counsel,

There was nothing at all unclear about my suggestion.

The process in *Monego,* which your firm agreed to, was that I would agree to withdraw the subpoena to Mr. Townsend if State Farm produced the identical documents produced in *Stickney,* with *Monego* Bates.

Here, the production would not be from *Stickney* (although of course, we should have those documents as well, further evidence that State Farm is engaged in longstanding discovery abuse). Rather, the agreement would be that State Farm produces the identical documents produced to Mr. Dawson.

As for your accusation that I have violated a protective order in any matter, please, show your hand. You are accusing an officer of the court with nearly 35 years at Bar of contemptuous conduct. The accusation is nonsense. State Farm's approach, and that of its various counsel, has been to play offense when its defense is failing. The bottom line is that likely tens of thousands of pages of relevant documents have been withheld across many cases over many years. That is going to end here.

As for the location of your motion to quash, I look forward to reviewing those.

Regards,

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 x204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Daniel Balmat <dbalmat@plawp.com>
**Sent:** Friday, September 20, 2024 7:02 AM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>; Nicholas Peterson <nick@kslaw.us>; Matt Batezel <MBatezel@plawp.com>
**Subject:** RE: Tong v. State Farm

Dylan,

We disagree and the approach you're proposing is unclear. Are you suggesting that State Farm produce the same documents it produced in the *Monego* action (which State Farm had previously produced in the *Stickney* matter)? Regardless, State Farm disputes that subpoenaing counsel who received documents from State Farm subject to and in reliance on a Protective Order is a proper means of discovery when State Farm has agreed in this case to produce confidential and discoverable documents once an appropriate protective order is in place.

You have rejected all of State Farm's proposed changes to the draft protective order in this case. Those changes are designed to ensure your compliance with the Protective Order, given State Farm's understanding that you have failed to comply with Protective Orders in prior cases and engaged in efforts to undermine the protection afforded under Protective Orders in other cases, including the instant subpoena served on counsel in the *Mojica* Action.

Finally, under Federal Rule of Civil Procedure 45, place of compliance is not simply an objection a deponent may raise. It also impacts the Court's jurisdiction to quash. Your Subpoena violates the rule by designating a place of compliance that is neither the Central District nor the Southern District, which has the potential to create confusion. As a result of that defect, State Farm intends to seek relief in both the Central District and the Southern District, the only permissible place of compliance under Rule 45.

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Thursday, September 19, 2024 12:53 PM
**To:** Daniel Balmat <dbalmat@plawp.com>
**Cc:** Edward Kerley <edward@kslaw.us>; Nicholas Peterson <nick@kslaw.us>; Matt Batezel <MBatezel@plawp.com>
**Subject:** RE: Tong v. State Farm

Mr. Balmat,

I find it curious that you are able to quickly ensure your client's interests in avoiding production of relevant documents are safeguarded, but spend weeks not responding to our many requests to confer, and as long to provide a markup of the Court's Model PO. That conduct again supports my assertion that your goal is delay.

The objection based on place of production is unavailable to you because it must be asserted by the subpoena target. Mr. Dawson has asserted no such objection as far as I am aware.

Your other stated concern is that the materials sought are subject to a protective order in a case being handled by Mr. Dawson's firm. I have no knowledge of that circumstance. At this time I am not counsel in the matter you identify, nor is my client a party to that action. Therefore, your arguments are misdirected to me.

All of that said, as you may be aware, we faced the identical situation in the matter of *Monego v. State Farm*. There, your client agreed to produce the identical documents being sought (in that case from Mr. Townsend in the matter you are now trying, *Stickney v. State Farm*) in the *Monego* action. I agreed to that approach. If you agree to produce the same documents subject to whatever protective order entered in this matter, I will withdraw the subpoena. Otherwise, I will not.

Regards,

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Daniel Balmat <dbalmat@plawp.com>
**Sent:** Wednesday, September 18, 2024 7:15 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>; Nicholas Peterson <nick@kslaw.us>; Matt Batezel <MBatezel@plawp.com>
**Subject:** Tong v. State Farm

Good evening, Dylan.  Please see attached.

Dan