| | |
|---|---|
| **From:** | Dylan Schaffer |
| **To:** | Sandra Stone |
| **Cc:** | Edward Kerley; Daniel Balmat; Matt Batezel |
| **Subject:** | RE: Wise & Marks v. State Farm |
| **Date:** | Wednesday, September 25, 2024 12:41:58 PM |
| **Attachments:** | image001.png |
| | image002.png |

Counsel,

In your prior communications you required additional certification only as to the Bates range in your email of August 21, 2024. In that email you refer only to "WISEV00003870-3943." In response to your email of today, I am again certifying, as I did on September 20, 2024, that in compliance with the protective order, all documents marked confidential in that range have been destroyed by my firm in compliance with the terms of the PO, and that we have no maintained any materials inconsistent with the terms of the PO.

Regards,

Dylan Schaffer

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Wednesday, September 25, 2024 12:34 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>; Daniel Balmat <dbalmat@plawp.com>; Matt Batezel <MBatezel@plawp.com>
**Subject:** RE: Wise & Marks v. State Farm

Good Afternoon Dylan

As our extensive communication on this subject reflects—you were made aware of the issues of plaintiffs' non-compliance with the protective order in the *Wise & Marks* matter starting no later than April of this year. That includes the numerous communications that you and I had <u>after</u> Chris Carling left the firm. Those "post-Chris" communications occurred on May 2nd (multiple communications); May 3rd (multiple communications); May 30th (multiple communications) and August 21st—many of which are reflected in the email string below. My letters and emails detailed exactly what was insufficient about your firm's compliance with the protective order and asked numerous times for those insufficiencies to be corrected.

This is the first substantive response I have ever received on this subject. However, it is still not sufficient or compliant with the terms of protective order entered in our case.

While you are correct that not all the documents in State Farm's final production were confidential—we are not requesting compliance with the protective order for any non-confidential documents. Reference to the bates range was done to identify the production because confidential and non-confidential documents were all produced as one batch. To be clear, on December 22, 2023, State Farm produced to your firm WISEV0000003870PROD- WISEV0000003943PROD. Of those documents, WISEV00000003912PROD- WISEV00000003943PROD were produced under the terms of the Protective Order. Those documents were all marked clearly as "Confidential Produced Pursuant to Protective Order" in the footnote of each individual page. Thus, identification of the confidential documents was simply a matter of reviewing the footnotes and finding the range marked confidential. As an alternative, a request could have been made to this office to clarify exactly which documents I was referencing.

In regards to WISEV0000003912PROD-3918, while the media files were not produced, the cover sheets identifying those files contain confidential material and therefore were designated as such.

Lastly, as to your statement at this late date that, "it is my understanding that all other documents identified as "Confidential" were discarded". That not only contains significant equivocation to raise concern about whether the protective order has been followed, but it does not comply with the specifics of the order itself. The order requires as follows:

> within 60 days after the final disposition of this action…each Receiving Party must return all Protected Material to each Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

State Farm's request in this case has been clear from the start, we are requesting a specific certification which identifies the confidential documents by bates number, certifies that they have been destroyed and affirms that your firm has not retained "any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material". More than five and a half months after the April 2, 2024 deadline, we are still awaiting full compliance with this requirement.


Sandra


Sandra E. Stone



2000 Powell St., Suite 950
Emeryville, CA  94608

(510) 841-7777 x217 (tel)

sstone@plawp.com | www.plawp.com

**CONFIDENTIALITY NOTE**:

This email and any attachments are intended to be received only by the designated recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Friday, September 20, 2024 9:51 AM
**To:** Sandra Stone <SStone@plawp.com>
**Cc:** Edward Kerley <edward@kslaw.us>; Daniel Balmat <dbalmat@plawp.com>; Matt Batezel <MBatezel@plawp.com>
**Subject:** RE: Wise & Marks v. State Farm

Sandra,

As your colleagues have accused us of violating protective orders, I wanted to make sure we are all on the same page here.

First, as you may be aware, Chris Carling was handling this matter. Chris has left our firm and while I do not see any issues to date, it is possible not every T/I was crossed/dotted on this matter. If that is the case, I apologize. But I don't think it was.

Second. The Bates range you identify was not marked "Confidential" as a group. My recollection is that Chris informed you that all documents that were required to be destroyed pursuant to the PO were destroyed. The certification takes into account that we are entitled to maintain various categories. If you identify a Bates range that includes some, but not all, confidential documents, that does not move things forward.

Third, some items in the Bates range you identify were never received as far as I can tell. I have never seen them, in any case. See Bate 3912-3918.

Fourth, and finally, it is my understanding that all other documents identified as "Confidential" were discarded by my firm pursuant to the requirements of the PO. You have my certification to that circumstance.

Regards,

**Dylan Schaffer**

**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Wednesday, August 21, 2024 12:40 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Dylan

I trust this finds you well.  I'm circling back one last time to again ask you to address the missing set of documents.  As previously mentioned, Chris' compliance email of April 5th left out a group of confidential documents produced by State Farm on 12/22/23 bates numbered WISEV00003870-3943.  We are requesting that deficiency be cured consistent with ¶13 of the protective order drafted and executed by your office in this matter.

Please provide your response by August 31st.

Sandra


Sandra E. Stone



2000 Powell St., Suite 950
Emeryville, CA  94608

(510) 841-7777 x217 (tel)
sstone@plawp.com | www.plawp.com

**CONFIDENTIALITY NOTE**:
This email and any attachments are intended to be received only by the designated recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

---

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Thursday, May 30, 2024 5:07 PM
**To:** Sandra Stone <SStone@plawp.com>

**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Sandra,

I cannot. I genuinely have no clue what you are talking about. But I will search back and see if I can make sense of it. Give me 30 days because I'm sick, about to go on vacation, prepping for multiple depos, and have a trial coming up shortly. I'm confident whatever shortcomings exist will not move the dial for your client's proprietary interests.

DS

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 x204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Thursday, May 30, 2024 5:00 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Dylan

I've sent you Chris' email as an example, spelled out what the problem is in letters and emails and provided a copy of the protective order. I'm not sure how much clearer I can be—but my suggestion is for you to review those and simply supplement Chris' earlier certification to include the documents that were left off.

You can do that by email or letter—just needs to be in writing and clearly identify the documents by bates number.

I have every confidence that you will be able to complete this very straightforward request.

Sandra

Sandra E. Stone



2000 Powell St., Suite 950
Emeryville, CA 94608
(510) 841-7777 x217 (tel)
(510) 841-7776 (fax)

sstone@plawp.com | www.plawp.com

**CONFIDENTIALITY NOTE**:
This email and any attachments are intended to be received only by the designated recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

---

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Thursday, May 30, 2024 4:46 PM
**To:** Sandra Stone <SStone@plawp.com>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

The problem is I do not know what you want. If you can explain, I'll be happy to try. I had the impression from Chris, confirmed multiple times, that this was a wrap. Just make it plain and we shall make it rain.

DS

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 x204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Thursday, May 30, 2024 4:44 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Good Afternoon Dylan

I'm following up on this as we have not yet received the required written certification covering State Farm's last production of documents. As I have advised on several prior occasions, Chris' compliance email of April 5th left off a group of documents produced by State Farm on 12/22/23 bates numbered WISEV00003870-3943. We are requesting that deficiency be cured consistent with ¶13 of the protective order drafted and executed by your office.

This is a simple process—as evidenced by Chris' email—and your repeated refusal to comply with the terms of the protective order is inexplicable.

Please provide us with the requested certification by June 5th or we will have no choice but

to advise the court of the non-compliance and seek its assistance in remedying this situation.

Sandra

Sandra E. Stone



2000 Powell St., Suite 950
Emeryville, CA  94608

(510) 841-7777 x217 (tel)
(510) 841-7776 (fax)
sstone@plawp.com | www.plawp.com

**CONFIDENTIALITY NOTE**:
This email and any attachments are intended to be received only by the designated recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Friday, May 3, 2024 5:31 PM
**To:** Sandra Stone <SStone@plawp.com>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Can't you just make my life easy, as I let this case go for a song, and never had your client sanctioned for discovery abuse, by just telling me what you want? Honestly, the energy you guys are putting into hiding this stuff makes me think there's something in there you legitimately do not want us to see.

DS

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Friday, May 3, 2024 5:28 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Also available on PACER.

**From:** Dylan Schaffer <dylan@kslaw.us>

**Sent:** Friday, May 3, 2024 5:26 PM
**To:** Sandra Stone <SStone@plawp.com>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

The PO is also in archive.

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Friday, May 3, 2024 5:25 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

The protective order details those options—as long as it is compliant with the protective order that will be satisfactory.

Sandra E. Stone

**PACIFIC LAW PARTNERS LLP**

2000 Powell St., Suite 950
Emeryville, CA  94608

(510) 841-7777 (tel)
(510) 841-7776 (fax)
sstone@plawp.com | www.plawp.com

**CONFIDENTIALITY NOTE**:
This email and any attachments are intended to be received only by the designated recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

---

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Friday, May 3, 2024 5:21 PM
**To:** Sandra Stone <SStone@plawp.com>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

And what sort of compliance would you like?

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Friday, May 3, 2024 5:20 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Chris' compliance email of April 5th left off a group of documents produced by State Farm on 12/22/23 bates numbered WISEV00003870-3943.  We are requesting that deficiency be cured.

Sandra

Sandra E. Stone

**PACIFIC LAW PARTNERS LLP**

2000 Powell St., Suite 950
Emeryville, CA  94608

(510) 841-7777 (tel)
(510) 841-7776 (fax)
sstone@plawp.com | www.plawp.com

**CONFIDENTIALITY NOTE**:
This email and any attachments are intended to be received only by the designated recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

---

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Friday, May 3, 2024 5:09 PM
**To:** Sandra Stone <SStone@plawp.com>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Ms. Stone,

Thank you for the many attachments. Would you please simply articulate what you want, or believe you are owed? That would be simpler.

Regards,

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Friday, May 3, 2024 5:05 PM
**To:** Dylan Schaffer <dylan@kslaw.us>
**Cc:** Edward Kerley <edward@kslaw.us>
**Subject:** RE: Wise & Marks v. State Farm

Good Afternoon Dylan

Please see the attached, which provides the details regarding the remaining items that need to be addressed. Let me know if you still have questions after reviewing.

Sandra

Sandra E. Stone



2000 Powell St., Suite 950
Emeryville, CA  94608

(510) 841-7777 (tel)
(510) 841-7776 (fax)
sstone@plawp.com | www.plawp.com

**CONFIDENTIALITY NOTE:**
This email and any attachments are intended to be received only by the designated recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

---

**From:** Dylan Schaffer <dylan@kslaw.us>
**Sent:** Thursday, May 2, 2024 5:04 PM
**To:** Sandra Stone <SStone@plawp.com>
**Cc:** Edward Kerley <edward@kslaw.us>

**Subject:** RE: Wise & Marks v. State Farm

Ms. Stone,

Mr. Carling has left our firm, so I'll handle any issues.

First, your accusations regarding violations of the PO are misplaced. I will be more than pleased to defend my conduct in the appropriate proceeding. Better to just file your motion rather than to assert your vague accusations. Relatedly, given the massive, system-wide, discovery abuses your client has been engaged in for as long as I can recall, I'd be more than happy to have a court review the full story and see who is violating orders, and who is not.

Second, my impression was Chris did provide a full statement of compliance. If you disagree, can you please provide a detailed description of the deficiencies. I genuinely do not understand your letter or what you are complaining about. But I'll be more than happy to take a look. At the moment, our Wise file is in archives and would take me a day or two to bring up and analyze.

Regards,

**Dylan Schaffer**
**KERLEY SCHAFFER LLP**
1939 Harrison Street, #900
Oakland, CA 94612
510.379.5801 ext. 204 (o)
510.384.1446 (m)
dylan@kslaw.us
www.kerleyschaffer.com

---

**From:** Sandra Stone <SStone@plawp.com>
**Sent:** Thursday, May 2, 2024 4:57 PM
**To:** Dylan Schaffer <dylan@kslaw.us>; Christopher Carling <chris@kslaw.us>
**Subject:** Wise & Marks v. State Farm

Please see attached.

Sandra E. Stone



2000 Powell St., Suite 950
Emeryville, CA  94608

(510) 841-7777 (tel)
(510) 841-7776 (fax)
sstone@plawp.com | www.plawp.com

**CONFIDENTIALITY NOTE**:

This email and any attachments are intended to be received only by the designated recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.