J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
Kerley Schaffer LLP
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TONG, et al, | Case No. 2:24−cv−02219−DSF−MAR |
| Plaintiffs, | <u>DISCOVERY MATTER</u> |
| v. | **SUPPLEMENTAL DECLARATION OF DYLAN SCHAFFER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10, | |
| Defendants. | **Motion Date:** December 18, 2024 **Time:** 11:00 a.m. **Location:** 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 790, 7th Floor |
| | Discovery Cutoff: 5/12/25 Pre-Trial Conference: 9/8/25 Trial: 10/7/25 |

I, Dylan Schaffer, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice in California and before this Court. If called to testify I would do so under penalty of perjury as follows:

2. My firm and I are counsel for Plaintiffs in this matter.

3. My firm was counsel in the matter of *Wise/Russell v. State Farm General Insurance Company*, 4:23-cv-00163-HSG, Northern District of California.

4. In the *Wise* matter, as previously set forth (Schaffer Declaration ISO Motion to Compel, ¶¶30-50), Plaintiffs sought by way of written discovery, but State Farm failed to produce, many of the categories of documents at issue in this proceeding.

5. In the *Wise* matter, as here, while failing to produce even a small fraction of the documents responsive to requests, as is its practice, State Farm produced a series of generic, non-responsive Operations Guides and other documents. The documents were produced pursuant to a protective order.

6. Following resolution of the case, consistent with the protective order, my firm certified that we had destroyed the materials that had been produced pursuant to the protective order.

7. Due to a staffing change in my office, we overlooked a total of 31 pages. When State Farm insisted that we certify those 31 pages, we did so.

8. State Farm neither sought nor obtained any order from any court related to its allegations that we violated the protective order. No court has ever found

Supplemental Declaration of Dylan Schaffer ISO Motion to Compel

that my firm has violated any protective order entered in any case, let alone in any case involving State Farm.

9. Since the filing of this motion, I became aware of another State Farm case which bears on the Court's decision here.

10. In the case of *Pachall v. State Farm General Insurance Company,* San Diego Superior Court No. 37-2022-00044176, plaintiffs sued State Farm after the insurer denied their water loss on the identical grounds at issue here: based on (a) below the surface of the ground and (b) continuous and repeated seepage and leakage.

11. In *Pachall,* as here, Plaintiffs sought training and guidelines materials, as well as personnel records relating to the handling of water losses. Attached to this Supplemental Declaration as **Exhibit DD** is a true and correct copy of the relevant requests by plaintiffs in the *Pachall* case.

12. In *Pachall,* as here, State Farm refused to produce the personnel file materials, agreed to produce generic Operations Guides, Standard Claim Processes, and Jurisdictional Resources, but failed to search for and produce all responsive training and guidelines materials relating to investigation of coverage as relates to water losses. Attached to this Supplemental Declaration as **Exhibit EE** is a true and correct copy of the relevant responses by State Farm.

13. The Court is urged to review, for example, State Farm's response to

Request 2, which is in most respects is identical to State Farm's standard response to document requests in this case relating to policy manuals, guidelines and training. Exhibit EE, pp.8:24-10:12.

14. The *Pachall* plaintiffs moved to compel production of the same categories of documents at issue here – personnel records, and guidelines/training relating to the investigation and coverage of water losses at State Farm, including documents relating to the State Farm "Water Initiative."

15. On October 11, 2024, the *Pachall* court granted Plaintiffs' motion in part, and ordered State Farm to search for and produce the requested documents, and awarded $4,520 in sanctions. Attached to this Supplemental Declaration as **Exhibit FF** is a true and correct copy of the court's order granting the *Pachall* plaintiffs' motion.

16. The Court is directed to the following requests as to which the *Pachall* court granted the motion to request, as they are essentially identical to many of the documents at issue here. *See* Exhibit DD, Requests 2, 3, 4-9, 13-25, 28-32, 34-44, 46-57, 60, Exhibit FF, pp.2-3, which grants the motion to compel as to each of the foregoing requests.

17. In the conferral efforts between counsel relating to case non-specific requests (*e.g.,* policies, practices, manuals, training, guidelines, and documents relating to the "Water Initiative"), I routinely offered to limit all such requests to documents bearing on California markets, policies, insureds

4

and claims, and agreed to limit requests to the period January 1, 2020 to present.

Executed this 4th day of December, 2024, at Oakland, California.

/S/Dylan Schaffer_____
Dylan Schaffer
Counsel for Plaintiffs

Supplemental Declaration of Dylan Schaffer ISO Motion to Compel

EXHIBIT  DD

EXHIBIT  DD



Eric D. Townsend (SBN 270279)
**LAW EAGLES, PC**
5638 Lake Murray Blvd, Suite 381
La Mesa, CA  91942
Telephone: (858) 634-0099
Facsimile: (877) 645-4971

Attorney for Plaintiff
BONITA PACHALL

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE - UNLIMITED

BONITA PACHALL, an individual;

        Plaintiff,

    v.

STATE FARM GENERAL INSURANCE COMPANY, and Illinois Corporation authorized to do business in California; and DOES 1 through 100, inclusive,

        Defendants.

Case No.: 37-2022-00044176-CU-IC-CTL

[Assigned to Dept. C-72, the Hon. Timothy Taylor, Judge]

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM GENERAL INSURANCE COMPANY, SET TWO**

Date Complaint filed: November 2, 2022
Trial Date: None

PROPOUNDING PARTY:    Plaintiff, BONITA PACHALL (hereinafter the "Plaintiff")

RESPONDING PARTY:    Defendant, STATE FARM GENERAL INSURANCE COMPANY (hereinafter the "Defendant")

SET NO.:    TWO

DATE OF PRODUCTION:

TIME OF PRODUCTION:    10:00 a.m.

LOCATION OF PRODUCTION:    Law Eagles, P.C., 5638 Lake Murray Blvd, Suite 381, La Mesa, CA  91942

    Plaintiff, BONITA PACHALL, per CCP §2031.210, et seq., requests that Defendant STATE

1

FARM GENERAL INSURANCE COMPANY, serve verified responses to Plaintiff's Request For Production of Documents and Things, Set One thirty days from the date of service of these requests upon it, and to produce the documents requested.

### DEFINITIONS

1.    As used herein "YOU" or "YOUR" shall mean STATE FARM GENERAL INSURANCE COMPANY, a California Corporation, including but not limited to its employees, agents and or others working on its behalf, excluding attorneys.

2.    As used herein, "CLAIM" shall mean the claim for damages submitted by Plaintiffs to Defendant with the assigned number 55-28J5-14X.

3.    As used herein, "PROPERTY" shall mean the property located at 7915 Gribble Street, San Diego, California 92114.

4.    As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written, recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices, charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters, telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps, drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards, minutes and records of meetings, reports, financial statements, (including, but not limited to, income statements, balance sheets, and statements of changes in financial position) financial calculations, estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow documents, title documents, security agreements, bonds, letters of credit, reports of telephone or oral conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term "writing" as that term is defined in California Evidence Code section 250, including any and all "handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." Evid. Code § 250. "DOCUMENT" or "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all electronic recordings of any information whether that information is electronic mail or other form of

2

electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT" or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way different from the original.

5.     As used herein, "COMPLAINT" refers to the operating pleading filed by PLAINTIFF in this case, inclusive of any amended complaints, or amendments thereto.

6.     As used herein, "INCIDENT" or "LOSS" refers to the events leading to and including the water damage to Plaintiffs' real property on or about December 10, 2021, which is the subject matter of the Complaint.

7.     As used herein, "PLAINTIFF" refers to BONITA PACHALL.

8.     As used herein, the term "PERSON" or "PERSONS" includes ANY natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, joint venture or public entity.

9.     As used herein, the terms "RELATE TO," "RELATED TO," and/or "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with, the matter therein.

10.     As used herein, "COMMUNICATION" or "COMMUNICATIONS" includes any contacts between or among two or more PERSONS, and includes without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and oral contact by such means as face-to-face meetings and telephone conversations.

11.     As used herein, the term "ANY" as well as "ALL" shall be construed to include "each" and "every" within their meanings.

12.     In these Requests, the terms "and" and "or" have both conjunctive and disjunctive meanings so as to be inclusive of any documents which otherwise may be excluded from production.

3

13.    In these Requests, the use of the singular includes the plural and the use of the plural includes the singular.

14.    As used herein, the term "POLICY" refers to all insurance policies, inclusive of all endorsements and declaration pages, Defendant issued to Plaintiff regarding the real property located at 7915 Gribble Street, San Diego, California 92114, and which was in force during the time when the loss occurred.

15.    "TRAINING TRANSCRIPT" means the record of training, continuing education courses and/or assessments and/or knowledge checks maintained by YOU for each individual employed by YOU who is either responsible for the investigation and/or adjustment of first party property claims or responsible for supervising others that are responsible for the investigation and/or adjustment of first party property claims.

16.    "MY BLOCK" means the record of monthly or other periodic written assessments and/or evaluations of work performed by each individual employed by YOU who is either responsible for the investigation and/or adjustment of first party property claims or responsible for supervising others that are responsible for the investigation and/or adjustment of first party property claims.

17.    "INVESTIGATE" means to carry out an investigation of a claim under any property insurance policy as required by 10 CCR §2695.7(d).

18.    "ADJUST" means to pay or deny a claim under any policy of insurance issued by YOU.

19. "SEEPAGE EXCLUSION" means the exclusion and/or limitation in the POLICY which states in part:
> "c. Water, meaning:
> (9) seepage or leakage of water, steam, or sewage that
> occurs or develops over a period of time:
> (a) and is:
> (i) continuous;
> (ii) repeating;
> (iii) gradual;
> (iv) intermittent;
> (v) slow; or
> (vi) trickling; and
> (b) from a:
> (i) heating, air conditioning, or automatic fire protective

4

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO STATE FARM, SET TWO**

sprinkler system;
(ii) household appliance; or
(iii) plumbing system, including from, within or around any
shower stall shower bath, tub installation, or other
plumbing fixture, including their walls, ceilings, or floors."

AND,

*4. We do not insure under any coverage **for any loss** which
is caused by one or more of the items below, regardless
of whether the **event occurs** suddenly or gradually, involves
isolated or widespread damage, arises from natural
or external forces, or occurs as a result of any
combination of these:*

*....*
*c. Water, meaning:*
*....*
*(5) continuous or repeated seepage or leak-
age of water or steam from a:*
*....*
*(c) plumbing system, including from, with-
in or around any shower stall, shower
bath, tub installation, or other plumb-
ing fixture, including their walls, ceil-
ings or floors.*

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1**

All emails RELATING TO the CLAIM, PROPERTY, or PLAINTIFF, including but not limited to emails sent to or received from Carolyn Johnson Gray, Gloria Jarvis, Jeannie Erickson Sylvia, Gerald Newlin, Fire Claims Support Unit, William Trujillo, Bailey Bingham, and/or Ryan C. White.

**REQUEST FOR PRODUCTION 2**

All DOCUMENTS used by YOU to provide guidance to, or to train, your claims handlers, supervisors, managers, agents, vendors, and outside adjusters, relating to the INVESTIGATION and ADJUSTING of water losses.

**REQUEST FOR PRODUCTION 3**

DOCUMENTS reflecting the California Fair Claims Settlement Practices Regulations YOU provided to YOUR employees or agents who INVESTIGATED and/or ADJUSTED the CLAIM.

*///*

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO STATE FARM, SET TWO**

**REQUEST FOR PRODUCTION 4**

All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers, supervisors, managers, agents, vendors, and outside adjusters, relating to the application of any exclusion in the POLICY relating to water losses.

**REQUEST FOR PRODUCTION 5**

All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers, supervisors, managers, agents, vendors, and outside adjusters, relating to the application of any exclusion in the POLICY relating to latent defect, wear, tear, deterioration, inherent vice, latent defect, or mechanical breakdown.

**REQUEST FOR PRODUCTION 6**

All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers, supervisors, managers, agents vendors, and outside adjusters, relating to the meaning or application of the following as applied to water losses of the following words in the POLICY: continuous, repeating, gradual, intermittent, slow, or trickling.

**REQUEST FOR PRODUCTION 7**

All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers, supervisors, managers, agents vendors, and outside adjusters, relating to the meaning or application as applied to water losses of the following phrase in the POLICY: "occurs or develops over a period of time."

**REQUEST FOR PRODUCTION 8**

All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers, supervisors, managers, agents vendors, and outside adjusters, relating to the meaning or application of the SEEPAGE EXCLUSION at any time.

**REQUEST FOR PRODUCTION 9**

YOUR training and/or written guidelines provided to Carolyn Johnson Gray, Gloria Jarvis, Jeannie Erickson Sylvia and Gerald Newlin, at any time regarding application of the SEEPAGE EXCLUSION.

///

6

1    **REQUEST FOR PRODUCTION 10**

2    YOUR guidelines and/or training provided at any time to Carolyn Johnson Gray, Gloria Jarvis,

3    Jeannie Erickson Sylvia and Gerald Newlin, on the issue of elimination of bias in the

4    ADJUSTMENT and/or INVESTIGATION of property claims.

5    **REQUEST FOR PRODUCTION 12**

6    Any and all actions taken by YOU to for the purpose of elimination and/or reducing bias in YOUR

7    INVESTIGATION and/or ADJUSTMENT of property claims following lawsuits which allege,

8    and/or media reports, of YOUR bias in the underwriting of property insurance policies, sales of

9    property insurance policy, and/or the INVESTIGATION and ADJUSTMENT of property claims,

10    from January 2018 to the present.

11    **REQUEST FOR PRODUCTION 13**

12    Each TRAINING TRANSCRIPT for YOUR employee Carolyn Johnson Gray reflecting training

13    and knowledge check scores from January 1, 2017, through the date of production.

14    **REQUEST FOR PRODUCTION 14**

15    Each MY BLOCK report for YOUR employee Carolyn Johnson Gray reflecting monthly or other

16    periodic performance reviews and assessments conducted by their supervisor from January 1, 2017,

17    through the date of production.

18    **REQUEST FOR PRODUCTION 15**

19    Each TRAINING TRANSCRIPT for YOUR employee Gloria Jarvis reflecting training and

20    knowledge check scores from January 1, 2017, through the date of production.

21    **REQUEST FOR PRODUCTION 16**

22    Each MY BLOCK report for YOUR employee Gloria Jarvis reflecting monthly or other periodic

23    performance reviews and assessments conducted by their supervisor from January 1, 2017, through

24    the date of production.

25    **REQUEST FOR PRODUCTION 17**

26    Each TRAINING TRANSCRIPT for YOUR employee Jeannie Erickson reflecting training and

27    knowledge check scores from January 1, 2017, through the date of production.

28    ///

7

**REQUEST FOR PRODUCTION 18**

Each MY BLOCK report for YOUR employee Jeannie Erickson reflecting monthly or other periodic performance reviews and assessments conducted by their supervisor from January 1, 2017, through the date of production.

**REQUEST FOR PRODUCTION 19**

Each TRAINING TRANSCRIPT for YOUR employee Gerald Newlin reflecting training and knowledge check scores from January 1, 2017, through the date of production.

**REQUEST FOR PRODUCTION 20**

Each MY BLOCK report for YOUR employee Gerald Newlin reflecting monthly or other periodic performance reviews and assessments conducted by their supervisor from January 1, 2017, through the date of production.

**REQUEST FOR PRODUCTION 21**

ALL performance reviews for YOUR employee Carolyn Johnson Gray for the time period January 1, 2017 through the date of production.

**REQUEST FOR PRODUCTION 22**

DOCUMENTS relating to the training module "Water Loss Skill Review", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 23**

DOCUMENTS relating to the training module "In Role 2023 Water Skill review (Inactive)", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 24**

DOCUMENTS relating to the training module "Water Mitigation Video Series", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional

8

materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 25**

DOCUMENTS relating to the training modules "Water Damage Mitigation Module 1" through "Water Damage Mitigation Module 7", inclusive, including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 26**

DOCUMENTS relating to training materials "Water Damage Coverage Analysis (HW-2100 Series) Workday", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 27**

DOCUMENTS relating to training materials "Water Damage Coverage Analysis (HW-2100 Series) course in Workday", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 28**

DOCUMENTS relating to training materials "Water Coverage Introduction and QFC VOD", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 29**

DOCUMENTS relating to training materials "Water Coverage Investigation VOD", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

9

**REQUEST FOR PRODUCTION 30**

DOCUMENTS relating to training materials "Introduction to Water Losses VOD", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 31**

DOCUMENTS relating to training materials "Water Coverage – Plumbing", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 32**

DOCUMENTS relating to training materials "Water Loss Scenarios course in Workday", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 33**

DOCUMENTS relating to training materials "TIPP", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 34**

DOCUMENTS relating to training materials "Fill-Up Water Loss VOD", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**REQUEST FOR PRODUCTION 35**

DOCUMENTS relating to training materials "Water Classes and Categories Job Aid", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional

10

1    materials, notes, references, curriculum, screen images, video files, audio files, questions and
2    answers, and coverage scenarios.

3    **REQUEST FOR PRODUCTION 36**

4    DOCUMENTS relating to training materials "Water Forum Coverage Mini Session", including but
5    not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional
6    materials, notes, references, curriculum, screen images, video files, audio files, questions and
7    answers, and coverage scenarios.

8    **REQUEST FOR PRODUCTION 37**

9    DOCUMENTS relating to training materials "Water Forum PowerPoint", including but not limited
10   to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials,
11   notes, references, curriculum, screen images, video files, audio files, questions and answers, and
12   coverage scenarios.

13   **REQUEST FOR PRODUCTION 38**

14   DOCUMENTS relating to the State Farm water initiative meeting that took place on or around
15   January through March of 2020.

16   **REQUEST FOR PRODUCTION 39**

17   All DOCUMENTS relating to the "California Fire Claims Discussion" referenced at
18   PACHB00001063PROD.

19   **REQUEST FOR PRODUCTION 40**

20   All DOCUMENTS relating to the "Water Forum Review" referenced at PACHB00001063PROD,
21   including but not limited to all meeting minutes, calendars, review of materials, approval of water
22   forum presentation materials, curriculum guides, manuals, handouts, workbooks, assessment tools,
23   instructional materials, notes, references, curriculum, screen images, video files, audio files,
24   questions and answers, coverage scenarios, presentations including draft presentations, presenter
25   notes, logs, diaries, and attendees list.

26   ///
27   ///
28   ///

11

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO STATE FARM, SET TWO**

**REQUEST FOR PRODUCTION 41**

All DOCUMENTS utilized or reviewed in connection with preparing the "Water Forum Review", including but not limited to any consultant reports including any McKinsey & Company consultant reports.

**REQUEST FOR PRODUCTION 42**

All DOCUMENTS relating to Coverage Investigations, including Recognition of coverage issues, Investigation of Accidental Direct or seepage and leakage, Amount of Water, length of time water escaped, Who noticed the leak; last time in the area of the leak, Rate/Flow of water, origin and Cause, Category and Class of Water and/or Continuous Seepage/Leakage referenced at PACHB00001069PROD through PACHB00001070PROD.

**REQUEST FOR PRODUCTION 43**

DOCUMENTS relating to a "Quality First Contact Guide-Fire" referenced at PACHB00001023PROD.

**REQUEST FOR PRODUCTION 44**

The complete presentation of the discussion of water losses with "illustration for discussion" (State Farm produced documents beginning at page 11 at PACHB00001035PROD - PACHB00001038PROD).

**REQUEST FOR PRODUCTION 45**

DOCUMENTS relating to Job Aids, Processes and Workflows referenced at PACHB00001055PROD.

**REQUEST FOR PRODUCTION 46**

DOCUMENTS referenced within "California Fire Claims Discussion Resources", including but not limited to Quality Claim Handling Standards, File Note Category Usage, Claim Details ECS Guidelines, Water Mitigation VOD, Water Mitigation Job Aid, Water Mitigation Job Aid Dashboard, Homeowners HW-2100 resources (see PACHB00001059PROD through PACHB00001062PROD)

///

///

12

**REQUEST FOR PRODUCTION 47**

DOCUMENTS relating to OG 70-140 Claim File Management Guidelines and Resources referenced at PACHB00001065PROD.

**REQUEST FOR PRODUCTION 48**

DOCUMENTS relating to ESC File Note Templates - 304 & 306 referenced at PACHB00001066PROD.

**REQUEST FOR PRODUCTION 49**

DOCUMENTS relating to Water scenarios referenced at PACHB00001066PROD.

**REQUEST FOR PRODUCTION 50**

DOCUMENTS relating to "Plumbing Photos" and "Plumbing and Sewer Job Aid" referenced at PACHB00001067PROD.

**REQUEST FOR PRODUCTION 51**

DOCUMENTS relating to "Coverage Model" and "JA_CovModel_Prop" referenced at PACHB00001068PROD.

**REQUEST FOR PRODUCTION 52**

All DOCUMENTS relating to Fire Focus – Water and/or "Tear Out Scenarios" Microsoft Powerpoint Presentat [sic] referenced at PACHB00001070PROD.

**REQUEST FOR PRODUCTION 53**

All DOCUMENTS relating to Coverage Investigation "Investigative Resources" referenced at PACHB00001071PROD.

**REQUEST FOR PRODUCTION 54**

All DOCUMENTS relating to Resources "Water Plan_5192019" referenced at PACHB00001078PROD.

**REQUEST FOR PRODUCTION 55**

All DOCUMENTS relating to QFC Guide referenced at PACHB00001092PROD.

**REQUEST FOR PRODUCTION 56**

All DOCUMENTS relating to "Construction Reference Guide: Plumbing" and "Plumbing Photos" referenced at PACHB00001092PROD.

13

**REQUEST FOR PRODUCTION 57**

All DOCUMENTS relating to "Water Loss Training Support Guide" referenced at PACHB00001094PROD.

**REQUEST FOR PRODUCTION 58**

All DOCUMENTS relating to Face Time Job Aid, ClaimXperience® Video Collaboration - Reference Guide, ClaimXperience® File Request - Reference Guide, and/or Claims Multi-Media Application Job Aid referenced at PACHB00001094PROD.

**REQUEST FOR PRODUCTION 59**

All DOCUMENTS relating to Face Time Job Aid, ClaimXperience® Video Collaboration - Reference Guide, ClaimXperience® File Request - Reference Guide, and/or Claims Multi-Media Application Job Aid referenced at PACHB00001094PROD.

**REQUEST FOR PRODUCTION 60**

All DOCUMENTS relating to PLRB Constant or Repeated Seepage or Leakage - All States referenced at PACHB00001095PROD.

**REQUEST FOR PRODUCTION 61**

All DOCUMENTS relating to any "totality of the circumstances" criteria used to evaluate ensuing water loss claims.

**REQUEST FOR PRODUCTION 68**

All DOCUMENTS relating to any "totality of the evidence" criteria used to evaluate ensuing water loss claims.

Dated:  February 5, 2024                    LAW EAGLES, PC

*Eric Townsend*
*Attorney for Plaintiff*
*BONITA PACHALL*

14

PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO STATE FARM, SET TWO

**PROOF OF SERVICE**
Bonita Pachall v. State Farm General Insurance Company
Case No.: 37-2022-00044176-CU-IC-CTL

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is: 5638 Lake Murray Blvd, Suite 381 La Mesa, CA 91942.

On February 5, 2024, I served the following documents described as:

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM GENERAL INSURANCE COMPANY, SET TWO**

on the interested parties in this action by sending ( ) the original (x) a true copy thereof as follows:

**SEE ATTACHED SERVICE LIST**

[]    (BY MAIL IN A SEALED AND ADDRESSED ENVELOPE TO THE SERVICE LIST) I am "readily familiar" with the firm's practice of collection and processing correspondences for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[XX]    (BY ELECTRONIC SERVICE) I transmitted the above-described document(s) to the listed interested parties in the Service List via electronic mail.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: February 5, 2024                    /s/ *Frank Lehoski*
                                           Frank Lehoski

1
**PROOF OF SERVICE**

1

## SERVICE LIST

2

Randall M. Nunn
E. Kenneth Purviance

3

rnunn@hughesnunn.com, kpurviance@hughesnunn.com, jschamber@hughesnunn.com
HUGHES & NUNN LLP

4

350 Tenth Ave., Suite 1000

5

San Diego, CA 92101
Telephone: (619) 231-1661

6

Facsimile: (619) 236-9271
Attorneys for Defendant

7

STATE FARM GENERAL INSURANCE COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT EE

EXHIBIT  EE

HUGHES & NUNN LLP
Randall M. Nunn (SBN 109762)
E. Kenneth Purviance (SBN 126206)
350 Tenth Avenue, Suite 1000
San Diego, CA 92101
Telephone (619) 231-1661
Facsimile (619) 236-9271

Attorneys for Defendant State Farm
General Insurance Company

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| BONITA PACHALL, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation authorized to do business in California; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 37-2022-00044176-CU-IC-CTL<br><br>DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO<br><br>Dept.:         C-72<br>Judge:        Hon. Timothy Taylor<br>T/D:          June 28, 2024<br>Complaint Filed:   November 2, 2022 |

RESPONDING PARTY:    Defendant State Farm General Insurance Company ("State Farm")

SET NO.:    Two (2)

PROPOUNDING PARTY:    Plaintiff Bonita Pachall ("Plaintiff")

## I.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

These responses are made solely for the purpose of, and in relation to, this action. All responses are given on the basis of present recollection. State Farm has not completed its discovery in this action or its preparation for trial. State Farm reserves the right to supplement its responses if new or different information is discovered or recalled and reserves the right to present, at the time of trial, evidence subsequently discovered to be relevant.

1

State Farm generally objects to any request that calls for the disclosure of information which is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, Insurance Code Section 791 and/or a right to privacy.

State Farm objects to the instructions provided in these requests to the extent they require State Farm to provide information or take action beyond that which is required under CCP Section 2033.210, et seq.

## II.

## OBJECTIONS TO DEFINITIONS

**DEFINITION 1:**

1.      As used herein "YOU" or "YOUR" shall mean STATE FARM GENERAL INSURANCE COMPANY, a California Corporation, including but not limited to its employees, agents and or others working on its behalf, excluding attorneys.

**RESPONSE TO DEFINITION 1:**

State Farm General Insurance Company is a stock insurance corporation incorporated under the insurance laws of the State of Illinois. It is wholly owned by State Farm Mutual Automobile Insurance Company.


**DEFINITION 4:**

4.      As used herein, the term "DOCUMENT" or "DOCUMENTS" means any written, recorded or graphic matter, however produced or reproduced, or "writing" of any kind, including, but not limited to, correspondence, memoranda, reports, studies, analyses, contracts, agreements, invoices, charts, graphs, indices, data sheets, data processing cards or tapes, notes, work papers, entries, letters, telegrams, forms, advertisements, brochures, circulars, tapes, records, bulletins, papers, books, maps, drawings, accounts, photographs, transcriptions, recordings, magnetic tapes, disks, imprinted cards, minutes and records of meetings, reports, financial statements, (including, but not limited to, income statements, balance sheets, and statements of changes in financial position) financial calculations, estimates, transactional documents, promissory notes, deeds of trust, closing statements, escrow documents, title documents, security agreements, bonds, letters of credit, reports

2

of telephone or oral conversations, appointment books, calendars or diaries, and includes, but is not limited to, the term "writing" as that term is defined in California Evidence Code section 250, including any and all "handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." Evid. Code § 250. "DOCUMENT" or "DOCUMENTS" includes all drafts and all finalized and/or executed writings, and includes all electronic recordings of any information whether that information is electronic mail or other form of electronic means of preserving information and/or is stored on a "hard" disk, 5 ¼" or 3 ½" disk, laser disk, magnetic or other tape, personal computer or mainframe computer. If YOU do not have custody or control of the original, the term "DOCUMENT" or "DOCUMENTS" shall also include any carbon or photograph or any other copies, telephone messages, reproductions or facsimiles thereof. If YOU have custody or control of the original and copies, reproduction or facsimiles, the term "DOCUMENT" or "DOCUMENTS" shall mean the original of any copy or reproduction or facsimile that is in any way different from the original.

**RESPONSE TO DEFINITION 4:**

State Farm objects to Plaintiff's definition of "DOCUMENT" or "DOCUMENTS" to the extent it implies State Farm has an obligation to provide discovery from sources that are not reasonably accessible. Electronically stored information ("ESI") is frequently duplicated and disbursed in the ordinary course of business and discovery regarding all identical copies of ESI would be cumulative, duplicative, and impose unnecessary burdens without any benefit to the adjudication of this action. Cal. Code of Civ. Pro. § 2017.020(a).

State Farm also objects to the extent Plaintiff's definition seeks discovery regarding ESI that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as preservation of, and discovery about, such things is not proportional to the needs of the case. State Farm objects to Plaintiff's definition as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent Plaintiff purports to include system information not created by State Farm's users, such as caches, cookies, or logs, or otherwise seek to require State Farm to record and/or provide discovery regarding records and information that are not ordinarily captured

and/or are overwritten in the ordinary course of operating State Farm's computing systems.  Cal. Code of Civ. Pro. § 2017.020(a).

State Farm objects to the inclusion of "drafts" and "copies" in Plaintiff's definition of "DOCUMENT" or "DOCUMENTS" on the grounds that drafts and copies are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative.  To the extent that a draft or copy is not a business record stored in a central repository in State Farm's ordinary course of business, discovery regarding "drafts" and/or "copies" would not be proportional to the needs of this case.  Cal. Code of Civ. Pro. §§ 2017.020(a); 2031.210.

State Farm objects to the inclusion of "correspondence" and "telephone messages" in Plaintiff's definition of "DOCUMENT" or "DOCUMENTS" on the grounds that it would be disproportionate to the needs of the case to provide discovery regarding instant messages and/or text/SMS messages that are not captured by State Farm in their ordinary course of business.  Cal. Code of Civ. Pro. § 2017.020(a).

State Farm objects to the inclusion of "data sheets", "data processing cards", "tapes", "magnetic tapes", "disks", "imprinted cards", "all electronic recordings of any information whether that information is electronic mail or other form of electronic means of preserving information", "'hard' disk", "5 ¼" or 3 ½" disk", "laser disk", "magnetic or other tape", and "personal computer or mainframe computer" in Plaintiff's definition of "DOCUMENT" or "DOCUMENTS" to the extent such things refer, not to "DOCUMENTS," but rather to media on which "DOCUMENTS" and ESI are stored.  State Farm further objects to the extent this definition seeks direct access to State Farm's electronic storage media. There is no routine right of direct access to a party's electronic information systems and there has been no showing in this case sufficient to overcome this presumption.

In addition, State Farm objects to Plaintiff's definition insofar as it purports to impose obligations that exceed those set forth in Cal. Code of Civ. Pro. § 2031.010.  State Farm is only obligated to produce discoverable "DOCUMENTS" within its possession, custody, or control.

Finally, State Farm objects to the definition of "DOCUMENT" or "DOCUMENTS" to the extent it would require the disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, or other privileges recognized by law.

Notwithstanding these objections, to the extent any responsive documents or ESI are produced, State Farm will produce reasonably accessible, relevant, non-privileged information in reasonably usable formats. Documents that contain redactions will be produced in static image format.

**DEFINITION 9:**

9.       As used herein, the terms "RELATE TO," "RELATED TO," and/or "RELATING TO" mean discuss, support, refute, reflect, mention, embody, pertain to, involve, comprise, respond to, concern, contain, summarize, memorialize, evidence, refer to, or connect in any way legally, factually or logically with, the matter therein.

**RESPONSE TO DEFINITION 9:**

State Farm objects to Plaintiff's definition of "RELATE TO," "RELATED TO," and/or "RELATING TO" to the extent it would require State Farm to construe such terminology beyond its ordinary meaning. State Farm further objects to the extent this definition purports to seek information that bears no relevance to the claims and defenses in this case or that is disproportionate to the needs of this litigation.  Cal. Code of Civ. Pro. § 2017.020(a).

**DEFINITION 10:**

As used herein, "COMMUNICATION" or "COMMUNICATIONS" includes any contacts between or among two or more PERSONS, and includes without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronic mail or any other DOCUMENTS, and oral contact by such means as face-to-face meetings and telephone conversations.

**RESPONSE TO DEFINITION 10:**

State Farm restates and incorporates its objection to Plaintiff's definition of "DOCUMENT" or "DOCUMENTS" and applies the same to Plaintiff's definition of "COMMUNICATION" or "COMMUNICATIONS."

Additionally, State Farm objects to the inclusion of "oral" exchanges in Plaintiff's definition of "COMMUNICATION" or "COMMUNICATIONS" on the grounds that Cal. Code of Civ. Pro. § 2031.010 does not require State Farm to produce "communications" that do not already exist on a

medium from which information can be obtained.

**DEFINITION 15:**

"TRAINING TRANSCRIPT" means the record of training, continuing education courses and/or assessments and/or knowledge checks maintained by YOU for each individual employed by YOU who is either responsible for the investigation and/or adjustment of first party property claims or responsible for supervising others that are responsible for the investigation and/or adjustment of first party property claims.

**RESPONSE TO DEFINITION 15:**

State Farm objects to the term "TRAINING TRANSCRIPT" as vague, ambiguous, overbroad and disproportionate to the needs of the case.  Further, the definition is not limited to the type of claim or issues involved in this matter.

**DEFINITION 16:**

"MY BLOCK" means the record of monthly or other periodic written assessments and/or evaluations of work performed by each individual employed by YOU who is either responsible for the investigation and/or adjustment of first party property claims or responsible for supervising others that are responsible for the investigation and/or adjustment of first party property claims.

**RESPONSE TO DEFINITION 16:**

State Farm objects to the term "MY BLOCK" as vague, ambiguous, overbroad and disproportionate to the needs of the case.  Further, the definition is not limited to the type of claim or issues involved in this matter.  State Farm further objects to the definition to the extent it implies State Farm has an obligation to provide discovery from sources that are not reasonably accessible. Electronically stored information ("ESI") is frequently duplicated and disbursed in the ordinary course of business and discovery regarding all identical copies of ESI would be cumulative, duplicative, and impose unnecessary burdens without any benefit to the adjudication of this action. Cal. Code of Civ. Pro.  § 2017.020(a).  Finally, State Farm objects to the definition of "MY BLOCK" to the extent it would require the disclosure of information protected from discovery by

101.840\SF Resp to RFPD Set 2 031424.docx
DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

1  the attorney-client privilege, work product doctrine, or other privileges recognized by law.

2

3                                            **III.**

4                    **REQUESTS FOR PRODUCTION AND RESPONSES**

5  **REQUEST FOR PRODUCTION NO. 1:**

6          All emails RELATING TO the CLAIM, PROPERTY, or PLAINTIFF, including but not

7  limited to emails sent to or received from Carolyn Johnson Gray, Gloria Jarvis, Jeannie Erickson

8  Sylvia, Gerald Newlin, Fire Claims Support Unit, William Trujillo, Bailey Bingham, and/or Ryan C.

9  White.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11         State Farm objects to this request on the grounds that it is overly broad with respect to the

12 broad categories of personnel and documents potentially encompassed by this request. Further, the

13 request is overly broad in scope (not limited to documents pertinent to the specific insurance claims

14 and/or coverages at issue in this litigation) and time (not limited by a reasonable period). This

15 request is not reasonably tailored to include only matters relevant to the issues involved in this

16 lawsuit; it seeks information that is neither relevant nor reasonably calculated to lead to the

17 discovery of admissible evidence. Further, due to the overly broad nature of this request, it is a

18 potential invasion of the attorney-client privilege and the work product doctrine.

19         Information regarding the claim at issue in this litigation is created, stored, managed and

20 accessed primarily in and through the Enterprise Claims System ("ECS"), a proprietary web-based

21 system used by State Farm claims associates.  "Claim File" has a distinct meaning to State Farm

22 based upon the portion of its Operation Guide that provides instructions on what to retrieve from

23 ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced

24 its Claim File for the subject claim (Bates numbers CF_00001-769) as it does in the usual course of

25 business pursuant to its Operation Guide 825-100.  State Farm expressly objects to this request to the

26 extent it seeks information protected by the attorney client privilege and/or attorney work product

27 doctrine, and it is withholding portions of its Claim File that contain information protected by the

28 attorney client privilege and/or is work product.

101.840\SF Resp to RFPD Set 2 031424.docx

To the extent that this request seeks production of information other than the "Claim File" as described above, State Farm objects to this request as overbroad, vague, ambiguous, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, the documents sought may also violate the attorney-client privilege and work product doctrine. Subject to and without waiving this objection, any additional responsive, non-privileged material related to the subject claim that is not considered part of the "Claim File" will be produced.

Additionally, to the extent Plaintiff intended to seek underwriting information, State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. There is no dispute that the applicable policy was in effect on the date of loss. State Farm further objects to this request to the extent it assumes a physical underwriting file folder exists, and because this request is vague and ambiguous as to what is sought. State Farm does not maintain a physical file folder with respect to most insurance policies issued. Rather, underwriting information is stored electronically in multiple locations. Consequently, this request has the potential to be unduly burdensome.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS used by YOU to provide guidance to, or to train, your claims handlers, supervisors, managers, agents, vendors, and outside adjusters, relating to the INVESTIGATION and ADJUSTING of water losses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly

burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.  Further, this request seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets.  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm has produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss, and additional materials representative of resources available during the relevant timeframe for handling of the underlying claim. Further, subject to the protective order in this case, State Farm has produced the relevant confidential and/or trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

For information reflecting the application of claims procedures to Plaintiff's claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding information protected by the attorney client privilege and/or that is work product.  State Farm has produced the non-privileged documents described above and withheld other potentially responsive documents based on the stated objections.

To the extent this request may seek information regarding training, State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS", "to provide guidance to, or to train", and "relating to the INVESTIGATION and ADJUSTING of water losses".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS reflecting the California Fair Claims Settlement Practices Regulations YOU provided to YOUR employees or agents who INVESTIGATED and/or ADJUSTED the CLAIM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets.  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm has produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in

1    effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional

2    References applicable and in effect on the date of loss, and additional materials representative of

3    resources available during the relevant timeframe for handling of the underlying claim. Further,

4    subject to the protective order in this case, State Farm has produced the relevant confidential and/or

5    trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

6          For information reflecting the application of claims procedures to Plaintiff's claim, see the

7    Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm

8    based upon the portion of its Operation Guide that provides instructions on what to retrieve from

9    ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced

10   its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it

11   does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding

12   information protected by the attorney client privilege and/or that is work product.  State Farm is

13   producing the non-privileged documents described above and withholding other potentially

14   responsive documents based on the stated objections.

15

16   **REQUEST FOR PRODUCTION NO. 4:**

17          All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers,

18   supervisors, managers, agents, vendors, and outside adjusters, relating to the application of any

19   exclusion in the POLICY relating to water losses.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

21          State Farm objects to this request on the grounds that it is overly broad in scope (types of

22   claims and insurance coverage), time (not limited by the period of time when this claim was

23   handled), and geographic area (not limited to California). This request is not reasonably tailored to

24   include only matters relevant to the issues involved in this lawsuit and is potentially unduly

25   burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the

26   discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but

27   each claim is handled on its own merits. Further, due to the overly broad nature of this request, it is a

28   potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm

1  objects to this request to the extent it seeks confidential, proprietary business information and/or

2  trade secrets.  Plaintiff has not established that such information is necessary to a fair adjudication of

3  this case.

4      Subject to and without waiving the aforementioned objections, State Farm has produced the

5  relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in

6  effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional

7  References applicable and in effect on the date of loss, and additional materials representative of

8  resources available during the relevant timeframe for handling of the underlying claim. Further,

9  subject to the protective order in this case, State Farm has produced the relevant confidential and/or

10  trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

11      For information reflecting the application of claims procedures to Plaintiff's claim, see the

12  Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm

13  based upon the portion of its Operation Guide that provides instructions on what to retrieve from

14  ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced

15  its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it

16  does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding

17  information protected by the attorney client privilege and/or that is work product.  State Farm is

18  producing the non-privileged documents described above and withholding other potentially

19  responsive documents based on the stated objections.

20      To the extent this request may seek information regarding training, State Farm objects to this

21  request as vague, ambiguous, and overly broad with respect to the use of the terms "All

22  DOCUMENTS", "to provide guidance to, or to train", and "relating to the application of any

23  exclusion in the POLICY relating to water losses".  State Farm further objects to this request on the

24  grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance

25  claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims

26  personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and

27  geographic area (not limited to materials applicable to California). This request is not reasonably

28  tailored to include only matters relevant to the issues involved in this lawsuit and is potentially

1    unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to

2    the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but

3    each claim is handled on its own merits. Moreover, materials on which individuals were trained prior

4    to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses,

5    and/or which pertain only to other areas of the country, are neither material nor relevant to the

6    matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks

7    confidential, proprietary business information and/or trade secrets. Plaintiff has not established that

8    such information is necessary to a fair adjudication of this case.

9

10   **REQUEST FOR PRODUCTION NO. 5:**

11         All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers,

12   supervisors, managers, agents, vendors, and outside adjusters, relating to the application of any

13   exclusion in the POLICY relating to latent defect, wear, tear, deterioration, inherent vice, latent

14   defect, or mechanical breakdown.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16         State Farm objects to this request on the grounds that it is overly broad in scope (types of

17   claims and insurance coverage), time (not limited by the period of time when this claim was

18   handled), and geographic area (not limited to California). This request is not reasonably tailored to

19   include only matters relevant to the issues involved in this lawsuit and is potentially unduly

20   burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the

21   discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but

22   each claim is handled on its own merits.  Finally, State Farm objects to this request to the extent it

23   seeks confidential, proprietary business information and/or trade secrets.  Plaintiff has not

24   established that such information is necessary to a fair adjudication of this case.

25         Subject to and without waiving the aforementioned objections, State Farm has produced the

26   relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in

27   effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional

28   References applicable and in effect on the date of loss, and additional materials representative of

1    resources available during the relevant timeframe for handling of the underlying claim. Further,

2    subject to the protective order in this case, State Farm has produced the relevant confidential and/or

3    trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

4         For information reflecting the application of claims procedures to Plaintiff's claim, see the

5    Claim File for the claim at issue in this litigation. "Claim File" has a distinct meaning to State Farm

6    based upon the portion of its Operation Guide that provides instructions on what to retrieve from

7    ECS to generate a Claim File for production outside the ECS environment. State Farm has produced

8    its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it

9    does in the ordinary course of business pursuant to its Operation Guide. State Farm is withholding

10   information protected by the attorney client privilege and/or that is work product. State Farm is

11   producing the non-privileged documents described above and withholding other potentially

12   responsive documents based on the stated objections.

13        To the extent this request may seek information regarding training, State Farm objects to this

14   request as vague, ambiguous, and overly broad with respect to the use of the terms "All

15   DOCUMENTS", "to provide guidance to, or to train", and "relating to the application of any

16   exclusion in the POLICY relating to latent defect, wear, tear, deterioration, inherent vice, latent

17   defect, or mechanical breakdown". State Farm further objects to this request on the grounds that it is

18   overly broad in scope (not limited to materials applicable to the specific insurance claims and/or

19   coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who

20   adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area

21   (not limited to materials applicable to California). This request is not reasonably tailored to include

22   only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it

23   seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

24   admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is

25   handled on its own merits. Moreover, materials on which individuals were trained prior to the date of

26   loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which

27   pertain only to other areas of the country, are neither material nor relevant to the matters at issue in

28   this case. Further, due to the overly broad nature of this request, it is a potential invasion of the

attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers, supervisors, managers, agents vendors, and outside adjusters, relating to the meaning or application of the following as applied to water losses of the following words in the POLICY: continuous, repeating, gradual, intermittent, slow, or trickling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets.  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm has produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss, and additional materials representative of resources available during the relevant timeframe for handling of the underlying claim. Further, subject to the protective order in this case, State Farm has produced the relevant confidential and/or trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

For information reflecting the application of claims procedures to Plaintiff's claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm

1   based upon the portion of its Operation Guide that provides instructions on what to retrieve from

2   ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced

3   its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it

4   does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding

5   information protected by the attorney client privilege and/or that is work product.  State Farm is

6   producing the non-privileged documents described above and withholding other potentially

7   responsive documents based on the stated objections.

8        To the extent this request may seek information regarding training, State Farm objects to this

9   request as vague, ambiguous, and overly broad with respect to the use of the terms "All

10  DOCUMENTS", "to provide guidance to, or to train", and "relating to the meaning or application of

11  the following as applied to water losses of the following words in the POLICY: continuous,

12  repeating, gradual, intermittent, slow, or trickling".  State Farm further objects to this request on the

13  grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance

14  claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims

15  personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and

16  geographic area (not limited to materials applicable to California). This request is not reasonably

17  tailored to include only matters relevant to the issues involved in this lawsuit and is potentially

18  unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to

19  the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but

20  each claim is handled on its own merits. Moreover, materials on which individuals were trained prior

21  to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses,

22  and/or which pertain only to other areas of the country, are neither material nor relevant to the

23  matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential

24  invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to

25  this request to the extent it seeks confidential, proprietary business information and/or trade secrets.

26  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

27  / / / / /

28  / / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers, supervisors, managers, agents vendors, and outside adjusters, relating to the meaning or application as applied to water losses of the following phrase in the POLICY: "occurs or develops over a period of time."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets.  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm has produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss, and additional materials representative of resources available during the relevant timeframe for handling of the underlying claim. Further, subject to the protective order in this case, State Farm has produced the relevant confidential and/or trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

For information reflecting the application of claims procedures to Plaintiff's claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding

information protected by the attorney client privilege and/or that is work product. State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

To the extent this request may seek information regarding training, State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS", "to provide guidance to, or to train", and "the meaning or application as applied to water losses". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS used by YOU to provide guidance to, or to train, YOUR claims handlers, supervisors, managers, agents vendors, and outside adjusters, relating to the meaning or application of the SEEPAGE EXCLUSION at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm has produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss, and additional materials representative of resources available during the relevant timeframe for handling of the underlying claim. Further, subject to the protective order in this case, State Farm has produced the relevant confidential and/or trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

For information reflecting the application of claims procedures to Plaintiff's claim, see the Claim File for the claim at issue in this litigation. "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment. State Farm has produced its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide. State Farm is withholding information protected by the attorney client privilege and/or that is work product. State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

To the extent this request may seek information regarding training, State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS", "to provide guidance to, or to train", and "relating to the meaning or application of the SEEPAGE EXCLUSION at any time". State Farm further objects to this request on the grounds

that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 9:**

YOUR training and/or written guidelines provided to Carolyn Johnson Gray, Gloria Jarvis, Jeannie Erickson Sylvia and Gerald Newlin, at any time regarding application of the SEEPAGE EXCLUSION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets.  Plaintiff has not

1  established that such information is necessary to a fair adjudication of this case.

2  　　　　Subject to and without waiving the aforementioned objections, State Farm has produced the

3  relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in

4  effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional

5  References applicable and in effect on the date of loss, and additional materials representative of

6  resources available during the relevant timeframe for handling of the underlying claim. Further,

7  subject to the protective order in this case, State Farm has produced the relevant confidential and/or

8  trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

9  　　　　For information reflecting the application of claims procedures to Plaintiff's claim, see the

10  Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm

11  based upon the portion of its Operation Guide that provides instructions on what to retrieve from

12  ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced

13  its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it

14  does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding

15  information protected by the attorney client privilege and/or that is work product.  State Farm is

16  producing the non-privileged documents described above and withholding other potentially

17  responsive documents based on the stated objections.

18  　　　　 To the extent this request may seek information regarding training, State Farm objects to this

19  request as vague, ambiguous, and overly broad with respect to the use of the terms "training and/or

20  written guidelines" and "regarding application of the SEEPAGE EXCLUSION".  State Farm further

21  objects to this request on the grounds that it is overly broad in scope (not limited to materials

22  applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to

23  materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a

24  reasonable period of time), and geographic area (not limited to materials applicable to California).

25  This request is not reasonably tailored to include only matters relevant to the issues involved in this

26  lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor

27  reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are

28  intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on

which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 10:**

YOUR guidelines and/or training provided at any time to Carolyn Johnson Gray, Gloria Jarvis, Jeannie Erickson Sylvia and Gerald Newlin, on the issue of elimination of bias in the ADJUSTMENT and/or INVESTIGATION of property claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm has produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss, and additional materials representative of resources available during the relevant timeframe for handling of the underlying claim. Further, subject to the protective order in this case, State Farm has produced the relevant confidential and/or

1  trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

2     For information reflecting the application of claims procedures to Plaintiff's claim, see the

3  Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm

4  based upon the portion of its Operation Guide that provides instructions on what to retrieve from

5  ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced

6  its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it

7  does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding

8  information protected by the attorney client privilege and/or that is work product.  State Farm is

9  producing the non-privileged documents described above and withholding other potentially

10  responsive documents based on the stated objections.

11     To the extent this request may seek information regarding training, State Farm objects to this

12  request as vague, ambiguous, and overly broad with respect to the use of the terms "guidelines

13  and/or training" and "the issue of elimination of bias in the ADJUSTMENT and/or

14  INVESTIGATION of property claims".  State Farm further objects to this request on the grounds

15  that it is overly broad in scope (not limited to materials applicable to the specific insurance claims

16  and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel

17  who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic

18  area (not limited to materials applicable to California). This request is not reasonably tailored to

19  include only matters relevant to the issues involved in this lawsuit and is potentially unduly

20  burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the

21  discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but

22  each claim is handled on its own merits. Moreover, materials on which individuals were trained prior

23  to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses,

24  and/or which pertain only to other areas of the country, are neither material nor relevant to the

25  matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential

26  invasion of the attorney-client privilege and the work product doctrine.  Finally, State Farm objects

27  to this request to the extent it seeks confidential, proprietary business information and/or trade

28  secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

1  case.

2

3  **REQUEST FOR PRODUCTION NO. 12:**

4       Any and all actions taken by YOU to for the purpose of elimination and/or reducing bias in

5  YOUR INVESTIGATION and/or ADJUSTMENT of property claims following lawsuits which

6  allege, and/or media reports, of YOUR bias in the underwriting of property insurance policies, sales

7  of property insurance policy, and/or the INVESTIGATION and ADJUSTMENT of property claims,

8  from January 2018 to the present.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

10      State Farm objects to this request on the grounds that it is overly broad in scope (types of

11  claims and insurance coverage), time (not limited by the period of time when this claim was

12  handled), and geographic area (not limited to California).  State Further disputes Plaintiff's

13  characterization of "lawsuits . . .and/or media reports" regarding "bias in the underwriting of

14  property insurance policies, sales of property insurance policy, and/or the INVESTIGATION and

15  ADJUSTMENT of property claims".  This request is not reasonably tailored to include only matters

16  relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

17  information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

18  evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its

19  own merits.  Further, due to the overly broad nature of this request, it is a potential invasion of the

20  attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to

21  the extent it seeks confidential, proprietary business information and/or trade secrets or calls for

22  information subject to the attorney-client privilege and/or that is work product.  Plaintiff has not

23  established that such information is necessary to a fair adjudication of this case.

24      Subject to and without waiving the aforementioned objections, State Farm has produced the

25  relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in

26  effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional

27  References applicable and in effect on the date of loss, and additional materials representative of

28  resources available during the relevant timeframe for handling of the underlying claim. Further,

101.840\SF Resp to RFPD Set 2 031424.docx

1    subject to the protective order in this case, State Farm has produced the relevant confidential and/or

2    trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

3         For information reflecting the application of claims procedures to Plaintiff's claim, see the

4    Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm

5    based upon the portion of its Operation Guide that provides instructions on what to retrieve from

6    ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced

7    its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it

8    does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding

9    information protected by the attorney client privilege and/or that is work product.  State Farm is

10   producing the non-privileged documents described above and withholding other potentially

11   responsive documents based on the stated objections.

12        To the extent this request may seek information regarding training, State Farm objects to this

13   request as vague, ambiguous, and overly broad with respect to the use of the terms "elimination

14   and/or reducing bias in [State Farm's] INVESTIGATION and/or ADJUSTMENT of property

15   claims".  State Farm further objects to this request on the grounds that it is overly broad in scope (not

16   limited to materials applicable to the specific insurance claims and/or coverages at issue in this

17   litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim),

18   time (not limited to a reasonable period of time), and geographic area (not limited to materials

19   applicable to California). This request is not reasonably tailored to include only matters relevant to

20   the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is

21   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State

22   Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.

23   Moreover, materials on which individuals were trained prior to the date of loss, and which were

24   obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other

25   areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due

26   to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and

27   the work product doctrine. Finally, State Farm objects to this request to the extent it seeks

28   confidential, proprietary business information and/or trade secrets. Plaintiff has not established that

1  such information is necessary to a fair adjudication of this case.

2

3  **REQUEST FOR PRODUCTION NO. 13:**

4  Each TRAINING TRANSCRIPT for YOUR employee Carolyn Johnson Gray reflecting

5  training and knowledge check scores from January 1, 2017, through the date of production.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

7  State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

8  use of the terms "Each TRAINING TRANSCRIPT" and "reflecting training and knowledge check

9  scores". State Farm further objects to this request on the grounds that it is overly broad in scope (not

10  limited to materials applicable to the specific insurance claims and/or coverages at issue in this

11  litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim),

12  time (not limited to a reasonable period of time), and geographic area (not limited to materials

13  applicable to California). This request is not reasonably tailored to include only matters relevant to

14  the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is

15  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State

16  Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.

17  Moreover, materials on which individuals were trained prior to the date of loss, and which were

18  obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other

19  areas of the country, are neither material nor relevant to the matters at issue in this case. Finally,

20  State Farm objects to this request to the extent it seeks confidential, proprietary business information

21  and/or trade secrets. Plaintiff has not established that such information is necessary to a fair

22  adjudication of this case.

23

24  **REQUEST FOR PRODUCTION NO. 14:**

25  Each MY BLOCK report for YOUR employee Carolyn Johnson Gray reflecting monthly or

26  other periodic performance reviews and assessments conducted by their supervisor from January 1,

27  2017, through the date of production.

28  / / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

State Farm objects to this request on the grounds that it is overbroad in scope (not limited in terms of scope of employment or assignment; not limited to materials pertinent to the specific insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This type of inquiry goes beyond what is needed to address the claims and defenses at issue; it is not likely to assist in the resolution of this this case, and therefore any burden to State Farm would be disproportionate to the scope of the matter.  State Farm further objects to this request because it unduly invades the privacy of its employees and is broad enough to potentially implicate information that is confidential, proprietary business information. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 15:**

Each TRAINING TRANSCRIPT for YOUR employee Gloria Jarvis reflecting training and knowledge check scores from January 1, 2017, through the date of production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "Each TRAINING TRANSCRIPT" and "reflecting training and knowledge check scores".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were

101.840\SF Resp to RFPD Set 2 031424.docx

obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 16:**

Each MY BLOCK report for YOUR employee Gloria Jarvis reflecting monthly or other periodic performance reviews and assessments conducted by their supervisor from January 1, 2017, through the date of production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

State Farm objects to this request on the grounds that it is overbroad in scope (not limited in terms of scope of employment or assignment; not limited to materials pertinent to the specific insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This type of inquiry goes beyond what is needed to address the claims and defenses at issue; it is not likely to assist in the resolution of this this case, and therefore any burden to State Farm would be disproportionate to the scope of the matter.  State Farm further objects to this request because it unduly invades the privacy of its employees and is broad enough to potentially implicate information that is confidential, proprietary business information. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 17:**

Each TRAINING TRANSCRIPT for YOUR employee Jeannie Erickson reflecting training and knowledge check scores from January 1, 2017, through the date of production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

use of the terms "Each TRAINING TRANSCRIPT" and "reflecting training and knowledge check scores".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 18:**

Each MY BLOCK report for YOUR employee Jeannie Erickson reflecting monthly or other periodic performance reviews and assessments conducted by their supervisor from January 1, 2017, through the date of production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

State Farm objects to this request on the grounds that it is overbroad in scope (not limited in terms of scope of employment or assignment; not limited to materials pertinent to the specific insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  This type of inquiry goes beyond what is needed to address the claims and defenses at issue; it is not likely to assist in the resolution of this this case, and

1  therefore any burden to State Farm would be disproportionate to the scope of the matter.  State Farm

2  further objects to this request because it unduly invades the privacy of its employees and is broad

3  enough to potentially implicate information that is confidential, proprietary business information.

4  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

5

6  **REQUEST FOR PRODUCTION NO. 19:**

7       Each TRAINING TRANSCRIPT for YOUR employee Gerald Newlin reflecting training and

8  knowledge check scores from January 1, 2017, through the date of production.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

10       State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

11  use of the terms "Each TRAINING TRANSCRIPT" and "reflecting training and knowledge check

12  scores".  State Farm further objects to this request on the grounds that it is overly broad in scope (not

13  limited to materials applicable to the specific insurance claims and/or coverages at issue in this

14  litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim),

15  time (not limited to a reasonable period of time), and geographic area (not limited to materials

16  applicable to California). This request is not reasonably tailored to include only matters relevant to

17  the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is

18  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State

19  Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.

20  Moreover, materials on which individuals were trained prior to the date of loss, and which were

21  obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other

22  areas of the country, are neither material nor relevant to the matters at issue in this case. Finally,

23  State Farm objects to this request to the extent it seeks confidential, proprietary business information

24  and/or trade secrets. Plaintiff has not established that such information is necessary to a fair

25  adjudication of this case.

26

27  **REQUEST FOR PRODUCTION NO 20:**

28       Each MY BLOCK report for YOUR employee Gerald Newlin reflecting monthly or other

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

1  periodic performance reviews and assessments conducted by their supervisor from January 1, 2017,

2  through the date of production.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4    State Farm objects to this request on the grounds that it is overbroad in scope (not limited in

5  terms of scope of employment or assignment; not limited to materials pertinent to the specific

6  insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable

7  period of time). This request is not reasonably tailored to include only matters relevant to the issues

8  involved in this lawsuit; it seeks information that is neither relevant nor reasonably calculated to lead

9  to the discovery of admissible evidence.  This type of inquiry goes beyond what is needed to address

10  the claims and defenses at issue; it is not likely to assist in the resolution of this this case, and

11  therefore any burden to State Farm would be disproportionate to the scope of the matter.  State Farm

12  further objects to this request because it unduly invades the privacy of its employees and is broad

13  enough to potentially implicate information that is confidential, proprietary business information.

14  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

15

16  **REQUEST FOR PRODUCTION NO. 21:**

17    ALL performance reviews for YOUR employee Carolyn Johnson Gray for the time period

18  January 1, 2017 through the date of production.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

20    State Farm objects to this request on the grounds that it is overbroad in scope (not limited in

21  terms of scope of employment or assignment; not limited to materials pertinent to the specific

22  insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable

23  period of time). This request is not reasonably tailored to include only matters relevant to the issues

24  involved in this lawsuit; it seeks information that is neither relevant nor reasonably calculated to lead

25  to the discovery of admissible evidence.  This type of inquiry goes beyond what is needed to address

26  the claims and defenses at issue; it is not likely to assist in the resolution of this this case, and

27  therefore any burden to State Farm would be disproportionate to the scope of the matter.  State Farm

28  further objects to this request because it unduly invades the privacy of its employees and is broad

101.840\SF Resp to RFPD Set 2 031424.docx

1  enough to potentially implicate information that is confidential, proprietary business information.

2  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

3

4  **REQUEST FOR PRODUCTION NO. 22:**

5        DOCUMENTS relating to the training module "Water Loss Skill Review", including but not

6  limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional

7  materials, notes, references, curriculum, screen images, video files, audio files, questions and

8  answers, and coverage scenarios.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

10        State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

11  use of the terms "relating to the training module" and "curriculum guides, manuals, handouts,

12  workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images,

13  video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects

14  to this request on the grounds that it is overly broad in scope (not limited to materials applicable to

15  the specific insurance claims and/or coverages at issue in this litigation; not limited to materials

16  pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

17  period of time, including to the extent they seek information that post-dates the time of claim

18  handling), and geographic area (not limited to materials applicable to California). This request is not

19  reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

20  potentially unduly burdensome; it seeks information that is neither relevant nor reasonably

21  calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to

22  provide guidance, but each claim is handled on its own merits. Moreover, materials on which

23  individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which

24  pertain only to other losses, and/or which pertain only to other areas of the country, are neither

25  material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of

26  this request, it is a potential invasion of the attorney-client privilege and the work product doctrine.

27  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business

28  information and/or trade secrets. Plaintiff has not established that such information is necessary to a

1  fair adjudication of this case.

2

3  **REQUEST FOR PRODUCTION NO. 23:**

4      DOCUMENTS relating to the training module "In Role 2023 Water Skill review (Inactive)",

5  including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools,

6  instructional materials, notes, references, curriculum, screen images, video files, audio files,

7  questions and answers, and coverage scenarios.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

9      State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

10  use of the terms "relating to the training module" and "curriculum guides, manuals, handouts,

11  workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images,

12  video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects

13  to this request on the grounds that it is overly broad in scope (not limited to materials applicable to

14  the specific insurance claims and/or coverages at issue in this litigation; not limited to materials

15  pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

16  period of time, including to the extent they seek information that post-dates the time of claim

17  handling), and geographic area (not limited to materials applicable to California). This request is not

18  reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

19  potentially unduly burdensome; it seeks information that is neither relevant nor reasonably

20  calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to

21  provide guidance, but each claim is handled on its own merits. Moreover, materials on which

22  individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which

23  pertain only to other losses, and/or which pertain only to other areas of the country, are neither

24  material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of

25  this request, it is a potential invasion of the attorney-client privilege and the work product doctrine.

26  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business

27  information and/or trade secrets. Plaintiff has not established that such information is necessary to a

28  fair adjudication of this case.

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS relating to the training module "Water Mitigation Video Series", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to the training module" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

/ / / / /

/ / / / /

34

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS relating to the training modules "Water Damage Mitigation Module 1" through "Water Damage Mitigation Module 7", inclusive, including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to the training modules" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

/ / / / /

/ / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS relating to training materials "Water Damage Coverage Analysis (HW-2100 Series) Workday", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to training materials" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

/ / / / /

/ / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

1  **REQUEST FOR PRODUCTION NO. 27:**

2      DOCUMENTS relating to training materials "Water Damage Coverage Analysis (HW-2100

3  Series) course in Workday", including but not limited to curriculum guides, manuals, handouts,

4  workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images,

5  video files, audio files, questions and answers, and coverage scenarios.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

7      State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

8  use of the terms "relating to training materials" and "curriculum guides, manuals, handouts,

9  workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images,

10  video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects

11  to this request on the grounds that it is overly broad in scope (not limited to materials applicable to

12  the specific insurance claims and/or coverages at issue in this litigation; not limited to materials

13  pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

14  period of time, including to the extent they seek information that post-dates the time of claim

15  handling), and geographic area (not limited to materials applicable to California). This request is not

16  reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

17  potentially unduly burdensome; it seeks information that is neither relevant nor reasonably

18  calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to

19  provide guidance, but each claim is handled on its own merits. Moreover, materials on which

20  individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which

21  pertain only to other losses, and/or which pertain only to other areas of the country, are neither

22  material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of

23  this request, it is a potential invasion of the attorney-client privilege and the work product doctrine.

24  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business

25  information and/or trade secrets. Plaintiff has not established that such information is necessary to a

26  fair adjudication of this case.

27  / / / / /

28  / / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS relating to training materials "Water Coverage Introduction and QFC VOD", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to training materials" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

/ / / / /

/ / / / /

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS relating to training materials "Water Coverage Investigation VOD", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to training materials" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

/ / / / /

/ / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS relating to training materials "Introduction to Water Losses VOD", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to training materials" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

/ / / / /

/ / / / /

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS relating to training materials "Water Coverage – Plumbing", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to training materials" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

/ / / / /

/ / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

1  **REQUEST FOR PRODUCTION NO. 32:**

2      DOCUMENTS relating to training materials "Water Loss Scenarios course in Workday",

3  including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools,

4  instructional materials, notes, references, curriculum, screen images, video files, audio files,

5  questions and answers, and coverage scenarios.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

7      State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

8  use of the terms "relating to training materials" and "curriculum guides, manuals, handouts,

9  workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images,

10  video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects

11  to this request on the grounds that it is overly broad in scope (not limited to materials applicable to

12  the specific insurance claims and/or coverages at issue in this litigation; not limited to materials

13  pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

14  period of time, including to the extent they seek information that post-dates the time of claim

15  handling), and geographic area (not limited to materials applicable to California). This request is not

16  reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

17  potentially unduly burdensome; it seeks information that is neither relevant nor reasonably

18  calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to

19  provide guidance, but each claim is handled on its own merits. Moreover, materials on which

20  individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which

21  pertain only to other losses, and/or which pertain only to other areas of the country, are neither

22  material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of

23  this request, it is a potential invasion of the attorney-client privilege and the work product doctrine.

24  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business

25  information and/or trade secrets. Plaintiff has not established that such information is necessary to a

26  fair adjudication of this case.

27  / / / / /

28  / / / / /

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS relating to training materials "TIPP", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to training materials" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS relating to training materials "Fill-Up Water Loss VOD", including but not

1  limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional

2  materials, notes, references, curriculum, screen images, video files, audio files, questions and

3  answers, and coverage scenarios.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

5      State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

6  use of the terms "relating to training materials" and "curriculum guides, manuals, handouts,

7  workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images,

8  video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects

9  to this request on the grounds that it is overly broad in scope (not limited to materials applicable to

10 the specific insurance claims and/or coverages at issue in this litigation; not limited to materials

11 pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

12 period of time, including to the extent they seek information that post-dates the time of claim

13 handling), and geographic area (not limited to materials applicable to California). This request is not

14 reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

15 potentially unduly burdensome; it seeks information that is neither relevant nor reasonably

16 calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to

17 provide guidance, but each claim is handled on its own merits. Moreover, materials on which

18 individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which

19 pertain only to other losses, and/or which pertain only to other areas of the country, are neither

20 material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of

21 this request, it is a potential invasion of the attorney-client privilege and the work product doctrine.

22 Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business

23 information and/or trade secrets. Plaintiff has not established that such information is necessary to a

24 fair adjudication of this case.

25

26 **REQUEST FOR PRODUCTION NO. 35:**

27     DOCUMENTS relating to training materials "Water Classes and Categories Job Aid",

28 including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools,

instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to training materials" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS relating to training materials "Water Forum Coverage Mini Session", including but not limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files,

1  questions and answers, and coverage scenarios.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

3      State Farm objects to this request as vague, ambiguous, and overly broad with respect to the

4  use of the terms "relating to training materials" and "curriculum guides, manuals, handouts,

5  workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images,

6  video files, audio files, questions and answers, and coverage scenarios".  State Farm further objects

7  to this request on the grounds that it is overly broad in scope (not limited to materials applicable to

8  the specific insurance claims and/or coverages at issue in this litigation; not limited to materials

9  pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

10 period of time, including to the extent they seek information that post-dates the time of claim

11 handling), and geographic area (not limited to materials applicable to California). This request is not

12 reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

13 potentially unduly burdensome; it seeks information that is neither relevant nor reasonably

14 calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to

15 provide guidance, but each claim is handled on its own merits. Moreover, materials on which

16 individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which

17 pertain only to other losses, and/or which pertain only to other areas of the country, are neither

18 material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of

19 this request, it is a potential invasion of the attorney-client privilege and the work product doctrine.

20 Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business

21 information and/or trade secrets. Plaintiff has not established that such information is necessary to a

22 fair adjudication of this case.

23

24 **REQUEST FOR PRODUCTION NO. 37:**

25      DOCUMENTS relating to training materials "Water Forum PowerPoint", including but not

26 limited to curriculum guides, manuals, handouts, workbooks, assessment tools, instructional

27 materials, notes, references, curriculum, screen images, video files, audio files, questions and

28 answers, and coverage scenarios.

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "relating to training materials" and "curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, and coverage scenarios". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS relating to the State Farm water initiative meeting that took place on or around January through March of 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

State Farm objects to this request as vague and ambiguous (including as to the term "State Farm water initiative meeting" and "in or around January through March of 2020"), and overly

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to the "California Fire Claims Discussion" referenced at PACHB00001063PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

State Farm objects to this request as vague, ambiguous, and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a

101.840\SF Resp to RFPD Set 2 031424.docx

reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS relating to the "Water Forum Review" referenced at PACHB00001063PROD, including but not limited to all meeting minutes, calendars, review of materials, approval of water forum presentation materials, curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, coverage scenarios, presentations including draft presentations, presenter notes, logs, diaries, and attendees list.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

State Farm objects to this request as vague and ambiguous (including as to the terms "all meeting minutes, calendars, review of materials, approval of water forum presentation materials, curriculum guides, manuals, handouts, workbooks, assessment tools, instructional materials, notes, references, curriculum, screen images, video files, audio files, questions and answers, coverage scenarios, presentations including draft presentations, presenter notes, logs, diaries, and attendees list"), and overly broad in scope (not limited in time or geography), as the request is not reasonably

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

1  tailored to include only those matters relevant to the adjustment of the insurance claim made the

2  basis of this suit.  State Farm further objects to this request on the grounds that it is overly broad in

3  scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue

4  in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject

5  claim), time (not limited to a reasonable period of time, including to the extent they seek information

6  that post-dates the time of claim handling), and geographic area (not limited to materials applicable

7  to California). This request is not reasonably tailored to include only matters relevant to the issues

8  involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither

9  relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of

10  admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is

11  handled on its own merits. Moreover, materials on which individuals were trained prior to the date of

12  loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which

13  pertain only to other areas of the country, are neither material nor relevant to the matters at issue in

14  this case. Further, due to the overly broad nature of this request, it is a potential invasion of the

15  attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to

16  the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has

17  not established that such information is necessary to a fair adjudication of this case.

18

19  **REQUEST FOR PRODUCTION NO. 41:**

20      All DOCUMENTS utilized or reviewed in connection with preparing the "Water Forum

21  Review", including but not limited to any consultant reports including any McKinsey & Company

22  consultant reports.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

24      State Farm objects to this request as vague and ambiguous, specifically with respect to the

25  use of the terms "All DOCUMENTS", "utilized or reviewed", "Water Forum Review", "any

26  consultant reports", and "McKinsey & Company consultant reports".  State Farm further objects to

27  this request on the grounds that it is overly broad scope (not limited to materials applicable to the

28  specific insurance claims and/or coverages at issue in this litigation), time (not limited to a

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Further, due to the overly broad nature of this request, the question is also a potential invasion of the attorney-client privilege and the work product doctrine. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

In addition, State Farm objects to this request to the extent it contains, suggests, and/or relies upon, the improper assumption that State Farm has received advice to reduce claims payments below what may actually be owed to its insureds. Without waiving its objections and subject to the same, State Farm states that no "McKinsey & Company consultant reports" exist relating to the "Water Forum Review".

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS relating to Coverage Investigations, including Recognition of coverage issues, Investigation of Accidental Direct or seepage and leakage, Amount of Water, length of time water escaped, Who noticed the leak; last time in the area of the leak, Rate/Flow of water, origin and Cause, Category and Class of Water and/or Continuous Seepage/Leakage referenced at PACHB00001069PROD through PACHB00001070PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

State Farm objects to this request as vague and ambiguous (including as to the terms " All DOCUMENTS relating to Coverage Investigations" and "Recognition of coverage issues, Investigation of Accidental Direct or seepage and leakage, Amount of Water, length of time water escaped, Who noticed the leak; last time in the area of the leak, Rate/Flow of water, origin and Cause, Category and Class of Water and/or Continuous Seepage/Leakage"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only

1  those matters relevant to the adjustment of the insurance claim made the basis of this suit.  State

2  Farm further objects to this request on the grounds that it is overly broad in scope (not limited to

3  materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not

4  limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not

5  limited to a reasonable period of time, including to the extent they seek information that post-dates

6  the time of claim handling), and geographic area (not limited to materials applicable to California).

7  This request is not reasonably tailored to include only matters relevant to the issues involved in this

8  lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the

9  claims or defense of any party nor reasonably calculated to lead to the discovery of admissible

10  evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its

11  own merits. Moreover, materials on which individuals were trained prior to the date of loss, and

12  which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain

13  only to other areas of the country, are neither material nor relevant to the matters at issue in this case.

14  Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client

15  privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it

16  seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established

17  that such information is necessary to a fair adjudication of this case.

18

19  **REQUEST FOR PRODUCTION NO. 43:**

20       DOCUMENTS relating to a "Quality First Contact Guide-Fire" referenced at

21  PACHB00001023PROD.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

23       State Farm objects to this request as vague and ambiguous (including as to the terms

24  "DOCUMENTS relating to a 'Quality First Contact Guide-Fire'"), and overly broad in scope (not

25  limited in time or geography), as the request is not reasonably tailored to include only those matters

26  relevant to the adjustment of the insurance claim made the basis of this suit.  State Farm further

27  objects to this request on the grounds that it is overly broad in scope (not limited to materials

28  applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to

materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 44:**

The complete presentation of the discussion of water losses with "illustration for discussion" (State Farm produced documents beginning at page 11 at PACHB00001035PROD - PACHB00001038PROD).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

State Farm objects to this request as vague and ambiguous (including as to the term "complete presentation of the discussion of water losses"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim

handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS relating to Job Aids, Processes and Workflows referenced at PACHB00001055PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

State Farm objects to this request as vague and ambiguous (including as to the term "DOCUMENTS relating to Job Aids, Processes and Workflows"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense

1  of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's

2  procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover,

3  materials on which individuals were trained prior to the date of loss, and which were obsolete on the

4  date of loss, which pertain only to other losses, and/or which pertain only to other areas of the

5  country, are neither material nor relevant to the matters at issue in this case. Further, due to the

6  overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the

7  work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential,

8  proprietary business information and/or trade secrets. Plaintiff has not established that such

9  information is necessary to a fair adjudication of this case.

10

11  **REQUEST FOR PRODUCTION NO. 46:**

12      DOCUMENTS referenced within "California Fire Claims Discussion Resources", including

13  but not limited to Quality Claim Handling Standards, File Note Category Usage, Claim Details ECS

14  Guidelines, Water Mitigation VOD, Water Mitigation Job Aid, Water Mitigation Job Aid

15  Dashboard, Homeowners HW-2100 resources (see PACHB00001059PROD through

16  PACHB00001062PROD)

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18      State Farm objects to this request as vague and ambiguous (including as to the terms

19  "DOCUMENTS referenced" and "Quality Claim Handling Standards, File Note Category Usage,

20  Claim Details ECS Guidelines, Water Mitigation VOD, Water Mitigation Job Aid, Water Mitigation

21  Job Aid Dashboard, Homeowners HW-2100 resources"), and overly broad in scope (not limited in

22  time or geography), as the request is not reasonably tailored to include only those matters relevant to

23  the adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this

24  request on the grounds that it is overly broad in scope (not limited to materials applicable to the

25  specific insurance claims and/or coverages at issue in this litigation; not limited to materials

26  pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

27  period of time, including to the extent they seek information that post-dates the time of claim

28  handling), and geographic area (not limited to materials applicable to California). This request is not

1  reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

2  potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense

3  of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's

4  procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover,

5  materials on which individuals were trained prior to the date of loss, and which were obsolete on the

6  date of loss, which pertain only to other losses, and/or which pertain only to other areas of the

7  country, are neither material nor relevant to the matters at issue in this case. Further, due to the

8  overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the

9  work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential,

10  proprietary business information and/or trade secrets. Plaintiff has not established that such

11  information is necessary to a fair adjudication of this case.

12

13  **REQUEST FOR PRODUCTION NO. 47:**

14      DOCUMENTS relating to OG 70-140 Claim File Management Guidelines and Resources

15  referenced at PACHB00001065PROD.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

17      State Farm objects to this request as vague and ambiguous (including as to the term

18  "DOCUMENTS relating to OG 70-140"), and overly broad in scope (not limited in time or

19  geography), as the request is not reasonably tailored to include only those matters relevant to the

20  adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this

21  request on the grounds that it is overly broad in scope (not limited to materials applicable to the

22  specific insurance claims and/or coverages at issue in this litigation; not limited to materials

23  pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

24  period of time, including to the extent they seek information that post-dates the time of claim

25  handling), and geographic area (not limited to materials applicable to California). This request is not

26  reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

27  potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense

28  of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 48:**

DOCUMENTS relating to ESC File Note Templates - 304 & 306 referenced at PACHB00001066PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

State Farm objects to this request as vague and ambiguous (including as to the term "DOCUMENTS relating to ESC File Note Templates"), and overly broad in scope (not limited in time or geography, including to the extent they seek information that post-dates the time of claim handling), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the

country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS relating to Water scenarios referenced at PACHB00001066PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

State Farm objects to this request as vague and ambiguous (including as to the term "DOCUMENTS relating to Water scenarios"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS relating to "Plumbing Photos" and "Plumbing and Sewer Job Aid" referenced at PACHB00001067PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

State Farm objects to this request as vague and ambiguous (including as to the terms "DOCUMENTS relating to 'Plumbing Photos' and 'Plumbing and Sewer Job Aid'"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 51:**

DOCUMENTS relating to "Coverage Model" and "JA_CovModel_Prop" referenced at PACHB00001068PROD.

/ / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

State Farm objects to this request as vague and ambiguous (including as to the terms "DOCUMENTS relating to 'Coverage Model' and 'JA_CovModel_Prop'"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS relating to Fire Focus – Water and/or "Tear Out Scenarios" Microsoft Powerpoint Presentat [sic] referenced at PACHB00001070PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

State Farm objects to this request as vague and ambiguous (including as to the terms "All DOCUMENTS relating to Fire Focus – Water and/or 'Tear Out Scenarios' Microsoft Powerpoint Presentat [sic]"), and overly broad in scope (not limited in time or geography), as the request is not

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.


**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS relating to Coverage Investigation "Investigative Resources" referenced at PACHB00001071PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

State Farm objects to this request as vague and ambiguous (including as to the terms "All DOCUMENTS relating to Coverage Investigation 'Investigative Resources'"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not

1  limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not

2  limited to a reasonable period of time, including to the extent they seek information that post-dates

3  the time of claim handling), and geographic area (not limited to materials applicable to California).

4  This request is not reasonably tailored to include only matters relevant to the issues involved in this

5  lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the

6  claims or defense of any party nor reasonably calculated to lead to the discovery of admissible

7  evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its

8  own merits. Moreover, materials on which individuals were trained prior to the date of loss, and

9  which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain

10 only to other areas of the country, are neither material nor relevant to the matters at issue in this case.

11 Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client

12 privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it

13 seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established

14 that such information is necessary to a fair adjudication of this case.

15

16 **REQUEST FOR PRODUCTION NO. 54:**

17      All DOCUMENTS relating to Resources "Water Plan_5192019" referenced at

18 PACHB00001078PROD.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

20      State Farm objects to this request as vague and ambiguous (including as to the terms "All

21 DOCUMENTS relating to Resources 'Water Plan_5192019'"), and overly broad in scope (not

22 limited in time or geography), as the request is not reasonably tailored to include only those matters

23 relevant to the adjustment of the insurance claim made the basis of this suit.  State Farm further

24 objects to this request on the grounds that it is overly broad in scope (not limited to materials

25 applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to

26 materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a

27 reasonable period of time, including to the extent they seek information that post-dates the time of

28 claim handling), and geographic area (not limited to materials applicable to California). This request

101.840\SF Resp to RFPD Set 2 031424.docx

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

1   is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

2   potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense

3   of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's

4   procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover,

5   materials on which individuals were trained prior to the date of loss, and which were obsolete on the

6   date of loss, which pertain only to other losses, and/or which pertain only to other areas of the

7   country, are neither material nor relevant to the matters at issue in this case. Further, due to the

8   overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the

9   work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential,

10  proprietary business information and/or trade secrets. Plaintiff has not established that such

11  information is necessary to a fair adjudication of this case.

12

13  **REQUEST FOR PRODUCTION NO. 55:**

14          All DOCUMENTS relating to QFC Guide referenced at PACHB00001092PROD.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

16          State Farm objects to this request as vague and ambiguous (including as to the terms "All

17  DOCUMENTS relating to QFC Guide"), and overly broad in scope (not limited in time or

18  geography), as the request is not reasonably tailored to include only those matters relevant to the

19  adjustment of the insurance claim made the basis of this suit.  State Farm further objects to this

20  request on the grounds that it is overly broad in scope (not limited to materials applicable to the

21  specific insurance claims and/or coverages at issue in this litigation; not limited to materials

22  pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable

23  period of time, including to the extent they seek information that post-dates the time of claim

24  handling), and geographic area (not limited to materials applicable to California). This request is not

25  reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is

26  potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense

27  of any party nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's

28  procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover,

101.840\SF Resp to RFPD Set 2 031424.docx

materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS relating to "Construction Reference Guide: Plumbing" and "Plumbing Photos" referenced at PACHB00001092PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

State Farm objects to this request as vague and ambiguous (including as to the terms "All DOCUMENTS relating to 'Construction Reference Guide: Plumbing' and 'Plumbing Photos'"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in

this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS relating to "Water Loss Training Support Guide" referenced at PACHB00001094PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

State Farm objects to this request as vague and ambiguous (including as to the terms "All DOCUMENTS relating to 'Water Loss Training Support Guide'"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such

1 information is necessary to a fair adjudication of this case.

2

3 **REQUEST FOR PRODUCTION NO. 58:**

4      All DOCUMENTS relating to Face Time Job Aid, ClaimXperience® Video Collaboration - 

5 Reference Guide, ClaimXperience® File Request - Reference Guide, and/or Claims Multi-Media 

6 Application Job Aid referenced at PACHB00001094PROD.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

8      State Farm objects to this request as vague and ambiguous (including as to the terms "All 

9 DOCUMENTS relating to Face Time Job Aid, ClaimXperience® Video Collaboration - Reference 

10 Guide, ClaimXperience® File Request - Reference Guide, and/or Claims Multi-Media Application 

11 Job Aid"), and overly broad in scope (not limited in time or geography), as the request is not 

12 reasonably tailored to include only those matters relevant to the adjustment of the insurance claim 

13 made the basis of this suit.  State Farm further objects to this request on the grounds that it is overly 

14 broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages 

15 at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the 

16 subject claim), time (not limited to a reasonable period of time, including to the extent they seek 

17 information that post-dates the time of claim handling), and geographic area (not limited to materials 

18 applicable to California). This request is not reasonably tailored to include only matters relevant to 

19 the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is 

20 neither relevant to the claims or defense of any party nor reasonably calculated to lead to the 

21 discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but 

22 each claim is handled on its own merits. Moreover, materials on which individuals were trained prior 

23 to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, 

24 and/or which pertain only to other areas of the country, are neither material nor relevant to the 

25 matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential 

26 invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to 

27 this request to the extent it seeks confidential, proprietary business information and/or trade secrets. 

28 Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS relating to Face Time Job Aid, ClaimXperience® Video Collaboration - Reference Guide, ClaimXperience® File Request - Reference Guide, and/or Claims Multi-Media Application Job Aid referenced at PACHB00001094PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

State Farm objects to this request as vague and ambiguous (including as to the terms "All DOCUMENTS relating to Face Time Job Aid, ClaimXperience® Video Collaboration - Reference Guide, ClaimXperience® File Request - Reference Guide, and/or Claims Multi-Media Application Job Aid"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

/ / / / /

/ / / / /

101.840\SF Resp to RFPD Set 2 031424.docx

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS relating to PLRB Constant or Repeated Seepage or Leakage - All States referenced at PACHB00001095PROD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

State Farm objects to this request as vague and ambiguous (including as to the terms "All DOCUMENTS relating to PLRB Constant or Repeated Seepage or Leakage - All States"), and overly broad in scope (not limited in time or geography), as the request is not reasonably tailored to include only those matters relevant to the adjustment of the insurance claim made the basis of this suit. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time, including to the extent they seek information that post-dates the time of claim handling), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiff has not established that such information is necessary to a fair adjudication of this case.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS relating to any "totality of the circumstances" criteria used to evaluate ensuing water loss claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

State Farm objects to this claim on the grounds that the terms "relating" and "any 'totality of the circumstances' criteria used" are vague and ambiguous.  State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits.  Further, due to the overly broad nature of this request, it is a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets.  Plaintiff has not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm has produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss, and additional materials representative of resources available during the relevant timeframe for handling of the underlying claim. Further, subject to the protective order in this case, State Farm has produced the relevant confidential and/or trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

For information reflecting the application of claims procedures to Plaintiff's claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding information protected by the attorney client privilege and/or that is work product.  State Farm is producing the non-privileged documents described above and withholding other potentially

1    responsive documents based on the stated objections.

2

3    **REQUEST FOR PRODUCTION NO. 68:**

4        All DOCUMENTS relating to any "totality of the evidence" criteria used to evaluate ensuing

5    water loss claims.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

7        State Farm objects to this request on the grounds that it is overly broad in scope (types of

8    claims and insurance coverage), time (not limited by the period of time when this claim was

9    handled), and geographic area (not limited to California). This request is not reasonably tailored to

10   include only matters relevant to the issues involved in this lawsuit and is potentially unduly

11   burdensome; it seeks information that is neither relevant nor reasonably calculated to lead to the

12   discovery of admissible evidence.  State Farm's procedures are intended to provide guidance, but

13   each claim is handled on its own merits.  Further, due to the overly broad nature of this request, it is

14   a potential invasion of the attorney-client privilege and the work product doctrine. Finally, State

15   Farm objects to this request to the extent it seeks confidential, proprietary business information

16   and/or trade secrets.  Plaintiff has not established that such information is necessary to a fair

17   adjudication of this case.

18       Subject to and without waiving the aforementioned objections, State Farm has produced the

19   relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in

20   effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional

21   References applicable and in effect on the date of loss, and additional materials representative of

22   resources available during the relevant timeframe for handling of the underlying claim. Further,

23   subject to the protective order in this case, State Farm has produced the relevant confidential and/or

24   trade secret sections of these materials. [See documents Bates numbered PACHB00000001-1006.]

25       For information reflecting the application of claims procedures to Plaintiff's claim, see the

26   Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm

27   based upon the portion of its Operation Guide that provides instructions on what to retrieve from

28   ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced

its Claim File for the subject claim (Bates numbers CF_00001-769) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding information protected by the attorney client privilege and/or that is work product.  State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

Dated:       March 14, 2024              HUGHES & NUNN LLP

                                  By:    _____
                                         Randall M. Nunn
                                         E. Kenneth Purviance

                                         Attorneys for Defendant State Farm General
                                         Insurance Company

DEFENDANT STATE FARM'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

EXHIBIT   FF

EXHIBIT   FF

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL**

**MINUTE ORDER**

DATE: 10/11/2024                    TIME: 9:30 AM              DEPT: C-72

JUDICIAL OFFICER: MARCELLA O. MCLAUGHLIN
CLERK: Kristin Sorianosos
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT: O. Godoy

CASE NO: **37-2022-00044176-CU-IC-CTL** CASE INIT.DATE: 11/02/2022
CASE TITLE: **Pachall vs State Farm General Insurance Company [IMAGED]**
CASE CATEGORY: Civil        CASE TYPE: (U)Insurance Coverage

**HEARING TYPE:** Discovery Hearing
MOVING PARTY: Bonita Pachall

**APPEARANCES**
E KENNETH PURVIANCE, Attorney for Defendant State Farm General Insurance Company, present
in person.
Jacob B Pyle, Attorney for Plaintiff Bonita Pachall, present via remote video appearance.

The Court hears argument of counsel.

The Court modifies the tentative ruling as follows:

**PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**

Plaintiff Bonita Pachall's Motion to Compel Defendant State Farm General Insurance Company's Further
Responses to Requests for Production of Documents, Set Two, is GRANTED in part and DENIED in part.

Plaintiff's request for sanctions against Defendant is GRANTED in the amount of $4,520.00.

Under Sections 2017.010 and 2031.010 of the California Code of Civil Procedure, a party may obtain written
discovery of documents or tangible materials which contain information relevant to the subject matter involved in
the pending action.

Section 2031.210(a) of the Code of Civil Procedure provides:

      The party to whom a demand for inspection, copying, testing, or sampling has been directed shall
      respond separately to each item or category of item by any of the following:

---

DATE: 10/11/2024                    MINUTE ORDER                              Page 1

CASE TITLE: Pachall vs State Farm General Insurance Company [IMAGED]    CASE NO: **37-2022-00044176-CU-IC-CTL**

(1) A statement that the party will comply with the particular demand for inspection, copying, testing, or sampling by the date set for the inspection, copying, testing, or sampling pursuant to paragraph (2) of subdivision (c) of Section 2031.030 and any related activities.

(2) A representation that the party lacks the ability to comply with the demand for inspection, copying, testing, or sampling of a particular item or category of item.

(3) An objection to the particular demand for inspection, copying, testing, or sampling.

If the responding party seeks to withhold documents based on a claim of attorney-client privilege or work-product protection, it must "provide sufficient factual information for other parties to evaluate the merits of that claim" in the form of a privilege log, if necessary. (Cal. Code Civ. Pro., § 2031.240(b)-(c).) Moreover, if only part of an item or category of a Request for Production is objectionable, the response shall contain a statement of compliance or representation of inability to comply with the remainder. (Id., § 2031.240(a).)

Here, the court finds that further responses are owed to many of Plaintiff's Request for Production of Documents, Set Two, but that Defendant's responses may be limited in scope and time to address Defendant's objections regarding the breadth of the requests. Moreover, some of Plaintiff's Requests are vague, ambiguous, and/or duplicate such that an order compelling responses to those requests is inappropriate. The specific categories of Requests are discussed below.

To the extent that Defendant objects based on privacy and/or trade secret concerns, these concerns can be adequately addressed by the Stipulated Protective Order entered in this case on on July 19, 2023, (ROA # 23,) and redactions of personally-identifying information for individual State Farm employees. To the extent that Defendant withholds certain responsive documents based on a claim of privilege or work-product protection, Defendant must produce a privilege log in accordance with Section 2031.240(b)-(c) of the Code of Civil Procedure.

*Request No. 1*

Request No. 1 seeks all of Defendant's internal e-mails relating to Plaintiff, her insurance claim, and her property. While Defendant argues that it has produced responsive documents in the "Claim File," its response also includes the statement that "any additional responsive, non-privileged material related to the subject claim that is not considered part of the 'Claim File' will be produced." (ROA # 109, pg. 3.)

As such, Defendant must produce any additional responsive material and provide a further response identifying such responsive material, or, if applicable, stating that it is incapable of producing further responsive material in compliance with Section 2031.210(a)(2). Defendant's production may be limited to e-mails between the date of December 10, 2021, to November 2, 2022.

Therefore, Plaintiff's motion is GRANTED with respect to Request No. 1.

*Requests Nos. 2-9, 22-25, 28-32, 34-44, 46-49, 50-57, 60*

Requests Nos. 2-9, 22-25, 28-32, 34-44, 46-49, 50-57, and 60 request policy and training documents regarding the handling of water damage claims.

Case 2:24-cv-02219-DSF-MAR   Document 45-1   Filed 12/04/24   Page 98 of 100   Page ID #:1332

Defendant objects based on breadth with respect to time and location. The address Defendant's objection, the court limits Defendant's obligation to respond to those policies and training materials in effect at the time that Plaintiff's insurance claim was under review, applicable to the region in which Plaintiff's property is located.

While Defendant contends that it has produced responsive documents in the form of its Operations Guide and Claim File, it only includes this statement as a response to Requests Nos. 2-9. In response to Plaintiff's other Requests, Defendant asserts only objections. Moreover, Requests Nos. 22-25, 28-32, 34-44, 46-48, 50-57, and 60 request specific training modules and documents referenced in Defendant's previous production(s).

At oral argument, Plaintiff clarified that the term "Water Scenarios" in Request No. 49 referred to a particular term referenced in a sealed exhibit, PACHB00001066PROD, which may include a hyperlink. Defendant argues that "Water Scenarios" is merely a general term used to describe various kinds of situations where an insured suffers a loss due to water. However, to the extent that the term "Water Scenarios" as referenced in PACHB00001066PROD links or refers to specific policy or training materials/modules, Defendant must produce these.

If Defendant contends that it has previously produced responsive documents, it must identify the documents in its verified responses in accordance with Section 2031.280. Otherwise, it must either identify and produce responsive documents or provide a statement of its inability to do so.

Therefore, Plaintiff's motion is GRANTED with respect to Requests Nos. 2-9, 22-25, 28-32, 34-44, 46-49, 50-57, and 60, subject to the limitation that Defendant need only produce policies and training materials in effect at the time that Plaintiff's insurance claim was under review, applicable to the region in which Plaintiff's property is located. This includes older written policy and/or training materials which Defendant had implemented in years prior to Plaintiff's insurance claim, but were still effective at the time of her claim.

*Requests Nos. 13-21*

Requests Nos. 13-21 request the training transcripts and performance reviews of particular State Farm employees. Plaintiff argues that the requested documents are necessary to demonstrate how the specific employees who handled Plaintiff's claim were trained, and to demonstrate how they were incentivized or disincentivized to handle customer claims. Defendant objects based on privacy concerns, and breadth, and argues that the policy documents it has already provided Plaintiff are sufficient.

The manner in which these specific employees were trained and incentivized is relevant to Plaintiff's claims, and the production of general policies do not relieve Defendant of the duty to respond to Requests Nos. 13-21, as responsive documents may show the ways in which these policies may have deviated or were applied to specific employees in specific situations. While Defendant's privacy concerns are legitimate, these can be addressed by redacting the names and other personally-identifiable information in the records sought.

Therefore, Plaintiff's motion is GRANTED with respect to Requests Nos. 13-21.

*Requests Nos. 27, 45, 49, 58, 61, 68*

Requests No. 27 is duplicative of Requests Nos. 26.

CASE TITLE: Pachall vs State Farm General Insurance Company [IMAGED]    CASE NO: **37-2022-00044176-CU-IC-CTL**

Defendant argues that Requests Nos. 45 and 58 seek information not relevant to this case and Plaintiff does not adequately explain why "Job Aids, Processes, and Workflows" or the policies and procedures of remote inspections are relevant to her claims if Defendant's employees inspected her property in person, as Defendant contends.

The court finds Requests Nos. 61 and 68 vague and ambiguous as they seek all documents related to "totality of circumstances" and "totality of evidence" which Defendant argues may refer to any number of things, including the general practice of looking at the entire situation. Plaintiff has not provided any narrower or more particularized definitions in her moving or reply papers.

Therefore, Plaintiff's motion is DENIED with respect to the Requests Nos. 27, 45, 58, 61, and 68.

## CONCLUSION

As described above, Plaintiff's motion to compel further responses is GRANTED in part and DENIED in part.

Plaintiff's request for sanctions is GRANTED in the amount of $4,520.00.

Defendant is to provide responses by 12/02/2024 and remit payment of sanctions by 11/12/2024.

*Marcella O. McLaughlin*
_____
Judge Marcella O. McLaughlin

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
Central
330 W. Broadway
San Diego CA  92101

**SHORT TITLE:** PACHALL VS STATE FARM GENERAL INSURANCE COMPANY [IMAGED]

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2022-00044176-CU-IC-CTL** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Minute Order dated 10/11/2024 was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below.  The mailing and this certification occurred at San Diego, California on 10/30/2024.

Clerk of the Court, by: _____ *K. Sorianosos* _____, Deputy

JACOB B PYLE
LAW EAGLES, PC
5638 LAKE MURRAY BLVD  SUITE 381
LA MESA, CA  91942

E KENNETH PURVIANCE
HUGHES & NUNN LLP
350 TENTH AVE STE.1000
SAN DIEGO, CA  92101

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**