J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
Kerley Schaffer LLP
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TONG, et al, | Case No. 2:24−cv−02219−DSF−MAR |
| Plaintiffs, | <u>DISCOVERY MATTER</u> |
| v. | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ENFORCEMENT OF THE COURT'S ORDER COMPELLING DISCOVERY RESPONSES AND PRODUCTION AND FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)** |
| STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10, | |
| Defendants. | **Motion Date:** March 26, 2025 **Motion Time:** 11:00 a.m. **Courtroom:** 255 E. Temple St., Los Angeles, Courtroom 790, 7th Floor |
| | Discovery Cutoff: 5/12/25 Pre-Trial Conference: 9/8/25 Trial: 10/7/25 |

**INTRODUCTION**

State Farm has demonstrated it does not believe it is required to follow the Federal Rules, the Local Rules, controlling law, or this Court's orders. Its conduct is strategic, designed to avoid a liability in a hard case. The state's largest insurer will not be deterred by a financial sanction. Issue sanctions are appropriate.

Take this example. The Court entered its order on December 20. State Farm sought no stay. On January 3, it moved for review but limited its request to a narrowing of the date range relating to "Water Initiative" documents. (Dkt. 50, 50-2). Under L.R. 72.2-2 and the law (*PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1093 (D NV 2022)), absent a stay, the Court's order was "in effect".

But State Farm argues that because the order had no production deadline "*there was no need to ask for a stay from the Court's Order while the Order is under review by the District Court. In other words, the framing of* [this Court's] *Order permitted State Farm to seek review without simultaneously seeking a stay of the Order*." (Dkt 55-1, p.48:15-20.) State Farm's new procedural rule is as irreconcilable with the local rule and the law as it is consistent with Defendant's improper strategic purpose—*i.e.,* to forestall compliance.

Or consider this example. Over its objections, the Court ordered State Farm to produce eight categories of training and guidelines documents relating to water loss coverage investigations *available* around the Tongs' claim, but which were not actually given to the participating claims staff. (Dkt. 48, pp.15-16.) No stay was in place, and its review motion did not apply to these requests, the carrier did not serve amended responses and produced nothing.

Precisely as the Tongs' predicted, however, days after they served this motion, State Farm sprang into action. Some amended responses arrived one day before its portion of the Joint Stipulation was due, but do not include any reference to a diligent search and a responsive production, as the law requires. (*Leprino Foods Co, v. Avani Outpatient Surgical Ctr., Inc.*, 2024 WL 4488711, at *13

(C.D.Cal., 2024); *Zheng v. Walker*, 2023 WL 4365441, at *2 (D.N.M., 2023).)
Rather, in addition to its standard production of non-responsive Operations Guides, Jurisdiction Resources, and Standard Claims Process documents,[1] State Farm stated that it would produce "additional materials *representative of resources available* during the relevant timeframe …."[2] That response is a simple rejection of the Court's authority—it did not order production of "*representative*" documents; it ordered production of *all* responsive documents.

Worse, even the "representative" materials are uniformly non-responsive to the Court's order. Specifically, State Farm produced nearly two thousand pages without coming within a mile of the guidelines and training that were the subject of the Court's order.[3] For instance, State Farm produced hundreds of pages and multiple versions of guidelines relating to *Colorado* insurance claims, interpretation services, domestic violence law, child support liens, and boat claims.

Most telling, State Farm's multiple filings here lack any description of the *contents* of its productions. That is because the productions, months tardy, fall far short of satisfying the Court's order. As is described in detail in the accompanying Supplemental Declaration of Counsel (Schaffer Decl.), and is set forth in summary fashion below, even three months after the Court's order, most of the documents this Court ordered to be produced remain outstanding.

In its latest filing (Dkt. 57), State Farm assures the Court that at least *some* of what remains is coming on March 17th. But the proposed production date is a giveaway, days beyond the reach of the parties' briefing here, outside of the Court's ability to review, and lacking any specificity. Even then, State Farm *admits* the March 17 production will not satisfy the order: multiple categories will arrive "in a supplemental production," with no date provided. (Dkt. 57, pp.2:27-3:2.)

---

[1] Supplemental Declaration of Dylan Schaffer ISO Enforcement Motion [Supp. Decl.], ¶¶5-27 [describing production].
[2] *See, e.g.,* Supp. Decl., Ex. A, p.6:12-14.
[3] Supp. Decl., ¶26.

State Farm refuses to be bound by the Local or Federal Rules, the law, or the Court's order. A financial sanction will have no impact on the company of State Farm's size. The Court should impose the issue sanctions requested.

## I. There is no Rule that a Court's Order Lacking a Stated Deadline for Production, together with a Limited Motion for Review, Equals a Stay.

State Farm's theory is that because the Court's order contained no deadline (Dkt. 55-1, p.8:15-17), and it filed for review (Dkt. 55-1, p.8:17-20), there was an effective stay in place until Judge Fischer's order on February 26. (Dkt. 55-1, p.48:15-20.) The new rule of procedure is a fiction concocted by State Farm to provide cover for its abject failure to comply with the law.

## II. The Tongs' are not to Blame for State Farm's Violations of the Order.

State Farm insists the Tongs are at fault for its failure to comply with the Court's order. (Dkt. 55-1, p.8:23-28, 27:9-17) Its evidence is an email from the Tongs' lawyer in which the Tongs sought State Farm's compliance with the federal rules. (Batezel Declaration, Exhibit 1) The argument makes no sense; counsel never told Defendant not to produce documents or proposed a delayed timeline.

## III. State Farm Has Failed to Comply with the Court's Order.

In its filings here (Dkt. 55-1, pp.25:13 et seq., 46:1 et seq.; Dkt 57), State Farm urges that as it has produced 4000 pages and some videos, the Court should deny the motion and impose sanctions on the Tongs. But nowhere in State Farm's portion of the Joint Stipulation, Supplemental Memorandum, and supporting declarations, does the carrier aver that it has served rule-compliant amended discovery responses, or produced all documents responsive to the requests at issue, or taken any steps to *describe* with any specificity what it *has* produced.

Those omissions are consistent with the events since the Court's order: State Farm has failed to serve valid amended responses, served responses that are framed expressly to avoid compliance with the Court's order, delayed its compliance for months, and with narrow exceptions failed to produce responsive documents. As to

some categories, State Farm has *admitted* it has yet to produce a page and has no deadline in mind.

### A.    Guidelines Relating to Water Coverage Investigations.[4]

As explained in the Joint Statement, State Farm initially produced multiple versions of twenty-nine Operations Guides, all but uniformly irrelevant here, and no amended responses.[5] As described in detail in the accompanying declaration of counsel:[6] (a) its first amended responses and production arrived only after service of the enforcement motion, two months after this Court's order; (b) the responses are non-compliant, as they promise only "additional materials *representative of resources available during the relevant timeframe* …"; and (c) the 2000-page production of guidelines relating to Colorado law, domestic violence, child support, and boat claims, among many other non-responsive categories, does not start to satisfy the Court's order, and flows from the improper amended responses.

### B.    Training Given to the Two Claims Staff.[7]

As accompanying Declaration describes,[8] on February 21st, only after service of the enforcement motion, State Farm served non-compliant amended responses and hundreds of non-responsive documents; also it omitted from its production an obviously responsive digital course completed by its adjuster *two days before the loss was denied,* called "Investigating Questionable Water Losses."

### C.    Personnel File and Denial Template Materials.[9]

As the accompanying Declaration explains,[10] State Farm has served non-compliant amended responses regarding personnel file materials, failed to produce assessment reports that must be in the files at issue, and *admittedly* failed not only

---

[4] Dkt.5-1, pp.21:6-23:20; Supp. Decl., Ex. A, nos. 18, 20, 22, 24, 32, 34, 36, 38)
[5] Supp. Decl., ¶¶4-7.
[6] Supp. Decl., ¶¶8-26.
[7] Supp. Decl., Ex. A, nos. 17, 19, 21, 23, 31, 33, 35, 37.
[8] Supp. Decl., ¶¶27-32.
[9] Supp. Decl., Ex. A, nos. 25-28, 39-42, 44.
[10] Supp. Decl., ¶¶33-37 (personnel documents); ¶¶38-40 (templates).

to produce four categories of documents the Court ordered to be produced, but has *never identified a date certain upon which it intends to satisfy the Court's order.* Likewise, State Farm has to date failed to produce template denial letters.

### D.    "Water Initiative" Materials.[11]

Having granted itself a stay as to these materials based on its invented rule of procedure, State Farm produced nothing other than the non-responsive Colorado claims and boat claims handling guidelines (and other similar materials).[12] As its motion for review was narrowly aimed at limiting the date range, State Farm should long ago have searched for and produced at least *some* responsive materials.[13] Also, Judge Fischer denied the motion for review on February 26; State Farm proposes to produce responsive documents on March 17, nearly three weeks later, and, conveniently, beyond the briefing and thus Court's review here.

## IV.    *Pachall* and Plaintiffs' Meet and Confer Effort.

State Farm finally spends pages arguing that the circumstances in the *Pachall* case have scant bearing here. It is right. Plaintiffs raised that matter simply to explain why, upon issuance of this Court's order, the Tongs so assiduously communicated with State Farm for weeks after this Court's order, detailing the requirements of the order, and insisting upon State Farm's timely compliance. That effort failed. Plaintiffs have done everything in their power to avoid this motion. State Farm's amended responses, productions, and briefing here amount to an unmistakable rejection of this Court's authority. No additional conferral could have had any ameliorative impact. Plaintiffs satisfied the requirements of Local Rule 37.

Date: March 11, 2025                        /s/Dylan Schaffer_____
                                            Dylan Schaffer
                                            Counsel for Plaintiffs

---

[11] Supp. Decl., Ex. B, nos. 92-93; Dkt. 40-2 (Joint Stipulation, Motion to Compel, pp.99:2, 101:13, 102:26, 106:22, 110:10, 111:19).

[12] Supp. Decl., Ex., nos. 92-93.

[13] Supp. Decl., ¶¶41-52.