J. Edward Kerley (175695)
Dylan L. Schaffer (153612)
Nicholas J. Peterson (287902)
Kerley Schaffer LLP
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIAM TONG, et al, | Case No. 2:24−cv−02219−DSF−MAR |
| Plaintiffs, | <u>DISCOVERY MATTER</u> |
| v. | **SUPPLEMENTAL DECLARATION OF DYLAN SCHAFFER IN SUPPORT OF PLAINTIFFS' MOTION FOR ENFORCEMENT OF THE COURT'S ORDER COMPELLING DISCOVERY RESPONSES AND PRODUCTION AND FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)** |
| STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 10, |  |
| Defendants. |  |
|  | **Motion Date:** March 26, 2025 |
|  | **Motion Time:** 11:00 a.m. |
|  | **Courtroom:** 255 E. Temple St., Los Angeles, Courtroom 790, 7th Floor |
|  | Discovery Cutoff: 5/12/25 |
|  | Pre-Trial Conference: 9/8/25 |
|  | Trial: 10/7/25 |

1

I, Dylan Schaffer, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice in California and before this Court. If called to testify I would do so under penalty of perjury as follows:

2. My firm and I are counsel for Plaintiffs in this matter.

3. On December 20, 2024, the Court entered its order (Dkt. 48) granting in part and denying in part Plaintiffs' Motion to Compel Production of Documents and for Further Responses to Requests for Production of Documents.

## **INITIAL PRODUCTION – JANUARY 16, 2025**

4. State Farm's initial production, which was not accompanied by any amended responses or attempt to satisfy Federal Rule of Procedure 34(b)(2)(E)(i), occurred on January 16, 2025.

5. The 435-page production, Bates Range TONGW346-781, consisted of (a) training transcripts for the two claims staff involved in the Tongs' claim, and (b) multiple versions of Operations Guides all but entirely non-responsive to any request by Plaintiffs in this case, or order of this Court. (*See* Dkt. 55-2, p.12:13-28.) All pages were marked "Confidential Produced Pursuant to Protective Order," but Plaintiff does not believe that disclosure of the category or name of these documents violates the protective order in this case.

6. Specifically, the production of Operation Guides was as follows:

Supplemental Declaration of Dylan Schaffer ISO Motion to Compel

a.  Supervising First-Party Litigation
b.  Use of Independent Non-Engineering Experts
c.  Use of Engineering Firms
d.  Associate Vendor Manager
e.  State Farm Premier Service Program (SFPSP) Mitigation Services Program (three versions)
f.  SFPSF Flooring (two versions)
g.  SFPSF Contractor Services (two versions)
h.  SFPSF Roofing Services (two versions)
i.  SFPSF Estimate Only Program (two versions)
j.  California Fair Claims Settlement Regulations
k.  Coverage Question Procedures
l.  Statements
m. First Party Claims Guidelines (two versions)
n.  Personal Property Handling
o.  Documentation of Personal Property Loss
p.  Structural Claim Handling
q.  Appraisal
r.  Water Damage Losses (two versions)
s.  Betterment
t.  Replacement Cost Building
u.  Replacement Cost Personal Property
v.  Deductibles
w.  Claim Applications (two versions)
x.  Additional Coverages (two versions)
y.  Claim Applications – Losses Not Insured (three versions)
z.  Optional Policy Provisions (two versions)
aa. Fungus, mold, mildew
bb. Wind/Hail Guidelines (three versions)

7.  As of February 17, 2025, State Farm had served no other documents in response to this Court's order of December 20, 2024, nor had State Farm amended any of its discovery responses to indicate diligent searches and/or production of responsive documents.

3

## STATE FARM'S CONDUCT AFTER SERVICE OF THIS MOTION

8. On February 17, 2025, pursuant to the Local Rules, I served the enforcement motion on State Farm's counsel.

9. On February 21, 2015, sixty-three days after this Court's order, and one business day before State Farm was required to serve its portions of the Joint Stipulation, for the first time it served some amended discovery responses and produced two additional sets of documents.

10. **Exhibit A** to this motion is a true and correct copy of State Farm's amended answers to Requests for Production, Set One.

11. **Exhibit B** to this motion is a true and correct copy of State Farm's amended answers to Requests for Production, Set Four.

12. State Farm served two Bates ranges, which are separately referred to in its responses – Bates TONGW2037-4012, which contain State Farm's production of training documents actually provided to the adjuster and supervisor in the Tongs' claim; and Bates TONGW782-2036, which reflect State Farm's production of training and guidelines documents generally available to adjusters in the period of the Tongs' claim.

## PRODUCTION OF GUIDELINES AND TRAINING DOCUMENTS GENERALLY AVAILABLE TO CLAIMS STAFF AT STATE FARM (REQUESTS 18, 20, 22, 24, 32, 34, 36, 38).

13. As the Court will recall, relating to guidelines and training, the heart of the dispute between the parties was whether Plaintiffs are entitled to review not only guidelines and training given to the claims staff involved here, but documents containing training and guidelines generally available to State Farm's claim staff relating to water loss investigation, application of the two policy exclusions at issue here, and additional living expenses (Tongs' Request for Production, Requests 18, 20, 22, 24, 32, 34, 36, 38; *see* Dkt 40-2, pp.84:25 et seq (Joint Stipulation ISO Motion to Compel).

14. In its amended responses to each of these requests, served one court day before its Joint Stipulation portions were due, State Farm did not state that the carrier has searched for and has produced all responsive documents.

15. Rather, the responses each say State Farm has produced "relevant" Operations Guides, Standard Claim Processes, and Jurisdictional References. (*See, e.g.,* Exhibit A, p.6:9-14.)

16. That is the litany State Farm *always* indicates it is producing, and as we have explained, with the exception of the single Operations Guide relating to water claims (75-20), which does not mention the seepage exclusion, and has a single line relating to the "below the surface" exclusion, none of those

5

are responsive to any order of this Court or any request for production by
Plaintiffs. (Dkt. 55-1, pp.22:3-23:20)

17. Most importantly, as to the vast category of other responsive documents,
which were the primary focus of Plaintiffs' motion to compel, in each
amended State Farm does not indicate that it has searched for and produced
all responsive documents, but instead say it is producing "additional
materials *representative of resources available during the relevant
timeframe ....*" (*See, e.g.,* Exhibit A, p.6:12-14 (emphasis added.)

18. State Farm does not explain how it decided which responsive documents
"representative of resources available" it chose to produce, and which it has
withheld. It does not explain who did the culling, or what filters were
applied. It provides no privilege log or other explanation for the limited
production.

19. State Farm indicates in its amended responses that the Bates range reflective
of the "representative" materials is TONGW0000359-
TONGW00002063PROD.

20. TONG359-781 had been produced earlier, is addressed in Plaintiffs
Enforcement Motion (Dkt.55-2, pp.11:5-13:2), and above, paragraphs 5-8.

21. As we have explained, with the exception of OG 75-20 — which as noted
contains almost nothing of responsive value here — *none* of those
documents are responsive to any order of this Court or request for

Supplemental Declaration of Dylan Schaffer ISO Motion to Compel

documents by Plaintiffs.

22. The same can be said of the rest of the range (TONG782-2036), with even more force.

23. The requests relate to guidelines and training available to claims relating to

- Water loss investigation and adjusting;

- Water loss coverage investigations involving the two exclusions at issue here; and

- Investigation of additional living expense claims.

24. The Bates range identified by State Farm is non-responsive to the requests or the Court's order.

25. In the Bates range it describes in its amended responses, it produced:

  a. Jurisdictional Resources and Standard Claim Processes indices (seven version), without a single reference among them to investigation or coverage issues relating to water losses;

  b. Guidelines relating to claims handling in Colorado (five versions);

  c. Guidelines relating to the handling of boat damage claims (four versions);

  d. Guidelines relating to Accuweather reports;

  e. Guidelines relating to arbitration hearings;

  f. Guidelines relating to caller confirmation processes;

  g. Guidelines relating to child support lien matches;

Supplemental Declaration of Dylan Schaffer ISO Motion to Compel

h.   Guidelines relating to the "common fund doctrine";

i.   Guidelines relating to domestic violence laws;

j.   Guidelines relating to "garage keepers" insurance;

k.   Guidelines relating to government and other insurance insolvency claims;

l.   Guidelines relating to State Farm's reliance on vendors for HVAC, roofing, and siding inspections (seven versions);

m. Guidelines relating to interpretation services;

n.   Guidelines relating to types of litigation;

o.   Guidelines relating to claims involving public adjusters (two versions);

p.   Guidelines relating to restitution claims;

q.   Guidelines relating to returned mail (two versions);

r.   Guidelines relating to hail claim handling (six versions);

s.   Guidelines relating to underwriting review.

26. In the full Bates range State Farm refers to in its amended discovery responses, and produced, which per State Farm includes Operations Guides, Standard Claims Processes, Jurisdictional Resources, and "additional materials *representative of resources available during the relevant timeframe ...*", covering about 1700 pages, there is a single, non-specific reference to the "seepage and leakage" exclusion, and the one reference to

8

the "below the surface of the ground" exclusion in OG 75-20.

**PRODUCTION OF GUIDELINES AND TRAINING DOCUMENTS GIVEN TO THE CLAIMS STAFF AT STATE FARM (REQUESTS 17, 19, 21, 22, 31, 33, 35, 37).**

27. As relates to requests for documents containing training provided to the claims staff in the Tong loss relating to water loss investigation, application of the two policy exclusions at issue here, and additional living expenses (Requests 17, 19, 21, 23, 31, 33, 35, 37; Dkt. 40-2, pp. 59:11 et seq.), State Farm amended responses omit any statement that it has searched for and produced all responsive documents.

28. Rather, State Farm states that it has produced "documents regarding training that relate to water losses that appear on the training transcript [sic] for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19, 2024." (*See e.g.,* Exhibit A, p.4:19-22.)

29. State Farm then indicates the Bates range reflective of those documents is TONGW00002037PROD-TONGW00004012PROD.

30. In that range, as it had done with its original production, State Farm produced more than a thousand pages non-responsive to this Court's order or any request by Plaintiffs, including:

- Multiple versions of property policy forms of no relevance to any issue in dispute in this lawsuit;

9

- Guidelines relating to *non-water* coverage issues;

- Personal property coverage training unrelated to water;

- "Other Structures" coverage training unrelated to water;

- Multiple versions of guidelines relating to State Farm endorsements for extended replacement benefits, code upgrades, and debris removal, none of which relate to water losses;

- Multiple versions of guidelines relating to loss settlement of non-water claims;

- Multiple versions of guidelines relating to "Quality First Contacts" with insureds, none of which address water losses or water loss coverage investigations;

- Multiple versions of guidelines relating to deductibles; and

- Multiple versions of guidelines relating to "loss of rents," which Plaintiffs did not seek in their claim, and do not seek in this lawsuit.

31. In addition to the many hundreds of non-responsive pages, State Farm produced some of the training reflected on the adjuster's and supervisor's training transcripts which relates to investigation of water losses generally, including 29 media files which reflect digital courses taken by the two claims staff in the Tong claim.

32. But the first entry on Mr. Acosta's training transcript shows he completed a digital course *two days before his denial of the Tong's claim* called "Investigating Questionable Water Claims." (TONGW0000346PROD) State Farm omitted that digital course from its production and has yet to produce it or promise to produce it in any of its filings here.

10

## PRODUCTION OF PERSONNEL FILE MATERIALS

33. The Court ordered State Farm to produce portions of the personnel files for both claims staff involved in this lawsuit, Acosta and Moratto (Dkt.48, p.12 et seq, re Requests 25-28, 39-42)

34. The Court ordered State Farm to produce the following for both employees:

- Performance reviews including any internal disciplinary actions after January 2023 (Requests 25, 39);
- Metrics used to assess or measure the employees' job performance after January 2023 (Requests 26, 40)
- Goals set for the performance of the employees claims adjusters after January 2020 (Requests 27, 41); and
- Documents describing job performance goals set for Acosta and Moratto from 2023 to present (Requests 28, 42).

30. In its amended response to request 25 (Acosta performance review, Exhibit A, p.17:14-16) and 39 (Moratto performance review, Exhibit A, p.34:22-34) State Farm does not indicate it conducted a diligent search and has produced all responsive documents.

31. Rather, State Farm simply identifies a Bates range TONGW00004013PROD -TONGW00004018PROD.

32. For Acosta (Request 25) the production includes a three-page letter congratulating him on his hiring, and an agreement between State Farm and Acosta that he will maintain his license. There is only one quarterly

Supplemental Declaration of Dylan Schaffer ISO Motion to Compel

summary review, from January-March 2023. Given the early January 2023 review, it seems unlikely there have been no additional reviews in the eight quarters since. Likewise, while I am aware State Farm conducts annual reviews for its claims staff, State Farm has produced no such annual review for Mr. Acosta for the years 2023 and 2024.

33. For Moratto (Request 39), State Farm produced the same licensing agreement. That is the complete production. Although he has been on the claims side for two full years, State Farm produced no performance reviews, quarterly or otherwise.

34. As relates to the six other requests (Requests 26-28, 40-42), as to which the Court entered its order granting Plaintiffs' motion to compel in December 2024, State Farm's responses, served sixty-three days after this Court entered its order, are as follows: "State Farm is still gathering documents responsive to the request and will produce the same once the documents are available for production." (*See, e.g.,* Exhibit A, p.18:7-9.)

35. In its portion of the Joint Stipulation and Supporting Declaration, State Farm does not refer to these six requests, or indicate its plan for serving amended responses or producing documents.

36. In its Supplemental Memorandum, State Farm informs the Court that it "is still searching for other documents responsive to Requests 26-28 and 40-42. These documents, once located … will be produced in a supplemental

Supplemental Declaration of Dylan Schaffer ISO Motion to Compel

production" on some unspecified later date. (Dkt 57, pp.2:27-3:2.)

37. In other words, State Farm has yet to commit *any* production date for these

materials.

## **PRODUCTION OF TEMPLATE LETTERS (REQUEST 44)**

38. The Court ordered State Farm to produce template letters relied on by State

Farm in its denials of water loss claims. (Dkt. 48, p.12.) The Court will

recall that both claims employees testified they routinely rely on these

templates and even identified where on the State Farm Intranet the templates

could be found.

39. In its amended responses, served sixty-three days after this Court entered its

order, State Farm amended its response as follows: "State Farm is still

gathering documents responsive to the Request and will produce the same

once the documents are available for production." (*See* Exhibit A, p.38:17-

19.)

40. In its supplemental memorandum, State Farm assures the Court it will

produce templates responsive to Request 44 by March 17, 2025, after the

deadline for service of the Tongs' supplemental memorandum.

## **"WATER INITIATIVE" DOCUMENTS (REQUESTS FOR PRODUCTION 92, 93, 94, 126, 145, 146)**

41. Requests 92 and 93 requested documents relating to training of claims staff

on the two exclusions at issue here.

42. State Farm's amended responses do not state that the carrier has conducted diligent searches and is producing all responsive documents.

43. Instead, State Farm refers to the Bates ranges set forth above relating to training provided to the claims staff involved in the Tongs' claim, and the "additional materials *representative of resources available during the relevant timeframe ....*" (Exhibit B, pp.20:17-24, 21:26-22:12.)

44. Therefore, setting aside the untimely service of these materials, and the deficient amended responses, State Farm's responses suffer from all of the deficiencies described above, ¶¶14-27, and in particular the carrier has failed to produce any documents responsive to the request.

45. The Court granted the Tong's motion to compel documents pursuant to Request 94 and 126, seeking "All DOCUMENTS created by or in the possession of the FIRE CLAIMS DEPARTMENT relating to the WATER INITIATIVE" (Request 94) and for documents in the same category described with specificity (Request 126). (Dkt. 40-2, pp.102:26-103:1, 106:22-107:9; Dkt. 48, p.19.)

46. Likewise, the Court granted the Tong's motion to compel documents pursuant to Requests 145 and 146. (Dkt. 40-2, pp.110:11-16, 111:21-24; Dkt. 48, p.19.)

47. These seek "All DOCUMENTS containing any report or presentation from

14

2010 to present, from any person or entity employed by YOU, or any person or entity retained by YOU, relating in whole or in part to YOUR INVESTIGATION and/or ADJUSTING of water losses" (Request 145) and "All DOCUMENTS containing any report or presentation from MCKINSEY & COMPANY from 2010 to present relating in whole or in part to YOUR INVESTIGATION and/or ADJUSTING of water losses."

48. As of the date of this supplemental memorandum, State Farm has neither sought any stay of the Court's order, produced a page of responsive documents, nor amended its discovery responses as to these four requests.

49. On February 26, 2025, the Court denied all portions of State Farm's motion for review relevant here. (Dkt. 56.)

50. State Farm filed its supplemental memorandum in this proceeding on March 3, 2025.

51. In its supplemental memorandum, State Farm promised to produce documents in various other categories on March 17, 2025, *87 days* after this Court's order. Those include documents responsive to requests 94, 126, 145 and 146 relating to the Water Initiative and internal and external consulting reports relating to State Farm's handling of water losses. (Dkt. 57, p.2:24-25.)

52. But State Farm also puts off even that production in part, informing the Court that as to documents from 2016 that are responsive to Request 145

15

(relating to internal consulting reports), informing the Court that as with

documents responsive to Requests 26-26, and 40-42, the materials "will be

produced in a supplemental production" on some unspecified later date.

(Dkt. 57, pp.2:27-3:2).


Executed this 11th day of March, 2024, at Oakland, California.

/s/Dylan Schaffer_____
Dylan Schaffer
Counsel for Plaintiffs

Supplemental Declaration of Dylan Schaffer ISO Motion to Compel

EXHIBIT   A

EXHIBIT   A



* Matthew F. Batezel (State Bar No. 185147)
mbatezel@plawp.com (*lead counsel)
Daniel T. Balmat (State Bar No. 230504)
dbalmat@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA  92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TONG; and MALINEE DIBBAYAWAN, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 to 10, <br><br> Defendants. | Case No.: 2:24-cv-02219-DSF <br><br> **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S AMENDED RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** <br><br> Complaint filed:  March 19, 2024 |

PROPOUNDING PARTY:    Plaintiffs, WILLIAN TONG and MALINEE DIBBAYAWAN

RESPONDING PARTY:    Defendant, STATE FARM GENERAL INSURANCE COMPANY

SET NUMBER:    One (1), Amended

1

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**PRELIMINARY STATEMENT**

These amended responses to certain of Plaintiffs' Requests for Production, Set One, are provided pursuant to the Court's December 20, 2024, Order Re: Plaintiffs' Motion to Compel and Defendants' Motion for a Protective Order.

Insofar as they are relevant and do not call for duplicative or privileged information, and subject to the stated objections, State Farm provides these amended responses to the best of its ability. Discovery in this matter has not yet been completed. The amended responses are based upon information that is currently in the possession of State Farm. The amended responses are offered without prejudice to State Farm's right to offer additional information that is subsequently discovered.

**AMENDED RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 15:**

Each TRAINING TRANSCRIPT for Gerald Acosta.

**ORIGNAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "Each TRAINING TRANSCRIPT". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

2

1  trained prior to the date of loss, and which were obsolete on the date of loss, which

2  pertain only to other losses, and/or which pertain only to other areas of the country,

3  are neither material nor relevant to the matters at issue in this case. Finally, State

4  Farm objects to this request to the extent it seeks confidential, proprietary business

5  information and/or trade secrets. Plaintiffs have not established that such

6  information is necessary to a fair adjudication of this case.  Subject to and without

7  waiving said objections, and subject to a protective order, State Farm will produce

8  the training transcript for Mr. Acosta for the dates of March 3, 2022 to March 19,

9  2024.

10 **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11      State Farm incorporates and restates all Objections to Definitions,

12 Objections to Instructions, and all other general and specific objections s in its

13 original responses.  Without waiving any objection, State Farm responds:  State

14 Farm has produced subject to the protective order entered in this case documents

15 identified as TONGW00000346PROD-TONGW00000352PROD.

16 **REQUEST FOR PRODUCTION NO. 17:**

17      All DOCUMENTS used in any formal training of Gerald Acosta at any time

18 to INVESTIGATE and ADJUST water losses.

19 **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

20      State Farm objects to this request as vague, ambiguous, and overly broad

21 with respect to the use of the terms "All DOCUMENTS used in any formal

22 training".  State Farm further objects to this request on the grounds that it is overly

23 broad in scope (not limited to materials applicable to the specific insurance claims

24 and/or coverages at issue in this litigation; not limited to materials pertinent to the

25 claims personnel who adjusted the subject claim), time (not limited to a reasonable

26 period of time), and geographic area (not limited to materials applicable to

27 California). This request is not reasonably tailored to include only matters relevant

28 to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Case No.  2:24-cv-02219-DSF          STATE FARM'S AMENDED RESPONSE TO
                                      REQUEST FOR PRODUCTION, SET ONE

1  information that is neither relevant to the claims or defense of any party nor

2  proportional to the issues in this case.  State Farm's procedures are intended to

3  provide guidance, but each claim is handled on its own merits. Moreover, materials

4  on which individuals were trained prior to the date of loss, and which were

5  obsolete on the date of loss, which pertain only to other losses, and/or which

6  pertain only to other areas of the country, are neither material nor relevant to the

7  matters at issue in this case. Finally, State Farm objects to this request to the extent

8  it seeks confidential, proprietary business information and/or trade secrets.

9  Plaintiffs have not established that such information is necessary to a fair

10  adjudication of this case.

11      Subject to and without waiving same, and pursuant to a protective order,

12  State Farm will produce materials reflected on Mr. Acosta's training transcript for

13  the period of March 3, 2022 to March 19, 2024.

14  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

15      State Farm incorporates and restates all Objections to Definitions,

16  Objections to Instructions, and all other general and specific objections s in its

17  original responses.  Without waiving any objection, State Farm responds: as agreed

18  to by the parties and memorialized in the Magistrate's December 20, 2024, Order,

19  State Farm produces subject to the protective order entered in this case, documents

20  regarding training that relate to water losses that appear on the training transcript

21  for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19,

22  2024.  Collectively those documents are identified as TONGW00002037PROD-

23  TONGW00004012PROD. The documents related to training completed by Gerald

24  Acosta are identified in the documents produced subject to the protective order

25  entered in this case as TONGW00000346PROD-TONGW00000352PROD.

26  **REQUEST FOR PRODUCTION NO. 18:**

27      All guidelines available to Gerald Acosta at the time of the LOSS to assist

28  him to INVESTIGATE and ADJUST water losses.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

4

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. State Farm objects to the extent this request purports to seek information subject to the attorney-client privilege or work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm will produce the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe. State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.

For information reflecting the application of claims procedures to Plaintiffs' claim, see the Claim File for the claim at issue in this litigation. "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment. State Farm has produced its Claim File for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide. State Farm is withholding information protected by the attorney client

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

5

STATE FARM'S AMENDED RESPONSE TO REQUEST FOR PRODUCTION, SET ONE

1  privilege and/or that is work product.  State Farm is producing the non-privileged

2  documents described above and withholding other potentially responsive

3  documents based on the stated objections.

4  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

5          Subject to and without waiving the aforementioned objections and as agreed

6  to by the parties and memorialized in the Magistrate's December 20, 2024, Order,

7  State Farm produced the relevant non-confidential and/or non-trade secret sections

8  of the Operation Guide applicable and in effect during the relevant timeframe

9  along with -- subject to the protective order entered in this case – the relevant

10  confidential and/or trade secret sections of the Operation Guide applicable and in

11  effect during the relevant time frame, the Standard Claim Processes and

12  Jurisdictional References applicable and in effect on the date of loss and additional

13  materials representative of resources available during the relevant timeframe

14  subject to the protective order entered in this case.  The documents produced

15  subject to the protective order are identified as TONGW00000359PROD-

16  TONGW00002036PROD.

17  **REQUEST FOR PRODUCTION NO. 19:**

18          All DOCUMENTS used in any formal training of Gerald Acosta to apply

19  the exclusion in the POLICY which provides: "(8) water or sewage below the

20  surface of the ground, including water or sewage that exerts pressure on, or seeps

21  or leaks through a ***building structure***, sidewalk, driveway, swimming pool, or

22  other structure …."

23  **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

24          State Farm objects to this request as vague, ambiguous, and overly broad

25  with respect to the use of the terms "All DOCUMENTS used in any formal

26  training".  State Farm further objects to this request on the grounds that it is overly

27  broad in scope (not limited to materials applicable to the specific insurance claims

28  and/or coverages at issue in this litigation; not limited to materials pertinent to the

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

6

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  claims personnel who adjusted the subject claim), time (not limited to a reasonable

2  period of time), and geographic area (not limited to materials applicable to

3  California). This request is not reasonably tailored to include only matters relevant

4  to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

5  information that is neither relevant to the claims or defense of any party nor

6  proportional to the issues in this case.  State Farm's procedures are intended to

7  provide guidance, but each claim is handled on its own merits. Moreover, materials

8  on which individuals were trained prior to the date of loss, and which were

9  obsolete on the date of loss, which pertain only to other losses, and/or which

10  pertain only to other areas of the country, are neither material nor relevant to the

11  matters at issue in this case. Finally, State Farm objects to this request to the extent

12  it seeks confidential, proprietary business information and/or trade secrets.

13  Plaintiffs have not established that such information is necessary to a fair

14  adjudication of this case.

15       Subject to and without waiving said objections, and pursuant to a protective

16  order, State Farm will produce training related to water losses that appear on the

17  training transcript for Gerald Acosta for the period of March 3, 2022 to March 19,

18  2024.

19  **<u>AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:**

20       State Farm incorporates and restates all Objections to Definitions,

21  Objections to Instructions, and all other general and specific objections s in its

22  original responses.

23       Without waiving any objection, State Farm responds: as agreed to by the

24  parties and memorialized in the Magistrate's December 20, 2024, Order, State

25  Farm produces subject to the protective order entered in this case, documents

26  regarding training that relate to water losses that appear on the training transcript

27  for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19,

28  2024.  Collectively those documents are identified as TONGW00002037PROD-

7

1  TONGW00004012PROD. The documents related to training completed by Gerald

2  Acosta are identified in the documents produced subject to the protective order

3  entered in this case as TONGW00000346PROD-TONGW00000352PROD.

4  **REQUEST FOR PRODUCTION NO. 20:**

5       All guidelines available to Gerald Acosta at the time of the LOSS to assist

6  him to apply the exclusion in the POLICY which provides: "(8) water or sewage

7  below the surface of the ground, including water or sewage that exerts pressure on,

8  or seeps or leaks through a *building structure*, sidewalk, driveway, swimming

9  pool, or other structure …."

10 **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11       State Farm objects to this request on the grounds that it is overly broad in

12 scope (types of claims and insurance coverage), time (not limited by the period of

13 time when this claim was handled), and geographic area (not limited to California).

14 This request is not reasonably tailored to include only matters relevant to the issues

15 involved in this lawsuit and is potentially unduly burdensome; it seeks information

16 that is neither relevant to the claims or defense of any party nor proportional to the

17 issues in this case.  State Farm's procedures are intended to provide guidance, but

18 each claim is handled on its own merits.  State Farm objects to the extent this

19 request purports to seek information subject to the attorney-client privilege or work

20 product doctrine.  Finally, State Farm objects to this request to the extent it seeks

21 confidential, proprietary business information and/or trade secrets.  Plaintiffs have

22 not established that such information is necessary to a fair adjudication of this case.

23       Subject to and without waiving the aforementioned objections, State Farm

24 will produce the relevant non-confidential and/or non-trade secret sections of the

25 Operation Guide applicable and in effect during the relevant timeframe along with

26 the Standard Claim Processes and Jurisdictional References applicable and in

27 effect on the date of loss and additional materials representative of resources

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

8

available during the relevant timeframe.  State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order. For information reflecting the application of claims procedures to Plaintiffs' claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced its Claim File for the subject claim (Bates numbers CF Tong 001-244) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding information protected by the attorney client privilege and/or that is work product.  State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the aforementioned objections and as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with -- subject to the protective order entered in this case – the relevant confidential and/or trade secret sections of the Operation Guide applicable and in effect during the relevant time frame, the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe subject to the protective order entered in this case.  The documents produced subject to the protective order are identified as TONGW00000359PROD-TONGW00002036PROD.

**REQUEST FOR PRODUCTION NO. 21:**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

9

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

All DOCUMENTS used in any formal training of Gerald Acosta to apply the exclusion in the POLICY which provides: "(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time: (a) and is: (i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a: (i) heating, air conditioning, or automatic fire protective sprinkler system; (ii) household appliance; or plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors."

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS used in any formal training". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and

pursuant to a protective order, State Farm will produce training related to water losses that appear on the training transcript for Gerald Acosta for the period of March 3, 2022 to March 19, 2024.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections s in its original responses. Without waiving any objection, State Farm responds: as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produces subject to the protective order entered in this case, documents regarding training that relate to water losses that appear on the training transcript for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19, 2024. Collectively those documents are identified as TONGW00002037PROD-TONGW00004012PROD. The documents related to training completed by Gerald Acosta are identified in the documents produced subject to the protective order entered in this case as TONGW00000346PROD-TONGW00000352PROD.

**REQUEST FOR PRODUCTION NO. 22:**

All guidelines available to Gerald Acosta at the time of the LOSS to assist him to apply the exclusion in the POLICY which provides: ""(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time: (a) and is: (i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a: (i) heating, air conditioning, or automatic fire protective sprinkler system; (ii) household appliance; or (iii) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors."

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California).

11

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  This request is not reasonably tailored to include only matters relevant to the issues
2  involved in this lawsuit and is potentially unduly burdensome; it seeks information
3  that is neither relevant to the claims or defense of any party nor proportional to the
4  issues in this case.  State Farm's procedures are intended to provide guidance, but
5  each claim is handled on its own merits.  State Farm objects to the extent this
6  request purports to seek information subject to the attorney-client privilege or work
7  product doctrine.  Finally, State Farm objects to this request to the extent it seeks
8  confidential, proprietary business information and/or trade secrets.  Plaintiffs have
9  not established that such information is necessary to a fair adjudication of this case.

10  Subject to and without waiving the aforementioned objections, State Farm
11  will produce the relevant non-confidential and/or non-trade secret sections of the
12  Operation Guide applicable and in effect during the relevant timeframe along with
13  the Standard Claim Processes and Jurisdictional References applicable and in
14  effect on the date of loss and additional materials representative of resources
15  available during the relevant timeframe.  State Farm will produce the relevant
16  confidential and/or trade secret sections upon execution of the protective order.

17  For information reflecting the application of claims procedures to Plaintiffs'
18  claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a
19  distinct meaning to State Farm based upon the portion of its Operation Guide that
20  provides instructions on what to retrieve from ECS to generate a Claim File for
21  production outside the ECS environment.  State Farm has produced its Claim File
22  for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable
23  format as it does in the ordinary course of business pursuant to its Operation
24  Guide.  State Farm is withholding information protected by the attorney client
25  privilege and/or that is work product.  State Farm is producing the non-privileged
26  documents described above and withholding other potentially responsive
27  documents based on the stated objections.

28  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Subject to and without waiving the aforementioned objections and as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with -- subject to the protective order entered in this case – the relevant confidential and/or trade secret sections of the Operation Guide applicable and in effect during the relevant time frame, the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe subject to the protective order entered in this case. The documents produced subject to the protective order are identified as TONGW00000359PROD-TONGW00002036PROD.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS used in any formal training of Gerald Acosta at any time to INVESTIGATE and ADJUST loss of use and/or additional living expense claims.

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS used in any formal training". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to

13

STATE FARM'S AMENDED RESPONSE TO REQUEST FOR PRODUCTION, SET ONE

provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce training related to ALE that appear on the training transcript for Gerald Acosta for the period of March 3, 2022 to March 19, 2024.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections s in its original responses.

Without waiving any objection, State Farm responds: as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produces subject to the protective order entered in this case, documents regarding training that relate to loss of use and additional living expenses that appear on the training transcript for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19, 2024.  Collectively those documents are identified as TONGW00002037PROD- TONGW00004012PROD. The documents related to training completed by Gerald Acosta are identified in the documents produced subject to the protective order entered in this case as TONGW00000346PROD-TONGW00000352PROD.

## REQUEST FOR PRODUCTION NO. 24:

14

STATE FARM'S AMENDED RESPONSE TO REQUEST FOR PRODUCTION, SET ONE

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    All guidelines available to Gerald Acosta at the time of the LOSS to assist

2    him to INVESTIGATE and ADJUST loss of use and/or additional living expense

3    claims.

4    **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

5    State Farm objects to this request on the grounds that it is overly broad in

6    scope (types of claims and insurance coverage), time (not limited by the period of

7    time when this claim was handled), and geographic area (not limited to California).

8    This request is not reasonably tailored to include only matters relevant to the issues

9    involved in this lawsuit and is potentially unduly burdensome; it seeks information

10    that is neither relevant to the claims or defense of any party nor proportional to the

11    issues in this case.  State Farm's procedures are intended to provide guidance, but

12    each claim is handled on its own merits.  State Farm objects to the extent this

13    request purports to seek information subject to the attorney-client privilege or work

14    product doctrine.  Finally, State Farm objects to this request to the extent it seeks

15    confidential, proprietary business information and/or trade secrets.  Plaintiffs have

16    not established that such information is necessary to a fair adjudication of this case.

17    Subject to and without waiving the aforementioned objections, State Farm

18    will produce the relevant non-confidential and/or non-trade secret sections of the

19    Operation Guide applicable and in effect during the relevant timeframe along with

20    the Standard Claim Processes and Jurisdictional References applicable and in

21    effect on the date of loss and additional materials representative of resources

22    available during the relevant timeframe.  State Farm will produce the relevant

23    confidential and/or trade secret sections upon execution of the protective order.

24    For information reflecting the application of claims procedures to Plaintiffs'

25    claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a

26    distinct meaning to State Farm based upon the portion of its Operation Guide that

27    provides instructions on what to retrieve from ECS to generate a Claim File for

28    production outside the ECS environment.  State Farm has produced its Claim File

15

for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide. State Farm is withholding information protected by the attorney client privilege and/or that is work product. State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to and without waiving the aforementioned objections and as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with -- subject to the protective order entered in this case – the relevant confidential and/or trade secret sections of the Operation Guide applicable and in effect during the relevant time frame, the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe subject to the protective order entered in this case. The documents produced subject to the protective order are identified as TONGW00000359PROD-TONGW00002036PROD.

**REQUEST FOR PRODUCTION NO. 25:**

YOUR PERFORMANCE REVIEW of Gerald Acosta including but not limited to any internal disciplinary actions or threatened internal disciplinary actions, from January 1, 2023, to the date of production.

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

State Farm objects to this request on the grounds that it is overbroad in scope (not limited in terms of scope of employment or assignment; not limited to materials pertinent to the specific insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable period of time). This request is not

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. This type of inquiry goes beyond what is needed to address the claims and defenses at issue; it is not likely to assist in the resolution of this this case, and therefore any burden to State Farm would be disproportionate to the scope of the matter. State Farm further objects to this request because it unduly invades the privacy of its employees and is broad enough to potentially implicate information that is confidential, proprietary business information. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections s in its original responses. Without waiving any objection, State Farm responds: State Farm produces subject to the protective order entered in this case documents identified as TONGW00004013PROD- TONGW00004018PROD.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS describing YOUR metrics used to assess or measure job performance of Gerald Acosta from January 1, 2023, to the date of production.

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

State Farm objects to this request as vague and ambiguous as stated, specifically with respect to the use of the terms "DOCUMENTS describing" and "metrics used to assess or measure job performance" Further, this request is also overbroad in scope (not limited to the employees who actually handled the subject claim) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

17

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  case.  State Farm further objects to this request to the extent it calls for

2  confidential, proprietary business information.  Plaintiffs have not established that

3  such information is necessary to a fair adjudication of this case.

4  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

5          State Farm incorporates and restates all Objections to Definitions,

6  Objections to Instructions, and all other general and specific objections stated in its

7  original responses.  Without waiving any objection, State Farm responds: State

8  Farm is still gathering documents responsive to the Request and will produce the

9  same once the documents are available for production.

10  **REQUEST FOR PRODUCTION NO. 27:**

11          DOCUMENTS describing goals set for the job performance for first-party

12  homeowners' property claims adjusters such as Gerald Acosta from January 1,

13  2020, to the date of production.

14  **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

15          State Farm objects to this request as vague and ambiguous as stated,

16  specifically with respect to the use of the terms "DOCUMENTS describing goals",

17  "job performance", and "first-party homeowners' property claims adjusters"

18  Further, this request is also overbroad in scope (not limited to the employees who

19  actually handled the subject claim) and time (not limited to a reasonable period of

20  time).  This request is not reasonably tailored to include only matters relevant to

21  the issues involved in this lawsuit and is potentially unduly burdensome; it seeks

22  information that is neither relevant to the claims or defense of any party nor

23  proportional to the issues in this case.  State Farm further objects to this request to

24  the extent it calls for confidential, proprietary business information.  Plaintiffs have

25  not established that such information is necessary to a fair adjudication of this case.

26  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

27          State Farm incorporates and restates all Objections to Definitions,

28  Objections to Instructions, and all other general and specific objections stated in its

18

original responses. Without waiving any objection, State Farm responds: State Farm is still gathering documents responsive to the Request and will produce the same once the documents are available for production.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS describing specific goals set for Gerald Acosta from January 1, 2023, to the date of production.

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

State Farm objects to this request as vague and ambiguous as stated, specifically with respect to the use of the terms "DOCUMENTS describing specific goals" Further, this request is also overbroad in scope (not limited to the employees who actually handled the subject claim) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm further objects to this request to the extent it calls for confidential, proprietary business information. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections stated in its original responses. Without waiving any objection, State Farm responds: State Farm is still gathering documents responsive to the Request and will produce the same once the documents are available for production.

**REQUEST FOR PRODUCTION NO. 29:**

Each TRAINING TRANSCRIPT for Jim Moratto.

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

19

Case No.  2:24-cv-02219-DSF          STATE FARM'S AMENDED RESPONSE TO
                                      REQUEST FOR PRODUCTION, SET ONE

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "Each TRAINING TRANSCRIPT". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce the training transcript for Jim Moratto for the period of March 3, 2022 to March 19, 2024.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections stated in its original responses. Without waiving any objection, State Farm responds: State Farm has produced subject to the protective order entered in this case documents identified as TONGW00000353PROD-TONGW00000358PROD.

**REQUEST FOR PRODUCTION NO. 31:**

20

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 · Facsimile (949) 242-2446

All DOCUMENTS used in any formal training of Jim Moratto at any time to INVESTIGATE and ADJUST water losses.

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS used in any formal training". State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce training related to water losses that appear on the training transcript for Jim Moratto for the period of March 3, 2022 to March 19, 2024.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections stated in its

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

21

STATE FARM'S AMENDED RESPONSE TO REQUEST FOR PRODUCTION, SET ONE

1  original responses.  Without waiving any objection, State Farm responds: as agreed

2  to by the parties and memorialized in the Magistrate's December 20, 2024, Order,

3  State Farm produces subject to the protective order entered in this case, documents

4  regarding training that relate to water losses that appear on the training transcript

5  for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19,

6  2024.  Collectively those documents are identified as TONGW00002037PROD-

7  TONGW00004012PROD. The documents related to training completed by Jim

8  Moratto are identified in the documents produced subject to the protective order

9  entered in this case as TONGW00000353PROD-TONGW00000358PROD.

10 **REQUEST FOR PRODUCTION NO. 32:**

11     All guidelines available to Jim Moratto at the time of the LOSS to assist him

12 to INVESTIGATE and ADJUST water losses.

13 **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

14     State Farm objects to this request on the grounds that it is overly broad in

15 scope (types of claims and insurance coverage), time (not limited by the period of

16 time when this claim was handled), and geographic area (not limited to California).

17 This request is not reasonably tailored to include only matters relevant to the issues

18 involved in this lawsuit and is potentially unduly burdensome; it seeks information

19 that is neither relevant to the claims or defense of any party nor proportional to the

20 issues in this case.  State Farm's procedures are intended to provide guidance, but

21 each claim is handled on its own merits.  State Farm objects to the extent this

22 request purports to seek information subject to the attorney-client privilege or work

23 product doctrine.  Finally, State Farm objects to this request to the extent it seeks

24 confidential, proprietary business information and/or trade secrets.  Plaintiffs have

25 not established that such information is necessary to a fair adjudication of this case.

26     Subject to and without waiving the aforementioned objections, State Farm

27 will produce the relevant non-confidential and/or non-trade secret sections of the

28 Operation Guide applicable and in effect during the relevant timeframe along with

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

22

1  the Standard Claim Processes and Jurisdictional References applicable and in
2  effect on the date of loss and additional materials representative of resources
3  available during the relevant timeframe.  State Farm will produce the relevant
4  confidential and/or trade secret sections upon execution of the protective order.

5       For information reflecting the application of claims procedures to Plaintiffs'
6  claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a
7  distinct meaning to State Farm based upon the portion of its Operation Guide that
8  provides instructions on what to retrieve from ECS to generate a Claim File for
9  production outside the ECS environment.  State Farm has produced its Claim File
10  for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable
11  format as it does in the ordinary course of business pursuant to its Operation
12  Guide.  State Farm is withholding information protected by the attorney client
13  privilege and/or that is work product.  State Farm is producing the non-privileged
14  documents described above and withholding other potentially responsive
15  documents based on the stated objections.

16  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

17       Subject to and without waiving the aforementioned objections and as agreed
18  to by the parties and memorialized in the Magistrate's December 20, 2024, Order,
19  State Farm produced the relevant non-confidential and/or non-trade secret sections
20  of the Operation Guide applicable and in effect during the relevant timeframe
21  along with -- subject to the protective order entered in this case – the relevant
22  confidential and/or trade secret sections of the Operation Guide applicable and in
23  effect during the relevant time frame, the Standard Claim Processes and
24  Jurisdictional References applicable and in effect on the date of loss and additional
25  materials representative of resources available during the relevant timeframe
26  subject to the protective order entered in this case.  The documents produced
27  subject to the protective order are identified as TONGW00000359PROD-
28  TONGW00002036PROD.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

23

STATE FARM'S AMENDED RESPONSE TO
REQUEST FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS used in any formal training of Jim Moratto to apply the exclusion in the POLICY which provides: "(8) water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a ***building structure***, sidewalk, driveway, swimming pool, or other structure …."

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS used in any formal training".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce training related to water

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

24

1  losses that appear on the training transcript for Jim Moratto for the period of March
2  3, 2022 to March 19, 2024.

3  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

4        State Farm incorporates and restates all Objections to Definitions,
5  Objections to Instructions, and all other general and specific objections stated in its
6  original responses.  Without waiving any objection, State Farm responds: as agreed
7  to by the parties and memorialized in the Magistrate's December 20, 2024, Order,
8  State Farm produces subject to the protective order entered in this case, documents
9  regarding training that appears on the training transcript for Jim Moratto and
10  Gerald Acosta for the period March 3, 2022 to March 19, 2024.  Collectively those
11  documents are identified as TONGW00002037PROD- TONGW00004012PROD.
12  The documents related to training completed by Jim Moratto are identified in the
13  documents produced subject to the protective order entered in this case as
14  TONGW00000353PROD-TONGW00000358PROD.

15  **REQUEST FOR PRODUCTION NO. 34:**

16        All guidelines available to Jim Moratto at the time of the LOSS to assist him
17  to apply the exclusion in the POLICY which provides: "(8) water or sewage below
18  the surface of the ground, including water or sewage that exerts pressure on, or
19  seeps or leaks through a ***building structure***, sidewalk, driveway, swimming pool,
20  or other structure …."

21  **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

22        State Farm objects to this request on the grounds that it is overly broad in
23  scope (types of claims and insurance coverage), time (not limited by the period of
24  time when this claim was handled), and geographic area (not limited to California).
25  This request is not reasonably tailored to include only matters relevant to the issues
26  involved in this lawsuit and is potentially unduly burdensome; it seeks information
27  that is neither relevant to the claims or defense of any party nor proportional to the
28  issues in this case.  State Farm's procedures are intended to provide guidance, but

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

25

each claim is handled on its own merits.  State Farm objects to the extent this request purports to seek information subject to the attorney-client privilege or work product doctrine.  Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets.  Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm will produce the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe.  State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.

For information reflecting the application of claims procedures to Plaintiffs' claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced its Claim File for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding information protected by the attorney client privilege and/or that is work product.  State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and without waiving the aforementioned objections and as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produced the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

26

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

along with -- subject to the protective order entered in this case – the relevant confidential and/or trade secret sections of the Operation Guide applicable and in effect during the relevant time frame, the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe subject to the protective order entered in this case.  The documents produced subject to the protective order are identified as TONGW00000359PROD-TONGW00002036PROD.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS used in any formal training of Jim Moratto to apply the exclusion in the POLICY which provides: "(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time: (a) and is: (i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi) trickling; and (b) from a: (i) heating, air conditioning, or automatic fire protective sprinkler system; (ii) household appliance; or plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors."

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

State Farm objects to this request as vague, ambiguous, and overly broad with respect to the use of the terms "All DOCUMENTS used in any formal training".  State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor

27

proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case. Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce training related to water losses that appear on the training transcript for Jim Moratto for the period of March 3, 2022 to March 19, 2024.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections stated in its original responses. Without waiving any objection, State Farm responds: as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produces subject to the protective order entered in this case, documents regarding training that relate to water losses that appear on the training transcript for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19, 2024. Collectively those documents are identified as TONGW00002037PROD-TONGW00004012PROD. The documents related to training completed by Jim Moratto are identified in the documents produced subject to the protective order entered in this case as TONGW00000353PROD-TONGW00000358PROD.

**REQUEST FOR PRODUCTION NO. 36:**

All guidelines available to Jim Moratto at the time of the LOSS to assist him to apply the exclusion in the POLICY which provides: ""(9) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time: (a) and is:

Case No. 2:24-cv-02219-DSF    STATE FARM'S AMENDED RESPONSE TO REQUEST FOR PRODUCTION, SET ONE

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

(i) continuous; (ii) repeating; (iii) gradual; (iv) intermittent; (v) slow; or (vi)
trickling; and (b) from a: (i) heating, air conditioning, or automatic fire protective
sprinkler system; (ii) household appliance; or (iii) plumbing system, including
from, within or around any shower stall, shower bath, tub installation, or other
plumbing fixture, including their walls, ceilings, or floors."

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

State Farm objects to this request on the grounds that it is overly broad in
scope (types of claims and insurance coverage), time (not limited by the period of
time when this claim was handled), and geographic area (not limited to California).
This request is not reasonably tailored to include only matters relevant to the issues
involved in this lawsuit and is potentially unduly burdensome; it seeks information
that is neither relevant to the claims or defense of any party nor proportional to the
issues in this case. State Farm's procedures are intended to provide guidance, but
each claim is handled on its own merits. State Farm objects to the extent this
request purports to seek information subject to the attorney-client privilege or work
product doctrine. Finally, State Farm objects to this request to the extent it seeks
confidential, proprietary business information and/or trade secrets. Plaintiffs have
not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm
will produce the relevant non-confidential and/or non-trade secret sections of the
Operation Guide applicable and in effect during the relevant timeframe along with
the Standard Claim Processes and Jurisdictional References applicable and in
effect on the date of loss and additional materials representative of resources
available during the relevant timeframe. State Farm will produce the relevant
confidential and/or trade secret sections upon execution of the protective order.
For information reflecting the application of claims procedures to Plaintiffs' claim,
see the Claim File for the claim at issue in this litigation. "Claim File" has a
distinct meaning to State Farm based upon the portion of its Operation Guide that

29

STATE FARM'S AMENDED RESPONSE TO
REQUEST FOR PRODUCTION, SET ONE

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1  provides instructions on what to retrieve from ECS to generate a Claim File for

2  production outside the ECS environment.  State Farm has produced its Claim File

3  for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

4  format as it does in the ordinary course of business pursuant to its Operation

5  Guide.  State Farm is withholding information protected by the attorney client

6  privilege and/or that is work product.  State Farm is producing the non-privileged

7  documents described above and withholding other potentially responsive

8  documents based on the stated objections.

9  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

10        Subject to and without waiving the aforementioned objections and as agreed

11  to by the parties and memorialized in the Magistrate's December 20, 2024, Order,

12  State Farm produced the relevant non-confidential and/or non-trade secret sections

13  of the Operation Guide applicable and in effect during the relevant timeframe

14  along with -- subject to the protective order entered in this case – the relevant

15  confidential and/or trade secret sections of the Operation Guide applicable and in

16  effect during the relevant time frame, the Standard Claim Processes and

17  Jurisdictional References applicable and in effect on the date of loss and additional

18  materials representative of resources available during the relevant timeframe

19  subject to the protective order entered in this case.  The documents produced

20  subject to the protective order are identified as TONGW00000359PROD-

21  TONGW00002036PROD.

22  **REQUEST FOR PRODUCTION NO. 37:**

23        All DOCUMENTS used in any formal training of Jim Moratto at any time to

24  INVESTIGATE and ADJUST loss of use and/or additional living expense claims.

25  **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

26        State Farm objects to this request as vague, ambiguous, and overly broad

27  with respect to the use of the terms "All DOCUMENTS used in any formal

28  training".  State Farm further objects to this request on the grounds that it is overly

30

broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case.  State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.  Subject to and without waiving said objections, and pursuant to a protective order, State Farm will produce training related to ALE that appear on the training transcript for Jim Moratto for the period of March 3, 2022 to March 19, 2024.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections stated in its original responses. Without waiving any objection, State Farm responds: as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produces subject to the protective order entered in this case, documents regarding training that relate to loss of use and additional living expenses that appear on the training transcript for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19, 2024.  Collectively those documents are identified as

31

STATE FARM'S AMENDED RESPONSE TO
REQUEST FOR PRODUCTION, SET ONE

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

TONGW00002037PROD- TONGW00004012PROD. The documents related to training completed by Jim Moratto are identified in the documents produced subject to the protective order entered in this case as TONGW00000353PROD- TONGW00000358PROD.

**REQUEST FOR PRODUCTION NO. 38:**

All guidelines available to Jim Moratto at the time of the LOSS to assist him to INVESTIGATE and ADJUST loss of use and/or additional living expense claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. State Farm objects to the extent this request purports to seek information subject to the attorney-client privilege or work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm will produce the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources available during the relevant timeframe. State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

32

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   For information reflecting the application of claims procedures to Plaintiffs'

2   claim, see the Claim File for the claim at issue in this litigation. "Claim File" has a

3   distinct meaning to State Farm based upon the portion of its Operation Guide that

4   provides instructions on what to retrieve from ECS to generate a Claim File for

5   production outside the ECS environment. State Farm has produced its Claim File

6   for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable

7   format as it does in the ordinary course of business pursuant to its Operation

8   Guide. State Farm is withholding information protected by the attorney client

9   privilege and/or that is work product. State Farm is producing the non-privileged

10  documents described above and withholding other potentially responsive

11  documents based on the stated objections.

12  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

13  Subject to and without waiving the aforementioned objections and as agreed

14  to by the parties and memorialized in the Magistrate's December 20, 2024, Order,

15  State Farm produced the relevant non-confidential and/or non-trade secret sections

16  of the Operation Guide applicable and in effect during the relevant timeframe

17  along with -- subject to the protective order entered in this case – the relevant

18  confidential and/or trade secret sections of the Operation Guide applicable and in

19  effect during the relevant time frame, the Standard Claim Processes and

20  Jurisdictional References applicable and in effect on the date of loss and additional

21  materials representative of resources available during the relevant timeframe

22  subject to the protective order entered in this case. The documents produced

23  subject to the protective order are identified as TONGW00000359PROD-

24  TONGW00002036PROD.

25  **REQUEST FOR PRODUCTION NO. 39:**

26  YOUR PERFORMANCE REVIEW of Jim Moratto including but not

27  limited to any internal disciplinary actions or threatened internal disciplinary

28  actions, from January 1, 2023, to the date of production.

Case No. 2:24-cv-02219-DSF                    STATE FARM'S AMENDED RESPONSE TO
                                              REQUEST FOR PRODUCTION, SET ONE

**ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

State Farm objects to this request on the grounds that it is overbroad in scope (not limited in terms of scope of employment or assignment; not limited to materials pertinent to the specific insurance claims and/or coverages at issue in this litigation) and time (not limited to a reasonable period of time). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case.  This type of inquiry goes beyond what is needed to address the claims and defenses at issue; it is not likely to assist in the resolution of this this case, and therefore any burden to State Farm would be disproportionate to the scope of the matter.  State Farm further objects to this request because it unduly invades the privacy of its employees and is broad enough to potentially implicate information that is confidential, proprietary business information. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections stated in its original responses.  Without waiving any objection, State Farm responds: State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections s in its original responses.  Without waiving any objection, State Farm responds: State Farm produces subject to the protective order entered in this case documents identified as TONGW00004019PROD-TONGW00004020PROD.

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS describing YOUR metrics used to assess or measure job performance of Jim Moratto from January 1, 2023, to the date of production.

**ORIGIANAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

34

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   State Farm objects to this request as vague and ambiguous as stated,

2   specifically with respect to the use of the terms "DOCUMENTS describing" and

3   "metrics used to assess or measure job performance" Further, this request is also

4   overbroad in scope (not limited to the employees who actually handled the subject

5   claim) and time (not limited to a reasonable period of time). This request is not

6   reasonably tailored to include only matters relevant to the issues involved in this

7   lawsuit and is potentially unduly burdensome; it seeks information that is neither

8   relevant to the claims or defense of any party nor proportional to the issues in this

9   case. State Farm further objects to this request to the extent it calls for

10  confidential, proprietary business information. Plaintiffs have not established that

11  such information is necessary to a fair adjudication of this case.

12  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

13  State Farm incorporates and restates all Objections to Definitions,

14  Objections to Instructions, and all other general and specific objections stated in its

15  original responses. Without waiving any objection, State Farm responds: State

16  Farm is still gathering documents responsive to the Request and will produce the

17  same once the documents are available for production.

18  **REQUEST FOR PRODUCTION NO. 41:**

19  DOCUMENTS describing goals set for the job performance for first-party

20  homeowners' property claims supervisors or managers such as Jim Moratto from

21  January 1, 2020, to the date of production.

22  **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

23  State Farm objects to this request as vague and ambiguous as stated,

24  specifically with respect to the use of the terms " DOCUMENTS describing

25  goals", "job performance", and "first-party homeowners' property claims

26  supervisors or managers" Further, this request is also overbroad in scope (not

27  limited to the employees who actually handled the subject claim) and time (not

28  limited to a reasonable period of time). This request is not reasonably tailored to

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

35

1  include only matters relevant to the issues involved in this lawsuit and is
2  potentially unduly burdensome; it seeks information that is neither relevant to the
3  claims or defense of any party nor proportional to the issues in this case.  State
4  Farm further objects to this request to the extent it calls for confidential,
5  proprietary business information.  Plaintiffs have not established that such
6  information is necessary to a fair adjudication of this case.

7  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

8     State Farm incorporates and restates all Objections to Definitions,
9  Objections to Instructions, and all other general and specific objections stated in its
10 original responses. Without waiving any objection, State Farm responds: State
11 Farm is still gathering documents responsive to the Request and will produce the
12 same once the documents are available for production.

13 **REQUEST FOR PRODUCTION NO. 42:**

14    DOCUMENTS describing specific goals set for Jim Moratto from January 1,
15 2023, to the date of production.

16 **ORIGINAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

17    State Farm objects to this request as vague and ambiguous as stated,
18 specifically with respect to the use of the terms "DOCUMENTS describing
19 specific goals" Further, this request is also overbroad in scope (not limited to the
20 employees who actually handled the subject claim) and time (not limited to a
21 reasonable period of time).  This request is not reasonably tailored to include only
22 matters relevant to the issues involved in this lawsuit and is potentially unduly
23 burdensome; it seeks information that is neither relevant to the claims or defense of
24 any party nor proportional to the issues in this case.  State Farm further objects to
25 this request to the extent it calls for confidential, proprietary business
26 information.  Plaintiffs have not established that such information is necessary to a
27 fair adjudication of this case.

28 **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

36

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections stated in its original responses. Without waiving any objection, State Farm responds: State Farm is still gathering documents responsive to the Request and will produce the same once the documents are available for production.

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTS containing any template of form, whether stored in hard digital form, for use by property claim adjusters or supervisors to use in drafting water loss claim denials on the basis of any policy exclusion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

State Farm objects to this request on the grounds that it is overly broad in scope (types of claims and insurance coverage), time (not limited by the period of time when this claim was handled), and geographic area (not limited to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. State Farm objects to the extent this request purports to seek information subject to the attorney-client privilege or work product doctrine. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving the aforementioned objections, State Farm will produce the relevant non-confidential and/or non-trade secret sections of the Operation Guide applicable and in effect during the relevant timeframe along with the Standard Claim Processes and Jurisdictional References applicable and in effect on the date of loss and additional materials representative of resources

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

37

available during the relevant timeframe.  State Farm will produce the relevant confidential and/or trade secret sections upon execution of the protective order.

For information reflecting the application of claims procedures to Plaintiffs' claim, see the Claim File for the claim at issue in this litigation.  "Claim File" has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment.  State Farm has produced its Claim File for the subject claim (Bates numbers Tong CF 001-244) in reasonably usable format as it does in the ordinary course of business pursuant to its Operation Guide.  State Farm is withholding information protected by the attorney client privilege and/or that is work product.  State Farm is producing the non-privileged documents described above and withholding other potentially responsive documents based on the stated objections.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections stated in its original responses.  Without waiving any objection, State Farm responds: State Farm is still gathering documents responsive to the Request and will produce the same once the documents are available for production.


DATED:  February 21, 2025    PACIFIC LAW PARTNERS, LLP


By:   /s/MATTHEW F. BATEZEL_____
          MATTHEW F. BATEZEL
          DANIEL T. BALMAT
          Attorneys for Defendant
          STATE FARM GENERAL INSURANCE
          COMPANY

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446



*Tong, et al. v. State Farm*
USDC Case No. 2:24-cv-02219-DSF-MAR

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                        ) ss.
COUNTY OF ORANGE        )

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  15615 Alton Parkway, Suite 240, Irvine, California  92618.

     On February 21, 2024,  I served a true copy of the foregoing document described as **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S AMENDED RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid addressed as follows:

| | |
|---|---|
| J. Edward Kerley, Esq. | Attorneys for Plaintiffs |
| Dylan L. Schaffer, Esq. | WILLIAM TONG and |
| Nicholas J. Peterson, Esq. | MALINEE DIBBAYAWAN |
| Kerley Schaffer LLP | |
| 1939 Harrison Street, #900 | |
| Oakland, California 94612 | |
| Telephone: (510) 379-5801 | |
| edward@kslaw.us | |
| dylan@kslaw.us | |
| nick@kslaw.us | |
| noah@kslaw.us | |
| service@kslaw.us | |

**[XX]  BY ELECTRONIC SERVICE:**  I caused the above-entitled document to be sent to the listed individual(s) above via electronic mail.

     Executed on February 21, 2024, at Irvine, California.

**XX**    I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

             /s/LINDA AVALOS_____
             LINDA AVALOS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

39

| | |
|---|---|
| Case No.  2:24-cv-02219-DSF | STATE FARM'S AMENDED RESPONSE TO REQUEST FOR PRODUCTION, SET ONE |

EXHIBIT   B

EXHIBIT   B

1  * Matthew F. Batezel (State Bar No. 185147)
2  mbatezel@plawp.com (*lead counsel)
   Daniel T. Balmat (State Bar No. 230504)
3  dbalmat@plawp.com
4  PACIFIC LAW PARTNERS, LLP
   15615 Alton Parkway, Suite 240
5  Irvine, CA 92618
6  (949)242-2441
   Fax (949)242-2446
7
8  Attorneys for Defendant
   STATE FARM GENERAL INSURANCE COMPANY
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12  WILLIAM TONG; and MALINEE   )  Case No.: 2:24-cv-02219-DSF
13  DIBBAYAWAN,                 )
                                )
14          Plaintiffs,         )
                                )
15                              )  **DEFENDANT STATE FARM
16      vs.                     )  GENERAL INSURANCE
                                )  COMPANY'S AMENDED
17                              )  RESPONSES TO PLAINTIFFS'
18  STATE FARM GENERAL          )  REQUESTS FOR PRODUCTION,
    INSURANCE COMPANY; and DOES )  SET FOUR**
19  1 to 10,                    )
                                )
20                              )
21          Defendant.          )
                                )  Complaint filed: March 19, 2024
22  _____ )

23  PROPOUNDING PARTY:      Plaintiffs, WILLIAM TONG and MALINEE
24                          DIBBAYAWAN
25  RESPONDING PARTY:       Defendant, STATE FARM GENERAL
26                          INSURANCE COMPANY
27  SET NUMBER:             FOUR (4)
28

*Vertical left margin:* Pacific Law Partners, LLP  15615 Alton Parkway, Suite 240  Irvine, CA 92618  (949) 242-2441 - Facsimile (949) 242-2446

# PRELIMINARY STATEMENT

Insofar as they are relevant and do not call for duplicative or privileged information, and subject to the stated objections, State Farm provides these responses to these Request for Production to the best of its ability. Discovery in this matter has not yet been completed. The responses are based upon information that is currently in the possession of State Farm. The responses are offered without prejudice to State Farm's right to offer additional information that is subsequently discovered.

# OBJECTIONS TO INSTRUCTIONS

**If your response to a particular demand is a statement that you lack the ability to comply with that demand, you must affirm in your response that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand. This statement shall also specify whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody or control, in which case the name and address of any person or entity known or believed by you to have possession, custody or control of that document or category of documents should be identified. (F.R.C.P. 34(b).)**

State Farm restates and incorporates its objection to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" and applies the same to Plaintiffs' Instruction regarding "item[s]" or "category[ies]" that have "never existed", been "destroyed", "lost", "misplaced", "stolen", or which have "never been" or "[are] no longer" in State Farm's possession, custody or control.

In addition, State Farm objects to Plaintiffs' Instruction insofar as it seeks details regarding "item[s]" or "category[ies]" that have "never existed", been "destroyed", "lost", "misplaced", "stolen", or which have "never been" or "[are] no longer" in State Farm's possession, custody or control on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations greater than those set forth in Fed. R. Civ. P. 26(b)(1) and 34. State Farm objects to the

2

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

discovery propounded by Plaintiffs to the extent it purports to call for forensic investigation into computing devices or systems to determine or locate information indicating or evidencing ESI that was deleted or that is no longer accessible as active data on that device or system as not reasonably tailored to elicit discovery relevant to the claims and defenses of any party, unduly burdensome, and beyond the scope of permissible discovery. State Farm further objects that ESI and/or documents that were deleted or no longer exist are not reasonably accessible and discovery about the same would require extraordinary efforts that are not proportional to the scope of the matter. Fed. R. Civ. P. 26(b)(2).

Furthermore, State Farm objects on the grounds that Plaintiffs' Instruction is not limited in time or scope and State Farm had no duty to preserve relevant information prior to the time this litigation was reasonably anticipated.

**If your response to a particular demand is an objection, you must set forth in your response the extent of, and the specific ground for, the objection. In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection and state the particular privilege or protection being invoked. (F.R.C.P. 34(b).) To identify with particularity documents withheld from production, you should provide, for each document withheld, the following information if known or available to you:**

1. **Title or subject matter of document;**
2. **The date composed or date appearing on the document;**
3. **Author and Addressee;**
4. **Number of Pages;**
5. **Identify of all persons or entities who saw or received a copy of such document, including the job titles of each such person;**
6. **The present location of the item;**
7. **The identity of the person or persons who have custody, control, or possession thereof.**
8. **The nature of the privilege claimed; and**
9. **Each fact upon which you base your claim of privilege.**

State Farm objects to Plaintiffs' Instruction insofar as it directs State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5). State Farm will withhold privileged and/or protected material or information and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law.

**This request requires the production of documents as they are kept in the usual course of business or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.**

State Farm objects to Plaintiffs' Instruction regarding production of "boxes, file folders, bindings or other containers" in which documents are found on the grounds that such terminology is vague and ambiguous, particularly with respect to ESI, and the information sought is not relevant to the resolution of the claims and defenses in this case. There are multiple ways that ESI may be held, stored, or used together, such as on a personal or shared hard drive, in a container file, or in a database, and State Farm cannot reasonably catalogue and describe the information regarding any myriad of ways ESI may be held, stored, or used together without undue burden. Fed. R. Civ. P. 26(b)(2).

State Farm further objects to Plaintiffs' Instruction to the extent it implies State Farm has an obligation to produce documents or information in more than one form or in a manner that is different than the reasonably usable forms in which State Farm agrees to produce. State Farm objects to the extent that Plaintiffs seek production of ESI from sources that are not reasonably accessible, such discovery would require undue burden or expense. FRCP 26(b)(2)(B).

**Electronic media should be produced in its native format (e.g., Word documents and Excel spreadsheets produced with .doc and .xls extensions and email produced in .pst files if Outlook is the email client).**

**DEFENDANT STATE FARM'S AMENDED RESPONSES TO REQ. FOR PRODUCTION, SET FOUR, BY PLAINTIFFS**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1    State Farm restates and incorporates its objection to Plaintiffs' definition of

2    "DOCUMENT" or "DOCUMENTS" below and applies the same to Plaintiffs'

3    Instruction to produce "Electronic media" in its "native format".

4    In addition, State Farm objects to Plaintiffs' Instruction regarding production

5    of "Electronic media" in its "native format" to the extent it purports to seek

6    production of ESI in "native format" both because it contradicts Plaintiffs'

7    definition of the term "DOCUMENT" or "DOCUMENTS" below and because it

8    exceeds the parameters of the Federal Rules of Civil Procedure.  Pursuant to Fed.

9    R. Civ. P. 34(b)(2)I(ii), State Farm may produce discoverable ESI in reasonably

10   usable formats.  Production of ESI in "native format" would be disproportionate to

11   the needs of this case considering the value of the case and the importance of the

12   discovery at issue and would be unduly burdensome to the extent such format is

13   not reasonably accessible to State Farm in the ordinary course of its business.  Fed.

14   R. Civ. P. 26(b)(2).  In addition, State Farm frequently creates ESI in one format

15   and, in the ordinary course of its business, stores it in another format in its system

16   of record.  State Farm further objects that it does not need to produce ESI in more

17   than one form, and that the production of "Electronic media" in "native format"

18   would be cumulative and duplicative of the alternative reasonably usable formats

19   proffered.  Fed. R. Civ. P. 34(b)(2)(E)(iii); 26(b)(2).

20   To the extent any responsive documents or ESI are produced, State Farm

21   will produce reasonably accessible, relevant, non-privileged information in

22   reasonably usable formats.  Documents that contain redactions will be produced in

23   static image format.

24   **These requests for production include the original media and all**
25   **copies that differ from the original in any respect, such as notations**
26   **made on the copy. These requests are also intended to include all**
     **media of any nature that are now or have at any time been within**
27   **your care, custody or control. If a document or media is no longer**
28   **in your care, custody or control, identify its disposition.**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

5

State Farm objects to Plaintiffs' Instruction to produce "copies" on the grounds that copies are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative. Fed. R. Civ. P. 26. To the extent that "copies" are not business records stored in a central repository in State Farm's ordinary course of business, the collection and production of "copies" would not be proportional to the needs of the case. Fed. R. Civ. P. 26.

In addition, State Farm objects to Plaintiffs' Instruction insofar as it seeks details regarding "document[s] or media" that "is no longer in [State Farm's] care, custody or control" on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations greater than those set forth in Fed. R. Civ. P. 26(b)(1) and 34. State Farm objects to the discovery propounded by Plaintiffs to the extent it purports to call for forensic investigation into computing devices or systems to determine or locate information indicating or evidencing ESI that was deleted or that is no longer accessible as active data on that device or system as not reasonably tailored to elicit discovery relevant to the claims and defenses of any party, unduly burdensome, and beyond the scope of permissible discovery. State Farm further objects that ESI and/or documents that were deleted or no longer exist are not reasonably accessible and discovery about the same would require extraordinary efforts that are not proportional to the scope of the matter. Fed. R. Civ. P. 26(b)(2).

Furthermore, State Farm objects on the grounds that Plaintiffs' Instruction is not limited in time or scope and State Farm had no duty to preserve relevant information prior to the time this litigation was reasonably anticipated.

## DEFINITIONS

A.    **"YOU" or "YOUR" means the defendant in this lawsuit and any related entity that has possession and/or control of the DOCUMENTS described requested or items which are sought to be inspected, including but not limited to the defendant's agents, officers, directors, ADJUSTERS**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**independent contractors, and/or others acting on YOUR behalf.**

State Farm objects to the terms "YOU" or "YOUR" because as defined, the terms are overbroad and over-inclusive, such that they render any category or request that includes the terms vague, ambiguous, overbroad, and potentially in violation of the attorney-client privilege and/or attorney work product doctrine. State Farm shall construe the terms "YOU" or "YOUR" to mean State Farm in and of itself as an entity only.

In addition, State Farm objects to Plaintiffs' definition insofar as it purports to impose obligations that exceed those set forth in Fed. R. Civ. P. 34(a). State Farm is only obligated to produce discoverable "DOCUMENTS" within its possession, custody, or control.

State Farm also objects to Plaintiffs' definition to the extent it may seek "DOCUMENTS" within the possession, custody, or control of State Farm's attorneys as this may require the production or disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, or other privileges recognized by law.

**B.    "DOCUMENT" or "DOCUMENTS" means the same as "writing" as defined in Section 250 of the California Evidence code, and any other tangible thing in the custody, possession or control or known to the responding party, whether printed, recorded, reproduced by any process, or written or produced by hand. "DOCUMENT" and "DOCUMENTS" include but are not limited to the following which are in YOUR possession, custody, or control: electronic communications of any kind, including chats, instant messages, texts, and voicemails, videos, Power Point or similar presentations, cloud or intra-net presentations, word processing documents, spreadsheets, and databases (including draft versions), database entries, Internet usage files, Internet browser-created files including cookies and caches, activity logs, calendars,**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

**telephone logs, contact manager information, network access information.**

**"DOCUMENT" and "DOCUMENTS" include those to be found on, archived in, or deleted from the following: any on-site or off-site electronic data storage systems or data structures, including but not limited to databases, networks, computer systems, legacy systems (hardware and software), servers, mainframes, network servers, cloud-based servers and backup servers or systems, archives, backup or disaster recovery systems or facilities, tapes, discs, DVDs, CDROMs, drives, portable or removable drives, cartridges and other storage media, laptops, personal computers, internet data, personal digital assistants, handheld wireless devices, mobile telephones, smart phones, tablet computers, paging devices, and audio systems (including voicemail).**
**Requests for "DOCUMENTS" is intended to include all "COMMUNICATIONS" and "ESI".**

State Farm objects to Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the grounds that it is overly broad and disproportionate to the needs of the case. State Farm further object to the definition to the extent it implies State Farm has an obligation to provide discovery from sources that are not reasonably accessible. Electronically stored information ("ESI") is frequently duplicated and disbursed in the ordinary course of business and discovery regarding all identical copies of ESI would be cumulative and duplicative without any benefit to the adjudication of this action. Fed. R. Civ. P. 26(b)(2).

State Farm also object to the extent this definition seeks discovery regarding ESI that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as preservation of, and discovery about, such things is not proportional to the needs of the case. State Farm objects to Plaintiffs' definition as overly broad, disproportionate to the needs of the case, and beyond the scope of permissible discovery to the extent Plaintiffs purport to include system information not created by State Farm's users, such as caches, cookies, or logs, or otherwise seek to require State Farm to record and/or provide discovery regarding records

8

Case No. 2:24-cv-02219-DSF-MAR       **DEFENDANT STATE FARM'S AMENDED RESPONSES TO REQ. FOR PRODUCTION, SET FOUR, BY PLAINTIFFS**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   and information that are not ordinarily captured and/or are overwritten in the

2   ordinary course of operating State Farm's computing systems.  Fed. R. Civ. P.

3   26(b)(1).

4       State Farm objects to the inclusion of "DOCUMENTS" which are in the

5   "possession, custody, or control" of "any third-party vendors" in Plaintiffs'

6   definition of "DOCUMENT" or "DOCUMENTS" insofar as it purports to impose

7   obligations that exceed those set forth in Fed. R. Civ. P. 34(a).  State Farm is only

8   obligated to produce discoverable "DOCUMENTS" within its possession, custody,

9   or control.

10      State Farm also objects to Plaintiffs' definition to the extent it may include

11  "DOCUMENTS" within the possession, custody, or control of State Farm's

12  attorneys as production of "DOCUMENTS" within the possession, custody, or

13  control of State Farm's attorneys would require the production or disclosure of

14  information protected from discovery by the attorney-client privilege, work

15  product doctrine, or other privileges recognized by law.

16      State Farm objects to the inclusion of "draft[s]" in Plaintiffs' definition of

17  "DOCUMENT" or "DOCUMENTS" on the grounds that drafts are not universally

18  relevant to the claims and defenses of a case and are likely to be cumulative or

19  duplicative.  To the extent that a draft is not a business record stored in a central

20  repository in State Farm's ordinary course of business, discovery regarding

21  "draft[s]" would not be proportional to the needs of the case.  Fed. R. Civ. P.

22  26(b)(1).

23      State Farm objects to the inclusion of "chats", "instant messages", and

24  "texts" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" on the

25  grounds that it would be disproportionate to the needs of the case to provide

26  discovery regarding instant messages and/or text/SMS messages that are not

27  captured by State Farm in its ordinary course of business.  Fed. R. Civ. P. 26(b)(2).

28

9

State Farm objects to the inclusion of "databases (including draft versions)", "database entries", "Internet usage files", "Internet browser-created files including cookies and caches", "activity logs", and "network access information" in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" to the extent that Plaintiffs purport to seek information regarding State Farm technical systems and processes that are not relevant to the claims and defenses in this matter. State Farm further objects that production of a database would require production of vast amounts of irrelevant information regarding other claims, would likely result in improper alteration of relevant data, and would require production of privileged information that could not be redacted. In addition, State Farm objects that the resources that would be required to produce databases are significant and would not be proportional under Fed. R. Civ. P. 26.  State Farm also objects on the grounds that databases may be proprietary to State Farm's business operations and/or may be confidential and trade secret information that need not be disclosed in order to obtain the fair adjudication of this case.

State Farm objects to Plaintiffs' definition insofar as it seeks details regarding "DOCUMENTS" that have been "deleted" on the grounds that it is overly broad, unduly burdensome, and purports to impose obligations greater than those set forth in Fed. R. Civ. P. 26(b)(1) and 34.  State Farm objects to the discovery propounded by Plaintiffs to the extent it purports to call for forensic investigation into computing devices or systems to determine or locate information indicating or evidencing ESI that was deleted or that is no longer accessible as active data on that device or system as not reasonably tailored to elicit discovery relevant to the claims and defenses of any party, unduly burdensome, and beyond the scope of permissible discovery.  State Farm further objects that ESI and/or documents that were deleted or no longer exist are not reasonably accessible and discovery about the same would require extraordinary efforts that are not proportional to the scope of the matter.  Fed. R. Civ. P. 26(b)(2).

Case No. 2:24-cv-02219-DSF-MAR    **DEFENDANT STATE FARM'S AMENDED RESPONSES TO REQ. FOR PRODUCTION, SET FOUR, BY PLAINTIFFS**

1    Furthermore, State Farm objects on the grounds that Plaintiffs' definition is

2    not limited in time or scope and State Farm had no duty to preserve relevant

3    information prior to the time this litigation was reasonably anticipated.

4    State Farm objects to the inclusion of "DOCUMENTS. . . found on,

5    archived in, or deleted from. . .on-site or off-site electronic data storage", "systems

6    or data structures", "legacy systems (hardware and software)", "servers",

7    "mainframes", "network servers", "cloud-based servers", "backup servers or

8    systems", "archives", or "backup or disaster recovery systems or facilities" in

9    Plaintiffs' definition to the extent that Plaintiffs seek discovery regarding ESI from

10    sources that are not reasonably accessible, as it would require unreasonable efforts

11    that are not proportional in light of the claims at issue, the value of the case, or the

12    importance of the discovery at issue.  Fed. R. Civ. P. 26(b)(1). State Farm also

13    objects to the inclusion of information located on such systems in Plaintiffs'

14    definition of "DOCUMENT" or "DOCUMENTS" on the grounds that data on

15    backup media is likely to be duplicative and/or can be discovered from other

16    sources that are more convenient, less burdensome, and less expensive.  Fed. R.

17    Civ. P. 26(b)(2) There is no "routine right of direct access to a party's electronic

18    information system[s]" and there has been no showing in this case sufficient to

19    overcome this presumption. Fed. R. Civ. P. 34 (Advisory Committee Notes).

20    In addition, State Farm objects to the inclusion of "tapes", "discs", "DVDs",

21    "CDROMs", "drives", "portable or removable drives", "cartridges", and "other

22    storage media", "laptops", "personal computers", "internet data", "personal digital

23    assistants", "handheld wireless devices", "mobile telephones", "smart phones",

24    "tablet computers", "paging devices", and "audio systems (including voicemail)"

25    in Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" because such

26    things are not "DOCUMENTS" but rather media on which "DOCUMENTS" and

27    ESI are stored.  State Farm further objects to the extent this definition purports to

28    seek direct access to State Farm's electronic storage media.  There is no "routine

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

11

right of direct access to a party's electronic information system[s]" and there has been no showing in this case sufficient to overcome this presumption. Fed. R. Civ. P. 34 (Advisory Committee Notes).

Finally, State Farm objects to the definition of "DOCUMENT" or "DOCUMENTS" to the extent it would require the disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, or other privileges recognized by law.

Notwithstanding these objections, to the extent any responsive documents or ESI are produced, State Farm will produce reasonably accessible, relevant, non-privileged information in reasonably usable formats.  Documents that contain redactions will be produced in static image format.

**C.     "ESI" shall be construed in the broadest sense possible given the definition under California Code of Civil Procedure §2016.020(d) and (e), and shall include, but not be limited to:**

    **a.     All electronic mail and information about electronic mail sent or received by YOU;**

    **b.     All databases containing any reference and/or information;**

    **c.     All activity logs on any computer system which may have been used to process or store electronic data containing information;**

    **d.     All word processing files and file fragments, including metadata, containing information;**

    **e.     All electronic data files and file fragments created by application programs that process financial, accounting and billing information;**

    **f.     All electronic data files and file fragments from electronic calendars and scheduling programs that contain information about the above-listed subjects**

    **g.     All electronic data files and file fragments from electronic calendars and scheduling programs that contain information about the above-listed subjects; and**

    **h.     All electronic or automated insurance systems or software.**

12

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1

2       State Farm objects to Plaintiffs' definition of "ESI" on the grounds that it is

3   overly broad and unduly burdensome.  State Farm further objects to the definition

4   to the extent it implies State Farm has an obligation to provide discovery from

5   sources that are not reasonably accessible.  ESI is frequently duplicated and

6   disbursed in the ordinary course of business and discovery regarding all identical

7   copies of ESI would be cumulative, duplicative, and impose unnecessary burdens

8   without any benefit to the adjudication of this action.  Fed. R. Civ. P. 26(b)(2).

9       State Farm also objects to the extent this definition seeks discovery

10  regarding ESI that is ephemeral in nature, such as temporary "data files", "file

11  fragments", computer files, or log/history files as preservation of, and discovery

12  about, such things is not proportional to the needs of the case.  State Farm objects

13  to Plaintiffs' definition as overly broad, unduly burdensome, and beyond the scope

14  of permissible discovery to the extent Plaintiffs purport to include system

15  information not created by State Farm users, such as caches, cookies, or logs, or

16  otherwise seek to require State Farm to record and/or provide discovery regarding

17  records and information that are not ordinarily captured and/or are overwritten in

18  the ordinary course of operating State Farm's computing systems.  Fed. R. Civ. P.

19  26(b)(1), 34.

20      State Farm objects to the inclusion of "metadata" Plaintiffs' definition of

21  "ESI" on the grounds that "metadata" can refer to any number of types of

22  information, so the definition is overbroad, vague and ambiguous as to what

23  specific information it seeks.  State Farm further objects on the grounds that

24  metadata is not relevant to the specific claims and defenses of any party, nor is

25  discovery regarding metadata proportional to the needs of the case, and therefore

26  the inclusion of "metadata" in Plaintiffs' definition is beyond the scope of

27  permissible discovery.  Fed. R. Civ. P. 26.  In particular, the information pertinent

28  to the claims and defenses in this case can be found in the text of discoverable

1  "documents" and is not generally found in metadata. State Farm objects that

2  discovery regarding metadata is not necessary to assure the fair and efficient

3  adjudication of the claims and defenses in this matter.

4  Finally, State Farm objects to the definition of "ESI" to the extent it would

5  require the disclosure of information protected from discovery by the attorney-

6  client privilege, work product doctrine, or other privileges recognized by law.

7  Notwithstanding these objections, to the extent any responsive documents or

8  ESI are produced, State Farm will produce reasonably accessible, relevant, non-

9  privileged information in reasonably usable formats. Documents that contain

10  redactions will be produced in static image format.

11

12  **D.    "COMMUNICATION" means any and all transmission of**
13  **information from one person or entity to another, including**
14  **(without limitation) by personal meeting, conference,**
     **conversation, telephone, radio, telegraph, electronic mail,**
15  **teleconference, or any other method of communication or by**
     **any medium.**
16

17  State Farm restates and incorporates in full by reference its objection to

18  Plaintiffs' definition of "DOCUMENT" or "DOCUMENTS" and applies the same

19  to Plaintiffs' definition of "COMMUNICATION".

20  In addition, State Farm objects to the inclusion of oral exchanges, including

21  "personal meeting[s]", "conference[s]", and "conversation[s]" in Plaintiffs'

22  definition of "COMMUNICATION" on the grounds that Fed. R. Civ. P. 34 does

23  not require State Farm to produce "COMMUNICATION[S]" that do not already

24  exist on a medium from which information can be obtained.

25  **L.    "BELOW   THE   SURFACE   OF   THE   GROUND**
26  **EXCLUSION" means any provision in a property policy**
     **issued by YOU insuring any building in California after**
27  **2015, which provision excludes coverage for property**
     **damage caused by water, and uses the phrase "below the**
28  **surface of the ground".**

14

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

State Farm objects to this definition to the extent it purports to include information beyond the specific policy at issue in this litigation on the ground that it is overly broad in scope and time. State Farm objects to this definition on the grounds that is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome and seeks information and/or documentation that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  The subject insurance contract/policy speaks for itself.

**M.    "CONTINUOUS    OR    REPEATED    SEEPAGE EXCLUSION" means any provision in a property policy issued by YOU insuring any building in California after 2015, which provision excludes coverage for property damage caused by water, and uses the phrase "seepage or leakage".**

State Farm objects to this definition to the extent it purports to include information beyond the specific policy at issue in this litigation on the ground that it is overly broad in scope and time. State Farm objects to this definition on the grounds that is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome and seeks information and/or documentation that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  The subject insurance contract/policy speaks for itself.

**O.    "TRAINING OR GUIDELINES" means any written or digital means by which YOU provide information to YOUR ADJUSTERS regarding how to INVESTIGATE and/or ADJUST first party water loss claims in California.**

**"TRAINING OR GUIDELINES" includes, but is not limited to, DOCUMENTS in the following formats or resource types, or which are referred to YOU and/or YOUR ADJUSTERS**

**as follows: Electronic Claim System or ECS, State Farm Net or SF Net, State Farm University, Operation Guides, Jurisdictional Resource, Video on Demand, Job Aids, Refreshers, Workday, FAQs, Quality First Contact Guide, Estimating Topics, FAQs, SF Net, Xactimate, ITEL, Scenarios Courses, Jurisdictional Resources, Standard Claims Practices or SCP, Workflow, Scenarios, Claim Scenarios, 360 Claim Scenarios, Coverage Investigation, Dashboard, Quality Claims Handling Expectations, Quality Claims Handling Experience, Quality Claims Handling Standards, Coverage Model, Coverage Analysis, Skills Review, In Role Skills Review, Skills Review Answer Keys, Skills Testing, Resources, Discussion Resources, Core Property Claims, Dollar One, ECHP, Basics, Coverage Analysis, Support Guide, Claim Experience, Claim Experience Video Collaboration, Reference Guide, Water Plan, Water Forum, Water Initiative, Focus or Fire Focus.**

State Farm objects to the terms "TRAINING OR GUIDELINES" as vague, ambiguous, overbroad and disproportionate to the needs of the case.  Among other things, it purports to include materials not reasonably characterized as training or guidelines.  For example, it includes "Xactimate", which is a tool accessible to State Farm claims personnel; it is neither "training" nor a "guideline".  Further, the definition is not limited to the type of claim or issues involved in this matter, including but not limited to the following:  "Quality Claims Handling Experience, Quality Claims Handling Standards, Coverage Model, Coverage Analysis, Skills Review, In Role Skills Review, Skills Review Answer Keys, Skills Testing, Resources, Discussion Resources, Core Property Claims, Dollar One, ECHP, Basics, Coverage Analysis, Support Guide, Claim Experience, Claim Experience Video Collaboration, Reference Guide".

**P.    "POLICIES/PROCEDURES" means, without limitation, any and all policies, procedures, manuals, TRAINING OR GUIDELINES, bulletins, operation manuals, and other written materials.**

**DEFENDANT STATE FARM'S AMENDED RESPONSES TO REQ. FOR PRODUCTION, SET FOUR, BY PLAINTIFFS**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

State Farm objects to the terms "POLICIES/PROCEDURES" as vague, ambiguous, overbroad and disproportionate to the needs of the case.

**Q.** **"WATER INITIATIVE" is used herein as YOU described it in YOUR Further Responses to Special Interrogatories in the case of *Jacobs et al. v. State Farm*, 22STCV23445, Los Angeles Superior Court, "one or more efforts in California beginning in or around 2017 to help ensure consistency in the handling of water claims in California. Claims handling personnel were provided training that focused on reinforcing existing principles relating to proper investigation and documentation of water loss claims. Topics included the quality first contact, gathering the facts of loss, plumbing issues, additional investigation, determining coverage, estimatics, and damage evaluation. In 2020, the settlement authority of claims handlers on water loss claims was temporarily reduced. During that period, team managers reviewed claims specialists' water loss claims for conformance with quality claim handling expectations."**

**"WATER INITIATIVE" additionally includes YOUR "efforts" described in YOUR Response to Request for Production 74, p.12:5-17, in the matter. *Savas v. State Farm General Insurance Company*, Los Angeles Superior Court, No. 21STCV0286**

State Farm objects to the term "WATER INITIATIVE" as vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence in this case.  State Farm further objects to Definition Q on the grounds that it disputes Plaintiffs' adoption of a term to which State Farm specifically objected to Special Interrogatory Nos. 27 and 28 in *Jacobs et al. v. State Farm,* 22STCV23445, including in its Further Response to that Interrogatory.  State Farm further objects to this definition in that it is overly broad in time and scope to the extent it attempts to define as relevant and responsive materials related to efforts that allegedly occurred four years prior to Plaintiffs' date of loss on March 3, 2024, and as such have absolutely no bearing on Plaintiffs' claim.  State Farm further

17

states that its responses to Further Responses to Special Interrogatory Nos. 27 and 28 in the aforementioned *Jacobs* matter speak for themselves as to their source and content.

In addition, State Farm objects to Definition Q to the extent that it attempts to define as relevant and responsive materials related to efforts that allegedly occurred years prior to Plaintiffs' date of loss on March 3, 2024 that were produced in *Savas v. State Farm General Insurance Company*, Los Angeles Superior Court, No. 21STCV0286, and as such have absolutely no bearing on Plaintiffs' claim. State Farm further states that its response to Request for Production No. 74 in the aforementioned *Savas* matter speaks for itself as to its source and content.

**R.**    **"FIRE CLAIMS DEPARTMENT" means the department, group, or entity, YOU described in YOUR Response to Request for Production 74, p.11:23-25, in the matter *Savas v. State Farm General Insurance Company*, Los Angeles Superior Court, No. 21STCV0286.**

State Farm objects to Definition R to the extent that it purports to imply that information that was contained in State Farm's response to Request for Production No. 74 in the aforementioned *Savas* matter are relevant, responsive, or proportional to the needs of Plaintiffs' claim, given that the response describes efforts that took place years prior to Plaintiffs' date of loss on March 3, 2024.  State Farm further states that its response to Request for Production No. 74 in the aforementioned *Savas* matter speaks for itself as to its source and content.

**If you claim that any document otherwise required to be produced by this request for production of documents is privileged, for each such document provide the following information.**

**a.    The document's title and general subject matter;**
**b.    The date of the document;**
**c.    The author of the document;**
**d.    The person for whom the document was prepared or to whom it was sent, including all persons who received copies of the document;**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

18

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

e.    **The nature of the privilege claimed; and**

f.    **Each fact upon which you base your claim of privilege.**

State Farm objects to Plaintiffs' definition insofar as it directs State Farm to undertake efforts that exceed the requirements of Fed. R. Civ. P. 26(b)(5). State Farm will withhold privileged and/or protected material or information and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law.

## AMENDED RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET FOUR

**REQUEST FOR PRODUCTION NO. 92:**

YOUR TRAINING of YOUR ADJUSTERS regarding how to apply the BELOW THE SURFACE OF THE GROUND EXCLUSION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

State Farm incorporates its objections to the definition of the phrase "BELOW THE SURFACE OF THE GROUND EXCLUSION" as if fully set forth herein. State Farm objects to this request as vague, ambiguous, and overly broad. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which

19

pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving same, and pursuant to and following the entry of a protective order, State Farm will produce materials related to the handling of water loss claims that are reflected on Gerald Acosta and Jim Moratto's training transcripts for the period of March 3, 2022 to March 19, 2024.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections s in its original responses.  Without waiving any objection, State Farm responds: as agreed to by the parties and memorialized in the Magistrate's December 20, 2024, Order, State Farm produces subject to the protective order entered in this case, documents regarding training that appears on the training transcript for Jim Moratto and Gerald Acosta for the period March 3, 2022 to March 19, 2024. Collectively those documents are identified as TONGW00002037PROD- TONGW00004012PROD. The documents related to training completed by Jim Moratto are identified in the documents produced subject to the protective order entered in this case as TONGW00000353PROD-TONGW00000358PROD. In addition to documents previously produced, State Farm has produced subject to the protective order entered in this case all responsive documents identified as TONGW00000359PROD-TONGW00002036PROD.

**REQUEST FOR PRODUCTION NO. 93:**

YOUR TRAINING of YOUR ADJUSTERS regarding how to apply the CONTINUOUS OR REPEATED SEEPAGE EXCLUSION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Case No. 2:24-cv-02219-DSF-MAR     **DEFENDANT STATE FARM'S AMENDED RESPONSES TO REQ. FOR PRODUCTION, SET FOUR, BY PLAINTIFFS**

State Farm incorporates its objections to the definition of the phrase "CONTINUOUS OR REPEATED SEEPAGE EXCLUSION" as if fully set forth herein. State Farm objects to this request as vague, ambiguous, and overly broad. State Farm further objects to this request on the grounds that it is overly broad in scope (not limited to materials applicable to the specific insurance claims and/or coverages at issue in this litigation; not limited to materials pertinent to the claims personnel who adjusted the subject claim), time (not limited to a reasonable period of time), and geographic area (not limited to materials applicable to California). This request is not reasonably tailored to include only matters relevant to the issues involved in this lawsuit and is potentially unduly burdensome; it seeks information that is neither relevant to the claims or defense of any party nor proportional to the issues in this case. State Farm's procedures are intended to provide guidance, but each claim is handled on its own merits. Moreover, materials on which individuals were trained prior to the date of loss, and which were obsolete on the date of loss, which pertain only to other losses, and/or which pertain only to other areas of the country, are neither material nor relevant to the matters at issue in this case. Finally, State Farm objects to this request to the extent it seeks confidential, proprietary business information and/or trade secrets. Plaintiffs have not established that such information is necessary to a fair adjudication of this case.

Subject to and without waiving same, and pursuant and following the entry of a protective order, State Farm will produce materials related to the handling of water loss claims that are reflected on Gerald Acosta and Jim Moratto's training transcripts for the period of March 3, 2022 to March 19, 2024, to the extent available and applicable.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

State Farm incorporates and restates all Objections to Definitions, Objections to Instructions, and all other general and specific objections s in its

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1   original responses.  Without waiving any objection, State Farm responds: as agreed

2   to by the parties and memorialized in the Magistrate's December 20, 2024, Order,

3   State Farm produces subject to the protective order entered in this case, documents

4   regarding training that appears on the training transcript for Jim Moratto and

5   Gerald Acosta for the period March 3, 2022 to March 19, 2024.  Collectively those

6   documents are identified as TONGW00002037PROD- TONGW00004012PROD.

7   The documents related to training completed by Jim Moratto are identified in the

8   documents produced subject to the protective order entered in this case as

9   TONGW00000353PROD-TONGW00000358PROD. In addition to documents

10  previously produced, State Farm has produced subject to the protective order

11  entered in this case all responsive documents identified as

12  TONGW00000359PROD-TONGW00002036PROD.

13

14  DATED:  February 21, 2025      PACIFIC LAW PARTNERS, LLP

15

16                                By:   /s/MATTHEW F. BATEZEL_____

17                                      MATTHEW F. BATEZEL
                                        DANIEL T. BALMAT

18                                      Attorneys for Defendant
                                        STATE FARM GENERAL INSURANCE

19                                      COMPANY

20

21

22

23

24

25

26

27

28

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

*Tong, et al. v. State Farm*
USDC Case No. 2:24-cv-02219-DSF-MAR

### PROOF OF SERVICE

STATE OF CALIFORNIA          )
                                                   ) ss.
COUNTY OF ORANGE        )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  15615 Alton Parkway, Suite 240, Irvine, California  92618.

On February 21, 2024,  I served a true copy of the foregoing document described as **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S AMENDED RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET FOUR** on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid addressed as follows:

J. Edward Kerley, Esq.                           Attorneys for Plaintiffs
Dylan L. Schaffer, Esq.                        WILLIAM TONG and
Nicholas J. Peterson, Esq.               MALINEE DIBBAYAWAN
Kerley Schaffer LLP
1939 Harrison Street, #900
Oakland, California 94612
Telephone: (510) 379-5801
edward@kslaw.us
dylan@kslaw.us
nick@kslaw.us
noah@kslaw.us
service@kslaw.us

**[XX]  BY ELECTRONIC SERVICE:**  I caused the above-entitled document to be sent to the listed individual(s) above via electronic mail.

Executed on February 21, 2024, at Irvine, California.

**XX**    I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

 /s/LINDA AVALOS
LINDA AVALOS

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446