* Matthew F. Batezel (State Bar No. 185147)
mbatezel@plawp.com (*lead counsel)
Daniel T. Balmat (State Bar No. 230504)
dbalmat@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA  92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TONG; and MALINEE DIBBAYAWAN,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 to 10,<br><br>Defendants. | Case No.: 2:24-cv-02219-DSF-MAR<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICE OF MOTION TO CLARIFY OR RECONSIDER THE COURT'S FEBRUARY 26, 2025 ORDER RE CERTAIN REQUESTS FOR INSPECTION (ECF 56)**<br><br>*Filed concurrently with:*<br>• *Memorandum in Support*<br>• *Declaration of Daniel T. Balmat*<br>• *[Proposed] Order*<br><br>Date:  April 14, 2025<br>Time: 1:30 p.m.<br>Courtroom:  7D<br><br>Complaint filed:  March 19, 2024 |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 14, 2025 at 1:30 p.m., or as soon

1

Case No.  2:24-cv-02219-DSF-MAR    DEFENDANT STATE FARM'S NOTICE OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

thereafter as the matter may be heard in Courtroom 7D of the above-entitled Court, located at First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendant STATE FARM GENERAL INSURANCE COMPANY ("State Farm") will and hereby does move the Court, pursuant to the Court's inherent power, Federal Rules of Civil Procedure 54(b), 59(e), and 60(a)-(b), and Local Rule 7-18 to either reconsider or clarify its Order dated February 26, 2025 (ECF 56).

State Farm seeks clarification or, alternatively, reconsideration of the Order's terms relating to Requests 80 and 81, which seek inspection of State Farm's electronic information systems. Specifically, the Court reserved judgment on State Farm's objection to the Magistrate Judge's Order on those Requests, because the Requests appeared disproportionate to the needs of the case and there has been no finding of misconduct that warrants inspection. However, Plaintiffs are interpreting another portion of the Order—which explains that an eventual ruling on the Requests may turn on an inspection protocol agreed to by the parties or ordered by the Magistrate Judge—as imposing on the parties the obligation to meet and confer to develop inspection parameters.

Requiring State Farm to agree to an inspection protocol regarding Requests 80 and 81 is inconsistent with the Court's decision to reserve judgment on those requests and, as a practical matter, places State Farm in an untenable position. State Farm can either meet and confer regarding inspection parameters and risk waiver of its objections to inspection, or it can stand on its objections and risk facing sanctions. The Court should amend its Order to make clear that it is reserving judgment on Request Nos. 80 and 81, without requiring that the parties agree on an inspection protocol sought by those Requests.

In addition, State Farm seeks clarification or, alternatively, reconsideration of the Order's terms regarding requests for "Water Initiative" discovery (Requests Nos. 94, 126 and 145). Specifically, State Farm seeks clarification that the Court's

2

approval of the magistrate judge's order compelling further responses to requests Nos. 94 and 126 is subject to the magistrate judge's determination that they call for the documents identified and produced in another matter.  Plaintiffs urged the magistrate judge to reject State Farm's overbreadth and other objections based on that limitation but now abandon it.  State Farm also seeks clarification as to the scope of the magistrate judge's narrowing of Request No. 145. Clarification of the Order's terms as to these Requests is necessary to avoid further discovery disputes, which Plaintiffs have aggressively pursued in this matter.

This Motion is based upon this Notice; the accompanying Memorandum of Points and Authorities, Declaration of Daniel T. Balmat ("Balmat Decl."), the complete files and record in this action, and on such further oral or documentary evidence as may be presented at or before the hearing on this motion.

This Motion is made following conference of counsel that took place on March 11, 2025, pursuant to Local Rule 7-3.  On March 3, 2025, State Farm's counsel requested a meet and confer conference with Plaintiffs' counsel and provided availability for the conference on March 4, 5 or 6.  Plaintiffs' counsel responded by advising he was unavailable for the entire week of March 3.  March 11, 2025, was the first date available for Plaintiffs' counsel and State Farm's counsel.  Plaintiffs' counsel confirmed during the conference that they oppose this Motion.  (Balmat Dec., ¶ 2.)

DATED:  March 12, 2025            PACIFIC LAW PARTNERS, LLP

By: /s/MATTHEW F. BATEZEL_____
MATTHEW F. BATEZEL
DANIEL T. BALMAT
Attorneys for Defendant
STATE FARM GENERAL
INSURANCE COMPANY