\* Matthew F. Batezel (State Bar No. 185147)
mbatezel@plawp.com (\*lead counsel)
Daniel T. Balmat (State Bar No. 230504)
dbalmat@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA  92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TONG; and MALINEE DIBBAYAWAN,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 to 10,<br><br>Defendants. | Case No.: 2:24-cv-02219-DSF-MAR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STATE FARM'S MOTION TO CLARIFY OR RECONSIDER THE COURT'S FEBRUARY 26, 2025 ORDER RE CERTAIN REQUESTS FOR INSPECTION (ECF 56)**<br><br>*Filed concurrently with:*<br>• *Notice of Motion*<br>• *Declaration of Daniel T. Balmat*<br>• *[Proposed] Order*<br><br>Date:  April 14, 2025<br>Time: 1:30 p.m.<br>Courtroom:  7D<br><br>Complaint filed:  March 19, 2024 |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... 3

I. INTRODUCTION AND PROCEDURAL HISTORY ............................... 4

II. BACKGROUND ......................................................................................... 6

   A. Requests 80 and 81 Seeking Live Access to State Farm's Systems ........ 6

   B. Requests 94, 126 and 145 Seeking Purported "Water Initiative Discovery ................................................................................................ 7

III. LEGAL STANDARD ................................................................................ 11

IV. THE COURT SHOULD CLARIFY THAT THE PARTIES NEED NOT DEVELOP AN INSPECTION PROTOCOL AT THIS TIME ......... 12

V. THE COURT SHOULD CLARIFY THE LIMITATIONS IMPOSED ON REQUESTS 94, 126 AN 145 AS WRITTEN ...................................... 13

VI. CONCLUSION ......................................................................................... 15

CERTIFICATE OF COMPLIANCE ................................................................... 15

2

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

# TABLE OF AUTHORITIES

Page(s)

## CASES

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*
  (9th Cir. 2001) 254 F.3d 882 ....................................................................... 11

*de Borja v. Razon*
  (D. Or. 2021) 340 F.R.D. 400 ...................................................................... 13

*Garamendi v. Henin*
  (9th Cir. 2012) 683 F.3d 1069 .................................................................. 11-12

*Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation* (9th Cir. 2003) 331 F.3d 1041 ............................................. 11

*PlayUp, Inc. v. Mintas*
  (D. Nev. Aug. 1, 2024) 2024 WL 3621449 ................................................ 6-7

*Shofet v. Zillow, Inc.*
  (C.D. Cal. Oct. 3, 2024) 2024 WL 5275512 ............................................... 11

*United States v. Smith*
  (9th Cir. 2004) 389 F.3d 944 ....................................................................... 12

*Washington v. Wechsler*
  (C.D. Cal. Jan. 30, 2025) 2025 WL 517055 ............................................... 11

## STATUTES

Federal Rules of Civil Procedure 54(b) ............................................................. 11

Federal Rules of Civil Procedure 59(e) ............................................................. 11

Federal Rules of Civil Procedure 60(a) ............................................................. 11

Federal Rules of Civil Procedure 60(b) ............................................................. 11

Local Rule 7-18 .................................................................................................. 11

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

State Farm respectfully requests that the Court amend its February 26, 2025, Order, (ECF 56) (the "Order"), to clarify two important aspects of the Order.

First, State Farm seeks clarification that the Court has not yet ruled on Plaintiffs' requests to inspect State Farm's electronic information systems (the "Requests"), and, as such, there is no obligation to develop parameters for inspection at this time.[1]  The Court's intent is clear from the Order, which explicitly refrains from reaching a decision on these Requests for several reasons. First, the Court found that the Requests may be disproportionate to the needs of this case, given that it involves only one individual claim for bad faith.  Second, the Court concluded that inspection is not warranted because there has been no finding of discovery misconduct in *this case*.  Finally, the Court found that ruling on the Requests is premature because, *even if* there were a finding of discovery misconduct that *could* support an order of inspection, the propriety of such an order would depend on inspection parameters either agreed to by the parties or ordered by the Magistrate Judge.

The Court's Order requires clarification because if the Order is construed to mean that the parties are required to meet and confer regarding inspection parameters, such a requirement would be illogical and contrary to the Court's explicit intent to reserve ruling on the Requests until the Magistrate rules on

---

[1] Moreover, establishing the review protocols and procedures contemplated by the Magistrate that protect State Farm's information is not feasible.  As currently designed, State Farm cannot restrict direct access by subject matter or file type.  As a result, once a user is given access, State Farm does not have the technical capability to prevent disclosure of irrelevant, privileged, and/or highly confidential information.  To develop such a solution would be incredibly time-consuming, costly, and disproportionate to the needs of this case, where Plaintiffs only assert one claim for bad faith.

4

1  Plaintiffs' motion for sanctions. Put simply, the Court has not yet given—and may
2  never give—Plaintiffs the authority to inspect State Farm's systems, and there is no
3  reason to develop parameters for an inspection that may never happen.

4        Alternatively, *if* the Court intended to order the parties to meet and confer
5  regarding inspection parameters before any actual ruling has even been made by
6  the Magistrate Judge, State Farm respectfully requests that the Court reconsider
7  and amend its Order.  As the Court recognized, this case lacks any judicial finding
8  of discovery abuse that would support an order of inspection.  Requiring the parties
9  to develop inspection parameters *now* amounts to treating Plaintiffs' motion for
10 sanctions as a *fait accompli* and places State Farm in a tenuous position.  State
11 Farm can either meet and confer regarding inspection parameters and risk waiver
12 of its objections to inspection, or it can stand on its objections and risk facing
13 sanctions.  Such a situation, which cannot be what the Court intended, would cause
14 manifest injustice to State Farm.

15       Second, State Farm seeks clarification regarding the Order compelling
16 further responses to the requests seeking "Water Initiative" discovery (Nos. 94,
17 126 and 145).  The Order affirmed the magistrate judge's decision to reject State
18 Farm's overbreadth arguments based on Plaintiffs' arguments narrowing these
19 requests.  Specifically, the magistrate judge rejected State Farm's vagueness and
20 overbreadth objections to Request 94 and 126 based on Plaintiffs' contention that
21 the requests sought a narrow set of documents already identified and produced in
22 other litigation.  However, Plaintiffs now contend that the Order compels
23 production of documents beyond what they argued to the magistrate judge and this
24 Court.

25       As to Request 145, the magistrate judge narrowed the call of the request
26 seeking presentations to 2016, but did not specifically address reports (also called
27 for in the same request).  Plaintiffs and State Farm disagree as to the scope of the
28 request as narrowed by the Order.

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

To avoid further discovery disputes, which Plaintiffs have aggressively pursued in this case, State Farm requests that the Court clarify or reconsider its Order pertaining to Requests 80 and 81 seeking live access to State Farm's systems and Requests 94, 126, and 145 regarding the purported "Water Initiative".

## II.     BACKGROUND

### A.     Requests 80 and 81 Seeking Live Access to State Farm's Systems

Requests 80 and 81 seek live access to State Farm's electronic information systems. Request 80 seeks "Inspection of State Farm's intranet or SFNET for the purpose of discovering its structure and all training and guidelines resources available to the claims adjusters and managers involved in INVESTIGATING or ADJUSTING PLAINTIFFS' CLAIM." (ECF 56 at 4.) Request 81 seeks "Inspection of State Farm's Electronic Claim System or ECS for the purpose of discovering its structure and all training and guidelines resources available to the claims adjusters and managers involved in INVESTIGATING or ADJUSTING PLAINTIFFS' CLAIM." (*Id.*)

The Magistrate Judge granted Plaintiffs' motion to compel with respect to these requests over State Farm's objections and without finding that State Farm had *ever* engaged in discovery misconduct in this case, as the law requires to support an order of inspection of State Farm's systems. *PlayUp, Inc. v. Mintas*, No. 2:21-CV-02129, 2024 WL 3621449, at *3 (D. Nev. Aug. 1, 2024) ("A forensic examination is warranted only upon 'a strong showing' that the opposing party has defaulted on its discovery obligations."). State Farm moved for review. (ECF 56 at 4, ECF 50-1 at 9.)

Given the burden that these Requests would impose and the absence of any finding of discovery misconduct in this case, the Court explicitly decided against ruling on these Requests. The Court acknowledged "that permitting Plaintiffs to access and search State Farm's ECS and SFNet may be disproportionate to the needs of this case where Plaintiffs assert only one claim for bad faith." (ECF 56 at

6

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

9.) In addition, because the Court was focused on "State Farm's discovery conduct in *this case*, and there appear to be no previous judicial findings of discovery abuse by State Farm, the Court was inclined to give State Farm an opportunity to comply with its discovery obligations in light of the approval of the [recent] protective order." (*Id.*) Therefore, the Court said it "will await the magistrate judge's ruling on the pending motion [for enforcement and for sanctions] *before making a determination* on this issue," and that it "appears the appeal of this issue is premature." (*Id.* (emphasis added).) The Order goes on to add that the Court also cannot rule on Plaintiffs' request to compel responses to Requests 80 and 81 until inspection "protocols have been agreed upon by the parties or established by the magistrate judge." (*Id.*)

Contrary to Plaintiffs' contentions, the Court could not have intended to require the parties to negotiate inspection parameters before even deciding if a future inspection is even proper. This interpretation places State Farm in the untenable position of either reaching an agreement on protocols, thereby risking waiver of its objection to an inspection, or refusing to agree on protocols, thereby risking sanctions and the very inspection order this Court has reserved judgment on.

### B. Requests 94, 126 and 145 Seeking Purported "Water Initiative" Discovery

Requests 94, 126 and 145 seek documents regarding a purported "Water Initiative", which Plaintiffs describe as a "years-long scheme to reduce … water exposure" and which State Farm understands "may refer to one or more efforts in California beginning in or around 2017 to help ensure consistency in the handling of water claims in California." (ECF 48, p. 16). Because of the fundamental disagreement as to what "water initiative" refers to, and State Farm's understanding that it may have referred to its quality claim handling efforts

7

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

generally from 2017 to the present, State Farm objected that the call of these requests as written was overbroad, vague and ambiguous.

The magistrate judge discussed State Farm's objections and overruled them, not based on the call of the requests, but based on her discussion of Plaintiffs' arguments that narrowed them. Specifically, as written, the Requests seek:

> No. 94: "All DOCUMENTS created by or in the possession of the FIRE CLAIMS DEPARTMENT relating to the WATER INITIATIVE";
> No. 126: "All DOCUMENTS reflecting or pertaining to the WATER INITIATIVE…"
> No. 145: "All DOCUMENTS containing any report or presentation from 2010 to present, from any person or entity employed by YOU, or any person or entity retained by YOU, relating in whole or in part to YOUR investigation and/or ADJUSTING of water losses."

The magistrate judge's order, however, explained that despite the broad language of the requests, Plaintiffs' arguments persuaded the magistrate judge that the call of these requests was far narrower. The magistrate judge recounted Plaintiffs' arguments that they had "obtained eighty-nine pages of documents related to the Water Initiative in a nearly identical bad faith insurance case," *Stickney v. State Farm General Insurance Company*, 30-2021-01231896-CU-IC-CXC (Orange County Superior Court) ("*Stickney*") and explained:

> Plaintiffs' second category of RFPs [including Nos. 94, 126, and 145] seek all these documents [produced in *Stickney*], along with any reports or recommendations that Defendant's employees or the consulting firm McKinsey & Company created since 2010.

(ECF 48, p. 17). The magistrate judge continued:

8

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

  Defendant's vagueness and overbreadth objections ring hollow because Plaintiffs' RFPs seek documents that Defendant has already identified or produced in the *Wise*, *Jacobs* and *Stickney* cases; indeed, Plaintiffs have even identified the documents in their RFPs as they appear in Defendant's previous productions and identifications.[2]

(ECF 48, pp. 18-19).

  On review, this Court considered the magistrate judge's reasoning regarding these requests, found that she "carefully considered State Farm's objections before finding them unpersuasive," and that the magistrate judge did not abuse her discretion. (ECF 56, p. 7).

  Accordingly, State Farm understands that the Order requires production of the same set of documents produced in the *Stickney* and *Jacobs* cases in response to Requests 94 and 126.[3] Plaintiff disagrees.

  Regarding Request No. 145, the magistrate judge sustained State Farm's objections in part. The magistrate judge reasoned:

> [T]he Court does agree that RFP, Set Four, Nos. 145-146 appear temporally overbroad, since they seek presentations from 2010 onward, whereas Plaintiffs themselves allege that the Water Initiative efforts only began in 2017. Presentations created starting in 2016, a year before the initiative

---

[2] To be clear, *Wise* did not involve "water initiative" discovery; *Jacobs* and *Stickney* did. State Farm produced 89 pages of documents in response to "water initiative" discovery in *Jacobs* and the plaintiffs in *Stickney* requested the same set of documents. Both *Jacobs* and *Stickney* resolved before State Farm had completed further investigation regarding its efforts to ensure quality claim handling for water loss claims in California since 2017.

[3] Notwithstanding this limitation, State Farm has conducted further investigation into its quality claim handling efforts in California since 2017, which efforts occurred outside of formal training maintained by its Claim Training Department, and will produce additional resource materials provided to Team Managers and Claim Specialists regarding the same.

9

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

efforts began, appear to be the only presentations that would be relevant to Plaintiffs' claims.

(ECF 48, pp. 18-19).

That temporal limitation placed on Request 145 was consistent with a limitation that the magistrate judge placed on another request in the order, Request 44. Like Request 145, Request 44 broadly sought "any template or form" that "property claim adjusters or supervisors . . . use in drafting water loss claim denials on the basis of any policy exclusion." (ECF 48, p. 9). The magistrate judge reasoned that the language in Request 44 as written "could apply to numerous documents that are not relevant to Plaintiffs' bad faith claim" and was also problematic because it had "no temporal or geographical limits." (ECF 48, p. 12). Accordingly, the magistrate judge ordered Request 44 narrowed in three material ways: (1) substantively, by narrowing "any template or form" to "any water loss claim denial template", (2) temporally, by limiting it to templates "that existed in March 2024, and (3) geographically, by limiting it to California. (ECF 48, p. 12).

The magistrate judge went on to address Request 145, which similarly had no temporal or geographic limitation and broadly sought any "reports" or "presentations", without narrowing those terms. However, the magistrate judge only expressly addressed the absence of a temporal limit, and only with respect to "presentations", not "reports". That partial consideration was inconsistent with the magistrate judge's reasoning earlier in the order and, thus, appears in error.

State Farm maintains that consistent with the magistrate judge's reasoning related to Request 44, Request 145 should also be limited temporally as to the entire request, geographically, and substantively so that the request seeks documents relevant and proportional to the claims alleged in this case. Plaintiffs disagree. (Balmat Dec., ¶¶ 3 & 4, Exhs. 1 & 2.)

Accordingly, and as Plaintiffs have already filed a motion to enforce the magistrate judge's order, State Farm requests clarification regarding these "Water

10

Initiative" requests to ensure a complete production of documents relevant and proportional to the claims alleged in this case and minimize ongoing discovery disputes.

### III. LEGAL STANDARD

Courts have inherent authority to modify, alter, or revoke their interlocutory and final orders. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) (explaining that district courts "possess[] the inherent procedural power to reconsider, rescind or modify an interlocutory order for cause seen to be sufficient")(emphasis omitted).

That power is reflected in Federal Rules of Civil Procedure 54(b), 59(e), and 60(a)-(b). Under Rule 60(a), a court may resolve an ambiguity to clarify its original intent and enable a party to comply with its order. *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012) (upholding decision to amend judgment to reflect the court's intent). For substantive changes that depart from the court's original intent, a party may move for reconsideration pursuant to Local Rule 7-18[4] if there is, among other things, clear error or manifest injustice. *Id.*; *Shofet v. Zillow Inc.*, No. 2:24-CV-00092-SVW-BFM, 2024 WL 5275512, at *2 (C.D. Cal. Oct. 3, 2024). The decision to grant this motion and either clarify or amend the Order, therefore, lies within the Court's discretion. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### IV. THE COURT SHOULD CLARIFY THAT THE PARTIES NEED NOT DEVELOP AN INSPECTION PROTOCOL AT THIS TIME

The Court should clarify that its Order does not require the parties or

---

[4] "Courts in this district interpret Local Rule 7-18 to be coextensive with Federal Rules of Civil Procedure 59(e) and 60(b)." *Washington v. Wechsler*, No. 2:22-CV-06256-FLA (EX), 2025 WL 517055, at *1 n.2 (C.D. Cal. Jan. 30, 2025).

11

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

magistrate judge to develop a protocol for inspection. Any such requirement contradicts the Court's stated intent to allow State Farm an opportunity to comply with its discovery obligations before ruling on the propriety of an inspection. Indeed, the Court's intent to ***not*** grant an inspection is clear. The Court reasoned that it would not rule on Requests 80 and 81 because the Requests may be disproportionate to the needs of the case given that there is only one bad faith claim. (ECF 56 at 9.) Furthermore, the Court expressed that any decision on this issue would be "premature" since there has been no finding of discovery misconduct "in *this case*," and that it would thus wait for the magistrate judge's ruling on the pending motion for enforcement because it "was inclined to give State Farm an opportunity to comply with its discovery obligations." (*Id.*) A requirement that the parties develop parameters for an inspection would go against the Court's decision to reserve judgment on the Requests, effectively enforcing them before giving State Farm an opportunity to comply with its discovery obligations. See *Garamendi v. Henin*, 683 F.3d 1069, 1080-81 (9th Cir. 2012) (affirming court's decision to amend judgment to reflect the court's original intent because clarification would "identify the 'necessary implications' of the original orders," "ensure the court's purpose is fully implemented, and [] permit enforcement."); see also *United States v. Smith*, 389 F.3d 944, 947-50 (9th Cir. 2004) (affirming district court's decision to reconsider an interlocutory order where it ruled based on an issue that neither party briefed). That is surely not what the Court intended.

      Therefore, the Court should clarify its Order to reflect its original intent—to refrain from ruling on the Requests and allow State Farm an opportunity to comply with its discovery obligations while the motion for enforcement is pending. Without such clarification, Plaintiffs will continue to interpret the Order in a way that is unduly prejudicial to State Farm. See *de Borja v. Razon*, 340 F.R.D. 400, 409 (D. Or. 2021) (allowing briefing for reconsideration to prevent manifest

12

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

injustice because the court did not analyze an issue "through to its logical conclusion" and disallowed leave to file a declaration regarding a material fact). Any requirement for the parties and magistrate judge to develop a protocol for inspection is incompatible with the decision to refrain from ruling on the Requests while the subsequent motion for enforcement is pending. In addition, the requirement places State Farm in a "catch-22" situation where it would either have to meet and confer on a protocol, and risk waiving its objections, or disregard the Order and risk facing sanctions for non-compliance. This result amounts to manifest injustice because State Farm cannot fairly comply with the Order's potentially inconsistent terms. The Court should therefore clarify that its Order in fact reserves judgment on and does not compel the parties to attempt to reach any agreement on inspection protocols at this time.

## V. THE COURT SHOULD CLARIFY THE LIMITATIONS IMPOSED ON REQUESTS 94, 126 AND 145 AS WRITTEN

State Farm additionally seeks clarification of the limitations that the Court imposed on the "Water Initiative" requests.

As mentioned above, the magistrate judge considered both State Farm's objections and Plaintiffs' arguments, and found State Farm's objections "unpersuasive" in light of the same. Accordingly, State Farm understands that the requests, as narrowed, seek the documents Plaintiffs argued to the Court that they sought: the 89 pages of documents produced in response to "Water Initiative" discovery in Jacobs and Stickney. Because Plaintiffs' now disagree with the argument they urged the magistrate judge to adopt, and this Court found appropriate, State Farm respectfully requests clarification of this aspect of the order as it relates to Requests 94 and 126.

As mentioned above, notwithstanding this limitation, State Farm has conducted further investigation into its quality claim handling efforts for water loss claims in California since 2017, which efforts occurred outside of formal training

13

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

maintained by its Claim Training Department, and will produce additional resource materials provided to Team Managers and Claim Specialists regarding the same. State Farm already committed to that additional production in its recent submission to the magistrate judge. (ECF 57.)

Regarding Request 145, the magistrate judge expressly applied a temporal limitation to part of the request but that partial limitation appears in error and inconsistent with other reasoning in the order. Like Request 44, which sought for "any template or form", Request 145 seeks "reports" and "presentations" without qualification. Use of those broad terms potentially sought a vast amount of documents not related to Plaintiffs' claims, the same flaw that prompted the magistrate judge to rewrite Request 44. For example, an engineer retained in connection with an individual claim may prepare a "report". A contractor's estimate could be considered a "report." And, a mitigation service vendor's report is, by definition, a report. Certainly, the magistrate judge and Court did not intend to order production of every contractor report, engineer estimate or mitigation vendor report.

Instead, both the magistrate judge and this Court discussed that what would be relevant to Plaintiffs' requests were documents reflecting policies and guidelines related to the handling of water loss claims. (ECF 56, p. 7) ("She reasoned that information regarding State Farm's policies and guidelines, even if Acosta and Moratto, did not rely on it, is relevant to prove Plaintiffs' bad faith claim and to rebut State Farm's 'defenses that the Water Initiative did not exist, and that Plaintiffs' claim was simply mishandled.'").

State Farm seeks clarification that the magistrate judge and the Court intended to limit Request 145 accordingly. If Request 145 is not limited to presentations from 2016 forward regarding policies and guidelines related to the investigation or handling of water loss claims in California, as State Farm

14

Case No. 2:24-cv-02219-DSF-MAR   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025

understands the Order, State Farm requests clarification as to the scope of the request and the meaning of "reports" in this context.[5]

## VI.  CONCLUSION

Based on the foregoing, State Farm respectfully requests that the Court grant its Motion to Reconsider or Clarify the Court's Order.

DATED: March 12, 2025		PACIFIC LAW PARTNERS, LLP

				By: /s/ MATTHEW F. BATEZEL
				    MATTHEW F. BATEZEL
				    DANIEL T. BALMAT
				    Attorneys for Defendant
				     STATE FARM GENERAL
				     INSURANCE COMPANY

The undersigned, counsel of record for Defendant State Farm General Insurance Company certifies that this brief contains 3671 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 12, 2025		PACIFIC LAW PARTNERS, LLP

				By: /s/DANIEL T. BALMAT
				    MATTHEW F. BATEZEL
				    DANIEL T. BALMAT
				    Attorneys for Defendant
				     STATE FARM GENERAL
				     INSURANCE COMPANY

---

[5] Applying the Court's limitation of Request 44 here supports narrowing this request to presentations or resources reflecting policies and guidelines related to the investigation or handling of water loss claims in California from 2016 to the present, which would have been provided to Team Managers and Claim Specialists assigned to investigate and handle or supervise the investigation and handling of such claims.

15

Case No. 2:24-cv-02219-DSF-MAR    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR RECONSIDER COURT'S ORDER OF 2/26/2025