UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-02219-DSF-MAR                                                Date:  March 18, 2025

Title:  *William Tong, et al. v. State Farm General Insurance Company, et al.*

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**      (In Chambers) ORDER RE: PLAINTIFFS' MOTION FOR SANCTIONS, DKT. 55.

## I.
## BACKGROUND

This Court summarized the factual background of this case in a previous order.

William Tong, and his wife, Malinee Dibbayawan ("Plaintiffs"), live with their two children in a house insured by State Farm General Insurance Company ("Defendant"). On March 3, 2024, a water supply line underneath Plaintiffs' kitchen burst, causing extensive water damage. Plaintiffs' home no longer had running water, and a large portion of the kitchen and underlying portions of slab had to be demolished to find the leak. On March 8, 2024, Defendant sent an adjuster, Gerald Acosta ("Acosta"), to inspect the home and damage. Acosta, with the approval of his supervisor Jim Moratto ("Moratto"), sent a written letter denying Plaintiffs' insurance claim partly because of a policy exclusion for leaks stemming from failed lines "below the surface of the ground;" Plaintiffs' policy only covered losses stemming from water lines located "inside the slab, or within [twelve] inches below the slab [if] the line is located in fill material, and not dirt." The inspection, combined with Plaintiffs' plumber's initial invoice that stated the ruptured water line was located underneath the concrete slab, led Acosta to believe the damage was excluded under the policy.

After the initial denial, Plaintiffs' plumber and a leak detection company discovered that the failed line was inside the slab, and therefore the leak did not fall within Defendant's policy exclusion. Despite this new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-02219-DSF-MAR                                                                    Date:  March 18, 2025

Title:   *William Tong, et al. v. State Farm General Insurance Company, et al.*

information, and orders from Moratto to return to Plaintiffs' home, Acosta determined that he did not need to conduct a reinspection and that the denial would stand. Plaintiffs then filed this lawsuit on March 19, 2024. Moratto again ordered Acosta to reinspect the home, but Acosta never did, and Moratto never followed up with Acosta to ensure that he did. Seven months later, on August 20, 2024, after Plaintiffs deposed Acosta and Moratto, Defendant reversed course and decided to tender benefits to Plaintiffs in the amount of $274,000. Plaintiffs' third amended complaint brings a single insurance bad faith claim against Defendant for its alleged violations of the implied covenant of good faith and fair dealing.

ECF Docket No. ("Dkt.") 48 at 1–2. [1]

On November 26, 2024, Plaintiffs filed a motion to compel, which sought further responses to several requests for production ("RFPs") and included requests for inspection ("RFIs") of Defendant's intranet, known as SFNET, and Electronic Claims System ("ECS"). Dkt. 40-2 at 11–12, 140, 142. That same day, Defendant filed a motion for entry of a protective order. Dkt. 41. On December 20, 2024, this Court granted Defendant's motion and entered a protective order. Dkts. 48–49. Furthermore, in the same order ("Order"), this Court granted Plaintiffs' motion in part, including Plaintiff's RFIs, and ordered Defendant to produce responsive documents. Dkt. 48.

On January 3, 2025, Defendant filed a motion for review of this Court's Order granting Plaintiff's motion to compel in part. Dkt. 55.

On February 25, 2025, while the motion for review remained pending, Plaintiffs filed this instant motion for sanctions, which is before the Court on the parties' joint stipulation. Dkt. 55-1 ("Joint Stip.") at 5. Specifically, Plaintiffs seek sanctions for Defendant's alleged "months[-long] failure to comply with the unambiguous terms of the Court's . . . [O]rder, which compelled or constructively compelled production and further responses as to thirty-four document requests bearing on the foundational dispute in this lawsuit." Id. at 43.

---

1 All citations to electronically filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-02219-DSF-MAR                                                   Date:  March 18, 2025

Title:   *William Tong, et al. v. State Farm General Insurance Company, et al.*

The next day, on February 26, 2025, the district judge issued an order granting in part Defendant's motion for review, while reserving judgment on this Court's granting of Plaintiffs' RFIs.  Dkt. 56. at 1–2.

On March 5, 2025, Defendant filed a supplemental memorandum to the motion for sanctions.  Dkt. 58-1 ("Def. Supp. Memo").[2]  Plaintiffs filed a supplemental memorandum on March 11, 2025.  Dkt. 59 ("Pls. Supp. Memo").

On March 12, 2025, Defendant filed a motion for reconsideration of the district judge's February 26 order, requesting that the district judge clarify whether "the parties need not develop an inspection protocol at this time" and the temporal limitations for three RFPs.  Dkt. 60-1 at 11–15.

The Court finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the March 26, 2025, hearing is hereby **VACATED**.  For the reasons discussed below, Plaintiffs' motion is **DENIED**.

## II.
## DISCUSSION

### A.  DEFENDANT HAS NOT VIOLATED THIS COURT'S DECEMBER 20, 2024, DISCOVERY ORDER

Under Rule 37(b)(2)(A), this Court may issue "just" sanctions for a party's failure "to obey an order to provide or permit discovery," including an order granting a party's motion to compel.  Fed. R. Civ. P. 37(b)(2)(A).  The Court may issue sanctions ranging from deeming certain "facts be taken as established" to finding a party in contempt.  See Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).  "The sanction to be ordered is within the Court's discretion, and if the sanction ordered is less than dismissal, the plaintiff's noncompliance need not be proven to be [willful] or in bad faith."  Sanchez v. Rodriguez, 298 F.R.D. 460, 469 (C.D. Cal. 2014).  When

---

[2] Defendant initially filed a supplemental memorandum on March 3, 2025.  Dkt. 57.  However, that filing did not comply with the spacing requirements of the local rules.  See Dkt. 58 at 2.  Substantively, both filings are the same.  Compare Dkt. 57 with Dkt. 58-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-02219-DSF-MAR                                    Date:  March 18, 2025

Title:  *William Tong, et al. v. State Farm General Insurance Company, et al.*

determining whether the imposition of sanctions would be unjust, a finding of good faith may be considered.  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1991).

Plaintiffs argue that "in unapologetic violation of the Court's [O]rder compelling [Defendant] to produce documents and amend its discovery responses, [Defendant] has stone walled."  Joint Stip. at 40.  Plaintiffs contend that Defendant's only production since this Court's Order "falls short of compliance" because it "was not accompanied by any amended discovery responses" or "pleading"; "was restricted to categories of documents [Defendant] had agreed to produce upon entry of a protective order"; and included numerous unresponsive and irrelevant documents.  Id. at 21–23.  Lastly, Plaintiffs argue that Defendant's alleged theory, that it could effectively stay this Court's Order because it had no deadline and Defendant sought review of the Order, is not supported by law or this Court's Local Rules.  Pls. Supp. Memo at 4.

Defendant argues that it is not in violation of the Order and that it "has been working diligently to collect and produce [responsive] documents."  Joint Stip. at 46.  Defendant notes that it has produced "approximately [4,000] pages in response to the majority of categories not under review [with the district judge] along with amended responses to all [RFPs] not under review."  Id. at 47.  Defendant also points out that the Order had no deadline to produce responsive documents.  Id. at 48.  Furthermore, Defendant has agreed to produce most of the remaining responsive documents by March 17, 2025, and states that it is still searching for documents responsive to RFP Nos. 26–28 and 40–42 and will produce these documents in a supplemental response at a later date.  Def. Supp. Memo. at 2–3.

Here, it does not appear to this Court that Defendant is in violation of the Order.  First, as Defendant points out, it has not violated any deadline for compliance, because there was no deadline in the Order.  To be sure, a court may impose sanctions if a party fails to promptly produce discovery pursuant to a court order, even if the order did not contain a deadline.  See Pauly v. Stanford Health Care, No. 18-CV-05387-SI (TSH), 2022 WL 774296, at *2–*5 (N.D. Cal. Mar. 14, 2022) (contemplating terminating sanctions after a party failed to produce a document subject to an order with no deadline).  However, here, given that the discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:24-cv-02219-DSF-MAR                                                                 Date:  March 18, 2025

Title:   *William Tong, et al. v. State Farm General Insurance Company, et al.*

deadline is not until May 12, 2025, it does not appear that Defendant's delay has yet become unreasonable or prejudicial.  Dkt. 25 at 1; see Pauly, 2022 WL 774296, at *3 (N.D. Cal. Mar. 14, 2022) (finding on March 14, 2022, that a party's failure to produce a document subject to the court's order issued November 9, 2021, was not prejudicial, because the fact discovery closed on May 6, 2022).  Indeed, Plaintiffs have not cited any specific prejudice stemming from Defendant's relatively short delay.  See Oracle Am., Inc. v. Terix Comput. Co., No. 5:13-CV-03385-PSG, 2015 WL 2398993, at *5 (N.D. Cal. May 19, 2015) (finding "minimal" prejudice when the producing party "admit[ted] that they failed to produce" documents and produced them within a month, and the requesting party could "point to no real prejudice").

Second, Defendant has not impermissibly given itself a stay of this Court's order.  Plaintiffs are correct that the Order has been in effect since December 20, 2024, irrespective of Defendant's motion for review.  See Local Rule 72-2.2 ("Regardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified").  However, Defendant's actions do not show that it has completely turned away from its obligations under the Order, despite its failure to fully comply with the Order thus far.  As of February 21, 2025, Defendant has "produced 4,020 pages of documents," "amended written responses," and thirty "media files, consisting of training videos and other similar media presentations."  Def. Supp. Memo at 3.  Furthermore, Defendant has agreed to produce nearly all the remaining responsive documents by March 17, 2025, and is actively searching for, and has agreed to produce, any documents responsive to RFP Nos. 26–28 and 40–42.  Id. at 2–3.  While Defendant perhaps should have fulfilled its discovery obligations more quickly, Defendant's actions are clearly inconsistent with Plaintiffs' claim that it has given itself a stay.  Defendant appears to be making a good faith effort to comply with the Order such that monetary sanctions would be unjust.  See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1991) (stating a court may consider a party's good faith "in determining whether imposition of sanctions would be unjust").

Lastly, Defendant's delayed production appears justifiable given the status of this Court's Order, which was under the district judge's review until February 26, and is now again the subject of a pending motion for clarification.  Defendant appears to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-02219-DSF-MAR                                                          Date:  March 18, 2025

Title:   William Tong, et al. v. State Farm General Insurance Company, et al.

be complying with nearly the entirety of the Order, while understandably delaying compliance with certain aspects of the Order for which it is unsure of its obligations. See Voice Int'l, Inc. v. Oppenheimer Cine Rental, LLC, No. CV 15-08830-JAK (KSx), 2016 WL 6674989, at *4 (C.D. Cal. May 3, 2016) (finding sanctions were not warranted when party "acted reasonably" on a mistaken understanding of the court's order and there was "no evidence of willfulness, bad faith[,] or fault").  Ultimately, given the unique procedural circumstances of this case, and that Defendant has undertaken meaningful efforts to comply with this Court's order, this does not appear to be an "extreme circumstance" justifying the imposition of sanctions.  Cf. Fair Hous. of Marin v. Combs, 285 F.3d 899, 905–06 (9th Cir. 2002) (finding sanctions warranted because party had "repeatedly flouted even his basic discovery obligations, often violating court orders," and made misrepresentations to the court and opposing party).  Thus, the Court **DENIES** Plaintiffs' motion.

As noted above, Defendant has agreed to produce most documents and amended responses on March 17, 2025, and any remaining documents and responses shortly thereafter.  However, to avoid future motion practice, the Court will set a deadline by which Defendant must produce the documents and amended responses it agreed to produce, as well as those that this Court ordered Defendant to produce.  Accordingly, the Court **ORDERS** Defendant to produce full and complete responses to RFP, Set One, Nos. 5, 15, 17–29, 31–33, 35–42, and 44 in accordance with this Court's Order (Dkt. 48), and RFP, Set Four, Nos. 92–93, as detailed in the district judge's order (Dkt. 56 at 7), **within thirty (30) days.**

Regarding RFP, Set Four, Nos. 94, 126, and 145, and RFI Nos. 80–81, as noted above, these requests are currently the subject of Defendant's motion before the district judge, which seeks clarification about the effect of the district judge's prior order.  Dkt. 60-1 at 11–15.  This Court is reluctant to issue any orders that may ultimately be inconsistent with the district judge's forthcoming interpretation of her own order.   Accordingly, the Court will not order the parties to take further action on these requests at this time.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:24-cv-02219-DSF-MAR                                    Date:  March 18, 2025

Title:  *William Tong, et al. v. State Farm General Insurance Company, et al.*

## IV.
## ORDER

**IT IS THEREFORE ORDERED** that:

1) Plaintiffs' motion for sanctions is **DENIED**;
2) Defendant is **ORDERED** to produce responsive documents and amended responses to RFP, Set One, Nos. 5, 15, 17–29, 31–33, 35–42, and 44, and RFP, Set Four, Nos. 92–93, **within thirty days of this order**; and
3) the Court declines to apportion fees and costs.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |